UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Oral Phenylephrine Marketing and Sales Practices Litigation<br><br>This document relates to:<br><br>All actions. | Case No. 1:23-md-03089-BMC<br><br>Hon. Brian M. Cogan |

### ORDER ENTERING JUDGMENT

**WHEREAS,** on May 3, 2024, Interim Class Counsel filed "an Initial Streamlined Consolidated Complaint under New York law alleging representative examples of the conduct and claims they allege to be at issue in this Multidistrict Litigation relating, among other things, to the marketing and labeling of oral phenylephrine products." ECF No. 197 at 1.

**WHEREAS,** the parties agreed and the Court ordered "that to the extent the Court grants or denies Defendants' motion to dismiss based on preemption and/or primary jurisdiction and/or any initial RICO argument(s) raised, the order will apply to all cases in this multidistrict litigation or otherwise subject to transfer into this multidistrict litigation." ECF No. 204 at 2.

**WHEREAS,** Plaintiffs also "represent[ed] that they have filed sufficient representative examples of the conduct and claims that they allege to be wrongful that a motion to dismiss based on preemption and/or primary jurisdiction and/or initial RICO arguments will, if such arguments prevail, resolve this litigation in its entirety, regardless of additional specific examples of wrongful conduct, additional products named, additional Plaintiff-related allegations, or additional state-law claims that are pled or could be pled in a future Full Master Consolidated Complaint." ECF No. 204 at 3.

**WHEREAS,** on June 3, 2024, Defendants moved to dismiss Plaintiffs' Initial Streamlined Consolidated Class Action Complaint based on arguments that (i) Plaintiffs' state claims are

1

preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA"), (ii) Plaintiffs lack standing to assert the RICO claim, and (iii) Plaintiffs' RICO claim is precluded by the FDCA. ECF No. 212.

**WHEREAS,** on July 15, 2024, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss. ECF No. 225.

**WHEREAS,** on August 5, 2024, Defendants filed their Reply Memorandum in support of their Motion to Dismiss. ECF No. 232.

**WHEREAS,** on September 23, 2024, the Court held oral argument on Defendants' Motion to Dismiss. 9/26/24 Minute Entry.

**WHEREAS,** on October 29, 2024, the Court issued a Memorandum Decision and Order, granting Defendants' Motion to Dismiss the Streamlined Complaint. ECF No. 249.

**THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:**

1. All claims in the complaints transferred into the above-captioned master docket are dismissed with prejudice.

2. The Clerk is instructed to enter JUDGMENT dismissing all claims in any complaint in this multidistrict litigation.

3. This is a final, appealable judgment that resolves all of the claims in all of the cases in this multidistrict litigation.[1]

4. The in-person Status Conference currently scheduled for 1:00 p.m. ET on November 21, 2024, is hereby adjourned.

---

[1] The Court has not decided, and Defendants have expressly preserved, any issues related to "any Defendants' personal jurisdiction defense." ECF No. 204 at 3.

SO ORDERED.

Brooklyn, NY
Dated: November 12, 2024

*Brian M. Cogan*

THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE

3