# 24-3296-cv

## United States Court of Appeals
### *for the*
## Second Circuit

---

SANDRA YOUSEFZADEH, *et al.*,

*Plaintiffs-Appellants,*

*(For Continuation of Caption See Inside Cover)*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

**JOINT APPENDIX**
**Volume 1 of 4 (Pages A-1 to A-291)**

---

JONATHAN D. SELBIN
LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013
(212) 355-9500
jselbin@lchb.com

ADAM J. LEVITT
DICELLO LEVITT LLP
Ten North Dearborn Street, 6th Floor
Chicago, Illinois 60602
(312) 214-7900
alevitt@dicellolevitt.com

SAMUEL ISSACHAROFF
*Counsel of Record*
40 Washington Square South 411J
New York, New York 10012
(212) 998-6580
sil3@nyu.edu

– and –

ELIZABETH A. FEGAN
FEGAN SCOTT LLC
150 South Wacker Drive, 24th Floor
Chicago, Illinois 60606
(630) 273-2625
beth@feganscott.com

*Attorneys for Plaintiffs-Appellants (Please See Inside Cover*
*for Full List of Plaintiffs-Appellants)*

*(For Continuation of Appearances See Inside Cover)*

---

CP COUNSEL PRESS     (800) 4-APPEAL • (376921)

GWEN THOMAS, RHONDA NITTO,

*Plaintiffs*,

– v. –

JOHNSON & JOHNSON CONSUMER INC., RB HEALTH (US) LLC, TARGET CORPORATION, BAYER HEALTHCARE, LLC, a Delaware limited liability corporation, WALMART INC., a Delaware corporation, CVS PHARMACY, INC., a Delaware corporation, WALGREEN CO., an Illinois corporation, THE PROCTER & GAMBLE COMPANY, HALEON US HOLDINGS LLC, PUBLIX SUPER MARKETS, INC., AMAZON.COM, INC., AMAZON.COM SERVICES LLC, KENVUE, INC., GLAXOSMITHKLINE LLC, RITE AID CORPORATION, ALBERTSONS COMPANIES, INC. COSTCO WHOLESALE CORP.,

*Defendants-Appellees,*

DOES 1-200, GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) LLC, RECKITT BENCKISER LLC, MERCK, MCNEIL CONSUMER HEALTHCARE, SANOFI-AVENTIS U.S. LLC, CHURCH & DWIGHT CO. INC., ASSOCIATED WHOLESALE GROCERS INC, VALU MERCHANDISERS CO., PFIZER INC., PERRIGO COMPANY PLC, HELEN OF TROY LIMITED, DIERBERGS MARKETS, INC., RECKITT BENCKISER PHARMACEUTICALS INC., THE KROGER CO., HARRIS TEETER, LLC, HARRIS TEETER SUPERMARKETS, INC., DOLGENCORP, INC., FAMILY DOLLAR, LLC,

*Defendants.*

*(Continued from Cover Page 1)*

JAMES E. CECCHI
CARELLA, BYRNE, CECCHI, BRODY
  & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
jcecchi@carellabyrne.com

– and –

KILEY L. GROMBACHER
BRADLEY/GROMBACHER LLP
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
(866) 881-0403
kgrombacher@bradleygrombacher.com

CHRISTOPHER A. SEEGER
SEEGER WEISS LLP
55 Challenger Road
Ridgefield Park, New Jersey 07660
(973) 639-9100
cseeger@seegerweiss.com

– and –

JASON P. SULTZER
SULTZER & LIPARI, PLLC
85 Civic Center Plaza, Suite 200
Poughkeepsie, New York 12601
(845) 483-7100
sultzerj@thesultzerlawgroup.com

– and –

LINDSEY N. SCARCELLO
WAGSTAFF & CARTMELL
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
(816) 701-1100
lscarcello@wcllp.com

*Plaintiffs' Interim Class Counsel and Executive Committee*

*Attorneys for Plaintiffs-Appellants Sandra Yousefzadeh, Kaycie Coppock, Cody Morgan, Erin Barton, Hannah De Preist, Anthony DeRosa, John Coyle, individually and on behalf of all others similarly situated, Kimberly Buscaglia, Kamonica McWhite, Michael Walker, Eduardo Flores, Anntwanette Jones, Daniel Calzado, Keith Mortuiccio, Pedro Urena, Robyn Cronin, Timothy Butler 309172, Archanatep Boonparn, Chioma Ozuzu, Kenneth Levi Pack, Min Ji Jung, Steve Audelo, Natalie Juneau, Robert Fichera, Francis W. Catanese, Samuel Gallo, Kristin DePaola, Cathy Kleiman, Richard Scoffier, Annette Striegel, Martha A. Page, Emily Cohen, Janet Jones, Lateef Murdock, Gwen Lewi, Marcel Perez Pirio, Lane Barter, Jose Cortez Hernandez, Robert Lundin, Jaedon Daniels, Mychael Willon, Amy Weinberg, Dimitri Lamdon, Elie El Rai, Tatyana Dekhtyar, Olivia Rodesta, Lauren DeBeliso, Lorette Kenney, Daniel Heaghney, Amanda Thorns, Scott Collier, Andrew Isom, John Jeffrey Bader, Brian Lloyd Fireng, Carrie Diane Huff, Joseph Samuel Sorge, Joshua Edward Sorge, Christine Ann Waters, Christopher McPhee, Justin Vorise, Krista Wright, Jordan Nelson, Regina Peralta, Randall Sygal, Regina Brookshier, Erzen Krica, Allison Sammarco, Hollie Verdi, Tiffany Travis, Millard Adkins, Rosalyn Anderson, Eli Erlick, Donna Bailey, Rosalie Jackson, Recoa Russell, Frank Anderson, Tina Haluszka, Heather Fong, Tatiana Benjamin, Christine Contreras, Natasha Freeman, Robin Glauser, Anthony Rogers, Jamieka Holmes, Mari Jones, Michele Kasparie, Kimberly James, Greg Enriquez, Rachel Parker, Darrell Wayne Grimsley, Jr., Krystal Rampalli, Daryl Means, Jacob Reinkraut, Michael Lee, Toni Heuchan, Jonathan Brandman, Michelle Garza, Cece Davenport, Claudette Sanes, Daniel Flick, Janis Zimmerman, Rose Riccio, Andrea Wilson, Richard Chavez, Kathleen Emmons, Nathan Jackson, James Hsieh, Dominic Rio, Mohanad Abdelkarim, Steven Checchia, Tamula Chamberlain, Stacy Rankin, Harold Nyanjom, Frizell Johnson, Ruben Varela, Joy Taylor, Anthony Coleman, Natasha Hernandez, Jessica Thompson, Emily Hansen, Sommer Milous, Andrew Gutierrez, Rebecca Lynn Reyes, Sierra Vent, Hector Valdes, Joanne Silva, Shelby Noviskis, James Carrigan, Shawn L. Thomas, Charles Geoffrey Woods, John Jeffrey Ward, Ruta Taito, Dr. Karen Schwartz, Thomas Lewis, Dena Fichot, Pamela Joyner, Sharon Rourk, Izabel Pena-Venegas, Beverly Ward, Abby Jergins, Bill Jergins, Archi Hipkins, Christine Harrison, Viva Cohen, Joey Cohen, William Bryan, Jack Hinsberger, Nancy Welharticky, Robert Housman, Jay Valinsky, Rethea Morris, Robert Haid, Michael Folks, Sharon Manier, Stan Szrajer, Achorea Tisdale, Marisol Scharon, Haley Hadden, Bonnie Van Noy, John Boswell, Mohamad Tlaib, Donald Krist, Tina Tuominen, Paul Mateer, William Mitchell and Bethany Childers*

JASON ZARROW
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, California 90071
(213) 430-6000

– and –

BRUCE P. CRAWFORD
HANNAH Y. CHANOINE
O'MELVENY & MYERS LLP
1301 Avenue of the Americas,
    Suite 1700
New York, New York 10019
(212) 326-2000

– and –

AMY J. LAURENDEAU
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
(949) 823-6900

*Attorneys for Defendants-Appellees
    Johnson & Johnson Consumer Inc.
    and Kenvue, Inc.*

CHRISTOPHER G. CAMPBELL
DLA PIPER LLP (US)
1201 West Peachtree Street, Suite 2900
Atlanta, Georgia 30309
(404) 736-7800

– and –

CARA D. EDWARDS
COLLEEN CAREY GULLIVER
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

– and –

CHRISTOPHER M. YOUNG
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121
(858) 677-1400

*Attorneys for Defendant-Appellee Bayer
    Healthcare, LLC, a Delaware limited
    liability corporation*

ALYSON STEELE BERIDON
HERZFELD SUETHOLZ GASTEL LENISKI
    AND WALL, PLLC
600 Vine Street, Suite 2720
Cincinnati, Ohio 45202
(513) 381-2224
alyson@hsglawgroup.com

– and –

JOE P. LENISKI, JR.
HERZFELD SUETHOLZ GASTEL LENISKI
    AND WALL, PLLC
223 Rosa L. Parks Avenue, Suite 300
Nashville, Tennessee 37203
(615) 800-6225
joey@hsglawgroup.com

*Attorneys for Plaintiff-Appellant
    Newton's Pharmacy, Inc.*

NILDA ISIDRO
DALE R. GOLDSTEIN
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, New York 10017
(212) 801-9200

– and –

MARK J. LESKO
GREENBERG TRAURIG, P.A
2317 Montauk Highway
Bridgehampton, New York 11932
(631) 994-2400

*Attorneys for Defendants-Appellees
    Target Corporation, Walmart Inc., a
    Delaware corporation, CVS
    Pharmacy, Inc., a Delaware
    corporation and Walgreen Co., an
    Illinois corporation*

MICHAEL F. HEALY
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, California 94105
(415) 544-1900

ANDREW SOUKUP
DAVID ZIONTS
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

*Attorneys for Defendant-Appellee*
*The Procter & Gamble Company*

JAY P. LEFKOWITZ
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

*Attorneys for Defendants-Appellees*
*Haleon US Holdings LLC and*
*GlaxoSmithKline LLC*

JAMES BERNARD
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017
(212) 918-3000

*Attorneys for Defendant-Appellee*
*RB Health (US) LLC*

CHRISTOPHER J. SCHMIDT
BRYAN CAVE LEIGHTON PAISNER LLP
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000

*Attorneys for Defendant-Appellee*
*Kenvue, Inc.*

– and –

DANIEL B. ROGERS
SHOOK, HARDY & BACON L.L.P.
201 South Biscayne Boulevard,
    Suite 3200
Miami, Florida 33131
(305) 358-5171

*Attorneys for Defendant-Appellee*
*Publix Super Markets, Inc.*

ROBERT W. SPARKES, III
JENNIFER J. NAGLE
K&L GATES LLP
One Congress Street, Suite 2900
Boston, Massachusetts 02114
(617) 261-3100

*Attorneys for Defendants-Appellees*
*Amazon.com, Inc. and Amazon.com*
*Services, LLC*

NATSAYI Z. MAWERE
REED SMITH LLP
599 Lexington Avenue 22nd Floor
New York, New York 10022
(212) 521-5400

– and –

RICHARD FAMA
TAMAR S. WISE
COZEN O'CONNOR
Three World Trade Center
175 Greenwich Street, 55th Floor
New York, New York 10007
(212) 509-9400

*Attorneys for Defendants-Appellees The*
*Kroger Co., Harris Teeter, LLC and*
*Harris Teeter Supermarkets, Inc.*

i

# TABLE OF CONTENTS

**Page**

District Court Docket Entries ..................................... A-1

Order Governing Plaintiffs' Initial Streamlined
    Consolidated Complaint and Defendants' Motion
    to Dismiss in Response, dated April 16, 2024 ....... A-131

Initial Streamlined Consolidated New York
    Bellwether Class Action Complaint, dated
    May 3, 2024 ............................................................ A-134

Exhibit A to Class Action Complaint -
    Class Action Complaint – PE [Phenylephrine]
    Products Collection of Labels as Purchased by
    Plaintiffs................................................................ A-256

Amended Order Governing Initial Streamlined
    Consolidated Class Action Complaint and
    Defendants' Motion to Dismiss in Response,
    dated May 16, 2024 ............................................... A-1152

Notice of Appeal, dated December 9, 2024 ............... A-1156

Exhibit A to Notice of Appeal -
    List of Plaintiffs Appealing ................................... A-1160

Exhibit B to Notice of Appeal -
    Order Entering Judgment, dated
    November 12, 2024
    (Reproduced herein at pp. SPA-18-SPA-20)

Exhibit C to Notice of Appeal -
    Memorandum Decision and Order (Document
    Relates to All Actions), dated October 29, 2024
    (Reproduced herein at pp. SPA-1-SPA-17)

ii

**Page**

Newtown's Pharmacy, Inc.'s Notice of Appeal,
  dated January 10, 2025 ......................................... A-1164

A-1

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:23-md-03089-BMC

| | |
|---|---|
| In Re: Oral Phenylephrine Marketing and Sales Practices Litigation | Date Filed: 12/06/2023 |
| Assigned to: Judge Brian M. Cogan | Date Terminated: 11/12/2024 |
| Cause: 28:1332 Diversity-Fraud | Jury Demand: Plaintiff |
| | Nature of Suit: 370 Fraud or Truth-In-Lending |
| | Jurisdiction: Diversity |

**In Re**

**In Re: Oral Phenylephrine Marketing and
Sales Practices Litigation**

**Plaintiff**

**Sandra Yousefzadeh**                    represented by    **Andrew Kaufman**
                                                            Lieff Cabraser Heimann & Bernstein, LLP
                                                            Tennessee
                                                            222 2nd Avenue South
                                                            Suite 1640
                                                            Nashville, TN 37201
                                                            615-313-9000
                                                            Email: akaufman@lchb.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Daniel R. Leathers**
                                                            Lieff Cabraser Heimann & Bernstein, LLP
                                                            250 Hudson Street
                                                            8th Floor
                                                            New York, NY 10013-1413
                                                            212-355-9500
                                                            Fax: 212-355-9592
                                                            Email: dleathers@lchb.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Darren T. Kaplan**
                                                            Kaplan Gore LLP
                                                            346 Westbury Ave
                                                            Ste 200
                                                            Carle Place, NY 11514
                                                            212-999-7370
                                                            Fax: 404-537-3320
                                                            Email: DKAPLAN@KAPLANGORE.COM
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **David S. Stellings**
                                                            Lieff Cabraser Heimann & Bernstein, LLP
                                                            250 Hudson Street
                                                            8th Floor

A-2

New York, NY 10013
212-355-9500
Fax: 212-355-9592
Email: dstellings@lchb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth J. Cabraser**
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
415-956-1000
Fax: 415-956-1008
Email: ecabraser@lchb.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faith E. A. Lewis**
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
415-956-1000
Fax: 415-956-1008
Email: flewis@lchb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Louis Lichtman**
Lieff, Cabraser, Heimann & Bernstein
250 Hudson Street, 8th Floor
New York, NY 10013
212-355-9500
Fax: 212-355-9592
Email: jlichtman@lchb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan D. Selbin**
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street
8th Floor
New York, NY 10013
212-355-9500
Fax: 212-355-9508
Email: jselbin@lchb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lexi J. Hazam**
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
415-956-1000
Fax: 415-956-1008
Email: lhazam@lchb.com

**A-3**

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
Singleton Schreiber LLP
1414 K Street
Suite 470
Sacramento, CA 95814
916-248-8478
Fax: 619-255-1515
Email: emin@singletonschreiber.com
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robyn Cronin**                    represented by    **Melanie H. Muhlstock**
Parker Waichman LLP
6 Harbor Park Drive
Port Washington, NY 11050
516-466-6500
Fax: 516-723-4729
Email: mmuhlstock@yourlawyer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raymond C Silverman**
Parker Waichman LLP
6 Harbor Park Drive
Port Washington, NY 11050
516-466-6500
Fax: 516-723-4711
Email: rsilverman@yourlawyer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Scott Goldstein**
Parker Waichman LLP
6 Harbor Park Drive
-
11050
Port Washington, NY 11050
516-466-6500
Email: jgoldstein@yourlawyer.com
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Coyle**                      represented by    **Virginia E Anello**
*individually and on behalf of all others similarly*        Douglas & London, P.C.
*situated*                                                   111 John Street, Suite 1400
New York, NY 10038
212-566-7500

A-4

Fax: 212-566-7501
Email: vanello@douglasandlondon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Timothy Butler**                                    represented by    **Timothy Butler**
309172
Yaphank Correctional Facility
10 Center Dr
Riverhead, NY 11901
PRO SE

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Archanatep Boonparn**                              represented by    **Peter Samberg**
Peter Samberg
Dmdl
100 Ardsley Avenue West
Ardsley on Hudson, NY 10503
914-391-1213
Email: Psamberg@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David J. Stanoch**
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130
504-524-5777
Email: d.stanoch@kanner-law.com
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kaycie Coppock**                                   represented by    **Bryan F. Aylstock**
Aylstock, Witkin, Kreis & Overholtz PLLC
17 E. Main St
Ste 200
Pensacola, FL 32502
850-202-1010
Email: baylstock@awkolaw.com
*LEAD ATTORNEY*

A-5

*ATTORNEY TO BE NOTICED*

**Jennifer M. Hoekstra**
Aylstock, Witkin, Kreis & Overholtz
17 E Main Street
Suite 200
Pensacola, FL 32502
850-202-1010
Fax: 850-916-7449
Email: jhoekstra@awkolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**R. Jason Richards**
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 E. Main Street
Ste 200
Pensacola, FL 32502
850-202-1010
Email: jrichards@awkolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chioma Ozuzu**                    represented by   **Melanie H. Muhlstock**
*individually, and on beha.f c.f all others similarly*          (See above for address)
*situated*                                                      *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Raymond C Silverman**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Jason Scott Goldstein**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **YuQing Emily Min**
                                                                (See above for address)
                                                                *TERMINATED: 07/16/2024*
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kenneth Levi Pack**                represented by   **Andrew Daniel Bluth**
                                                      Singleton Schreiber, LLP
                                                      1414 K Street
                                                      Ste #470
                                                      Sacramento, CA 95814
                                                      916-248-8478
                                                      Fax: 619-255-1515

A-6

Email: abluth@singletonschreiber.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Ross Rodriguez**
Singleton Schreiber, LLP
1414 K Street
Suite 470
Sacramento, CA 95814
916-248-8478
Fax: 619-255-1515
Email: crodriguez@singletonschreiber.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin S. Hannon**
Singleton Schreiber, LLP
1641 N. Downing St
Denver, CO 80218
720-704-6028
Fax: 619-255-1515
Email: khannon@singletonschreiber.com
*ATTORNEY TO BE NOTICED*

**Trent James Nelson**
Singleton Schreiber
1414 K Street, Suite 470
Sacramento, CA 95814
916-248-8478
Fax: 619-255-1515
Email: tnelson@singletonschreiber.com
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Min Ji Jung**                    represented by    **Andrew Daniel Bluth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Ross Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin S. Hannon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trent James Nelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

A-7

YuQing Emily Min
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Steve Audelo**                                   represented by **Bryan F. Aylstock**
*On Behalf Of Themselves and All Other*           (See above for address)
*Similarly Situated*                              *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **R. Jason Richards**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **YuQing Emily Min**
                                                  (See above for address)
                                                  *TERMINATED: 07/16/2024*
                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Natalie Juneau**                                represented by **Andrew David Bizer**
                                                  Bizer & DeReus, LLC
                                                  3319 St. Claude Ave.
                                                  New Orleans, LA 70117
                                                  504-619-9999
                                                  Fax: 504-948-9996
                                                  Email: andrew@bizerlaw.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Conlee Schell Whiteley**
                                                  Kanner & Whiteley, L.L.C.
                                                  701 Camp Street
                                                  New Orleans, LA 70130
                                                  504-524-5777
                                                  Email: C.Whiteley@kanner-law.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **David J. Stanoch**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **YuQing Emily Min**
                                                  (See above for address)
                                                  *TERMINATED: 07/16/2024*
                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Fichera**                                represented by **Andrew David Bizer**
*Individually, and on behalf of others similarly* (See above for address)
*situated*                                        *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

A-8

**Conlee Schell Whiteley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David J. Stanoch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kamonica McWhite**                    represented by    **Michael Robert Reese**
Reese LLP
100 West 93rd Street
16th floor
New York, NY 10025
(212) 643-0500
Fax: (212) 253-4272
Email: mreese@reesellp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Doolittle**
Poulin, Willey, Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
803-222-2222
Email: paul.doolittle@poulinwilley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip Furia**
THE SULTZER LAW GROUP, P.C.
85 CIVIC PLAZA, SUITE 200
POUGHKEEPSIE, NY 12601
201-744-0064
Email: furiap@thesultzerlawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. Furia**
The Sultzer Law Group, P.C.
85 Civic Center Plaza, Suite 200
Suite 200
Poughkeepsie, NY 12601
845-483-7100
Fax: 888-749-7747
Email: furiap@thesultzerlawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A-9

**Jason P. Sultzer**
Sultzer & Lipari, PLLC
85 Civic Center Plaza
Suite 200
Poughkeepsie, NY 12601
845-483-7100
Fax: 888-749-7747
Email: sultzerj@thesultzerlawgroup.com
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Erin Barton**                    represented by **Daniel Schwartz**
DiCello Levitt LLP
10 North Dearborn st
Ste Sixth Floor
Chicago, IL 60602
312-214-7900
Email: dschwartz@dicellolevitt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James E. Cecchi**
Carella, Byrne, Cecchi, Olstein, Brody &
Agnello, P.C.
5 Becker Farm Road
Roseland, NJ 07068
973-994-1700
Fax: 973-994-1744
Email: jcecchi@carellabyrne.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsey H. Taylor**
Robbins Geller Rudman & Dowd LLP
225 NE Mizner Boulevard
Suite 720
Boca Raton, FL 33432
561-750-3000
Fax: 561-750-3364
Email: ltaylor@rgrdlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher A. Seeger**
Seeger Weiss LLP
55 Challenger Road 6th Floor
Ridgefield Park, NJ 07660
212-584-0700
Email: cseeger@seegerweiss.com
*ATTORNEY TO BE NOTICED*

A-10

**David R. Buchanan**
Seeger Weiss, LLP
77 Water Street
26th Flr.
New York, NY 10005
212-584-0700
Fax: 212-584-0799
Email: dbuchanan@seegerweiss.com
*ATTORNEY TO BE NOTICED*

**Diogenes P. Kekatos**
Seeger Weiss LLP
One William Street
New York, NY 10004
212-584-0700
Fax: 212-584-0799
Email: dkekatos@seegerweiss.com
*ATTORNEY TO BE NOTICED*

**Jeffrey Scott Grand**
Bernstein Liebhard LLP
10 East 40th Street
28th floor
New York, NY 10017
212-779-1414
Fax: 212-779-3218
Email: jgrand@seegerweiss.com
*ATTORNEY TO BE NOTICED*

**Scott Alan George**
Seeger Weiss LLP
325 Chestnut Street
Suite 917
Philadelphia, PA 19106
212-584-0700
Email: sgeorge@seegerweiss.com
*ATTORNEY TO BE NOTICED*

**Stuart A. Davidson**
Robbins Geller Rudman & Dowd LLP
225 NE Mizner Boulevard
Suite 720
Boca Raton, FL 33432
561-750-3000
Fax: 561-750-3364
Email: sdavidson@rgrdlaw.com
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kimberly Buscaglia**                    represented by **James E. Cecchi**
(See above for address)

A-11

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsey H. Taylor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher A. Seeger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David R. Buchanan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Diogenes P. Kekatos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey Scott Grand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Alan George**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart A. Davidson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Francis W. Catanese**                represented by  **James E. Cecchi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsey H. Taylor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher A. Seeger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David R. Buchanan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**A-12**

**Diogenes P. Kekatos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey Scott Grand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Alan George**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart A. Davidson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Samuel Gallo**                    represented by  **James E. Cecchi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsey H. Taylor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher A. Seeger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David R. Buchanan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Diogenes P. Kekatos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey Scott Grand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Alan George**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart A. Davidson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**A-13**

YuQing Emily Min
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kristin Depaola**                    represented by    **Conlee S. Whiteley**
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David J. Stanoch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George T. Williamson**
Farr Law Firm P.A.
99 Nesbit Street
Punta Gorda, FL 33950
941-639-1158
Fax: 941-639-0028
Email: gwilliamson@farr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marlene Jaye Goldenberg**
Nigh Goldenberg Raso & Vaughn
14 Ridge Square NW
Third Floor
Washington, DC 20016
612-424-9900
Fax: 202-792-7927
Email: mgoldenberg@nighgoldenberg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruben Honik**
Honik LLC
1515 Market Street
Suite 1100
Philadelphia, PA 19102
267-435-1300
Email: ruben@honiklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marlene Jaye Goldenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

A-14

**Plaintiff**

**Michael Walker**          represented by   **Bradley D. Honnold**
Goza & Honnold, LLC
2630 City Center Square
1100 Main Street
P. O. Box 482355
Kansas City, MO 64148-2355
(816) 512-2171
Fax: (816) 512-2172
Email: bhonnold@gohonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph A. Kronawitter**
Horn, Aylward & Bandy, LLC
2600 Grand Boulevard
Suite 1100
Kansas City, MO 64108
816-421-0700
Fax: 816-421-0899
Email: jkronawitter@hab-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kirk J. Goza**
Goza & Honnold, LLC
11150 Overbrook Rd.
Suite 250
Leawood, KS 66211
816 512-2171
Fax: 816 512-2172
Email: kgoza@gohonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsey Scarcello**
Wagstaff & Cartmell LLP
4740 Grand Avenue
Suite 300
Kansas City, MO 64112
816-701-1100
Fax: 816-531-2372
Email: lscarcello@wcllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A. Horn**
Robert A. Horn
345 East 73rd Street
New York, NY 10001
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Taylor Foye**
Horn Aylward & Bandy, LLC
2600 Grand Blvd

A-15

Suite 1100
Kansas City, MO 64108
816-421-0700
Fax: 816-421-0899
Email: tfoye@hab-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas P. Cartmell**
Wagstaff & Cartmell, LLP
4740 Grand Ave.
Ste. 300
Kansas City, MO 64112
816-701-1100
Fax: 816-531-2372
Email: tcartmell@wcllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tyler Hudson**
Wagstaff & Cartmell
4740 Grand Ave, Suite 300
Kansas City, MO 64112
816-701-1177
Email: thudson@wcllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cathy Kleiman**                    represented by  **Paul Doolittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip Furia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason P. Sultzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

A-16

Richard Scoffier          represented by  **Ruben Honik**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David J. Stanoch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
Annette Striegel          represented by  **Paul Doolittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip Furia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason P. Sultzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
Martha A. Page          represented by  **Cari Campen Laufenberg**
Keller Rohrback LLP
1201 3rd Avenue
Suite 3400
Seattle, WA 98101
206-442-1563
Email: claufenberg@kellerrohrback.com
*LEAD ATTORNEY*

**James E. Cecchi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek W. Loeser**
Keller Rohrback LLP
1201 3rd Ave
Suite 3400
Seattle, WA 98101
206-623-1900
Email: dloeser@kellerrohrback.com

**A-17**

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric Lombardo**
Keller Rohrback LLP
Complex Litigation
1201 3rd Ave
Ste. 3400
Seattle, WA 98101
206-428-0539
Email: elombardo@kellerrohrback.com
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Emily Cohen**                     represented by **Paige A. Munro-Delotto**
Munro-Delotto Law LLC
400 Westminster Street
Ste. 200
Providence, RI 02903
401-521-4529
Fax: 866-593-9755
Email: paige@pmdlawoffices.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zahra Rose Dean**
Kohn, Swift & Graf, P.C.
1600 Market Street
Suite 2500
Philadelphia, PA 19103
215-238-1700
Fax: 215-238-1968
Email: zdean@kohnswift.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Janet Jones**                     represented by **Alex M. Kashurba**
CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP
361 W. LANCASTER AVENUE
HAVERFORD, PA 19041
610-642-8500
Email: amk@chimicles.com
*LEAD ATTORNEY*

A-18

*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cathy Kleiman**                    represented by **Blake Garrett Abbott**
Poulin Willey Anastopoulo LLC
32 Ann Street
Charleston, SC 29403
843-614-8888
Email: blake.abbott@poulinwilley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Doolittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul J Doolittle**
Poulin Willey Anastopoulo LLC
32 Ann Street
Charleston, SC 29403
843-834-4712
Email: pauld@akimlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roy T. Willey , IV**
Anastopoulo Law Firm, LLC
South Carolina
32 Ann St
Charleston
Charleston, SC 29403
843-614-8888
Email: roy@akimlawfirm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason P. Sultzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lateef Murdock**                    represented by **Reagan Charleston Thomas**
Aylstock, Witkin, Kreis, and Overholtz
17 E. Main Street

A-19

#200
Pensacola, FL 32502
985-778-8134
Email: rthomas@awkolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shireen M. Clarkson**
Clarkson Law Firm, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
213-788-4050
Fax: 213-788-4070
Email: sclarkson@clarksonlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glenn Danas , I**
Clarkson Law Firm, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
213-788-4050
Fax: 213-788-4070
Email: gdanas@clarksonlawfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Clarkson**
Clarkson Law Firm, P.C.
Clarkson Law Firm, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
213-788-4050
Email: rclarkson@clarksonlawfirm.com
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Zarrina Ozari**
Clarkson Law Firm
22525 Pacific Coast Highway
Malibu, CA 90265
646-318-4724
Email: zozari@clarksonlawfirm.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Gwen Thomas**                        represented by **Reagan Charleston Thomas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**

**A-20**

(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marcel Perez Pirio**                    represented by    **Reagan Charleston Thomas**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Shireen M. Clarkson**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Glenn Danas , I**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ryan Clarkson**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **YuQing Emily Min**
                                                            (See above for address)
                                                            *TERMINATED: 07/16/2024*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Zarrina Ozari**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Layne Barter**                          represented by    **Reagan Charleston Thomas**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Shireen M. Clarkson**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Glenn Danas , I**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ryan Clarkson**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **YuQing Emily Min**
                                                            (See above for address)
                                                            *TERMINATED: 07/16/2024*

A-21

*ATTORNEY TO BE NOTICED*

**Zarrina Ozari**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jose Cortez Hernandez**                    represented by    **Reagan Charleston Thomas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shireen M. Clarkson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glenn Danas , I**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Clarkson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Zarrina Ozari**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Lundin**                    represented by    **Reagan Charleston Thomas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shireen M. Clarkson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glenn Danas , I**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Clarkson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**

**A-22**

(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Zarrina Ozari**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Jaedon Daniels**
     represented by **Reagan Charleston Thomas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shireen M. Clarkson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glenn Danas , I**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Clarkson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Zarrina Ozari**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Mychael Willon**
     represented by **Reagan Charleston Thomas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shireen M. Clarkson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glenn Danas , I**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Clarkson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**A-23**

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Zarrina Ozari**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Amy Weinberg                     represented by    **Reagan Charleston Thomas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shireen M. Clarkson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glenn Danas , I**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Clarkson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Zarrina Ozari**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Dimitri Lamdon                   represented by    **Reagan Charleston Thomas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shireen M. Clarkson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glenn Danas , I**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Clarkson**

**A-24**

(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Zarrina Ozari**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Elie El Rai**                                     represented by   **Reagan Charleston Thomas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shireen M. Clarkson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glenn Danas , I**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Clarkson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Zarrina Ozari**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Tatyana Dekhtyar**                               represented by   **Reagan Charleston Thomas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shireen M. Clarkson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glenn Danas , I**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Clarkson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Zarrina Ozari**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Olivia Rodesta**                          represented by    **Reagan Charleston Thomas**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Shireen M. Clarkson**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Glenn Danas , I**
                                                             (See above for address)
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Ryan Clarkson**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **YuQing Emily Min**
                                                             (See above for address)
                                                             *TERMINATED: 07/16/2024*
                                                             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lauren Debeliso**                         represented by    **Reagan Charleston Thomas**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Shireen M. Clarkson**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Glenn Danas , I**
                                                             (See above for address)
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Ryan Clarkson**

(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Zarrina Ozari**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lorette Kenney**                  represented by   **Reagan Charleston Thomas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shireen M. Clarkson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glenn Danas , I**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Clarkson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Zarrina Ozari**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Heaghney**                represented by   **Benjamin Stephen McIntosh**
SWMW Law, LLC
701 Market Street
Suite 1000
St. Louis, MO 63101
314-480-5180
Fax: 314-932-1566
Email: ben.mcintosh@swmwlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sophie Zavaglia**
SWMW Law, LLC
701 Market Street

A-27

Suite 1000
Saint Louis, MO 63104
314-480-5180
Email: sophie@swmwlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Scott Collier**                              represented by **M Ryan Casey**
Kanner & Whiteley
701 Camp Street
New Orleans, LA 70130
504-524-5777
Fax: 504-524-5763
Email: r.casey@kanner-law.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Amanda Thorns**                              represented by **M Ryan Casey**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Andrew Isom**                                represented by **Aaron W. Smith**
A. W. Smith Law Firm PC
2100 West Broadway
Columbia, MO 65203
(573) 777-3333
Fax: (573) 443-7301
Email: aw@awsmithlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ethan Charles Duckworth**
The A.W. Smith Law Firm, P.C.
2100 West Broadway
Suite 500

A-28

Columbia, MO 65203
573-777-3333
Fax: 573-443-7301
Email: ec@awsmithlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly Wallis**
Kespohl, McCrary, & Corenjo, L.L.C.
1103 E. Walnut St.
Columbia, MO 65201
(573) 443-2889
Fax: (573) 443-3889
Email: kelly@awsmithlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Jeffrey Bader**                   represented by   **John Dean Curtis , II**
Burch & Cracchiolo PA
1850 N Central Ave., Ste. 1700
Phoenix, AZ 85004
602-234-8760
Email: jcurtis@bcattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brian Lloyd Fireng**                   represented by   **John Dean Curtis , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carrie Diane Huff**                    represented by   **John Dean Curtis , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)

**A-29**

*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Samuel Sorge**               represented by  **John Dean Curtis , II**
                                      (See above for address)
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **YuQing Emily Min**
                                      (See above for address)
                                      *TERMINATED: 07/16/2024*
                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joshua Edward Sorge**               represented by  **John Dean Curtis , II**
                                      (See above for address)
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **YuQing Emily Min**
                                      (See above for address)
                                      *TERMINATED: 07/16/2024*
                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christine Ann Waters**              represented by  **John Dean Curtis , II**
                                      (See above for address)
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **YuQing Emily Min**
                                      (See above for address)
                                      *TERMINATED: 07/16/2024*
                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eduardo Flores**                    represented by  **L. Timothy Fisher**
                                      Bursor & Fisher, PA
                                      1990 N. California Blvd., Ste. 940
                                      Walnut Creek, CA 94596
                                      925-300-4455
                                      Fax: 925-407-2700
                                      Email: ltfisher@bursor.com
                                      *LEAD ATTORNEY*
                                      *PRO HAC VICE*
                                      *ATTORNEY TO BE NOTICED*

                                      **Sarah Westcot**
                                      Bursor & Fisher P.A.
                                      701 Brickell Avenue
                                      Suite 2100
                                      Miami, FL 33131
                                      305-330-5512
                                      Email: swestcot@bursor.com

A-30

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Westcot**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christopher McPhee**                     represented by    **Andrew Daniel Bluth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Ross Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin S. Hannon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trent James Nelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Justin Vorise**                     represented by    **Andrew Daniel Bluth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Ross Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin S. Hannon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trent James Nelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**A-31**

<div align="right">

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

</div>

**Plaintiff**
Jordan Nelson                represented by    **Sarah Westcot**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Westcot**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
Regina Peralta              represented by    **Sarah Westcot**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Westcot**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
Krista Wright               represented by    **Bradley D. Honnold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph A. Kronawitter**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kirk J. Goza**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsey Scarcello**
(See above for address)
*LEAD ATTORNEY*

A-32

*ATTORNEY TO BE NOTICED*

**Robert A. Horn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Taylor Foye**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas P. Cartmell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tyler Hudson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tiffany Travis**                    represented by   **Alyson Steele Beridon**
Herzfeld Suetholz Gastel Leniski and Wall
PLLC
600 Vine St.
Ste 2720
Cincinnatti, OH 45202
513-381-2224
Fax: 615-994-8625
Email: alyson@hsglawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin A. Gastel**
Herzfeld, Suetholz, Gastel, Leniski and Wall,
PLLC
223 Rosa L Parks Ave.
Ste 300
Nashville, TN 37203
615-800-6225
Email: ben@hsglawgroup.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joey P. Leniski , Jr.**
223 Rosa L. Parks Ave.
Suite 300

A-33

Nashville, TN 37203
615-800-6225
Fax: 615-994-8625
Email: joey@hsglawgroup.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Randall Sygal**                     represented by **Katrina Carroll**
Lynch Carpenter LLP
111 W. Washington, STE 1240
Chicago, IL 60602
312-750-1265
Email: katrina@lcllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer M French**
Lynch Carpenter, LLP
California
1234 Camino Del Mar
Del Mar, CA 92014
619-762-1903
Fax: 858-313-1850
Email: jennf@lcllp.com
*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
Lynch Carpenter, LLP
California
1234 Camino del Mar
Del Mar, CA 92014
619-762-1903
Fax: 724-656-1556
Email: scott@lcllp.com
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Regina Brookshier**                 represented by **Katrina Carroll**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

A-34

**Jennifer M French**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Erzen Krica**                    represented by **Katrina Carroll**
                                   (See above for address)
                                   *LEAD ATTORNEY*
                                   *PRO HAC VICE*
                                   *ATTORNEY TO BE NOTICED*

**Jennifer M French**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Allison Sammarco**               represented by **Katrina Carroll**
                                   (See above for address)
                                   *LEAD ATTORNEY*
                                   *PRO HAC VICE*
                                   *ATTORNEY TO BE NOTICED*

**Jennifer M French**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hollie Verdi**                   represented by **Katrina Carroll**
                                   (See above for address)

A-35

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer M French**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cathy Kleiman**                    represented by **Andrew S Baker**
                                     The Baker Law Group
                                     89 E. Nationwide Blvd.
                                     Ste 2nd Floor
                                     OH
                                     Columbus, OH 43215
                                     614-228-1882
                                     Fax: 614-228-1862
                                     Email: andrew.baker@bakerlawgroup.net
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Blake G. Abbott**
                                     Anastopoulo Law Firm, LLC
                                     32 Ann Street
                                     Charleston, SC 29403
                                     309-265-5200
                                     Email: blake.abbott@poulinwilley.com
                                     *LEAD ATTORNEY*
                                     *PRO HAC VICE*
                                     *ATTORNEY TO BE NOTICED*

                                     **Paul Doolittle**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Paul J Doolittle**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Jason P. Sultzer**
                                     (See above for address)
                                     *ATTORNEY TO BE NOTICED*

                                     **YuQing Emily Min**
                                     (See above for address)

A-36

*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Millard Adkins**                                        represented by   **Frederick S. Longer**
                                                                        Levin Fishbein Sedran & Berman
                                                                        510 Walnut Street
                                                                        Suite 500
                                                                        Philadelphia, PA 19106
                                                                        215-592-1500
                                                                        Fax: 215-592-4663
                                                                        Email: flonger@lfsblaw.com
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Michael M. Weinkowitz**
                                                                        Levin Fishbein Sedran & Berman
                                                                        510 Walnut Street
                                                                        Suite 500
                                                                        Philadelphia, PA 19106
                                                                        215-592-1500
                                                                        Fax: 215-592-4663
                                                                        Email: mweinkowitz@lfsblaw.com
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **YuQing Emily Min**
                                                                        (See above for address)
                                                                        *TERMINATED: 07/16/2024*
                                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rosalyn Anderson**                                     represented by   **Michael M. Weinkowitz**
                                                                        (See above for address)
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Frederick S. Longer**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **YuQing Emily Min**
                                                                        (See above for address)
                                                                        *TERMINATED: 07/16/2024*
                                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eli Erlick**                                           represented by   **Michael M. Weinkowitz**
                                                                        (See above for address)
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Frederick S. Longer**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*

**A-37**

YuQing Emily Min
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Donna Bailey**                    represented by  **Michael M. Weinkowitz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frederick S. Longer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Rosalie Jackson**                  represented by  **Michael M. Weinkowitz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frederick S. Longer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Recoa Russell**                    represented by  **Michael M. Weinkowitz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frederick S. Longer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Frank Anderson**                   represented by  **Michael M. Weinkowitz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A-38

 

                                                              **Frederick S. Longer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tina Haluszka**             represented by   **Michael M. Weinkowitz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frederick S. Longer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tatiana Benjamin**        represented by   **Scott Alan George**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher A. Seeger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David R. Buchanan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Diogenes P. Kekatos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey Scott Grand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart A. Davidson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

A-39

**Plaintiff**

**Christine Contreras**                 represented by   **Scott A. George**
                                                         Seeger Weiss LLP
                                                         1515 Market Street
                                                         Suite 1380
                                                         Philadelphia, PA 19102
                                                         215-564-2300
                                                         Fax: 215-851-8029
                                                         Email: sgeorge@seegerweiss.com
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Christopher A. Seeger**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **David R. Buchanan**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Diogenes P. Kekatos**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jeffrey Scott Grand**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Scott Alan George**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Stuart A. Davidson**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **YuQing Emily Min**
                                                         (See above for address)
                                                         *TERMINATED: 07/16/2024*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Natasha Freeman**                     represented by   **Scott A. George**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Christopher A. Seeger**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **David R. Buchanan**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

A-40

**Diogenes P. Kekatos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey Scott Grand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Alan George**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart A. Davidson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robin Glauser**                    represented by **Scott A. George**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher A. Seeger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David R. Buchanan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Diogenes P. Kekatos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey Scott Grand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Alan George**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart A. Davidson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)

A-41

*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Anthony Rogers**                    represented by    **Scott A. George**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher A. Seeger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David R. Buchanan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Diogenes P. Kekatos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey Scott Grand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Alan George**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart A. Davidson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Heather Fong**                      represented by    **Bradley D. Honnold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph A. Kronawitter**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kirk J. Goza**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsey Scarcello**

A-42

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A. Horn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Taylor Foye**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas P. Cartmell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tyler Hudson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Jamieka Holmes**                    represented by  **Jacob White**
                                                     Taylor King Law, PA
                                                     Springdale
                                                     410 N Thompson St, Suite B
                                                     72764
                                                     Springdale, AR 72764
                                                     479-208-4780
                                                     Fax: 870-568-0141
                                                     Email: jacobwhite@taylorkinglaw.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Paul Doolittle**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **YuQing Emily Min**
                                                     (See above for address)
                                                     *TERMINATED: 07/16/2024*
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Mari Jones**                        represented by  **Allan Kanner**
                                                     Kanner and Whiteley LLC

A-43

701 Camp St
New Orleans, LA 70130-3504
504-524-5777
Fax: 504-524-5763
Email: a.kanner@kanner-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David J. Stanoch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Michele Kasparie**                    represented by **Jeffrey A. Barrack**
BARRACK, RODOS & BACINE
2001 MARKET STREET
3300 TWO COMMERCE SQUARE
PHILADELPHIA, PA 19103-7087
215-963-0600
Fax: 215-963-0838
Email: jbarrack@barrack.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Kimberly James**                      represented by **Jeffrey A. Barrack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Greg Enriquez**                       represented by **Adam J. Zapala**
Cotchett Pitre & McCarthy LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000
Fax: (650) 697-0577
Email: azapala@cpmlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A-44**

**Alexander E. Barnett**
Dicello Levitt LLP
485 Lexington Avenue
Suite 1001
New York, NY 10017
646-933-1000
Fax: 646-494-9648
Email: abarnett@cpmlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel E. Gustafson**
Heins Mills & Olson, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneappolis, MN 55402
Fax: (612) 338-4692
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Rachel Parker**                    represented by  **Ruben Honik**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David J. Stanoch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Krystal Rampalli**                 represented by  **Blake G. Abbott**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Chad C Alexander**
Sieben Polk, P.A.
2600 Eagan Woods Drive
Suite 50
Eagan, MN 55121
651-437-3148
Fax: 651-437-2732
Email: calexander@siebenpolklaw.com

A-45

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Doolittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cody Morgan**                      represented by   **Kiley L. Grombacher**
Bradley/Grombacher LLP
31365 Oak Crest Drive
Suite 240
Westlake Village, CA 91361
805-270-7100
Fax: 805-270-7100
Email: kgrombacher@bradleygrombacher.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Andrew Burns**
Mostyn Law- Houston TX
3810 W Alabama Street
Houston, TX 77027
713-714-0000
Email: epefile@mostynlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra Nicole Guntner**
Aylstock Witkin Kreis & Overholtz
17 E. Main St.
Pensacola, FL 32501
850-202-1010
Email: nguntner@awkolaw.com
*ATTORNEY TO BE NOTICED*

**Michael A. Sacchet**
Ciresi Conlin LLP
225 S. 6th Street
Suite 4600
Minneapolis, MN 55402
612-361-8220
Email: mas@ciresiconlin.com
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

A-46

**Plaintiff**

**Anthony DeRosa**                                     represented by **Elizabeth A. Fegan**
                                                                    Fegan Scott LLC
                                                                    150 S. Wacker Dr
                                                                    Ste 24th Floor
                                                                    Chicago, IL 60606
                                                                    312-741-1019
                                                                    Fax: 312-264-0100
                                                                    Email: beth@feganscott.com
                                                                    *LEAD ATTORNEY*
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Jonathan David Lindenfeld**
                                                                    Fegan Scott LLC
                                                                    305 Broadway
                                                                    Ste 7th Floor
                                                                    New York, NY 10007
                                                                    212-208-1489
                                                                    Email: jonathan@feganscott.com
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **YuQing Emily Min**
                                                                    (See above for address)
                                                                    *TERMINATED: 07/16/2024*
                                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daryl Means**                                       represented by **Benjamin Stephen McIntosh**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Sophie Zavaglia**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **YuQing Emily Min**
                                                                    (See above for address)
                                                                    *TERMINATED: 07/16/2024*
                                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jacob Reinkraut**                                   represented by **Joseph R. Santoli**
                                                                    340 Devon Court
                                                                    Ridgwood, NJ 07450
                                                                    201-926-9200
                                                                    Email: josephsantoli002@gmail.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Paul V. Sweeny**
                                                                    Squitieri & Fearon, LLP
                                                                    305 Broadway

A-47

Ste 7th Floor
New York, NY 10007
212-421-6492
Fax: 212-421-6553
Email: paulvsweeny87@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen J. Fearon , Jr.**
Squitieri & Fearon, LLP
305 Broadway
7thfloor
New York, NY 10007
212-421-6492
Email: cathy@sfclasslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Michael Lee**                          represented by **Katrina Carroll**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer M French**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Toni Heuchan**                          represented by **Katrina Carroll**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer M French**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
(See above for address)

*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Michelle Garza                                    represented by  **Katrina Carroll**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer M French**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Cece Davenport                                    represented by  **Katrina Carroll**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer M French**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Claudette Sanes                                   represented by  **Katrina Carroll**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer M French**
(See above for address)

A-49

*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Flick**                                   represented by  **Katrina Carroll**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer M French**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Janis Zimmerman**                                represented by  **Katrina Carroll**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer M French**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Andrea Wilson**                                  represented by  **Stephen J. Fearon , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A-50

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Richard Chavez**                    represented by    **Brian S Colon**
Singleton Schreiber
6501 Americas Parkway NE
Suite 670
87110
Albuquerque, NM 87301
505-270-2154
Email: bcolon@singletonschreiber.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Ross Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Payne**
Singleton Schreiber, LLP
6501 Americas Parkway NE, Suite 670
Albuquerque, NM 87110
505-539-1314
Fax: 505-539-1314
Email: jacob.payne@state.nm.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert James Sanchez**
Singleton Schreiber
New Mexico
6501 Americas Parkway NE
Suite 670
ALBUQUERQUE, Ste 670
Albuquerque, NM 87110
505-230-4882
Email: rsanchez@singletonschreiber.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Daniel Bluth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin S. Hannon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trent James Nelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kathleen Emmons**                    represented by **Jeffrey W Golan**
Barrack Rodos & Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pa 19103
215-963-0600
Fax: 215-963-0838
Email: jgolan@barrack.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nathan Jackson**                    represented by **Jeffrey W Golan**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rosalyn Anderson**                    represented by **Charles E. Schaffer**
Levin Sedran & Berman
510 Walnut Street
Ste 500
Philadelphia, PA 19106
215-592-1500
Fax: 215-592-4663
Email: cschaffer@lfsblaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**D. Aaron Rihn**
PEIRCE LAW OFFICES
707 GRANT ST
2500 GULF TOWER
PITTSBURGH, PA 15219
412-281-7229
Email: arihn@peircelaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frederick S. Longer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara J. Watkins**
Robert Peirce & Associates, P.C.
707 Grant Street
Suite 125
Pittsburgh, PA 15219
412-281-7229
Fax: 412-281-4229
Email: swatkins@peircelaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Eli Erlick**                          represented by  **Charles E. Schaffer**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *PRO HAC VICE*
                                        *ATTORNEY TO BE NOTICED*

                                        **Frederick S. Longer**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **YuQing Emily Min**
                                        (See above for address)
                                        *TERMINATED: 07/16/2024*
                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Donna Bailey**                        represented by  **Charles E. Schaffer**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *PRO HAC VICE*
                                        *ATTORNEY TO BE NOTICED*

                                        **Frederick S. Longer**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **YuQing Emily Min**
                                        (See above for address)
                                        *TERMINATED: 07/16/2024*
                                        *ATTORNEY TO BE NOTICED*

A-53

**Plaintiff**
Rosalie Jackson

represented by **Charles E. Schaffer**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Frederick S. Longer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
Frank Anderson

represented by **Charles E. Schaffer**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Frederick S. Longer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
Tina Haluszka

represented by **Charles E. Schaffer**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Frederick S. Longer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
James Hsieh

represented by **Andrea Gold**
Tycko And Zavareei Llp
2000 Pennsylvania Nw
Suite 1010
Washington, DC 20006
(202) 973-0900

A-54

Fax: Not a member
Email: agold@tzlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Dominic Rio**                          represented by **Andrea Gold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Mohanad Abdelkarim**                   represented by **Andrea Gold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Steven Checchia**                      represented by **Andrea Gold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Tamula Chamberlain**                   represented by **Jeffrey W Golan**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

A-55

| | | |
|---|---|---|
| **Stacy Rankin** | represented by | **Kevin Ira Goldberg** |

**Stacy Rankin**                    represented by    **Kevin Ira Goldberg**
Goldberg Law, LLC
401 Salk Circle
Gaithersburg, MD 20878
301-343-5817
Email: kigoldberg@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Harold Nyanjom**                   represented by    **Seth K. Jones**
Barton and Burrows, LLC
5201 Johnson Drive, Suite 110
Mission, KS 66205
913-563-6256
Email: seth@bartonburrows.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stacy A. Burrows**
Barton and Burrows, LLC
5201 Johnson Drive, Suite 110
Mission, KS 66205
913-563-6253
Fax: 913-563-6259
Email: stacy@bartonburrows.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David J. Stanoch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hannah De Priest**                 represented by    **Adam J. Levitt**
DiCello Levitt Gutzler LLC
Ten North Dearborn Street
Ste Sixth Floor
Chicago, IL 60602
312-214-7900
Email: alevitt@dicellolevitt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John E Tangren**
DiCello Levitt LLP

A-56

Ten North Dearborn St.
Sixth Floor
Chicago, IL 60602
312-214-7900
Email: jtangren@dicellolevitt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart A. Davidson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Frizell Johnson**                        represented by   **Adam J. Levitt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John E Tangren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart A. Davidson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ruben Varela**                           represented by   **Adam J. Levitt**
Grant & Eisenhofer P.A.
30 North Lasalle Street
Suite 2350
Chicago, IL 60602
312-214-0000
Fax: 312-214-0001
Email: alevitt@gelaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John E Tangren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart A. Davidson**

A-57

(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joy Taylor**                          represented by  **Mark Philip Pifko**
                                        Baron & Budd, P.C.
                                        15910 Ventura Boulevard
                                        Encino Plaza, Suite 1600
                                        Encino, CA 91436
                                        (818) 839-2333
                                        Fax: (818) 986-9698
                                        Email: mpifko@baronbudd.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Roland Tellis**
                                        Baron Budd, P.C.
                                        15910 Ventura Boulevard
                                        Encino Plaza, Suite 1600
                                        Encino, CA 91436
                                        818-839-2333
                                        Fax: 818-986-9698
                                        Email: rtellis@baronbudd.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Laura S Dunning**
                                        Levin, Papantonio, Rafferty, Proctor, Buchanan,
                                        OBrien, Barr
                                        Florida
                                        316 S Baylen Street
                                        Suite 600
                                        Pensacola, FL 32502
                                        850-435-7068
                                        Email: ldunning@levinlaw.com
                                        *ATTORNEY TO BE NOTICED*

                                        **Peter J Mougey**
                                        Levin, Papantonio, Rafferty, Proctor, Buchanan,
                                        OBrien, Barr
                                        316 S. Baylen St.
                                        Suite 600
                                        Pensacola, FL 32502
                                        850-435-7068
                                        Email: mailsec@levinlaw.com
                                        *ATTORNEY TO BE NOTICED*

                                        **YuQing Emily Min**
                                        (See above for address)
                                        *TERMINATED: 07/16/2024*
                                        *ATTORNEY TO BE NOTICED*

A-58

**Plaintiff**

Anthony Coleman                              represented by **Mark Philip Pifko**
                                             (See above for address)
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Laura S Dunning**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*

                                             **Peter J Mougey**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*

                                             **YuQing Emily Min**
                                             (See above for address)
                                             *TERMINATED: 07/16/2024*
                                             *ATTORNEY TO BE NOTICED*

**Plaintiff**

Natasha Hernandez                            represented by **L. Timothy Fisher**
                                             (See above for address)
                                             *LEAD ATTORNEY*
                                             *PRO HAC VICE*
                                             *ATTORNEY TO BE NOTICED*

                                             **Sarah Westcot**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*

                                             **YuQing Emily Min**
                                             (See above for address)
                                             *TERMINATED: 07/16/2024*
                                             *ATTORNEY TO BE NOTICED*

**Plaintiff**

Jessica Thompson                             represented by **Manish Borde**
                                             BORDE LAW PLLC
                                             1700 7TH AVE
                                             STE 2100
                                             SEATTLE, WA 98101
                                             206-531-2722
                                             Email: mborde@bordelaw.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **YuQing Emily Min**
                                             (See above for address)
                                             *TERMINATED: 07/16/2024*
                                             *ATTORNEY TO BE NOTICED*

**Plaintiff**

Emily Hansen                                 represented by **William A. Kershaw**
                                             Kershaw Talley Barlow PC
                                             401 Watt Avenue

A-59

Ste 1
Sacramento, CA 95864
916-779-7000
Fax: 916-244-4829
Email: bill@ktblegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sommer Milous**                          represented by  **William A. Kershaw**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Andrew Gutierrez**                        represented by  **William A. Kershaw**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Newton's Pharmacy, Inc.**                 represented by  **Alyson Steele Beridon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James A. Streett**
107 West Main
Russellville, AR 72801
Email: james@streettlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

A-60

| | | |
|---|---|---|
| Rebecca Lynn Reyes | represented by | **Cari Campen Laufenberg**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Robert J. Wagoner**
Dittmer, Wagoner & Steele, LLC
Ohio
107 W. Johnstown Road
43230
Gahanna, OH 43230
614-471-8181
Fax: 614-540-7473
Email: bob@dwslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek W. Loeser**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric Lombardo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| Sierra Vent | represented by | **Andrew S Baker**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Blake G. Abbott**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul Doolittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul J Doolittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)

A-61

*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hector Valdes**                    represented by    **Brett Elliott von Borke**
Buckner and Miles, P.A.
2020 Salzedo Street, Suite 302
33134
Coral Gables, FL 33133
305-964-8003
Email: vonborke@bucknermiles.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin Bruce Love**
Criden & Love PA
7301 SW 57th Court
Suite 515
South Miami, FL 33143
305-357-9000
Fax: 357-9050
Email: klove@cridenlove.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seth Eric Miles**
Buckner + Miles
3350 Mary Street
Miami, FL 33133
305-964-8003
Fax: 786-523-0485
Email: seth@bucknermiles.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joanne Silva**                    represented by    **Cristina M. Moreno**
U.S. Attorney's Office
99 NE 4th Street
Miami, FL 33132
305-961-9180
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek Eduardo Leon**
Leon Cosgrove, LLC
255 Alhambra Circle
Suite 800
Coral Gables, FL 33134
305 740-1977
Email: dleon@leoncosgrove.com

A-62

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Brian Cosgrove**
Leon Cosgrove LLP
255 Alhambra Circle - 8th Floor
Miami, FL 33134
305-740-1975
Fax: 305-437-8158
Email: scosgrove@leoncosgrove.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shelby Noviskis**                    represented by    **Ken B. Moll**
Moll Law Group
180 N Stetson Ave.
35th Floor
Chicago, IL 60601
312-462-1700
Fax: Active
Email: info@molllawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Valeria F Benitez**
Moll Law Group
180 N Stetson Ave
35th Floor
Chicago, IL 60601
312-462-1700
Fax: 312-756-0045
Email: vbenitez@molllawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Carrigan**                    represented by    **Brian Ku**
KU & MUSSMAN PA
18501 PINES BLVD STE 209-A
PEMBROKE PINES, FL 33029
305-891-1322
Fax: 305-891-4512
Email: brian@kumussman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A-63

YuQing Emily Min
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shawn L. Thomas**                    represented by  **James E. Cecchi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jordan Jacobson**
Kessler Topaz Meltzer Check LLP
280 King of Prussia Rd.
Radnor, PA 19087
210-844-5709
Email: jjacobson@ktmc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa L Yeates**
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Rd
Radnor, PA 19087
610-667-7706
Fax: 610-667-7056
Email: myeates@ktmc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tyler Graden**
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
610-667-7706
Email: tgraden@ktmc.com
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Charles Geoffrey Woods**              represented by  **James E. Cecchi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jordan Jacobson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa L Yeates**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tyler Graden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Jeffrey Ward**                    represented by  **Katrina Carroll**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer M French**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ruta Taito**                    represented by  **Katrina Carroll**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer M French**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dr. Karen Schwartz**                    represented by  **Katrina Carroll**
(See above for address)

A-65

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer M French**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott G. Braden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Thomas Lewis**                    represented by  **Katrina Carroll**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *PRO HAC VICE*
                                    *ATTORNEY TO BE NOTICED*

                                    **Jennifer M French**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

                                    **Scott G. Braden**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

                                    **YuQing Emily Min**
                                    (See above for address)
                                    *TERMINATED: 07/16/2024*
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Dena Fichot**                     represented by  **Katrina Carroll**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *PRO HAC VICE*
                                    *ATTORNEY TO BE NOTICED*

                                    **Jennifer M French**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

                                    **Scott G. Braden**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

                                    **YuQing Emily Min**
                                    (See above for address)
                                    *TERMINATED: 07/16/2024*
                                    *ATTORNEY TO BE NOTICED*

A-66

**<u>Plaintiff</u>**

**Pamela Joyner**                    represented by **Paul Doolittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. Furia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason P. Sultzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Kristin Lawrence**                    represented by **Paul Doolittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip Furia**
The Sultzer Law Group, P.C.
85 Civic Plaza, Suite 200
Poughkeepsi, NY 12601
201-744-0064
Email: furiap@thesultzerlawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason P. Sultzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Sharon Rourk**                    represented by **Paul Doolittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip Furia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A-67**

**Jason P. Sultzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Izabel Pena-Venegas**                    represented by    **Christopher Ross Rodriguez**
*an individual*                                            (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Gerald Singleton**
                                                          Singleton Schreiber, LLP
                                                          591 Camino de la Reina, Suite 1025
                                                          San Diego, CA 92108
                                                          619-771-3473
                                                          Email: gsingleton@singletonschreiber.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Andrew Daniel Bluth**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kevin S. Hannon**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Trent James Nelson**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **YuQing Emily Min**
                                                          (See above for address)
                                                          *TERMINATED: 07/16/2024*
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Beverly Ward**                           represented by    **Christopher Ross Rodriguez**
*an individual*                                            (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Gerald Singleton**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Andrew Daniel Bluth**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

A-68

**Kevin S. Hannon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trent James Nelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Abby Jergins**                                              represented by   **Christopher Ross Rodriguez**
*an individual*                                                               (See above for address)
                                                                             *LEAD ATTORNEY*
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **John Richard Ternieden**
                                                                             SINGLETON SCHREIBER LLP
                                                                             1414 K ST STE 470
                                                                             SACRAMENTO, CA 95814
                                                                             916-248-8478
                                                                             Email: jternieden@singletonschreiber.com
                                                                             *LEAD ATTORNEY*
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **Andrew Daniel Bluth**
                                                                             (See above for address)
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **Kevin S. Hannon**
                                                                             (See above for address)
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **Trent James Nelson**
                                                                             (See above for address)
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **YuQing Emily Min**
                                                                             (See above for address)
                                                                             *TERMINATED: 07/16/2024*
                                                                             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bill Jergins**                                              represented by   **Christopher Ross Rodriguez**
*an individual*                                                               (See above for address)
                                                                             *LEAD ATTORNEY*
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **John Richard Ternieden**
                                                                             (See above for address)
                                                                             *LEAD ATTORNEY*
                                                                             *ATTORNEY TO BE NOTICED*

A-69

**Andrew Daniel Bluth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin S. Hannon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trent James Nelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Archi Hipkins**
*an individual on beha.f of themselves and all others similarly situated*

represented by **Christopher Ross Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Richard Ternieden**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Daniel Bluth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin S. Hannon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trent James Nelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Darrell Wayne Grimsley, Jr.**

represented by **Peter J Mougey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura S Dunning**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**

A-70

(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Krystal Rampalli**                    represented by    **Blake G. Abbott**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bryan F. Aylstock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul Doolittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**R. Jason Richards**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roy T. Willey , IV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christine Harrison**                    represented by    **Joshua B. Kons**
50 Albany Turnpike
Ste. 4024
Canton, CT 06019
860-920-5181
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Viva Cohen**                    represented by    **Jonathan Marc Jagher**
Freed Kanner London & Millen Llc
923 Fayette Street

A-71

Conshohocken, PA 19428
United Sta
(610) 234-6487
Fax: Not a member
Email: jjagher@fklmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nia-imara Atu Barberousse Binns**
Freed Kanner London & Millen LLC
100 Tri-State International
Ste 128
Lincolnshire, IL 60069
224-632-4510
Email: nbinns@fklmlaw.com
*TERMINATED: 03/28/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven A. Kanner**
Freed Kanner London & Millen LLC
100 Tri-State International
Ste 128
Lincolnshire, IL 60069
224-632-4500
Email: skanner@fklmlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Henry London**
Freed Kanner London & Millen
100 Tri-State International
Ste 128
Lincolnshire, IL 60069
224-632-4500
Email: wlondon@fklmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Joey Cohen**          represented by   **Jonathan Marc Jagher**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Nia-imara Atu Barberousse Binns**
                                          (See above for address)
                                          *TERMINATED: 03/28/2024*
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

A-72

**Steven A. Kanner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Henry London**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Bryan**                              represented by   **Benjamin I. Siminou**
SINGLETON, SCHREIBER LAW FIRM
591 Camino De La Reina
Suite 1025
San Diego, CA 92101
619-704-3288
Email: bsiminou@singletonschreiber.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Ross Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Daniel Bluth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin S. Hannon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trent James Nelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jack Hinsberger**                            represented by   **Benjamin I. Siminou**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A-73

**Christopher Ross Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Daniel Bluth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin S. Hannon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trent James Nelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Nancy Welharticky**                    represented by    **Benjamin I. Siminou**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Ross Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Daniel Bluth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin S. Hannon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trent James Nelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Robert Housman**                    represented by    **Robert Housman**
9001 Clifford Ave
Chevy Chase, MD 20815
202-486-5874
PRO SE

**A-74**

        **YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jay Valinsky**        represented by  **David Philip Milian**
The Milian Legal Group
1395 Brickell Avenue
Suite 800
Miami, FL 33131
768-808-9736
Email: david@lawmilian.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

        **YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rethea Morris**        represented by  **Christopher Ross Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

        **Kevin S. Hannon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

        **Andrew Daniel Bluth**
(See above for address)
*ATTORNEY TO BE NOTICED*

        **Trent James Nelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

        **YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Haid**        represented by  **Christopher Ross Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

        **Kevin S. Hannon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A-75

**Andrew Daniel Bluth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trent James Nelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Plaintiffs**       represented by **Michael A London**
Douglas & London
59 Maiden Lane
6th Floor
New York, NY 10038
212-566-7500
Fax: 212-566-7501
Email: mlondon@douglasandlondon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Castronuova**
Douglas & London, P.C.
59 Maiden Lane
6th Floor
New York, NY 10038
212-566-7500
Email: scastronuova@douglasandlondon.com
*ATTORNEY TO BE NOTICED*

**YuQing Emily Min**
(See above for address)
*TERMINATED: 07/16/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Michael Folks**       represented by **Terence Richard Coates**
Markovits, Stock & DeMarco, LLC
119 E. Court Street
Suite 530
Cincinnati, OH 45202
513-651-3700
Fax: 513-665-0219
Email: tcoates@msdlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Sharon Manier**       represented by **Terence Richard Coates**
(See above for address)

A-76

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jay Valinsky**                    represented by **David Philip Milian**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stan Szrajer**                    represented by **Bret Koch Pufahl**
                                    Foote, Mielke, Chavez, & O'Neil, LLC
                                    1541 East Fabyan Parkway
                                    Suite 101
                                    Geneva, IL 60134
                                    630-232-7450
                                    Email: bkp@fmcolaw.com
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

                                    **Elizabeth Christine Chavez**
                                    Foote, Mielke, Chavez & O'Neil, LLC
                                    Illinois
                                    1541 East Fabyan Parkway
                                    Suite 101
                                    60134, Suite 200
                                    Geneva, IL 60134
                                    630-232-7450
                                    Fax: 630-232-7452
                                    Email: ecc@fmcolaw.com
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

                                    **Kathleen Chavez**
                                    Chavez Law Firm, P.C.
                                    416 S Second Street
                                    Geneva, IL 60134
                                    630-232-4480
                                    Fax: 630-845-8982
                                    Email: gkeg4@aol.com
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Achorea Tisdale**                 represented by **Bryan L. Clobes**
                                    Cafferty Faucher
                                    1717 Arch St
                                    Ste 3610
                                    Philadelphia, PA 19103
                                    215-864-2800
                                    Fax: 215-864-2810
                                    Email: bclobes@caffertyfaucher.com
                                    *LEAD ATTORNEY*
                                    *PRO HAC VICE*
                                    *ATTORNEY TO BE NOTICED*

A-77

**Plaintiff**

**Marisol Scharon**                                    represented by **Bryan L. Clobes**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Haley Hadden**                                      represented by **Alison D Hawthorne**
Beasley Allen et al
Alabama
PO Box 4160
36013
Montgomery, AL 36104
334-269-2343
Fax: 334-954-7555
Email: alison.hawthorne@beasleyallen.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jessica M Haynes**
Beasley Allen Law Firm
301 St. Louis Street
Mobile, AL 36602
251-308-1515
Email: jessi.haynes@beasleyallen.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca D Gilliland**
Beasley Allen et al
Fraud Department
218 Commerce Street
P.O. Box 4160 (36103)
Ste Building 272
Montgomery, AL 36104
334-269-2343
Email: rebecca.gilliland@beasleyallen.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Demet Basar**
Beasley, Allen, Crow, Methvin, Portis & Miles
P.C.
218 Commerce St.
PO Box 4160
Montgomery, AL 36103-4160
334-269-2343
Fax: 334-954-5777
Email: Demet.Basar@Beasleyallen.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

A-78

| | | |
|---|---|---|
| **Bonnie Van Noy** | represented by | **Alison D Hawthorne**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jessica M Haynes**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Rebecca D Gilliland**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Demet Basar**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Jonathan Brandman** | represented by | **Jennifer M French**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Gwen Lewi** | represented by | **Glenn Danas , I**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Reagan Charleston Thomas**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Ryan Clarkson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Shireen M. Clarkson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Zarrina Ozari**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

A-79

**John Boswell**                          represented by **Elizabeth Christine Chavez**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Mohamad Tlaib**                         represented by **Erin J. Ruben**
                                          Milberg Coleman Bryson Phillips Grossman Pllc
                                          900 W. Morgan Street
                                          Raleigh, NC 27603
                                          (919) 600-5000
                                          Fax: Not a member
                                          Email: eruben@milberg.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Gary M. Klinger**
                                          Milberg Coleman Bryson Phillips Grossman
                                          PLLC
                                          227 W. Monroe Street
                                          Suite 2100
                                          Chicago, IL 60606
                                          866-252-0878
                                          Email: gklinger@milberg.com
                                          *LEAD ATTORNEY*
                                          *PRO HAC VICE*
                                          *ATTORNEY TO BE NOTICED*

                                          **Jeff Ostrow**
                                          Kopelowitz Ostrow P.A.
                                          One West Las Olas Blvd
                                          Suite 500
                                          Fort Lauderdale, FL 33301
                                          954-525-4100
                                          Fax: 954-525-4300
                                          Email: ostrow@kolawyers.com
                                          *LEAD ATTORNEY*
                                          *PRO HAC VICE*
                                          *ATTORNEY TO BE NOTICED*

                                          **John Hunter Bryson**
                                          Milberg Coleman Bryson Phillips Grossman,
                                          PLLC
                                          900 W. Morgan St.
                                          Raleigh, NC 27603
                                          919-600-5000
                                          Fax: 919-600-5035
                                          Email: hbryson@milberg.com
                                          *LEAD ATTORNEY*
                                          *PRO HAC VICE*
                                          *ATTORNEY TO BE NOTICED*

                                          **Jonathan Marc Streisfeld**
                                          Kopelowitz Ostrow P.A.
                                          One West Las Olas Boulevard
                                          Suite 500

A-80

Fort Lauderdale, FL 33301
(954) 525-4100
Fax: Not a member
Email: streisfeld@kolawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristen Lake Cardoso**
Kopelowitz Ostrow Ferguson Weiselberg Gilbert
1 W Las Olas Blvd
Suite 500
Fort Lauderdale, IL 33301
(954) 525-4100
Fax: Not a member
Email: cardoso@kolawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa Susan Weiner**
Pearson Warshaw, LLP
328 Barry Avenue S.
Suite 200
Wayzata, MN 55391
612-389-0600
Fax: 612-389-0610
Email: mweiner@pwfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nick Suciu**
Milberg Coleman Bryson Phillips Grossman,
PLLC
6905 Telegraph Rd.
Suite 115
Bloomfield Hills, MI 48301
313-303-3472
Email: nsuciu@milberg.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Russell Busch**
Milberg Coleman Bryson Phillips Grossman
PLLC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
630-796-0903
Email: rbusch@milberg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan Thomas Gott**
Pearson Warshaw, Llp
328 Barry Ave. South
Suite 200
Wayzata, MN 55391

A-81

(612) 389-0600
Fax: Not a member
Email: rgott@pwfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa S. Weiner**
Pearson Warshaw, LLP
328 Barry Avenue S.
Suite 200
Wayzata, MN 55391
612-389-0600
Fax: 612-389-0610
Email: mweiner@pwfirm.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rhonda Nitto**                    represented by **Erin J. Ruben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary M. Klinger**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeff Ostrow**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Hunter Bryson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Marc Streisfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristen Lake Cardoso**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa Susan Weiner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nick Suciu**

A-82

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Russell Busch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan Thomas Gott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donald Krist**                    represented by   **Erin J. Ruben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary M. Klinger**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeff Ostrow**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Marc Streisfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristen Lake Cardoso**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa Susan Weiner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nick Suciu**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Russell Busch**
(See above for address)

A-83

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan Thomas Gott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa S. Weiner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tina Tuominen**                    represented by    **Erin J. Ruben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary M. Klinger**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeff Ostrow**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Hunter Bryson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Marc Streisfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristen Lake Cardoso**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa Susan Weiner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nick Suciu**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

A-84

**Russell Busch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan Thomas Gott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa S. Weiner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rose Riccio**                    represented by **Erin J. Ruben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary M. Klinger**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeff Ostrow**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Hunter Bryson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Marc Streisfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristen Lake Cardoso**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa Susan Weiner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nick Suciu**
(See above for address)

A-85

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Russell Busch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan Thomas Gott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa S. Weiner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Paul Mateer**                              represented by    **Nick Suciu**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Melissa S. Weiner**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Mitchell**                         represented by    **Nick Suciu**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Melissa S. Weiner**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bethany Childers**                         represented by    **Charles R Webb**
                                                               Webb Law Firm, PLLC
                                                               716 Lee Street
                                                               Charleston, WV 25301
                                                               304-344-9322
                                                               Fax: 301-344-1157
                                                               Email: Rusty@rustywebb.com
                                                               *LEAD ATTORNEY*
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rose Riccio**                              represented by    **Erin J. Ruben**
                                                               (See above for address)

A-86

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary M. Klinger**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeff Ostrow**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Hunter Bryson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa Susan Weiner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nick Suciu**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Russell Busch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan Thomas Gott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa S. Weiner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Anntwanette Jones**

**Plaintiff**
**Daniel Calzado**

**Plaintiff**
**Keith Mortuiccio**

**Plaintiff**

A-87

**Pedro Urena**

V.

**Defendant**

**Johnson & Johnson Consumer Inc.**  represented by  **Bradley Joseph Andreozzi**
Faegre Drinker Biddle & Reath LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
(312) 569-1173
Fax: Active
Email: bradley.andreozzi@faegredrinker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brianna Elizabeth Donet**
CARLTON FIELDS PA - MIAMI FL
700 NW 1ST AVENUE
SUITE 1200
MIAMI, FL 33136
305-530-0050
Email: bdonet@carltonfields.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hannah Y Shay Chanoine**
O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022
212-326-2000
Email: hchanoine@omm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon M. Barrett**
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
202-383-5300
Fax: 202-383-5414
Email: sbarrett@omm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sophie Honey Gotlieb**
Faegre Drinker Biddle & Reath LLP
320 South Canal Street
Ste 3300
Chicago, IL 60606
312-569-1128
Email: sophie.gotlieb@faegredrinker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A-88

**Amy J. Laurendeau**
O'Melveny & Myers LLP
610 Newport Center Drive
Newport Beach, CA 92660
949-823-6900
Fax: 949-823-6994
Email: alaurendeau@omm.com
*ATTORNEY TO BE NOTICED*

**Emilie W. Hamilton**
O'Melveny & Myers
610 Newport Center Drive
17th Floor
Newport Beach, CA 10036
949-823-6900
Fax: 949-823-6994
Email: ehamilton@omm.com
*TERMINATED: 11/18/2024*
*ATTORNEY TO BE NOTICED*

**Jeffrey A. N. Kopczynski**
O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022
212-728-5675
Fax: 212-326-2061
Email: jkopczynski@omm.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Procter & Gamble**

**Defendant**
**GlaxoSmithKline LLC**                    represented by **Jay P. Lefkowitz**
Kirkland & Ellis
601 Lexington Avenue
New York, NY 10022
212-446-4970
Fax: 212-446-6460
Email: lefkowitz@kirkland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Rae**
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
212-446-4800
Email: jacob.rae@kirkland.com
*ATTORNEY TO BE NOTICED*

**Robyn E. Bladow**
Kirkland & Ellis LLP
555 South Flower Street
Suite 3700

A-89

Los Angeles, CA 90071
213-680-8400
Email: robyn.bladow@kirkland.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Johnson & Johnson Consumer Companies, Inc**

represented by **Christopher J. Schmidt**
Bryan Cave Leighton Paisner, LLP - StL
211 North Broadway
Suite 3600
St. Louis, MO 63102-2750
(314) 259-2616
Fax: (314) 552-8616
Email: cjschmidt@bclplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kenvue, Inc**

represented by **Christopher J. Schmidt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Reckitt Benckiser LLC**
*TERMINATED: 06/04/2024*

represented by **James Lawrence Bernard**
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
212-918-3000
Fax: 212-918-3100
Email: james.bernard@hoganlovells.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristen A. Cooke**
Swanson Martin & Bell LLP
330 N. Wabash
Suite 3300
Chicago, IL 60611
312-321-3513
Fax: 312-321-0990
Email: kcooke@smbtrials.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lauren Schultz Colton**
Hogan Lovells US LLP
100 International Drive
Suite 2000
Baltimore, MD 21202
410-659-2700
Fax: 410-659-2701
Email: lauren.colton@hoganlovells.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A-90

**Defendant**
**Merck**

**Defendant**
**RB Health (US) LLC**                          represented by **James Lawrence Bernard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julie R. Schindel**
Hogan Lovells US LLP
100 International Drive
Suite 2000
Baltimore, MD 21202
(410) 659-5058
Fax: (410) 659-2701
Email: julie.schindel@hoganlovells.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren Schultz Colton**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Pieter Van Tol**
Lovells LLP
590 Madison Avenue
New York, NY 10022
212-909-0600
Fax: 212-909-0660
Email: pieter.vantol@hoganlovells.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Glaxosmithkline Consumer Health and**
**Holdings**

**Defendant**
**Target Corporation**                          represented by **Ann Elizabeth Motl**
Greenberg Traurig, LLP
3500 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
612-259-9753
Email: motla@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Lesko**
Greenberg Traurig, P.A
900 Stewart Avenue

Garden City, NY 11530
516-629-9600
Email: mark.lesko@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Austin Evans**
Greenberg Traurig
1144 15th St UNIT 3300
Denver, CO 80202
303-685-7422
Email: austin.evans@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Dale Goldstein**
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
212-801-6459
Email: goldsteind@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Nilda Maria Isidro**
Greenberg Traurig LLP
One Vanderbilt Avenue
New York, NY 10017
212-801-9335
Email: isidron@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Sara K. Thompson**
Greenberg Traurig, LLP
3290 Northside Parkway
Suite 400
Atlanta, GA 30349
678-553-2392
Fax: 678-553-2393
Email: thompsons@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Kenvue Inc.**

**Defendant**
**McNeil Consumer Healthcare**

**Defendant**
**Bayer Healthcare L.L.C.**
*a Delaware limited liability corporation*

represented by **Cara Edwards**
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020
212-335-4714
Fax: 212-884-8714
Email: cara.edwards@dlapiper.com
*ATTORNEY TO BE NOTICED*

A-92

**Christopher G. Campbell**
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-6000
212-335-4725
Fax: 212-884-8725
Email: christopher.campbell@dlapiper.com
*ATTORNEY TO BE NOTICED*

**Christopher Munro Young**
Dla Piper
Litigation
4365 Executive Drive
Suite 1100
San Diego, CA 92121-2133
619-699-4748
Fax: 619-764-6748
Email: christopher.young@us.dlapiper.com
*ATTORNEY TO BE NOTICED*

**Colleen Gulliver**
DLA Piper LLP
1251 Avenue Of The Americas
New York, NY 10020
212-335-4737
Fax: 917-778-8037
Email: Colleen.Gulliver@us.dlapiper.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sanofi- Aventis U.S. LLC**
*a Delaware limited liability corporation*

**Defendant**

**Church & Dwight Co. Inc.**            represented by   **Baldassare Vinti , PHV**
*a Delaware corporation*                                 Proskauer Rose LLP
                                                         11 Times Square
                                                         NY, NY 10036
                                                         212-969-3249
                                                         Fax: 212-969-2900
                                                         Email: bvinti@proskauer.com
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jeffrey H. Warshafsky , PHV**
                                                         Proskauer Rose LLP
                                                         Eleven Times Square
                                                         New York, NY 10036
                                                         212-969-3241
                                                         Email: jwarshafsky@proskauer.com
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jennifer L. Roche**

A-93

2029 Century Park East
Ste 2400
Los Angeles, CA 90067
310-557-2193
Fax: 310-557-2900
Email: jroche@proskauer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Walmart Inc,**
*a Delaware corporation*

represented by **Austin Evans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dale Goldstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
King & Spalding
50 California Street
Suite 3300
San Francisco, CA 94111
415-318-1228
Email: edavis@kslaw.com
*TERMINATED: 03/27/2024*
*ATTORNEY TO BE NOTICED*

**Mark Lesko**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael L. Resch**
King & Spalding
50 California Street
Suite 3300
San Francisco, CA 94111
415-318-1200
Fax: 415-318-1300
Email: mresch@kslaw.com
*TERMINATED: 03/27/2024*
*ATTORNEY TO BE NOTICED*

**Nilda Maria Isidro**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rose J Jones**
King & Spalding
1180 Peachtree Street, NE
Ste 1600
Atlanta, GA 30309
404-215-5828
Email: rjones@hilgersgraben.com
*TERMINATED: 03/27/2024*
*ATTORNEY TO BE NOTICED*

A-94

**Defendant**

**CVS Pharmacy Inc.**                    represented by **Gregory Edward Ostfeld**
*a Delaware corporation*                 Greenberg Traurig, LLP
                                         77 W. Wacker Drive
                                         Suite 3100
                                         Chicago, IL 60601
                                         (312) 476-5056
                                         Fax: Active
                                         Email: ostfeldg@gtlaw.com
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Mark Lesko**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Austin Evans**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **Dale Goldstein**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **Nilda Maria Isidro**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **Sara K. Thompson**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Walgreen Co**                          represented by **Mark Lesko**
*an Illinois corporation*                (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Austin Evans**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **Dale Goldstein**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **Nilda Maria Isidro**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **Sara K. Thompson**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

A-95

**Albertsons Companies, Inc.**             represented by   **Mark Lesko**
*a Delaware corporation*                                    (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Austin Evans**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Dale Goldstein**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Nilda Maria Isidro**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Sara K. Thompson**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Rite Aid Corporation**                   represented by   **Mark Lesko**
*a Delaware corporation*                                    (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Robert James Herrington**
                                                           Greenberg Traurig, LLP
                                                           Litigation
                                                           1840 Century Park East
                                                           Ste 1900
                                                           Los Angeles, CA 90067
                                                           310-586-7700
                                                           Fax: 310-586-7800
                                                           Email: herringtonr@gtlaw.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Austin Evans**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Dale Goldstein**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Nilda Maria Isidro**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Sara K. Thompson**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

A-96

**Amazon.com, Inc**
*a Delaware corporation*

represented by **Jennifer Janeira Nagle**
K&L Gates LLP
One Congress Street
Suite 2900
Boston, MA 02114-2010
617-951-9197
Email: jennifer.nagle@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert W. Sparkes , III**
K&L Gates LLP
One Congress Street
Suite 2900
Boston, MA 02114-2010
617-951-9134
Fax: 617-261-3175
Email: robert.sparkes@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruby A. Nagamine**
K&L Gates LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104
206-370-7843
Email: ruby.nagamine@klgates.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Associated Wholesale Grocers Inc**

represented by **Paige Sensenbrenner**
Adams and Reese LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139
504-585-0420
Email: paige.sensenbrenner@arlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Diana Cole Surprenant**
Adams and Reese
701 Poydras Street
Suite 4500
New Orleans, LA 70139
504-585-0202
Email: diana.surprenant@arlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Valu Merchandisers Co.**

represented by **Paige Sensenbrenner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

A-97

*ATTORNEY TO BE NOTICED*

**Diana Cole Surprenant**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**Haleon Us Capital LLC**                    represented by **Jay P. Lefkowitz**
*TERMINATED: 06/04/2024*                     (See above for address)
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Jacob Rae**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*

                                             **Robyn E. Bladow**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*

**Defendant**
**CVS Health Corporation**

**Defendant**
**Haleon PLC**                               represented by **Haleon PLC**
                                             PRO SE

                                             **Jay P. Lefkowitz**
                                             (See above for address)
                                             *TERMINATED: 08/07/2024*
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Jacob Rae**
                                             (See above for address)
                                             *TERMINATED: 08/07/2024*
                                             *ATTORNEY TO BE NOTICED*

                                             **Robyn E. Bladow**
                                             (See above for address)
                                             *TERMINATED: 08/07/2024*
                                             *ATTORNEY TO BE NOTICED*

**Defendant**
**Pfizer Inc.**                              represented by **Jay P. Lefkowitz**
                                             (See above for address)
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Jacob Rae**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*

                                             **Robyn E. Bladow**

A-98

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Amazon.com Services LLC**                    represented by **Jennifer Janeira Nagle**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Robert W. Sparkes , III**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Ruby A. Nagamine**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**DOES 1-200**

**Defendant**

**Perrigo Company PLC**

**Defendant**

**GlaxoSmithKline Consumer Healthcare**        represented by **Jay P. Lefkowitz**
**Holdings (US) LLC**                           (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Jacob Rae**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **Robyn E. Bladow**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Procter & Gamble Co.**                        represented by **Andrew Soukup**
                                                Covington & Burling LLP
                                                One Citycenter
                                                850 Tenth Street Nw
                                                Washington, DC 20001
                                                202-662-5066
                                                Fax: 202-778-5066
                                                Email: asoukup@cov.com
                                                *ATTORNEY TO BE NOTICED*

                                                **Cortlin Hall Lannin**
                                                Covington & Burling LLP
                                                Salesforce Tower
                                                415 Mission Street
                                                Suite 5400
                                                San Francisco, CA 94105

A-99

415-591-7078
Email: clannin@cov.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Wal-Mart Stores East 1, LP**                represented by **Beth C. Boggs**
Boggs, Avellino, Lach & Boggs, LLC
9326 Olive Boulevard
Suite 200
St. Louis, MO 63132
(314)726-2310
Fax: 314-726-2360
Email: bboggs@balblawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Austin Evans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dale Goldstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 03/27/2024*
*ATTORNEY TO BE NOTICED*

**Livia M. Kiser**
King & Spalding
King & Spalding LLP
110 N Wacker Drive
Suite 3800
60606
Chicago, IL 60606
312-764-6911
Email: lkiser@kslaw.com
*TERMINATED: 03/27/2024*
*ATTORNEY TO BE NOTICED*

**Mark Lesko**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael L. Resch**
(See above for address)
*TERMINATED: 03/27/2024*
*ATTORNEY TO BE NOTICED*

**Nilda Maria Isidro**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rose J Jones**
(See above for address)

A-100

*TERMINATED: 03/27/2024*
*ATTORNEY TO BE NOTICED*

**Sara K. Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Wal-Mart Inc.**                          represented by  **Beth C. Boggs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dale Goldstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 03/27/2024*
*ATTORNEY TO BE NOTICED*

**Livia M. Kiser**
(See above for address)
*TERMINATED: 03/27/2024*
*ATTORNEY TO BE NOTICED*

**Mark Lesko**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael L. Resch**
(See above for address)
*TERMINATED: 03/27/2024*
*ATTORNEY TO BE NOTICED*

**Nilda Maria Isidro**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rose J Jones**
(See above for address)
*TERMINATED: 03/27/2024*
*ATTORNEY TO BE NOTICED*

**Sara K. Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**Walgreens Boots Alliance Inc.**

**Defendant**
**Helen of Troy Limited**

**Defendant**

A-101

**John Doe 1-200**

**Defendant**

**Publix Super Markets, Inc.**                represented by **Brian T. Guthrie**
Saul Ewing LLP
1500 Market Street, 38th Floor
Centre Square Building
Philadelphia, PA 19102
215-972-7125
Fax: 215-972-4168
Email: bguthrie@saul.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Brandon Rogers**
Shook, Hardy & Bacon L. L. P.
201 South Biscayne Boulevard
Suite 3200
Miami, FL 33131
305-960-6968
Fax: 305-358-7470
Email: drogers@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Fitzgerald Healy**
Shook, Hardy & Bacon L.L.P.
555 Mission Street
Suite 2300
San Francisco, CA 94105
415-544-1900
Fax: 415-391-0281
Email: mfhealy@shb.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Costco Wholesale Corp.**                represented by **Mark Lesko**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Austin Evans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dale Goldstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nilda Maria Isidro**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sara K. Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

A-102

**Defendant**

**Procter & Gamble Distributing, LLC, The**

**Defendant**

**Dierbergs Markets, Inc.**                represented by **Michael Klebanov**
Husch Blackwell LLP
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, DC 20006-3606
202-378-2363
Email: michael.klebanov@huschblackwell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tanner Cook**
Husch Blackwell LLP
8001 Forsyth Boulevard
Suite 1500
St. Louis, MO 63105
314-480-1500
Email: tanner.cook@huschblackwell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Procter & Gamble Company**            represented by **Alyssa Marie Gregory**
Locke Lord LLP
111 S. Wacker Dr.
Chicago, IL 60606
(312) 443-0355
Fax: Not a member
Email: alyssa.gregory@lockelord.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Soukup**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew James Soukup**
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
202-662-5066
Fax: 202-778-5066
Email: asoukup@cov.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Phillip Russell Perdew**
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606

A-103

(312) 443-1712
Fax: Active
Email: rperdew@lockelord.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura Flahive Wu**
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
202-662-5982
Email: lflahivewu@cov.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Haleon US Holdings LLC**                    represented by **Jay P. Lefkowitz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robyn E. Bladow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bayer Corporation**                    represented by **Colleen Gulliver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Reckitt Benckiser Pharmaceuticals Inc.**                    represented by **Lauren Schultz Colton**
*TERMINATED: 06/04/2024*                    (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Kroger Co.**                    represented by **Richard Fama**
Cozen O'Connor
Cozen O'Connor
3 Wtc
175 Greenwich St
10007
New York, NY 10006
212-908-1229
Email: rfama@cozen.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Harris Teeter, LLC**                    represented by **Karl Riley**
Cozen O'Connor
Florida
200 South Biscayne Blvd., Suite 3000
Miami
Miami, FL 33131

A-104

305-358-0816
Email: koriley@cozen.com
*ATTORNEY TO BE NOTICED*

**Richard Fama**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Harris Teeter Supermarkets, Inc.**          represented by **Karl Riley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Fama**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Kroger Co.**          represented by **Karl Riley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dolgencorp, Inc.**

**Defendant**

**Family Dollar, LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/06/2023 | 1 | JPMDL TRANSFER ORDER, In Re: Oral Phenylephrine Marketing and Sales Practices Litigation, The actions listed on Schedule A and pending outside the Eastern District of New York are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Brian M. Cogan for coordinated or consolidated pretrial proceedings. IT IS FURTHER ORDERED that transfer of the "Maximum Strength" *Tuominem* action listed on Schedule B is denied. (TLH) (Entered: 12/07/2023) |
| 12/11/2023 | 2 | JPMDL Conditional Transfer Order (Schedule A): The actions listed on Schedule A and pending outside the Eastern District of New York are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Brian M. Cogan for coordinated or consolidated pretrial proceedings. (AF) (Entered: 12/11/2023) |
| 12/12/2023 | 3 | NOTICE of Appearance by Philip J. Furia on behalf of Kamonica McWhite (aty to be noticed) (Furia, Philip) (Entered: 12/12/2023) |
| 12/19/2023 | 4 | JPMDL Conditional Transfer Order (CTO-1): Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation,the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the order of December 6, 2023, and, with the consent of that court, assigned tothe Honorable Brian M. Cogan. (AF) Assigned case numbers updated. (Main Document 4 replaced on 1/11/2024) (AF). Modified on 1/11/2024 (AF). (Entered: 12/19/2023) |
| 12/21/2023 | 5 | ORDER. The parties are directed to review the attached proposed Case Management Order, which outlines the Court's preliminary rules for the process of this case. By 2/29/2024, the parties are directed to complete and file the attached proposed CMO. The parties shall meet and confer in advance of that date and jointly file only one proposed CMO that is agreed upon by all parties. With |

| | | |
|---|---|---|
| | | respect to the Initial Status Conference, please provide three dates and times at which all relevant parties are available, and the Court will determine the conference date upon filing. The proposed dates should fall between 3/15/2024 and 4/15/2024. Ordered by Judge Brian M. Cogan on 12/21/2023. (PW) (Entered: 12/21/2023) |
| 12/28/2023 | 6 | MOTION to Appear Pro Hac Vice - *Motion for Admission Pro Hac Vice of Stuart A. Davidson* - Filing fee $ 150, receipt number NYEDC-17413795 by Erin Barton, Tatiana Benjamin, Kimberly Buscaglia, Francis W. Catanese, Christine Contreras, Hannah De Priest, Natasha Freeman, Samuel Gallo, Robin Glauser, Frizell Johnson, Anthony Rogers, Ruben Varela. (Attachments: # 1 Affidavit of S. Davidson, # 2 Exhibit A, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09063-BMC, 1:23-cv-09272-BMC, 1:23-cv-09313-BMC (Davidson, Stuart) (Entered: 12/28/2023) |
| 12/28/2023 | 7 | NOTICE of Appearance by Melanie H. Muhlstock on behalf of Chioma Ozuzu (aty to be noticed) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-07395-BMC (Muhlstock, Melanie) (Entered: 12/28/2023) |
| 12/28/2023 | 8 | NOTICE of Appearance by Melanie H. Muhlstock on behalf of Robyn Cronin (aty to be noticed) Associated Cases: 1:23-md-03089-BMC, 2:23-cv-06870-BMC (Muhlstock, Melanie) (Entered: 12/28/2023) |
| 12/28/2023 | 9 | NOTICE of Appearance by Jason Scott Goldstein on behalf of Robyn Cronin (aty to be noticed) Associated Cases: 1:23-md-03089-BMC, 2:23-cv-06870-BMC (Goldstein, Jason) (Entered: 12/28/2023) |
| 12/28/2023 | 10 | NOTICE of Appearance by Jason Scott Goldstein on behalf of Chioma Ozuzu (aty to be noticed) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-07395-BMC (Goldstein, Jason) (Entered: 12/28/2023) |
| 12/30/2023 | 11 | NOTICE of Appearance by Michael Robert Reese on behalf of Kamonica McWhite (aty to be noticed) (Reese, Michael) (Entered: 12/30/2023) |
| 01/03/2024 | 12 | JPMDL Conditional Transfer Order (CTO-2): Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation,the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Eastern District of NewYork for the reasons stated in the order of December 6, 2023, and, with the consent of that court, assigned tothe Honorable Brian M. Cogan. (AF) (Entered: 01/03/2024) |
| 01/03/2024 | 13 | MOTION to Appear Pro Hac Vice *MOTION TO ADMIT CARI CAMPEN LAUFENBERG PRO HAC VICE* Filing fee $ 150, receipt number NYEDC-17426336 by Martha A. Page, Rebecca Lynn Reyes. (Attachments: # 1 Affidavit of Cari Laufenberg, # 2 Exhibit A - Certificate of Good Standing, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09290-BMC, 1:23-cv-09308-BMC (Laufenberg, Cari) (Entered: 01/03/2024) |
| 01/04/2024 | 14 | NOTICE of Appearance by Jonathan David Lindenfeld on behalf of Anthony DeRosa (aty to be noticed) (Lindenfeld, Jonathan) (Entered: 01/04/2024) |
| 01/04/2024 | 15 | NOTICE of Appearance by Christopher G. Campbell on behalf of Bayer Corporation, Bayer Healthcare L.L.C., Bayer Healthcare L.L.C., Bayer Healthcare LLC, Bayer Health Care, LLC, Bayer Corporation (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Campbell, Christopher) (Entered: 01/04/2024) |
| 01/04/2024 | 16 | NOTICE of Appearance by Cara Edwards on behalf of Bayer Corporation, Bayer Healthcare L.L.C., Bayer Healthcare L.L.C., Bayer Healthcare LLC, Bayer Health Care, LLC, Bayer Corporation (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Edwards, Cara) (Entered: 01/04/2024) |
| 01/05/2024 | 17 | MOTION to Appear Pro Hac Vice *Motion to Admit Laura S. Dunning Pro Hac Vice* Filing fee $ 150, receipt number ANYEDC-17433640 by Joy Taylor, Darrell Wayne Grimsley, Jr.. (Attachments: # 1 Affidavit of Laura Dunning, # 2 Exhibit A - Certificate of Good Standing, # 3 Proposed Order) (Dunning, Laura) (Entered: 01/05/2024) |

| 01/08/2024 | 18 | JPMDL Conditional Transfer Order (CTO-3): Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the order of December 6, 2023, and, with the consent of that court, assigned to the Honorable Brian M. Cogan. (AF) (Entered: 01/08/2024) |
|---|---|---|
| 01/08/2024 | | ORDER granting 6 13 17 Motions for Leave to Appear Pro Hac Vice. The attorneys shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorneys shall file a notice of appearance and ensure that they receive electronic notification of activity in this case. Also, each attorney shall ensure the $150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 1/8/2024. (PW) (Entered: 01/08/2024) |
| 01/08/2024 | 19 | NOTICE of Appearance by Cari Campen Laufenberg on behalf of Martha A. Page, Rebecca Lynn Reyes (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09290-BMC, 1:23-cv-09308-BMC (Laufenberg, Cari) (Entered: 01/08/2024) |
| 01/09/2024 | 20 | NOTICE of Appearance by Stuart A. Davidson on behalf of Erin Barton, Tatiana Benjamin, Kimberly Buscaglia, Francis W. Catanese, Christine Contreras, Hannah De Priest, Natasha Freeman, Samuel Gallo, Robin Glauser, Frizell Johnson, Anthony Rogers, Ruben Varela (aty to be noticed) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09063-BMC, 1:23-cv-09272-BMC, 1:23-cv-09313-BMC (Davidson, Stuart) (Entered: 01/09/2024) |
| 01/09/2024 | 21 | NOTICE of Appearance by Rand Patrick Nolen on behalf of Andrew Gutierrez, Emily Hansen, Sommer Milous (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09259-BMC (Nolen, Rand) (Entered: 01/09/2024) |
| 01/09/2024 | 22 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number ANYEDC-17444202 by Anthony DeRosa. (Attachments: # 1 Affidavit in Support and Certificate of Good Standing) (Fegan, Elizabeth) (Entered: 01/09/2024) |
| 01/10/2024 | 23 | MOTION to Appear Pro Hac Vice *Motion to Admit Peter J. Mougey Pro Hac Vice* Filing fee $ 150, receipt number NYEDC-17448412 by Anthony Coleman, Darrell Wayne Grimsley, Jr., Joy Taylor. (Attachments: # 1 Affidavit of Peter J. Mougey, # 2 Exhibit A - Certificate of Good Standing, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09265-BMC (Mougey, Peter) (Entered: 01/10/2024) |
| 01/10/2024 | 24 | NOTICE of Appearance by Ethan Price Davis on behalf of Walmart Inc,, Walmart Inc,, Wal-Mart Inc,, Wal-Mart Stores East 1, LP, Wal-Mart Stores East, LP (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Davis, Ethan) (Entered: 01/10/2024) |
| 01/12/2024 | 25 | JPMDL Conditional Transfer Order (CTO-4):Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the order of December 6, 2023, and, with the consent of that court, assigned to the Honorable Brian M. Cogan. (AF) (Entered: 01/12/2024) |
| 01/16/2024 | 26 | MOTION to Appear Pro Hac Vice *by Christopher Young* Filing fee $ 150, receipt number NYEDC-17465148 by Bayer Corporation, Bayer Healthcare L.L.C., Bayer Healthcare L.L.C., Bayer Healthcare LLC, Bayer Health Care, LLC, Bayer Corporation. (Attachments: # 1 Affidavit of Christopher Young, # 2 Certificate of Good Standing, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC et al. (Young, Christopher) (Entered: 01/16/2024) |
| 01/16/2024 | 27 | NOTICE of Appearance by Laura Flahive Wu on behalf of The Procter & Gamble Company (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Flahive Wu, Laura) (Entered: 01/16/2024) |
| 01/17/2024 | 28 | MOTION to Appear Pro Hac Vice *for Rose J. Jones* Filing fee $ 150, receipt number NYEDC-17468353 by Walmart Inc,, Walmart Inc,, Wal-Mart Inc,, Wal-Mart Stores East 1, LP, Wal-Mart Stores East, LP. (Attachments: # 1 Affidavit in Support, # 2 Exhibit A - Certificate of Good Standing |

| | | |
|---|---|---|
| | | (GA), # 3 Proposed Order, # 4 Certificate of Service) Associated Cases: 1:23-md-03089-BMC et al. (Jones, Rose) (Entered: 01/17/2024) |
| 01/17/2024 | 29 | MOTION to Appear Pro Hac Vice *of Robert W. Sparkes, III* Filing fee $ 150, receipt number NYEDC-17470064 by Amazon.com Services LLC, Amazon.com, Inc, Amazon.com, Inc, Amazon.com, Inc.. (Attachments: # 1 Affidavit in Support of Robert W. Sparkes, III, # 2 Exhibit Certificate of Good Standing (Massachusetts), # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC et al. (Sparkes, Robert) (Entered: 01/17/2024) |
| 01/17/2024 | 30 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number NYEDC-17470274 by Eduardo Flores, Jordan Nelson, Regina Peralta, Natasha Hernandez. (Attachments: # 1 Affidavit of Sarah N. Westcot, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09257-BMC, 1:23-cv-09261-BMC, 1:23-cv-09263-BMC (Westcot, Sarah) (Entered: 01/17/2024) |
| 01/17/2024 | 31 | MOTION to Appear Pro Hac Vice *for Benjamin S. McIntosh* Filing fee $ 150, receipt number ANYEDC-17470256 by Daniel Heaghney, Daryl Means. (Attachments: # 1 Affidavit, # 2 Affidavit, # 3 Proposed Order, # 4 Certificate of Service) (McIntosh, Benjamin) (Entered: 01/17/2024) |
| 01/17/2024 | 32 | MOTION to Appear Pro Hac Vice *by Michael Resch* Filing fee $ 150, receipt number NYEDC-17471345 by Walmart Inc,, Walmart Inc,, Wal-Mart Inc., Wal-Mart Stores East 1, LP, Wal-Mart Stores East, LP. (Attachments: # 1 Declaration in Support by Michael Resch, # 2 Exhibit A - Certificate of Good Standing (D.C.), # 3 Exhibit B - Certificate of Good Standing (Cal.), # 4 Proposed Order, # 5 Certificate of Service) Associated Cases: 1:23-md-03089-BMC et al. (Resch, Michael) (Entered: 01/17/2024) |
| 01/18/2024 | 33 | NOTICE of Appearance by Mark Lesko on behalf of Albertsons Companies, Inc. (aty to be noticed) (Lesko, Mark) (Entered: 01/18/2024) |
| 01/18/2024 | 34 | NOTICE of Appearance by Nilda Maria Isidro on behalf of Albertsons Companies, Inc. (aty to be noticed) (Isidro, Nilda) (Entered: 01/18/2024) |
| 01/18/2024 | 35 | NOTICE of Appearance by Dale Goldstein on behalf of Albertsons Companies, Inc. (aty to be noticed) (Goldstein, Dale) (Entered: 01/18/2024) |
| 01/22/2024 | 36 | MOTION to Appear Pro Hac Vice *of Diana Cole Surprenant* Filing fee $ 150, receipt number ANYEDC-17483871 by Associated Wholesale Grocers Inc, Valu Merchandisers Co.. (Attachments: # 1 Affidavit in Support Affidavit in support of Motion for PHV admission, # 2 Appendix Certificate of Good Standing for Diana Surprenant) (Surprenant, Diana) (Entered: 01/22/2024) |
| 01/22/2024 | 37 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number NYEDC-17484931 by Andrew Gutierrez, Emily Hansen, Sommer Milous. (Attachments: # 1 Affidavit, # 2 Certificate of Good Standing, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09259-BMC (Kershaw, William) (Entered: 01/22/2024) |
| 01/22/2024 | 38 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number NYEDC-17485079 by Andrew Gutierrez, Emily Hansen, Sommer Milous. (Attachments: # 1 Affidavit, # 2 Certificate of Good Standing, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09259-BMC (Barlow, Ian) (Entered: 01/22/2024) |
| 01/22/2024 | | ORDER granting 22 23 26 28 29 30 31 32 36 37 38 Motions for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure the $150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 1/22/2024. (PW) (Entered: 01/22/2024) |
| 01/23/2024 | 39 | NOTICE of Appearance by Robert W. Sparkes, III on behalf of Amazon.com Services LLC, Amazon.com, Inc, Amazon.com, Inc, Amazon.com, Inc. (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC et al. (Sparkes, Robert) (Entered: 01/23/2024) |

| 01/23/2024 | 40 | NOTICE of Appearance by Jason P. Sultzer on behalf of Pamela Joyner, Cathy Kleiman, Kristin Lawrence, Kamonica McWhite, Sharon Rourk, Annette Striegel (aty to be noticed) (Sultzer, Jason) (Entered: 01/23/2024) |
|---|---|---|
| 01/23/2024 | 41 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number ANYEDC-17490570 by Wal-Mart Inc.. (Attachments: # 1 Affidavit Ethan Davis Declaration ISO Motion, # 2 Exhibit Exhibit A - DC Cert of GS, # 3 Exhibit Exhibit B - CA Cert of GS, # 4 Exhibit Exhibit C - NY Cert of GS, # 5 Proposed Order Proposed Order, # 6 Certificate of Service Certificate of Service) (Davis, Ethan) (Entered: 01/23/2024) |
| 01/23/2024 | 42 | MOTION to Appear Pro Hac Vice for Bryan F. Aylstock Filing fee $ 150, receipt number NYEDC-17491332 by Kaycie Coppock, Steve Audelo. (Attachments: # 1 Affidavit in Support by Bryan F. Aylstock, # 2 Ex. A-Certificates of Good Standing, # 3 [Proposed} Order) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09059-BMC, 1:23-cv-09062-BMC (Aylstock, Bryan) (Entered: 01/23/2024) |
| 01/23/2024 | 43 | MOTION to Appear Pro Hac Vice of Ruby Nagamine Filing fee $ 150, receipt number NYEDC-17491293 by Amazon.com Services LLC, Amazon.com, Inc, Amazon.com, Inc, Amazon.com, Inc, Amazon.com, Inc.. (Attachments: # 1 Affidavit, # 2 Admission Information Certificate of Good Standing, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC et al. (Nagamine, Ruby) (Entered: 01/23/2024) |
| 01/23/2024 | 44 | NOTICE of Appearance by William A. Kershaw on behalf of Andrew Gutierrez, Emily Hansen, Sommer Milous (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09259-BMC (Kershaw, William) (Entered: 01/23/2024) |
| 01/23/2024 | 45 | NOTICE of Appearance by Ian Barlow on behalf of Andrew Gutierrez, Emily Hansen, Sommer Milous (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09259-BMC (Barlow, Ian) (Entered: 01/23/2024) |
| 01/24/2024 | 46 | NOTICE of Appearance by Elizabeth A. Fegan on behalf of Anthony DeRosa (notification declined or already on case) (Fegan, Elizabeth) (Entered: 01/24/2024) |
| 01/24/2024 | 47 | NOTICE of Appearance by Diana Cole Surprenant on behalf of Associated Wholesale Grocers Inc, Valu Merchandisers Co. (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09061-BMC (Surprenant, Diana) (Entered: 01/24/2024) |
| 01/24/2024 | 48 | NOTICE of Appearance by Mark Lesko on behalf of CVS Pharmacy Inc. (aty to be noticed) (Lesko, Mark) (Entered: 01/24/2024) |
| 01/24/2024 | 49 | NOTICE of Appearance by Mark Lesko on behalf of Target Corporation (aty to be noticed) (Lesko, Mark) (Entered: 01/24/2024) |
| 01/24/2024 | 50 | NOTICE of Appearance by Mark Lesko on behalf of Rite Aid Corporation (aty to be noticed) (Lesko, Mark) (Entered: 01/24/2024) |
| 01/24/2024 | 51 | NOTICE of Appearance by Mark Lesko on behalf of Costco Wholesale Corp. (aty to be noticed) (Lesko, Mark) (Entered: 01/24/2024) |
| 01/24/2024 | 52 | NOTICE of Appearance by Mark Lesko on behalf of Walgreen Co (aty to be noticed) (Lesko, Mark) (Entered: 01/24/2024) |
| 01/24/2024 | 53 | NOTICE of Appearance by Dale Goldstein on behalf of CVS Pharmacy Inc. (aty to be noticed) (Goldstein, Dale) (Entered: 01/24/2024) |
| 01/24/2024 | 54 | NOTICE of Appearance by Dale Goldstein on behalf of Target Corporation (aty to be noticed) (Goldstein, Dale) (Entered: 01/24/2024) |
| 01/24/2024 | 55 | NOTICE of Appearance by Dale Goldstein on behalf of Rite Aid Corporation (aty to be noticed) (Goldstein, Dale) (Entered: 01/24/2024) |
| 01/24/2024 | 56 | NOTICE of Appearance by Dale Goldstein on behalf of Costco Wholesale Corp. (aty to be noticed) (Goldstein, Dale) (Entered: 01/24/2024) |

| 01/24/2024 | 57 | NOTICE of Appearance by Dale Goldstein on behalf of Walgreen Co (aty to be noticed) (Goldstein, Dale) (Entered: 01/24/2024) |
|---|---|---|
| 01/24/2024 | 58 | NOTICE of Appearance by Nilda Maria Isidro on behalf of CVS Pharmacy Inc. (aty to be noticed) (Isidro, Nilda) (Entered: 01/24/2024) |
| 01/24/2024 | 59 | NOTICE of Appearance by Nilda Maria Isidro on behalf of Target Corporation (aty to be noticed) (Isidro, Nilda) (Entered: 01/24/2024) |
| 01/24/2024 | 60 | NOTICE of Appearance by Nilda Maria Isidro on behalf of Rite Aid Corporation (aty to be noticed) (Isidro, Nilda) (Entered: 01/24/2024) |
| 01/24/2024 | 61 | NOTICE of Appearance by Nilda Maria Isidro on behalf of Costco Wholesale Corp. (aty to be noticed) (Isidro, Nilda) (Entered: 01/24/2024) |
| 01/24/2024 | 62 | NOTICE of Appearance by Nilda Maria Isidro on behalf of Walgreen Co (aty to be noticed) (Isidro, Nilda) (Entered: 01/24/2024) |
| 01/24/2024 | 63 | MOTION to Appear Pro Hac Vice *NOTICE OF MOTION TO ADMIT DEREK W. LOESER PRO HAC VICE* Filing fee $ 150, receipt number NYEDC-17497499 by Martha A. Page, Rebecca Lynn Reyes. (Attachments: # 1 Affidavit of Derek Loeser, # 2 Exhibit A - Certificates of Good Standing, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09290-BMC, 1:23-cv-09308-BMC (Loeser, Derek) (Entered: 01/24/2024) |
| 01/24/2024 | 64 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number ANYEDC-17497548 by Shawn L. Thomas, Charles Geoffrey Woods. (Attachments: # 1 Affidavit, # 2 Exhibit A - Certificate of Good Standing (PA), # 3 Exhibit B - Certificate of Good Standing (NY), # 4 Exhibit C - Certificate of Good Standing (DE), # 5 Proposed Order) (Yeates, Melissa) (Entered: 01/24/2024) |
| 01/24/2024 | 65 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number ANYEDC-17497589 by Shawn L. Thomas, Charles Geoffrey Woods. (Attachments: # 1 Affidavit, # 2 Exhibit A - Certificate of Good Standing (PA), # 3 Exhibit A - Certificate of Good Standing (CA), # 4 Exhibit A - Certificate of Good Standing (VA)) (Jacobson, Jordan) (Entered: 01/24/2024) |
| 01/25/2024 | | ORDER granting 63 in case 1:23-md-03089 Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure the $150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 1/25/2024. Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09290-BMC, 1:23-cv-09308-BMC (PW) (Entered: 01/25/2024) |
| 01/25/2024 | 66 | NOTICE of Appearance by Benjamin Stephen McIntosh on behalf of Daniel Heaghney, Daryl Means (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09276-BMC, 1:23-cv-09282-BMC (McIntosh, Benjamin) (Entered: 01/25/2024) |
| 01/25/2024 | 67 | NOTICE of Appearance by Derek W. Loeser on behalf of Martha A. Page, Rebecca Lynn Reyes (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09290-BMC, 1:23-cv-09308-BMC (Loeser, Derek) (Entered: 01/25/2024) |
| 01/26/2024 | 68 | NOTICE of Appearance by Peter J Mougey on behalf of Anthony Coleman, Joy Taylor, Darrell Wayne Grimsley, Jr. (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09258-BMC, 1:23-cv-09265-BMC (Mougey, Peter) (Entered: 01/26/2024) |
| 01/26/2024 | 69 | NOTICE of Appearance by Laura S Dunning on behalf of Anthony Coleman, Darrell Wayne Grimsley, Jr., Joy Taylor (aty to be noticed) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09258-BMC, 1:23-cv-09265-BMC (Dunning, Laura) (Entered: 01/26/2024) |
| 01/29/2024 | 70 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number NYEDC-17508216 by Daniel Flick, Claudette Sanes, Janis Zimmerman, Karen Schwartz, Ruta Taito, John Jeffrey Ward, Regina Brookshier, Cece Davenport, Dena Fichot, Daniel Flick, Michelle Garza, Toni Heuchan, Erzen Krica, |

| | | |
|---|---|---|
| | | Michael Lee, Thomas Lewis, Allison Sammarco, Claudette Sanes, Karen Schwartz, Randall Sygal, Ruta Taito, Hollie Verdi, John Jeffrey Ward, Janis Zimmerman, Jonathan Brandman, Cece Davenport, Michelle Garza, Toni Heuchan, Michael Lee, Dena Fichot, Thomas Lewis. (Attachments: # 1 Declaration, # 2 Exhibit A: Certificate of Good Standing, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC et al. (Braden, Scott) (Entered: 01/29/2024) |
| 01/29/2024 | 71 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number ANYEDC-17509934 by Kristin Depaola. (Attachments: # 1 Affidavit, # 2 Exhibit, # 3 Exhibit) (Goldenberg, Marlene) (Entered: 01/29/2024) |
| 01/29/2024 | 72 | MOTION to Appear Pro Hac Vice *of Daniel B. Rogers* Filing fee $ 150, receipt number ANYEDC-17511688 by Publix Super Markets, Inc.. (Attachments: # 1 Affidavit of Daniel B. Rogers, # 2 Proposed Order) (Rogers, Daniel) (Entered: 01/29/2024) |
| 01/29/2024 | | ORDER granting 70 71 72 Motions for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure the $150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 1/29/2024. (PW) (Entered: 01/29/2024) |
| 01/29/2024 | 73 | NOTICE of Appearance by Scott G. Braden on behalf of Daniel Flick, Claudette Sanes, Janis Zimmerman, Karen Schwartz, Ruta Taito, John Jeffrey Ward, Regina Brookshier, Cece Davenport, Dena Fichot, Daniel Flick, Michelle Garza, Toni Heuchan, Erzen Krica, Michael Lee, Thomas Lewis, Allison Sammarco, Claudette Sanes, Karen Schwartz, Randall Sygal, Ruta Taito, Hollie Verdi, John Jeffrey Ward, Janis Zimmerman, Jonathan Brandman, Cece Davenport, Michelle Garza, Toni Heuchan, Michael Lee, Dena Fichot, Thomas Lewis (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC et al. (Braden, Scott) (Entered: 01/29/2024) |
| 01/30/2024 | 74 | NOTICE of Appearance by Marlene Jaye Goldenberg on behalf of Kristin Depaola (notification declined or already on case) (Goldenberg, Marlene) (Entered: 01/30/2024) |
| 01/30/2024 | | ORDER granting 41 42 43 64 65 Motions for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure the $150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 1/30/2024. (PW) (Entered: 01/30/2024) |
| 01/30/2024 | 75 | MOTION to Appear Pro Hac Vice *of Michael Klebanov* Filing fee $ 150, receipt number ANYEDC-17516604 by Dierbergs Markets, Inc.. (Attachments: # 1 Affidavit, # 2 Admission Information Certificates of Good Standing, # 3 Proposed Order) (Klebanov, Michael) (Entered: 01/30/2024) |
| 01/30/2024 | 76 | MOTION to Appear Pro Hac Vice *Tanner Cook* Filing fee $ 150, receipt number ANYEDC-17516779 by Dierbergs Markets, Inc.. (Attachments: # 1 Affidavit, # 2 Admission Information Certificate of Good Standing, # 3 Proposed Order) (Cook, Tanner) (Entered: 01/30/2024) |
| 01/30/2024 | 77 | MOTION to Appear Pro Hac Vice *for Livia M. Kiser* Filing fee $ 150, receipt number NYEDC-17516314 by Walmart Inc,, Walmart Inc,, Wal-Mart Inc,, Wal-Mart Stores East 1, LP, Wal-Mart Stores East, LP, Walmart Inc,. (Attachments: # 1 Declaration of Livia M. Kiser, # 2 Exhibit A - Certificate of Good Standing (Cal.), # 3 Exhibit B - Certificate of Good Standing (Ill.), # 4 Proposed Order, # 5 Certificate of Service) Associated Cases: 1:23-md-03089-BMC et al. (Kiser, Livia) (Entered: 01/30/2024) |
| 01/30/2024 | 78 | MOTION to Appear Pro Hac Vice *for David P. Milian* Filing fee $ 150, receipt number ANYEDC-17517081 by Jay Valinsky. (Attachments: # 1 Exhibit) (Milian, David) (Entered: 01/30/2024) |
| 01/30/2024 | 79 | NOTICE of Appearance by Michael L. Resch on behalf of Walmart Inc,, Walmart Inc,, Wal-Mart Inc., Wal-Mart Stores East 1, LP, Wal-Mart Stores East, LP, Walmart Inc, (aty to be noticed) |

| | | |
|---|---|---|
| | | (Attachments: # 1 Certificate of Service) Associated Cases: 1:23-md-03089-BMC et al. (Resch, Michael) (Entered: 01/30/2024) |
| 01/30/2024 | 80 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number ANYEDC-17517426 by Publix Super Markets, Inc.. (Attachments: # 1 Declaration of Michael Healy ISO Admission Pro Hac Vice, # 2 Proposed Order for Admission Pro Hac Vice of Michael Healy) (Healy, Michael) (Entered: 01/30/2024) |
| 01/31/2024 | 81 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number NYEDC-17520702 by Robert Fichera, Natalie Juneau, Harold Nyanjom, Archanatep Boonparn, Kristin Depaola, Mari Jones, Natalie Juneau, Harold Nyanjom, Rachel Parker, Richard Scoffier, Richard Scoffier, Kristin Depaola, Rachel Parker. (Attachments: # 1 Affidavit, # 2 Exhibit Certificates of Good Standing) Associated Cases: 1:23-md-03089-BMC et al. (Stanoch, David) (Entered: 01/31/2024) |
| 01/31/2024 | 82 | MOTION to Appear Pro Hac Vice *Tyler S. Graden* Filing fee $ 150, receipt number NYEDC-17521409 by Shawn L. Thomas, Charles Geoffrey Woods. (Attachments: # 1 Affidavit, # 2 Exhibit A - Certificate of Good Standing (PA), # 3 Exhibit B - Certificate of Good Standing (NJ), # 4 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09303-BMC (Graden, Tyler) (Entered: 01/31/2024) |
| 01/31/2024 | 83 | NOTICE of Appearance by Sarah Westcot on behalf of Eduardo Flores, Jordan Nelson, Regina Peralta, Natasha Hernandez (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09257-BMC, 1:23-cv-09261-BMC, 1:23-cv-09263-BMC (Westcot, Sarah) (Entered: 01/31/2024) |
| 01/31/2024 | 84 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number NYEDC-17521882 by Associated Wholesale Grocers Inc, Valu Merchandisers Co.. (Attachments: # 1 Affidavit, # 2 Certificate of Good Standing) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09061-BMC (Sensenbrenner, Paige) (Entered: 01/31/2024) |
| 01/31/2024 | 85 | NOTICE of Appearance by Daniel Brandon Rogers on behalf of Publix Super Market, Inc., Publix Super Markets, Inc. (aty to be noticed) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09264-BMC, 1:23-cv-09272-BMC, 1:24-cv-00124-BMC (Rogers, Daniel) (Entered: 01/31/2024) |
| 02/01/2024 | 86 | NOTICE of Appearance by Bryan F. Aylstock on behalf of Kaycie Coppock, Steve Audelo (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09059-BMC, 1:23-cv-09062-BMC (Aylstock, Bryan) (Entered: 02/01/2024) |
| 02/01/2024 | 87 | NOTICE of Appearance by James Lawrence Bernard on behalf of Reckitt Benckiser LLC, RB Health (US) LLC, RB Health (US) LLC, Reckitt Benckiser Pharmaceuticals Inc., RB Health LLC, Reckitt Benckiser LLC, Reckitt & Benckiser LLC, Reckitt Benckiser, Reckitt Benckiser LLC (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Bernard, James) (Entered: 02/01/2024) |
| 02/01/2024 | 88 | MOTION to Appear Pro Hac Vice *of Jennifer Nagle* Filing fee $ 150, receipt number NYEDC-17525785 by Amazon.com Services LLC, Amazon.com, Inc, Amazon.com, Inc, Amazon.com, Inc.. (Attachments: # 1 Affidavit In Support of Jennifer Nagle, # 2 Exhibit Certificate of Good Standing (Massachusetts), # 3 Exhibit Certificate of Good Standing (New Jersey), # 4 Proposed Order) Associated Cases: 1:23-md-03089-BMC et al. (Nagle, Jennifer) (Entered: 02/01/2024) |
| 02/02/2024 | 89 | MOTION to Appear Pro Hac Vice *of R. Jason Richards* Filing fee $ 150, receipt number NYEDC-17531125 by Kaycie Coppock, Steve Audelo. (Attachments: # 1 Affidavit in Support by R. Jason Richards, # 2 Exhibit Ex. A-Certificates of Good Standing, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09059-BMC, 1:23-cv-09062-BMC (Richards, R.) (Entered: 02/02/2024) |
| 02/05/2024 | | ORDER granting 75 76 77 78 80 Motions for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure the $150 admission fee be submitted to the Clerks Office via filing the |

| | | |
|---|---|---|
| | | event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 2/5/2024. (PW) (Entered: 02/05/2024) |
| 02/05/2024 | | ORDER granting 81 82 84 Motions for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure the $150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 2/5/2024. (PW) (Entered: 02/05/2024) |
| 02/05/2024 | 90 | NOTICE of Appearance by Zarrina Ozari on behalf of Layne Barter, Jaedon Daniels, Lauren Debeliso, Tatyana Dekhtyar, Jose Cortez Hernandez, Lorette Kenney, Dimitri Lamdon, Robert Lundin, Lateef Murdock, Marcel Perez Pirio, Elie El Rai, Amy Weinberg, Mychael Willon (aty to be noticed) (Ozari, Zarrina) (Entered: 02/05/2024) |
| 02/05/2024 | 91 | NOTICE of Appearance by Ryan Clarkson on behalf of Layne Barter, Jaedon Daniels, Lauren Debeliso, Tatyana Dekhtyar, Jose Cortez Hernandez, Lorette Kenney, Dimitri Lamdon, Robert Lundin, Lateef Murdock, Marcel Perez Pirio, Elie El Rai, Olivia Rodesta, Amy Weinberg, Mychael Willon (aty to be noticed) (Clarkson, Ryan) (Entered: 02/05/2024) |
| 02/06/2024 | 92 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number NYEDC-17542415 by Andrew Gutierrez, Emily Hansen, Sommer Milous. (Attachments: # 1 Exhibit 1 - Certificate in Good Standing, # 2 Exhibit 2 - Affidavit in Support of Motion to Appear, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09259-BMC (Stokes, Kelsey) (Entered: 02/06/2024) |
| 02/06/2024 | 93 | NOTICE of Appearance by Melissa L Yeates on behalf of Shawn L. Thomas, Charles Geoffrey Woods (aty to be noticed) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09303-BMC (Yeates, Melissa) (Entered: 02/06/2024) |
| 02/06/2024 | 94 | NOTICE of Appearance by Tyler Graden on behalf of Shawn L. Thomas, Charles Geoffrey Woods (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09303-BMC (Graden, Tyler) (Entered: 02/06/2024) |
| 02/06/2024 | 95 | NOTICE of Appearance by Jordan Jacobson on behalf of Shawn L. Thomas, Charles Geoffrey Woods (aty to be noticed) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09303-BMC (Jacobson, Jordan) (Entered: 02/06/2024) |
| 02/06/2024 | 96 | NOTICE of Appearance by Hannah Y Shay Chanoine on behalf of Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer, Inc. (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Chanoine, Hannah Y) (Entered: 02/06/2024) |
| 02/07/2024 | 97 | MOTION to Appear Pro Hac Vice *cf Frederick Longer* Filing fee $ 150, receipt number ANYEDC-17546616 by Millard Adkins, Rosalyn Anderson. (Attachments: # 1 Affidavit of Frederick S. Longer, # 2 Exhibit Certificate of Good Standing, # 3 Exhibit Certificate of Good Standing, # 4 Proposed Order, # 5 Certificate of Service) (Longer, Frederick) (Entered: 02/07/2024) |
| 02/07/2024 | 98 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number NYEDC-17548035 by Layne Barter, Jaedon Daniels, Lauren Debeliso, Tatyana Dekhtyar, Jose Cortez Hernandez, Lorette Kenney, Dimitri Lamdon, Gwen Lewi, Robert Lundin, Lateef Murdock, Marcel Perez Pirio, Elie El Rai, Olivia Rodesta, Amy Weinberg, Mychael Willon. (Attachments: # 1 Affidavit in Support of Glenn Danas, # 2 Exhibit A- Certificate of Good Standing, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09279-BMC (Danas, Glenn) (Entered: 02/07/2024) |
| 02/07/2024 | 99 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number NYEDC-17548142 by Layne Barter, Jaedon Daniels, Lauren Debeliso, Tatyana Dekhtyar, Jose Cortez Hernandez, Lorette Kenney, Dimitri Lamdon, Gwen Lewi, Robert Lundin, Lateef Murdock, Marcel Perez Pirio, Elie El Rai, Olivia Rodesta, Amy Weinberg, Mychael Willon. (Attachments: # 1 Affidavit in Support of Shireen |

| | | |
|---|---|---|
| | | M. Clarkson, # 2 Exhibit A- Certificate of Good Standing, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09279-BMC (Clarkson, Shireen) (Entered: 02/07/2024) |
| 02/08/2024 | 100 | NOTICE of Appearance by Christopher Munro Young on behalf of Bayer Corporation, Bayer Healthcare L.L.C., Bayer Healthcare L.L.C., Bayer Healthcare LLC, Bayer Health Care, LLC, Bayer Corporation (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC et al. (Young, Christopher) (Entered: 02/08/2024) |
| 02/08/2024 | | ORDER granting 88 89 92 97 98 99 Motions for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure the $150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 2/8/2024. (PW) (Entered: 02/08/2024) |
| 02/08/2024 | 101 | NOTICE of Appearance by Frederick S. Longer on behalf of Millard Adkins, Frank Anderson, Rosalyn Anderson, Donna Bailey, Eli Erlick, Tina Haluszka, Rosalie Jackson, Recoa Russell (aty to be noticed) (Attachments: # 1 Certificate of Service) (Longer, Frederick) (Entered: 02/08/2024) |
| 02/08/2024 | 102 | MOTION to Appear Pro Hac Vice re: *Amy Laurendeau* Filing fee $ 150, receipt number NYEDC-17551372 by Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer, Inc.. (Attachments: # 1 Affidavit Affidavit of Amy J. Laurendeau, # 2 Exhibit A - COGS, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC et al. (Laurendeau, Amy) (Entered: 02/08/2024) |
| 02/08/2024 | 103 | MOTION to Appear Pro Hac Vice *of Lauren S. Colton* Filing fee $ 150, receipt number NYEDC-17551506 by Reckitt Benckiser LLC, Reckitt Benckiser Pharmaceuticals Inc., RB Health (US) LLC, RB Health (US) LLC, RB Health LLC, Reckitt Benckiser LLC, Reckitt & Benckiser LLC, Reckitt Benckiser, LLC. (Attachments: # 1 Affidavit of Lauren S. Colton, # 2 Exhibit A - Cerificate of Good Standing, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC et al. (Colton, Lauren) (Entered: 02/08/2024) |
| 02/08/2024 | 104 | NOTICE of Appearance by Michael Klebanov on behalf of Dierbergs Markets, Inc. (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09282-BMC (Klebanov, Michael) (Entered: 02/08/2024) |
| 02/08/2024 | 105 | NOTICE of Appearance by Tanner Cook on behalf of Dierbergs Markets, Inc. (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09282-BMC (Cook, Tanner) (Entered: 02/08/2024) |
| 02/08/2024 | 106 | NOTICE of Appearance by Glenn Danas, I on behalf of Layne Barter, Jaedon Daniels, Lauren Debeliso, Tatyana Dekhtyar, Jose Cortez Hernandez, Lorette Kenney, Dimitri Lamdon, Gwen Lewi, Robert Lundin, Lateef Murdock, Marcel Perez Pirio, Elie El Rai, Olivia Rodesta, Amy Weinberg, Mychael Willon (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09279-BMC (Danas, Glenn) (Entered: 02/08/2024) |
| 02/08/2024 | 107 | NOTICE of Appearance by Shireen M. Clarkson on behalf of Layne Barter, Jaedon Daniels, Lauren Debeliso, Tatyana Dekhtyar, Jose Cortez Hernandez, Lorette Kenney, Dimitri Lamdon, Gwen Lewi, Robert Lundin, Lateef Murdock, Marcel Perez Pirio, Elie El Rai, Olivia Rodesta, Amy Weinberg, Mychael Willon (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09279-BMC (Clarkson, Shireen) (Entered: 02/08/2024) |
| 02/09/2024 | 108 | NOTICE of Appearance by Jennifer Janeira Nagle on behalf of Amazon.com Services LLC, Amazon.com, Inc, Amazon.com, Inc, Amazon.com, Inc. (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC et al. (Nagle, Jennifer) (Entered: 02/09/2024) |
| 02/09/2024 | 109 | NOTICE of Appearance by Kelsey Stokes on behalf of Andrew Gutierrez, Emily Hansen, Sommer Milous (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv- |

| | | 09259-BMC (Stokes, Kelsey) (Entered: 02/09/2024) |
|---|---|---|
| 02/09/2024 | 110 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number ANYEDC-17556526 by Procter & Gamble Co.. (Attachments: # 1 Declaration, # 2 Exhibit A. Certificate of Good Standing DC, # 3 Exhibit B. Certificate of Good Standing Ill., # 4 Proposed Order) (Soukup, Andrew) (Entered: 02/09/2024) |
| 02/09/2024 | 111 | MOTION to Appear Pro Hac Vice *OF CORTLIN H. LANNIN* Filing fee $ 150, receipt number ANYEDC-17556764 by Procter & Gamble Co.. (Attachments: # 1 Declaration, # 2 Exhibit A. Certificate of Good Standing Cal., # 3 Proposed Order) (Soukup, Andrew) (Entered: 02/09/2024) |
| 02/09/2024 | 112 | NOTICE of Appearance by Jay P. Lefkowitz on behalf of GlaxoSmithKline Consumer Healthcare Holdings (US) LLC, GlaxoSmithKline LLC, Haleon PLC, Haleon Us Capital LLC, Pfizer Inc. (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Lefkowitz, Jay) (Entered: 02/09/2024) |
| 02/09/2024 | 113 | NOTICE of Appearance by Jacob Rae on behalf of GlaxoSmithKline Consumer Healthcare Holdings (US) LLC, GlaxoSmithKline LLC, Haleon PLC, Haleon Us Capital LLC, Pfizer Inc. (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Rae, Jacob) (Entered: 02/09/2024) |
| 02/09/2024 | 114 | MOTION to Appear Pro Hac Vice *of Robyn E. Bladow* Filing fee $ 150, receipt number ANYEDC-17557933 by GlaxoSmithKline Consumer Healthcare Holdings (US) LLC, GlaxoSmithKline LLC, Haleon PLC, Haleon Us Capital LLC, Pfizer Inc.. (Attachments: # 1 Declaration in Support, # 2 Exhibit - Certificate of Good Standing (CA), # 3 Certificate of Service, # 4 Proposed Order) (Bladow, Robyn) (Entered: 02/09/2024) |
| 02/09/2024 | 115 | MOTION to Appoint Counsel by Plaintiffs. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order, # 3 Exhibit B. List of Firms Supporting Slate, # 4 Exhibit C. Declaration of Michael A. London, # 5 Exhibit D. Declaration of Bryan A. Aylstock, # 6 Exhibit E. Declaration of James E. Cecchi, # 7 Exhibit F. Declaration of Kiley L. Grombacher, # 8 Exhibit G. Declaration of Adam J. Levitt, # 9 Exhibit H. Declaration of Elizabeth A. Fegan, # 10 Exhibit I. Declaration of Jonathan D. Selbin, # 11 Exhibit J. Declaration of Christopher A. Seeger, # 12 Exhibit K. Declaration of Jason P. Sultzer, # 13 Exhibit L. Declaration of Lindsey N. Scarcello, # 14 Exhibit M. Declaration of Sarah N. Wescot, # 15 Exhibit N. Declaration of Michael A. Sacchet, # 16 Exhibit O. Declaration of Shireen M. Clarkson, # 17 Exhibit P. Declaration of Alexander E. Barnett, # 18 Exhibit Q. Declaration of Kelsey L. Stokes, # 19 Exhibit R. Declaration of Darren E. Kaplan, # 20 Exhibit S. Declaration of Jordan E. Jacobson, # 21 Exhibit T. Declaration of Laura S. Dunning, # 22 Exhibit U. Declaration of Fred S. Longer, # 23 Exhibit V. Declaration of Marlene J. Goldenberg, # 24 Exhibit W. Declaration of Stuart A. Davidson, # 25 Exhibit X. Declaration of Melanie H. Muhlstock) (London, Michael) (Entered: 02/09/2024) |
| 02/12/2024 | 116 | NOTICE of Appearance by Ruby A. Nagamine on behalf of Amazon.com Services LLC, Amazon.com, Inc, Amazon.com, Inc, Amazon.com, Inc. (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC et al. (Nagamine, Ruby) (Entered: 02/12/2024) |
| 02/12/2024 | 117 | NOTICE of Appearance by YuQing Emily Min on behalf of All Plaintiffs (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Min, YuQing) (Entered: 02/12/2024) |
| 02/12/2024 | 118 | MOTION to Appear Pro Hac Vice *YuQing Min* Filing fee $ 200, receipt number NYEDC-17561420 by Robert Haid, Rethea Morris, William Bryan, Jack Hinsberger, Nancy Welharticky, Izabel Pena-Venegas, Beverly Ward, Min Ji Jung, Kenneth Levi Pack, William Bryan, Richard Chavez, Robert Haid, Jack Hinsberger, Archi Hipkins, Abby Jergins, Bill Jergins, Christopher McPhee, Rethea Morris, Justin Vorise, Nancy Welharticky, Archi Hipkins, Abby Jergins, Richard Chavez. (Attachments: # 1 Exhibit Certificate of Standing, # 2 Proposed Order) Associated Cases: 1:23-md-03089-BMC et al. (Min, YuQing) (Entered: 02/12/2024) |
| 02/12/2024 | 119 | NOTICE of Appearance by Andrew Daniel Bluth on behalf of Robert Haid, Rethea Morris, William Bryan, Jack Hinsberger, Nancy Welharticky, Izabel Pena-Venegas, Beverly Ward, Min Ji Jung, Kenneth Levi Pack, William Bryan, Richard Chavez, Robert Haid, Jack Hinsberger, Archi Hipkins, Abby Jergins, Bill Jergins, Christopher McPhee, Rethea Morris, Justin Vorise, Nancy Welharticky, |

| | | |
|---|---|---|
| | | Archi Hipkins, Abby Jergins, Richard Chavez (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Bluth, Andrew) (Entered: 02/12/2024) |
| 02/12/2024 | 120 | MOTION to Appear Pro Hac Vice *Andrew D. Bluth* Filing fee $ 200, receipt number NYEDC-17562848 by Robert Haid, Rethea Morris, William Bryan, Jack Hinsberger, Nancy Welharticky, Izabel Pena-Venegas, Beverly Ward, Min Ji Jung, Kenneth Levi Pack, William Bryan, Richard Chavez, Robert Haid, Jack Hinsberger, Archi Hipkins, Abby Jergins, Bill Jergins, Christopher McPhee, Rethea Morris, Justin Vorise, Nancy Welharticky, Archi Hipkins, Abby Jergins, Richard Chavez. (Attachments: # 1 Exhibit Certificate of Standing, # 2 Proposed Order) Associated Cases: 1:23-md-03089-BMC et al. (Bluth, Andrew) (Entered: 02/12/2024) |
| 02/12/2024 | 121 | NOTICE of Appearance by Christopher Ross Rodriguez on behalf of Robert Haid, Rethea Morris, William Bryan, Jack Hinsberger, Nancy Welharticky, Izabel Pena-Venegas, Beverly Ward, Min Ji Jung, Kenneth Levi Pack, William Bryan, Richard Chavez, Robert Haid, Jack Hinsberger, Archi Hipkins, Abby Jergins, Bill Jergins, Christopher McPhee, Rethea Morris, Justin Vorise, Nancy Welharticky, Archi Hipkins, Abby Jergins, Richard Chavez (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Rodriguez, Christopher) (Entered: 02/12/2024) |
| 02/12/2024 | 122 | MOTION to Appear Pro Hac Vice *Christopher R. Rodriguez* Filing fee $ 200, receipt number NYEDC-17562985 by Robert Haid, Rethea Morris, William Bryan, Jack Hinsberger, Nancy Welharticky, Izabel Pena-Venegas, Beverly Ward, Min Ji Jung, Kenneth Levi Pack, William Bryan, Richard Chavez, Robert Haid, Jack Hinsberger, Archi Hipkins, Abby Jergins, Bill Jergins, Christopher McPhee, Rethea Morris, Justin Vorise, Nancy Welharticky, Archi Hipkins, Abby Jergins, Richard Chavez. (Attachments: # 1 Exhibit Certificate of Standing, # 2 Proposed Order) Associated Cases: 1:23-md-03089-BMC et al. (Rodriguez, Christopher) (Entered: 02/12/2024) |
| 02/12/2024 | 123 | NOTICE of Appearance by Kevin S. Hannon on behalf of Robert Haid, Rethea Morris, William Bryan, Jack Hinsberger, Nancy Welharticky, Izabel Pena-Venegas, Beverly Ward, Min Ji Jung, Kenneth Levi Pack, William Bryan, Richard Chavez, Robert Haid, Jack Hinsberger, Archi Hipkins, Abby Jergins, Bill Jergins, Christopher McPhee, Rethea Morris, Justin Vorise, Nancy Welharticky, Archi Hipkins, Abby Jergins, Richard Chavez (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Hannon, Kevin) (Entered: 02/12/2024) |
| 02/12/2024 | 124 | MOTION to Appear Pro Hac Vice *Kevin S. Hannon* Filing fee $ 200, receipt number NYEDC-17563285 by Robert Haid, Rethea Morris, William Bryan, Jack Hinsberger, Nancy Welharticky, Izabel Pena-Venegas, Beverly Ward, Min Ji Jung, Kenneth Levi Pack, William Bryan, Richard Chavez, Robert Haid, Jack Hinsberger, Archi Hipkins, Abby Jergins, Bill Jergins, Christopher McPhee, Rethea Morris, Justin Vorise, Nancy Welharticky, Archi Hipkins, Abby Jergins, Richard Chavez. (Attachments: # 1 Exhibit Certificate of Standing, # 2 Proposed Order) Associated Cases: 1:23-md-03089-BMC et al. (Hannon, Kevin) (Entered: 02/12/2024) |
| 02/13/2024 | 125 | JPMDL Conditional Transfer Order (CTO-5): Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the order of December 6, 2023, and, with the consent of that court, assigned to the Honorable Brian M. Cogan. (AF) (Entered: 02/13/2024) |
| 02/13/2024 | 126 | NOTICE of Appearance by Trent James Nelson on behalf of Robert Haid, Rethea Morris, William Bryan, Richard Chavez, Robert Haid, Jack Hinsberger, Archi Hipkins, Abby Jergins, Bill Jergins, Min Ji Jung, Christopher McPhee, Rethea Morris, Kenneth Levi Pack, Izabel Pena-Venegas, Justin Vorise, Beverly Ward, Nancy Welharticky (aty to be noticed) Associated Cases: 1:23-md-03089-BMC, 1:24-cv-00269-BMC (Nelson, Trent) (Entered: 02/13/2024) |
| 02/13/2024 | 127 | MOTION to Appear Pro Hac Vice *Trent J. Nelson* Filing fee $ 200, receipt number NYEDC-17565496 by Robert Haid, Rethea Morris, William Bryan, Jack Hinsberger, Nancy Welharticky, Izabel Pena-Venegas, Beverly Ward, Min Ji Jung, Kenneth Levi Pack, William Bryan, Richard Chavez, Robert Haid, Jack Hinsberger, Archi Hipkins, Abby Jergins, Bill Jergins, Christopher McPhee, Rethea Morris, Justin Vorise, Nancy Welharticky, Archi Hipkins, Abby Jergins, Richard |

| | | |
|---|---|---|
| | | Chavez. (Attachments: # 1 Exhibit Certificate of Standing, # 2 Proposed Order) Associated Cases: 1:23-md-03089-BMC et al. (Nelson, Trent) (Entered: 02/13/2024) |
| 02/13/2024 | 128 | JPMDL Conditional Transfer Order (CTO-6): Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the order of December 6, 2023, and, with the consent of that court, assigned to the Honorable Brian M. Cogan. (AF) (Entered: 02/13/2024) |
| 02/13/2024 | | ORDER denying Motions for Leave to Appear Pro Hac Vice as to 118 YuQing Min; 120 Andrew D. Bluth; 122 Christopher R. Rodriguez; 124 Kevin S. Hannon; 127 Trent J. Nelson, without prejudice to renewal upon compliance with Local Civil Rule 1.3(c) (1) and (2) which requires that in order to be admitted pro hac vice, the applicant must file an affidavit stating whether he/she has been the subject of a criminal conviction and/or disciplinary sanction. Ordered by Judge Brian M. Cogan on 2/13/2024. (PW) (Entered: 02/13/2024) |
| 02/13/2024 | | ORDER granting 102 103 110 111 114 Motions for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, the attorney shall ensure the $200 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee.* Ordered by Judge Brian M. Cogan on 2/13/2024. (PW) (Entered: 02/13/2024) |
| 02/13/2024 | 129 | DECLARATION re (121 in 1:23-md-03089-BMC) Notice of Appearance,, re *122 Motion to Admit Counsel Pro Hac Vice* by Robert Haid, Rethea Morris, William Bryan, Jack Hinsberger, Nancy Welharticky, Izabel Pena-Venegas, Beverly Ward, Min Ji Jung, Kenneth Levi Pack, William Bryan, Richard Chavez, Robert Haid, Jack Hinsberger, Archi Hipkins, Abby Jergins, Bill Jergins, Christopher McPhee, Rethea Morris, Justin Vorise, Nancy Welharticky, Archi Hipkins, Abby Jergins, Richard Chavez Associated Cases: 1:23-md-03089-BMC et al. (Rodriguez, Christopher) (Entered: 02/13/2024) |
| 02/13/2024 | 130 | DECLARATION re (119 in 1:23-md-03089-BMC) Notice of Appearance,, *120 Motion to Admit Counsel Pro Hac Vice* by Robert Haid, Rethea Morris, William Bryan, Jack Hinsberger, Nancy Welharticky, Izabel Pena-Venegas, Beverly Ward, Min Ji Jung, Kenneth Levi Pack, William Bryan, Richard Chavez, Robert Haid, Jack Hinsberger, Archi Hipkins, Abby Jergins, Bill Jergins, Christopher McPhee, Rethea Morris, Justin Vorise, Nancy Welharticky, Archi Hipkins, Abby Jergins, Richard Chavez Associated Cases: 1:23-md-03089-BMC et al. (Bluth, Andrew) (Entered: 02/13/2024) |
| 02/13/2024 | 131 | DECLARATION re (123 in 1:23-md-03089-BMC) Notice of Appearance, *124 Motion to Admit Counsel Pro Hac Vice* by Robert Haid, Rethea Morris, William Bryan, Jack Hinsberger, Nancy Welharticky, Izabel Pena-Venegas, Beverly Ward, Min Ji Jung, Kenneth Levi Pack, William Bryan, Richard Chavez, Robert Haid, Jack Hinsberger, Archi Hipkins, Abby Jergins, Bill Jergins, Christopher McPhee, Rethea Morris, Justin Vorise, Nancy Welharticky, Archi Hipkins, Abby Jergins, Richard Chavez Associated Cases: 1:23-md-03089-BMC et al. (Hannon, Kevin) (Entered: 02/13/2024) |
| 02/13/2024 | 132 | DECLARATION re (126 in 1:23-md-03089-BMC) Notice of Appearance,, *127 Motion to Admit Counsel Pro Hac Vice* by Robert Haid, Rethea Morris, William Bryan, Jack Hinsberger, Nancy Welharticky, Izabel Pena-Venegas, Beverly Ward, Min Ji Jung, Kenneth Levi Pack, William Bryan, Robert Haid, Jack Hinsberger, Archi Hipkins, Abby Jergins, Bill Jergins, Christopher McPhee, Rethea Morris, Justin Vorise, Nancy Welharticky, Archi Hipkins, Abby Jergins, Richard Chavez Associated Cases: 1:23-md-03089-BMC et al. (Nelson, Trent) (Entered: 02/13/2024) |
| 02/13/2024 | 133 | DECLARATION re (117 in 1:23-md-03089-BMC) Notice of Appearance *118 Motion to Admit Counsel Pro Hac Vice* by Robert Haid, Rethea Morris, William Bryan, Jack Hinsberger, Nancy Welharticky, Izabel Pena-Venegas, Beverly Ward, Min Ji Jung, Kenneth Levi Pack, William Bryan, Richard Chavez, Robert Haid, Jack Hinsberger, Archi Hipkins, Abby Jergins, Bill Jergins, Christopher McPhee, Rethea Morris, Justin Vorise, Nancy Welharticky, Archi Hipkins, Abby Jergins, Richard Chavez Associated Cases: 1:23-md-03089-BMC et al. (Min, YuQing) (Entered: 02/13/2024) |

A-117

| 02/14/2024 | 134 | NOTICE of Appearance by R. Jason Richards on behalf of Kaycie Coppock, Steve Audelo (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09059-BMC, 1:23-cv-09062-BMC (Richards, R.) (Entered: 02/14/2024) |
|---|---|---|
| 02/14/2024 | 135 | Amended MOTION to Appoint Counsel by Plaintiffs. (Attachments: # 1 Memorandum in Support Amended, # 2 Proposed Order Amended, # 3 Exhibit Exhibit B. List of Firms Supporting Slate, # 4 Exhibit C. Declaration of Michael A. London, # 5 Exhibit Exhibit D. Declaration of Bryan A. Aylstock, # 6 Exhibit Exhibit E. Declaration of James E. Cecchi, # 7 Exhibit Exhibit F. Declaration of Kiley L. Grombacher, # 8 Exhibit Exhibit G. Declaration of Adam J. Levitt, # 9 Exhibit Exhibit H. Declaration of Elizabeth A. Fegan, # 10 Exhibit Exhibit I. Declaration of Jonathan D. Selbin, # 11 Exhibit Exhibit J. Declaration of Christopher A. Seeger, # 12 Exhibit Exhibit K. Declaration of Jason P. Sultzer, # 13 Exhibit Exhibit L. Declaration of Lindsey N. Scarcello, # 14 Exhibit Exhibit M. Declaration of Sarah N. Wescot, # 15 Exhibit Exhibit N. Declaration of Michael A. Sacchet, # 16 Exhibit Exhibit O. Declaration of Shireen M. Clarkson, # 17 Exhibit Exhibit P. Declaration of Alexander E. Barnett, # 18 Exhibit Exhibit Q. Declaration of Kelsey L. Stokes, # 19 Exhibit Exhibit R. Declaration of Darren E. Kaplan, # 20 Exhibit Exhibit S. Declaration of Cari Laufenberg, # 21 Exhibit Exhibit T. Declaration of Jordan E. Jacobson, # 22 Exhibit Exhibit U. Declaration of Laura S. Dunning, # 23 Exhibit Exhibit V. Declaration of Fred S. Longer, # 24 Exhibit Exhibit W. Declaration of Marlene J. Goldenberg, # 25 Exhibit Exhibit X. Declaration of Melanie H. Muhlstock, # 26 Exhibit Exhibit Y. Declaration of Stuart A. Davidson) (London, Michael) (Entered: 02/14/2024) |
| 02/14/2024 | | ORDER. The Court has reviewed Declarations of YuQing Min 133 , Trent J. Nelson 132 , Kevin S. Hannon 131 , Andrew D. Bluth 130 , Christopher R. Rodriguez 129 , and finds that they have complied with Local Rule 1.3(c). Counsels' motions to appear pro hac are therefore granted. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, each attorney shall ensure the $200 admission fee be submitted to the Clerk's Office via filing the event Pro Hac Vice Filing Fee. Ordered by Judge Brian M. Cogan on 2/14/2024. (PW) (Entered: 02/14/2024) |
| 02/15/2024 | | ORDER terminating 115 Motion to Appoint Counsel as superseded by 135 Amended Motion to Appoint Counsel. Ordered by Judge Brian M. Cogan on 2/15/2024. (PW) (Entered: 02/15/2024) |
| 02/15/2024 | 136 | NOTICE of Appearance by Cortlin Hall Lannin on behalf of Procter & Gamble Co. (aty to be noticed) (Lannin, Cortlin) (Entered: 02/15/2024) |
| 02/15/2024 | 137 | NOTICE of Appearance by Demet Basar on behalf of Haley Hadden, Bonnie Van Noy (aty to be noticed) Associated Cases: 1:23-md-03089-BMC, 1:24-cv-01104-BMC (Basar, Demet) (Entered: 02/15/2024) |
| 02/15/2024 | 138 | NOTICE of Appearance by Andrew Soukup on behalf of Procter & Gamble Co. (notification declined or already on case) (Soukup, Andrew) (Entered: 02/15/2024) |
| 02/15/2024 | 139 | MOTION to Appear Pro Hac Vice of Rebecca Gilliland Filing fee $ 200, receipt number NYEDC-17575621 by Haley Hadden, Bonnie Van Noy. (Attachments: # 1 Declaration Declaration in Support of Pro Hac, # 2 Exhibit Certificate of Good Standing, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:24-cv-01104-BMC (Basar, Demet) (Entered: 02/15/2024) |
| 02/16/2024 | 140 | NOTICE of Appearance by Robyn E. Bladow on behalf of GlaxoSmithKline Consumer Healthcare Holdings (US) LLC, GlaxoSmithKline LLC, Haleon US Holdings LLC, Haleon Us Capital LLC, Pfizer Inc. (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Bladow, Robyn) (Entered: 02/16/2024) |
| 02/16/2024 | 141 | NOTICE of Appearance by Lauren Schultz Colton on behalf of Reckitt Benckiser LLC, RB Health (US) LLC, RB Health (US) LLC, Reckitt Benckiser Pharmaceuticals Inc., RB Health LLC, Reckitt & Benckiser LLC, Reckitt Benckiser, LLC (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Colton, Lauren) (Entered: 02/16/2024) |
| 02/16/2024 | 142 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number ANYEDC-17578754 by Jamieka Holmes, Pamela Joyner, Cathy Kleiman, Kristin Lawrence, Kamonica McWhite, Krystal Rampalli, |

| | | |
|---|---|---|
| | | Sharon Rourk, Annette Striegel, Sierra Vent. (Attachments: # 1 Affidavit In support of Motion Pro Has Vice, # 2 Proposed Order, # 3 Exhibit Certificate of Good Standing SC) (Doolittle, Paul) (Entered: 02/16/2024) |
| 02/16/2024 | 143 | MOTION to Appoint Counsel *as to Leadership* by Haley Hadden, Bonnie Van Noy. (Attachments: # 1 Exhibit Resume of Gilliland, # 2 Exhibit Firm Bio, # 3 Exhibit Order) (Basar, Demet) (Entered: 02/16/2024) |
| 02/20/2024 | 144 | NOTICE of Appearance by Daniel Brandon Rogers on behalf of Publix Supermarkets, Inc. (aty to be noticed) Associated Cases: 1:23-md-03089-BMC, 1:24-cv-01099-BMC (Rogers, Daniel) (Entered: 02/20/2024) |
| 02/20/2024 | 145 | NOTICE of Appearance by Emilie W. Hamilton on behalf of Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer Inc., Johnson & Johnson Consumer, Inc. (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Hamilton, Emilie) (Entered: 02/20/2024) |
| 02/20/2024 | 146 | NOTICE of Appearance by David Philip Milian on behalf of Jay Valinsky (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:24-cv-00124-BMC (Milian, David) (Entered: 02/20/2024) |
| 02/21/2024 | 147 | NOTICE of Appearance by Colleen Gulliver on behalf of Bayer Corporation, Bayer Healthcare L.L.C., Bayer Healthcare L.L.C., Bayer Healthcare LLC, Bayer Health Care, LLC, Bayer Corporation (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (Gulliver, Colleen) (Entered: 02/21/2024) |
| 02/22/2024 | 148 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number NYEDC-17593061 by Haley Hadden, Bonnie Van Noy. (Attachments: # 1 Declaration Declaration in Support of Motion for Pro Hac, # 2 Exhibit Certificate of Good Standing, # 3 Proposed Order Pro Hac Order for Jessica Haynes) Associated Cases: 1:23-md-03089-BMC, 1:24-cv-01104-BMC (Haynes, Jessica) (Entered: 02/22/2024) |
| 02/27/2024 | 149 | Proposed Scheduling Order *Case Management Order #1* by Plaintiffs (Attachments: # 1 Proposed Order) (London, Michael) (Entered: 02/27/2024) |
| 02/28/2024 | 150 | NOTICE by Haley Hadden, Bonnie Van Noy re 143 MOTION to Appoint Counsel *as to Leadership withdrawal* (Basar, Demet) (Entered: 02/28/2024) |
| 02/28/2024 | | ORDER terminating 143 Motion to Appoint Counsel as withdrawn. Ordered by Judge Brian M. Cogan on 2/28/2024. (PW) (Entered: 02/28/2024) |
| 02/28/2024 | 151 | RESPONSE to Motion re 135 Amended MOTION to Appoint Counsel */ Defendants' Joint Response to Plaintiffs' Amended Motion for an Order Appointing Plaintiffs' Proposed Leadership Structure and Appointing Interim Class Counsel* filed by Albertsons Companies, Inc., Amazon.com Services LLC, Amazon.com, Inc, Associated Wholesale Grocers Inc, Bayer Healthcare L.L.C., CVS Pharmacy Inc., Costco Wholesale Corp., Dierbergs Markets, Inc., Haleon US Holdings LLC, Johnson & Johnson Consumer Inc., Procter & Gamble Co., Publix Super Markets, Inc., RB Health (US) LLC, Rite Aid Corporation, Target Corporation, Valu Merchandisers Co., Wal-Mart Inc., Wal-Mart Stores East 1, LP, Walgreen Co. (Lefkowitz, Jay) (Entered: 02/28/2024) |
| 02/28/2024 | | ORDER granting 139 142 148 Motions for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, each attorney shall ensure the $200 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 2/28/2024. (PW) (Entered: 02/28/2024) |
| 02/28/2024 | 152 | NOTICE of Appearance by Rebecca D Gilliland on behalf of Haley Hadden, Bonnie Van Noy (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:24-cv-01104-BMC (Gilliland, Rebecca) (Entered: 02/28/2024) |

| | | |
|---|---|---|
| 02/28/2024 | 153 | NOTICE of Appearance by Rebecca D Gilliland on behalf of Haley Hadden, Bonnie Van Noy (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:24-cv-01104-BMC (Gilliland, Rebecca) (Entered: 02/28/2024) |
| 02/28/2024 | 154 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number NYEDC-17616324 by Daniel Flick, Claudette Sanes, Janis Zimmerman, Karen Schwartz, Ruta Taito, John Jeffrey Ward, Regina Brookshier, Cece Davenport, Dena Fichot, Daniel Flick, Michelle Garza, Toni Heuchan, Erzen Krica, Michael Lee, Thomas Lewis, Allison Sammarco, Claudette Sanes, Karen Schwartz, Randall Sygal, Ruta Taito, Hollie Verdi, John Jeffrey Ward, Janis Zimmerman, Jonathan Brandman, Cece Davenport, Michelle Garza, Toni Heuchan, Michael Lee, Dena Fichot, Thomas Lewis. (Attachments: # 1 Declaration, # 2 Exhibit A: Certificate of Good Standing, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC et al. (French, Jenn) (Entered: 02/28/2024) |
| 02/28/2024 | 155 | NOTICE of Appearance by Richard Fama on behalf of The Kroger Co., Harris Teeter, LLC, Harris Teeter Supermarkets, Inc. (aty to be noticed) (Fama, Richard) (Entered: 02/28/2024) |
| 02/28/2024 | 156 | MOTION to Appear Pro Hac Vice *(also filed by The Kroger Co.)* Filing fee $ 200, receipt number ANYEDC-17616685 by Harris Teeter Supermarkets, Inc., Harris Teeter, LLC. (Attachments: # 1 Affidavit, # 2 Proposed Order) (Fama, Richard) (Entered: 02/28/2024) |
| 02/28/2024 | 157 | NOTICE of Appearance by Michael Fitzgerald Healy on behalf of Publix Super Markets, Inc. (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09264-BMC, 1:23-cv-09272-BMC, 1:24-cv-00124-BMC (Healy, Michael) (Entered: 02/28/2024) |
| 02/28/2024 | 158 | RESPONSE to Motion re 135 Amended MOTION to Appoint Counsel filed by Regina Brookshier, Cece Davenport, Dena Fichot, Daniel Flick, Michelle Garza, Toni Heuchan, Erzen Krica, Michael Lee, Thomas Lewis, Allison Sammarco, Claudette Sanes, Karen Schwartz, Randall Sygal, Ruta Taito, Hollie Verdi, John Jeffrey Ward, Janis Zimmerman, Jonathan Brandman. (Attachments: # 1 Declaration of Jennifer M. French) (Braden, Scott) (Entered: 02/28/2024) |
| 02/29/2024 | 159 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number NYEDC-17617701 by Haley Hadden, Bonnie Van Noy. (Attachments: # 1 Declaration Declaration in Support of Pro Hac Vice, # 2 Exhibit Certificate of Good Standing- Alabama, # 3 Exhibit Certificate of Good Standing- Georgia, # 4 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:24-cv-01104-BMC (Hawthorne, Alison) (Entered: 02/29/2024) |
| 02/29/2024 | 160 | Letter *Letter to Judge Cogan and Amended Proposed Order on Pro Hac Vice of Karl O. Riley* by Harris Teeter Supermarkets, Inc., Harris Teeter, LLC, The Kroger Co. (Attachments: # 1 Proposed Order) (Fama, Richard) (Entered: 02/29/2024) |
| 02/29/2024 | 161 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number NYEDC-17619250 by Haley Hadden, Bonnie Van Noy. (Attachments: # 1 Declaration Declaration in Support of Pro Hac Vice, # 2 Exhibit Certificate of Good Standing- Alabama, # 3 Proposed Order) Associated Cases: 1:23-md-03089-BMC, 1:24-cv-01104-BMC (Miles, Wilson) (Entered: 02/29/2024) |
| 02/29/2024 | 162 | CASE MANAGEMENT ORDER; SCHEDULING ORDER. First, the Court hereby adopts the parties' proposed Case Management Order No. 1 with minor revisions, which is attached. Second, an initial status conference is set for 4/2/2024 at 6:00 pm EST. A ZoomGov link will be emailed to counsel of record. The parties are directed to review Section V for instructions regarding who shall attend the initial status conference. The parties are reminded that, if they wish to propose agenda items for the initial conference, they must do so by 3/29/2024. Third, the parties are directed to review the revisions to the pro hac vice application process in Section IV. <br><br> Finally, regarding the appointment of lead plaintiffs' counsel, the Consensus Plaintiffs are ordered to meet and confer with the LC Plaintiffs. By 3/8/2024, the LC Plaintiffs are ordered to either (1) notify the Court of their intent to join the Consensus Plaintiffs' motion 135 , or (2) file their own motion to appoint lead plaintiffs' counsel. Ordered by Judge Brian M. Cogan on 2/29/2024. (PW) (Entered: 02/29/2024) |
| 02/29/2024 | | Email Notification Test - DO NOT REPLY (AM) (Entered: 02/29/2024) |

| 03/01/2024 | 163 | NOTICE of Appearance by Alison D Hawthorne on behalf of Haley Hadden, Bonnie Van Noy (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:24-cv-01104-BMC (Hawthorne, Alison) (Entered: 03/01/2024) |
|---|---|---|
| 03/05/2024 | | ORDER granting 154 156 159 161 Motions for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, the attorney shall ensure the $200 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 3/5/2024. (PW) (Entered: 03/05/2024) |
| 03/05/2024 | 164 | NOTICE of Appearance by Wilson D. Miles on behalf of Haley Hadden, Bonnie Van Noy (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:24-cv-01104-BMC (Miles, Wilson) (Entered: 03/05/2024) |
| 03/05/2024 | 165 | NOTICE of Appearance by Jenn French on behalf of Daniel Flick, Claudette Sanes, Janis Zimmerman, Karen Schwartz, Ruta Taito, John Jeffrey Ward, Jonathan Brandman, Regina Brookshier, Cece Davenport, Dena Fichot, Daniel Flick, Michelle Garza, Toni Heuchan, Erzen Krica, Michael Lee, Thomas Lewis, Allison Sammarco, Claudette Sanes, Karen Schwartz, Randall Sygal, Ruta Taito, Hollie Verdi, John Jeffrey Ward, Janis Zimmerman, Jonathan Brandman, Cece Davenport, Michelle Garza, Toni Heuchan, Michael Lee, Dena Fichot, Thomas Lewis (aty to be noticed) Associated Cases: 1:23-md-03089-BMC et al. (French, Jenn) (Entered: 03/05/2024) |
| 03/06/2024 | 166 | NOTICE of Appearance by Karl Riley on behalf of Harris Teeter Supermarkets, Inc., Harris Teeter, LLC, The Kroger Co. (aty to be noticed) (Riley, Karl) (Entered: 03/06/2024) |
| 03/08/2024 | 167 | First MOTION to Appear Pro Hac Vice *for Sophie A. Zavaglia* Filing fee $ 200, receipt number ANYEDC-17647053 by Daniel Heaghney, Daryl Means. (Attachments: # 1 Exhibit, # 2 Affidavit, # 3 Proposed Order, # 4 Certificate of Service) (Zavaglia, Sophie) (Entered: 03/08/2024) |
| 03/08/2024 | 168 | NOTICE by Jonathan Brandman, Regina Brookshier, Cece Davenport, Dena Fichot, Daniel Flick, Michelle Garza, Toni Heuchan, Erzen Krica, Michael Lee, Thomas Lewis, Allison Sammarco, Claudette Sanes, Karen Schwartz, Ruta Taito, Hollie Verdi, John Jeffrey Ward, Janis Zimmerman re Order,, 162 Scheduling Order,,,, *LC Plaintiffs' Response to Case Management Order No. 1 and Notice of Intent to Join Consensus Plaintiffs' Motion for Appointment* (Braden, Scott) (Entered: 03/08/2024) |
| 03/11/2024 | 169 | REPLY in Support re 135 Amended MOTION to Appoint Counsel , 151 Response to Motion,, filed by Plaintiffs. (London, Michael) (Entered: 03/11/2024) |
| 03/11/2024 | | ORDER granting 167 Sophie A. Zavaglia Motion's for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, the attorney shall ensure the $200 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 3/11/2024. (PW) (Entered: 03/11/2024) |
| 03/11/2024 | | ORDER deferring ruling on 135 Amended Motion to Appoint Counsel. Because the deadline for the parties to file a motion to appoint counsel passed on 3/8/2024, the Court will not consider any further motions. However, the Court defers ruling on 135 pending discussion at the Initial Status Conference. Ordered by Judge Brian M. Cogan on 3/11/2024. (PW) (Entered: 03/11/2024) |
| 03/14/2024 | 170 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number NYEDC-17668153 by Cody Morgan. (Attachments: # 1 Affidavit of Michael A. Sacchet with Exhibit 1) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09266-BMC (Sacchet, Michael) (Entered: 03/14/2024) |
| 03/22/2024 | 171 | NOTICE of Appearance by Scott Alan George on behalf of Erin Barton, Tatiana Benjamin, Kimberly Buscaglia, Francis W. Catanese, Christine Contreras, Natasha Freeman, Samuel Gallo, Robin Glauser, Anthony Rogers (aty to be noticed) (George, Scott) (Entered: 03/22/2024) |

| 03/22/2024 | 172 | NOTICE of Appearance by Christopher A. Seeger on behalf of Erin Barton, Tatiana Benjamin, Kimberly Buscaglia, Francis W. Catanese, Christine Contreras, Natasha Freeman, Samuel Gallo, Robin Glauser, Anthony Rogers (aty to be noticed) (Seeger, Christopher) (Entered: 03/22/2024) |
| --- | --- | --- |
| 03/22/2024 | 173 | NOTICE of Appearance by David R. Buchanan on behalf of Erin Barton, Tatiana Benjamin, Kimberly Buscaglia, Francis W. Catanese, Christine Contreras, Natasha Freeman, Samuel Gallo, Robin Glauser, Anthony Rogers (aty to be noticed) (Buchanan, David) (Entered: 03/22/2024) |
| 03/22/2024 | 174 | NOTICE of Appearance by Diogenes P. Kekatos on behalf of Erin Barton, Tatiana Benjamin, Kimberly Buscaglia, Francis W. Catanese, Christine Contreras, Natasha Freeman, Samuel Gallo, Robin Glauser, Anthony Rogers (aty to be noticed) (Kekatos, Diogenes) (Entered: 03/22/2024) |
| 03/25/2024 | 175 | NOTICE of Appearance by Lindsey Scarcello on behalf of Heather Fong, Michael Walker, Krista Wright (aty to be noticed) (Scarcello, Lindsey) (Entered: 03/25/2024) |
| 03/26/2024 | 176 | Consent MOTION to Substitute Attorney by Wal-Mart Inc., Wal-Mart Stores East 1, LP, Walmart Inc,. (Goldstein, Dale) (Entered: 03/26/2024) |
| 03/26/2024 | 177 | Consent MOTION to Substitute Attorney by Wal-Mart Inc., Wal-Mart Stores East 1, LP, Walmart Inc,. (Lesko, Mark) (Entered: 03/26/2024) |
| 03/26/2024 | 178 | Consent MOTION to Substitute Attorney by Wal-Mart Inc., Wal-Mart Stores East 1, LP, Walmart Inc,. (Isidro, Nilda) (Entered: 03/26/2024) |
| 03/26/2024 | 179 | JPMDL Conditional Transfer Order (CTO-7):Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the order of December 6, 2023, and, with the consent of that court, assigned to the Honorable Brian M. Cogan. (AF) (Entered: 03/28/2024) |
| 03/27/2024 | | ORDER granting 176 177 178 Motions to Substitute Attorney. Attorneys Livia M. Kiser; Michael L. Resch; Ethan Price Davis and Rose J Jones terminated as attorneys for defendant Walmart Inc.<br><br>Attorneys Dale Rose Goldstein; Mark J Lesko; Nilda M Isidro shall file their Notices of Appearance on behalf defendant Walmart Inc. to ensure they receive electronic notification of activity in this case. Ordered by Judge Brian M. Cogan on 3/27/2024. (PW) (Entered: 03/27/2024) |
| 03/27/2024 | | ORDER granting 170 Michael A. Sacchet's Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, the attorney shall ensure the $200 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 3/27/2024. (PW) (Entered: 03/27/2024) |
| 03/28/2024 | 180 | MOTION to Withdraw Reference , MOTION to Withdraw as Attorney *Motion for Leave to Withdraw Nia Barberousse Binns as Counsel* by Joey Cohen, Viva Cohen. (Kanner, Steven) (Entered: 03/28/2024) |
| 03/28/2024 | 181 | NOTICE of Appearance by Dale Goldstein on behalf of Wal-Mart Inc., Wal-Mart Stores East 1, LP, Walmart Inc, (notification declined or already on case) (Goldstein, Dale) (Entered: 03/28/2024) |
| 03/28/2024 | 182 | NOTICE of Appearance by Nilda Maria Isidro on behalf of Wal-Mart Inc., Wal-Mart Stores East 1, LP, Walmart Inc, (notification declined or already on case) (Isidro, Nilda) (Entered: 03/28/2024) |
| 03/28/2024 | 183 | NOTICE of Appearance by Mark Lesko on behalf of Wal-Mart Inc., Wal-Mart Stores East 1, LP, Walmart Inc, (notification declined or already on case) (Lesko, Mark) (Entered: 03/28/2024) |
| 03/28/2024 | | ORDER granting 180 Motion to Withdraw as Attorney. Attorney Nia-imara Atu Barberousse Binns terminated. Ordered by Judge Brian M. Cogan on 3/28/2024. (PW) (Entered: 03/28/2024) |
| 03/28/2024 | 184 | STATUS REPORT *Proposed Agenda* by Plaintiffs (London, Michael) (Entered: 03/28/2024) |

| 03/28/2024 | 190 | MOTION to Appear Pro Hac Vice *Vice Filing fee $ 200, receipt number ANYEDC-17715615* by Heather Fong. (Attachments: # 1 Affidavit, # 2 Exhibit Certificate of Good Standing, # 3 Exhibit Certificate of Good Standing) Associated Cases: 1:23-md-03089-BMC et al. (TLH) (Entered: 04/04/2024) |
|---|---|---|
| 03/28/2024 | 191 | MOTION to Appear Pro Hac Vice *Filing fee $ 200, receipt number ANYEDC-17715729* by Michael Walker. (Attachments: # 1 Affidavit, # 2 Exhibit Certificate of Good Standing, # 3 Exhibit Certificate of Good Standing) (TLH) (Entered: 04/04/2024) |
| 03/28/2024 | 192 | MOTION to Appear Pro Hac Vice *Vice Filing fee $ 200, receipt number ANYEDC-17715642* by Krista Wright. (Attachments: # 1 Affidavit, # 2 Exhibit Certificate of Good Standing, # 3 Exhibit Certificate of Good Standing) (TLH) (Entered: 04/04/2024) |
| 03/29/2024 | 185 | STATUS REPORT *Defendants' Proposed Additional Agenda Items* by Albertsons Companies, Inc., Amazon.com Services LLC, Amazon.com, Inc, Associated Wholesale Grocers Inc, Bayer Healthcare L.L.C., CVS Pharmacy Inc., Costco Wholesale Corp., Dierbergs Markets, Inc., Haleon US Holdings LLC, Harris Teeter Supermarkets, Inc., Harris Teeter, LLC, Johnson & Johnson Consumer Inc., Publix Super Markets, Inc., RB Health (US) LLC, Rite Aid Corporation, Target Corporation, The Kroger Co., The Procter & Gamble Company, Valu Merchandisers Co., Wal-Mart Inc., Wal-Mart Stores East 1, LP, Walgreen Co (Soukup, Andrew) (Entered: 03/29/2024) |
| 04/01/2024 | 186 | NOTICE of Appearance by Michael A. Sacchet on behalf of Cody Morgan (notification declined or already on case) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09266-BMC (Sacchet, Michael) (Entered: 04/01/2024) |
| 04/01/2024 | 187 | MOTION to Appear Pro Hac Vice *Daniel R. Schwartz* Filing fee $ 200, receipt number ANYEDC-17728548 by Erin Barton. (Attachments: # 1 Affidavit Affidavit in Support of Motion to Admit Counsel Pro Hac Vice, # 2 Exhibit State of Illinois Certificate of Good Standing, # 3 Exhibit State of New York Certificate of Good Standing, # 4 Proposed Order Proposed Order) (Schwartz, Daniel) (Entered: 04/01/2024) |
| 04/01/2024 | 188 | MOTION to Appear Pro Hac Vice *for Sara K. Thompson* Filing fee $ 200, receipt number ANYEDC-17729690 by Albertsons Companies, Inc., CVS Pharmacy Inc., Costco Wholesale Corp., Rite Aid Corporation, Target Corporation, Wal-Mart Inc., Wal-Mart Stores East 1, LP, Walgreen Co. (Attachments: # 1 Affidavit, # 2 Exhibit A - Certificates of Good Standing, # 3 Proposed Order, # 4 Certificate of Service) (Goldstein, Dale) (Entered: 04/01/2024) |
| 04/02/2024 | | ORDER granting 187 188 Motions for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, each attorney shall ensure the $200 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 4/2/2024. (PW) (Entered: 04/02/2024) |
| 04/02/2024 | | ORDER. Members of the public may join today's 6:00 pm conference in a listen-only mode by calling 571-353-2301 and entering Meeting ID: 208955910#. Ordered by Judge Brian M. Cogan on 4/2/2024. (PW) (Entered: 04/02/2024) |
| 04/03/2024 | | Minute Entry and Order for Initial Status Conference held before Judge Brian M. Cogan on 4/2/2024. Counsel for Interim Class Counsel and defendants appeared via Zoom. First, plaintiffs' amended motion to appoint counsel 135 is granted. Second, plaintiffs must file their bellwether complaint by 5/3/2024. Third, the parties shall exchange Rule 26(a) initial disclosures by 5/17/2024. Finally, the Court will hold a status conference on 5/23/2024 at 10:00 am via Zoom. A ZoomGov link will be emailed to counsel for defendants, members of the Plaintiffs' Executive Committee, and members of the Plaintiffs' Steering Committee. See transcript for details (Court Reporter: Rivka Teich). (PW) (Entered: 04/03/2024) |
| 04/04/2024 | 189 | NOTICE of Appearance by Tyler Hudson on behalf of Heather Fong, Michael Walker, Krista Wright (notification declined or already on case) (Hudson, Tyler) (Entered: 04/04/2024) |

A-123

| 04/04/2024 | | ORDER granting 190 in case 1:23-md-03089, Tyler Hudson's Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, the attorney shall ensure the $200 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 4/4/2024. Associated Cases: 1:23-md-03089-BMC et al. (PW) (Entered: 04/04/2024) |
|---|---|---|
| 04/04/2024 | 193 | NOTICE of Appearance by Daniel Schwartz on behalf of Erin Barton (notification declined or already on case) (Schwartz, Daniel) (Entered: 04/04/2024) |
| 04/05/2024 | 194 | NOTICE of Appearance by Laura Flahive Wu on behalf of The Procter & Gamble Company (aty to be noticed) Associated Cases: 1:23-md-03089-BMC, 2:23-cv-06870-BMC (Flahive Wu, Laura) (Entered: 04/05/2024) |
| 04/11/2024 | 195 | JPMDL Conditional Transfer Order (Schedule A): Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the order of December 6, 2023, and, with the consent of that court, assigned to the Honorable Brian M. Cogan. (AF) (Entered: 04/15/2024) |
| 04/16/2024 | 196 | Letter MOTION to Amend/Correct/Supplement *for Entry of a Proposed Order Governing Complaint and Dismissal Process* by Plaintiffs. (Attachments: # 1 Proposed Order) (London, Michael) (Entered: 04/16/2024) |
| 04/17/2024 | 197 | ORDER granting re: 196 Governing Complaint and Dismissal Process. ( Ordered by Judge Brian M. Cogan on 4/16/2024 ) (RG) (Entered: 04/17/2024) |
| 04/18/2024 | 198 | JPMDL Conditional Transfer Order (CTO-8):Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the order of December 6, 2023, and, with the consent of that court, assigned to the Honorable Brian M. Cogan. (AF) (Entered: 04/18/2024) |
| 04/26/2024 | 199 | JPMDL Conditional Transfer Order (CTO-9):Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the order of December 6, 2023, and, with the consent of that court, assigned to the Honorable Brian M. Cogan. (AF) (Entered: 04/26/2024) |
| 05/02/2024 | | Email Notification Test - DO NOT REPLY (EF) (Entered: 05/02/2024) |
| 05/03/2024 | 200 | AMENDED COMPLAINT against All Defendants, Supplemental COMPLAINT *INITIAL STREAMLINED CONSOLIDATED NEW YORK BELLWETHER CLASS ACTION COMPLAINT*, filed by Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit A (Contd.), # 3 Exhibit A (Contd.), # 4 Exhibit A (Contd.), # 5 Exhibit A (Contd.), # 6 Exhibit A (Contd.), # 7 Exhibit A (Contd.), # 8 Exhibit A (Contd.), # 9 Exhibit A (Contd.), # 10 Exhibit A (Contd.), # 11 Exhibit A (Contd.), # 12 Exhibit A (Contd.), # 13 Exhibit A (Contd.), # 14 Exhibit A (Contd.), # 15 Exhibit A (Contd.), # 16 Exhibit A (Contd.), # 17 Exhibit A (Contd.), # 18 Exhibit A (Contd.), # 19 Exhibit A (Contd.), # 20 Exhibit A (Contd.), # 21 Exhibit A (Contd.), # 22 Exhibit A (Contd.), # 23 Exhibit A (Contd.), # 24 Exhibit A (Contd.), # 25 Exhibit A (Contd.)) (London, Michael) (Entered: 05/03/2024) |
| 05/06/2024 | 201 | Proposed Summons. Re 200 Amended Complaint,,,, Supplemental Complaint,,, by Plaintiffs (London, Michael) (Entered: 05/06/2024) |
| 05/06/2024 | | ORDER granting 191 192 Tyler Hudson's Motions for Leave to Appear Pro Hac Vice as counsel for plaintiffs Michael Walker and Krista Wright. Ordered by Judge Brian M. Cogan on 5/6/2024. (PW) (Entered: 05/06/2024) |
| 05/10/2024 | 202 | Summons Issued as to Perrigo Company PLC. (RG) (Entered: 05/10/2024) |

| | | |
|---|---|---|
| 05/16/2024 | 203 | Letter MOTION to Amend/Correct/Supplement 197 Order on Motion to Amend/Correct/Supplement *Order Governing Complaint and Dismissal Process* by Albertsons Companies, Inc., Amazon.com Services LLC, Amazon.com, Inc, Associated Wholesale Grocers Inc, Bayer Healthcare L.L.C., CVS Pharmacy Inc., Costco Wholesale Corp., Dierbergs Markets, Inc., Haleon US Holdings LLC, Harris Teeter Supermarkets, Inc., Harris Teeter, LLC, Johnson & Johnson Consumer Inc., Publix Super Markets, Inc., RB Health (US) LLC, Rite Aid Corporation, Target Corporation, The Kroger Co., The Procter & Gamble Company, Valu Merchandisers Co., Wal-Mart Stores East 1, LP, Walgreen Co, Walmart Inc,. (Attachments: # 1 Exhibit A (Proposed Order)) (Soukup, Andrew) (Entered: 05/16/2024) |
| 05/16/2024 | 204 | ORDER granting 203 Motion to Amend/Correct/Supplement; AMENDED ORDER GOVERNING INITIAL STREAMLINED CONSOLIDATED CLASS ACTION COMPLAINT AND DEFENDANTS' MOTION TO DISMISS IN RESPONSE. ( Ordered by Judge Brian M. Cogan on 5/16/2024 ) (RG) (Entered: 05/16/2024) |
| 05/16/2024 | | SCHEDULING ORDER: In lieu of the upcoming status conference, the Court directs the parties to submit a joint discovery status report not to exceed 3 pages. The 5/23/2024 status conference is adjourned. Upon review of the parties' status report, the Court will set a date for a further status conference. Ordered by Judge Brian M. Cogan on 5/16/2024. (PW) (Entered: 05/16/2024) |
| 05/17/2024 | 205 | CORRECTED CASE MANAGEMENT ORDER NO. 1. The Court amends its prior order regarding motions for admission pro hac vice. Ordered by Judge Brian M. Cogan on 5/17/2024. (PW) (Entered: 05/17/2024) |
| 05/17/2024 | 206 | SUMMONS Returned Executed by Plaintiffs. Perrigo Company PLC served on 5/15/2024, answer due 6/5/2024. (London, Michael) (Entered: 05/17/2024) |
| 05/17/2024 | 207 | NOTICE of Appearance by Sara K. Thompson on behalf of Albertsons Companies, Inc., CVS Pharmacy Inc., Costco Wholesale Corp., Rite Aid Corporation, Target Corporation, Wal-Mart Inc., Wal-Mart Stores East 1, LP, Walgreen Co (aty to be noticed) (Thompson, Sara) (Entered: 05/17/2024) |
| 05/21/2024 | 208 | NOTICE of Appearance by Melissa S. Weiner on behalf of Donald Krist, Paul Mateer, William Mitchell, Rose Riccio, Mohamad Tlaib, Tina Tuominen (aty to be noticed) (Weiner, Melissa) (Entered: 05/21/2024) |
| 05/23/2024 | 209 | STATUS REPORT *Joint Discovery Status Report* by Plaintiffs (London, Michael) (Entered: 05/23/2024) |
| 06/03/2024 | | SCHEDULING ORDER re: 209 . The Court will hold a status conference to discuss the issues raised in the parties' joint letter on June 11, 2024 at 11:00 am. A ZoomGov link will be emailed to counsel for defendants, members of the Plaintiffs' Executive Committee, and members of the Plaintiffs' Steering Committee. By June 17, 2024, the parties are directed to submit the agreed-upon protective and ESI orders, or if the parties cannot reach agreement, a joint submission that clearly indicates areas of agreement and disagreement as to both orders and provides the parties' respective arguments for the same. Ordered by Judge Brian M. Cogan on 6/3/2024. (PW) (Entered: 06/03/2024) |
| 06/03/2024 | 210 | NOTICE of Voluntary Dismissal by Plaintiffs *of Defendant Haleon US Capital LLC Only without Prejudice in the Initial Streamlined Consolidated New York Bellwether Class Action Complaint* (London, Michael) (Entered: 06/03/2024) |
| 06/03/2024 | 211 | NOTICE of Voluntary Dismissal by Plaintiffs *of Defendants Reckitt Benckiser Pharmaceuticals Inc., and Reckitt Benckiser LLC Only without Prejudice in the Initial Streamlined Consolidated New York Bellwether Class Action Complaint* (London, Michael) (Entered: 06/03/2024) |
| 06/03/2024 | 212 | MOTION to Dismiss for Failure to State a Claim by Bayer Healthcare L.L.C., CVS Pharmacy Inc., Haleon US Holdings LLC, Johnson & Johnson Consumer Inc., RB Health (US) LLC, Target Corporation, The Procter & Gamble Company, Wal-Mart Inc., Walgreen Co. (Soukup, Andrew) (Entered: 06/03/2024) |

**A-125**

| 06/03/2024 | 213 | MEMORANDUM in Support re 212 MOTION to Dismiss for Failure to State a Claim filed by Bayer Healthcare L.L.C., CVS Pharmacy Inc., Haleon US Holdings LLC, Johnson & Johnson Consumer Inc., RB Health (US) LLC, Target Corporation, The Procter & Gamble Company, Wal-Mart Inc., Walgreen Co. (Soukup, Andrew) (Entered: 06/03/2024) |
|---|---|---|
| 06/06/2024 | 214 | NOTICE of Appearance by Sara Castronuova on behalf of Plaintiffs (aty to be noticed) (Castronuova, Sara) (Entered: 06/06/2024) |
| 06/06/2024 | 215 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 04/02/24, before Judge COGAN. Court Reporter/Transcriber RIVKA TEICH, Telephone number (718)613-2268. Email address: RIVKATEICH@GMAIL.COM. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 6/27/2024. Redacted Transcript Deadline set for 7/8/2024. Release of Transcript Restriction set for 9/4/2024. (Teich, Rivka) (Entered: 06/06/2024) |
| 06/06/2024 | 216 | NOTICE of Appearance by Debra Nicole Guntner on behalf of Cody Morgan (aty to be noticed) Associated Cases: 1:23-md-03089-BMC, 1:23-cv-09266-BMC (Guntner, Debra) (Entered: 06/06/2024) |
| 06/07/2024 | 217 | NOTICE of Appearance by Jeffrey Scott Grand on behalf of Erin Barton, Tatiana Benjamin, Kimberly Buscaglia, Francis W. Catanese, Christine Contreras, Natasha Freeman, Samuel Gallo, Robin Glauser, Anthony Rogers (aty to be noticed) (Grand, Jeffrey) (Entered: 06/07/2024) |
| 06/07/2024 | 218 | NOTICE of Appearance by Jennifer M. Hoekstra on behalf of Kaycie Coppock (notification declined or already on case) (Hoekstra, Jennifer) (Entered: 06/07/2024) |
| 06/10/2024 | | ORDER. Members of the public may join the conference scheduled for June 11, 2024 at 11:00 am in a listen-only mode by calling 571-353-2301 and entering Meeting ID: 208955910#. Ordered by Judge Brian M. Cogan on 6/10/2024. (PW) (Entered: 06/10/2024) |
| 06/10/2024 | 219 | NOTICE of Appearance by Jeffrey A. N. Kopczynski on behalf of Johnson & Johnson Consumer Inc. (aty to be noticed) (Kopczynski, Jeffrey) (Entered: 06/10/2024) |
| 06/11/2024 | 220 | Minute Entry and Order for Status Conference held before Judge Brian M. Cogan on 6/11/2024. Counsel for the Interim Class and defendants appeared via Zoom. First, the parties may begin to hold Rule 26(f) conferences. Second, the parties are permitted to serve discovery requests on one another, but they are not obligated to produce discovery until the Court rules on defendants' initial motion to dismiss. Third, the Court will post as "Court's Exhibit 1" the list of plaintiffs' attorneys identified by Interim Class Counsel (attached to this Order). Finally, the Court sets a further conference on 8/20/2024 at 11:00 am. A ZoomGov link will be emailed to counsel of record. See transcript for details (Court Reporter: Victoria Torres-Butler). (PW) (Entered: 06/11/2024) |
| 06/11/2024 | 221 | TRANSCRIPT REQUEST by Johnson & Johnson Consumer Companies, Inc, Johnson & Johnson Consumer Inc. for proceedings held on 06/11/2024 before Judge Cogan. (Hamilton, Emilie) (Entered: 06/11/2024) |
| 06/11/2024 | 222 | MOTION to Appear Pro Hac Vice *NOTICE OF MOTION TO ADMIT ERIC LOMBARDO PRO HAC VICE* Filing fee $ 200, receipt number ANYEDC-17967197 by Martha A. Page, Rebecca Lynn Reyes. (Attachments: # 1 Affidavit of Eric Lombardo, # 2 Exhibit A - Certificate of Good Standing, # 3 Proposed Order) (Lombardo, Eric) (Entered: 06/11/2024) |
| 06/12/2024 | | ORDER granting 222 Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, the attorney shall ensure the $200 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 6/12/2024. (PW) (Entered: 06/12/2024) |

A-126

| 06/12/2024 | 223 | NOTICE of Appearance by Eric Lombardo on behalf of Martha A. Page, Rebecca Lynn Reyes (notification declined or already on case) (Lombardo, Eric) (Entered: 06/12/2024) |
|---|---|---|
| 06/14/2024 | 224 | Letter MOTION for Extension of Time to File *Proposed ESI Protocol and Protective Order until August 1, 2024 (Joint Motion)* by Plaintiffs. (London, Michael) (Entered: 06/14/2024) |
| 06/17/2024 | | ORDER granting 224 . The parties will file their agreed-to or competing ESI and Protective Orders by August 1, 2024. Ordered by Judge Brian M. Cogan on 6/17/2024. (PW) (Entered: 06/17/2024) |
| 07/15/2024 | 225 | MEMORANDUM in Opposition re 212 MOTION to Dismiss for Failure to State a Claim filed by All Plaintiffs. (Selbin, Jonathan) (Entered: 07/15/2024) |
| 07/16/2024 | 226 | NOTICE by Robert Haid, Rethea Morris, William Bryan, Jack Hinsberger, Nancy Welharticky, Izabel Pena-Venegas, Beverly Ward, Min Ji Jung, Kenneth Levi Pack, Mohanad Abdelkarim, Millard Adkins, Frank Anderson, Rosalyn Anderson, Steve Audelo, John Jeffrey Bader, Donna Bailey, Layne Barter, Erin Barton, Tatiana Benjamin, Archanatep Boonparn, John Boswell, Jonathan Brandman, Regina Brookshier, William Bryan, Kimberly Buscaglia, Timothy Butler, James Carrigan, Francis W. Catanese, Tamula Chamberlain, Richard Chavez, Steven Checchia, Bethany Childers, Emily Cohen, Joey Cohen, Viva Cohen, Anthony Coleman, Scott Collier, Christine Contreras, Kaycie Coppock, John Coyle, Robyn Cronin, Jaedon Daniels, Cece Davenport, Hannah De Priest, Anthony DeRosa, Lauren Debeliso, Tatyana Dekhtyar, Kristin Depaola, Kathleen Emmons, Greg Enriquez, Eli Erlick, Robert Fichera, Dena Fichot, Brian Lloyd Fireng, Daniel Flick, Eduardo Flores, Michael Folks, Heather Fong, Natasha Freeman, Samuel Gallo, Michelle Garza, Robin Glauser, Darrell Wayne Grimsley, Jr., Andrew Gutierrez, Haley Hadden, Robert Haid, Tina Haluszka, Emily Hansen, Christine Harrison, Daniel Heaghney, Jose Cortez Hernandez, Natasha Hernandez, Toni Heuchan, Jack Hinsberger, Archi Hipkins, Jamieka Holmes, Robert Housman, James Hsieh, Carrie Diane Huff, Andrew Isom, Nathan Jackson, Rosalie Jackson, Kimberly James, Abby Jergins, Bill Jergins, Frizell Johnson, Janet Jones, Mari Jones, Pamela Joyner, Natalie Juneau, Michele Kasparie, Lorette Kenney, Cathy Kleiman, Erzen Krica, Donald Krist, Dimitri Lamdon, Kristin Lawrence, Michael Lee, Gwen Lewi, Thomas Lewis, Robert Lundin, Sharon Manier, Paul Mateer, Christopher McPhee, Kamonica McWhite, Daryl Means, Sommer Milous, William Mitchell, Cody Morgan, Rethea Morris, Lateef Murdock, Jordan Nelson, Newton's Pharmacy, Inc., Rhonda Nitto, Shelby Noviskis, Bonnie Van Noy, Harold Nyanjom, Chioma Ozuzu, Martha A. Page, Rachel Parker, Regina Peralta, Marcel Perez Pirio, Plaintiffs, Elie El Rai, Krystal Rampalli, Stacy Rankin, Jacob Reinkraut, Rebecca Lynn Reyes, Rose Riccio, Dominic Rio, Olivia Rodesta, Anthony Rogers, Sharon Rourk, Recoa Russell, Allison Sammarco, Claudette Sanes, Marisol Scharon, Karen Schwartz, Richard Scoffier, Joanne Silva, Joseph Samuel Sorge, Joshua Edward Sorge, Annette Striegel, Randall Sygal, Stan Szrajer, Ruta Taito, Joy Taylor, Gwen Thomas, Shawn L. Thomas, Jessica Thompson, Amanda Thorns, Achorea Tisdale, Mohamad Tlaib, Tiffany Travis, Tina Tuominen, Hector Valdes, Jay Valinsky, Ruben Varela, Sierra Vent, Hollie Verdi, Justin Vorise, Michael Walker, John Jeffrey Ward, Christine Ann Waters, Amy Weinberg, Nancy Welharticky, Mychael Willon, Andrea Wilson, Charles Geoffrey Woods, Krista Wright, Sandra Yousefzadeh, Janis Zimmerman, Archi Hipkins, Abby Jergins, Richard Chavez re (117 in 1:23-md-03089-BMC) Notice of Appearance *Withdrawal of Appearance* Associated Cases: 1:23-md-03089-BMC et al. (Min, YuQing) (Entered: 07/16/2024) |
| 07/19/2024 | 227 | SUMMONS Returned Executed by Plaintiffs. Haleon PLC served on 7/3/2024, answer due 7/24/2024. (London, Michael) (Entered: 07/19/2024) |
| 07/19/2024 | 228 | SUMMONS Returned Executed by Plaintiffs. Perrigo Company PLC served on 6/20/2024, answer due 7/11/2024. (London, Michael) (Entered: 07/19/2024) |
| 08/01/2024 | 229 | Letter MOTION for Extension of Time to File *proposed ESI Order (Joint Motion)* by Plaintiffs. (London, Michael) (Entered: 08/01/2024) |
| 08/01/2024 | 230 | Letter *enclosing proposed Protective Order* by Plaintiffs (Attachments: # 1 Proposed Order) (London, Michael) (Entered: 08/01/2024) |
| 08/02/2024 | 231 | CASE MANAGEMENT ORDER NO. 2: Qualified Protective Order and Agreed Confidentiality Order. ( Ordered by Judge Brian M. Cogan on 8/1/2024 ) (RG) (Entered: 08/02/2024) |

| 08/02/2024 | | ORDER granting 229 . The parties shall file their agreed-to or competing ESI Order by August 15, 2024. Ordered by Judge Brian M. Cogan on 8/2/2024. (PW) (Entered: 08/02/2024) |
|---|---|---|
| 08/05/2024 | 232 | REPLY in Support re 212 MOTION to Dismiss for Failure to State a Claim filed by Bayer Healthcare L.L.C., CVS Pharmacy Inc., Haleon US Holdings LLC, Johnson & Johnson Consumer Inc., RB Health (US) LLC, Target Corporation, The Procter & Gamble Company, Wal-Mart Inc., Walgreen Co. (Soukup, Andrew) (Entered: 08/05/2024) |
| 08/06/2024 | 233 | SUMMONS Returned Executed by Sharon Rourk. (Furia, Philip) (Entered: 08/06/2024) |
| 08/06/2024 | 234 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number ANYEDC-18150136 by Sandra Yousefzadeh. (Attachments: # 1 Affidavit in Support of Motion to Admit Counsel Pro Hac Vice, # 2 Appendix Certificate of Good Standing (NY), # 3 Appendix Certificate of Good Standing (TN), # 4 Appendix Certificate of Good Standing (WI)) (Kaufman, Andrew) (Entered: 08/06/2024) |
| 08/07/2024 | | ORDER granting 234 Andrew Kaufman's Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, the attorney shall ensure the $200 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 8/7/2024. (PW) (Entered: 08/07/2024) |
| 08/07/2024 | 235 | Letter *to Judge Cogan to remove Kirkland & Ellis LLP and its attorneys Jay P. Lefkowitz, Jacob Rae, and Robyn E. Bladow as counsel for Defendant Haleon plc.* by Haleon US Holdings LLC (Bladow, Robyn) (Entered: 08/07/2024) |
| 08/07/2024 | | ORDER re: 235 . Attorneys Jacob Rae; Robyn E. Bladow and Jay P. Lefkowitz terminated as counsel for Haleon PLC. Ordered by Judge Brian M. Cogan on 8/7/2024. (PW) (Entered: 08/07/2024) |
| 08/14/2024 | | ORDER. Members of the public may join the conference scheduled for August 20, 2024 at 11:00 am in a listen-only mode by calling 571-353-2301 and entering Meeting ID: 208955910#. Ordered by Judge Brian M. Cogan on 8/14/2024. (PW) (Entered: 08/14/2024) |
| 08/15/2024 | 236 | Letter *enclosing proposed ESI Protocol Order* by Plaintiffs (Attachments: # 1 Proposed Order) (London, Michael) (Entered: 08/15/2024) |
| 08/15/2024 | 237 | STATUS REPORT /*Joint Proposed Agenda* by Plaintiffs (London, Michael) (Entered: 08/15/2024) |
| 08/19/2024 | 238 | CASE MANAGEMENT ORDER NO. 3 <br><br> ORDER REGARDING PROTOCOL FOR PRODUCTION OF HARD COPY DOCUMENTS AND ELECTRONICALLY STORED INFORMATION. ( Ordered by Judge Brian M. Cogan on 8/19/2024 ) (RG) (Entered: 08/19/2024) |
| 08/20/2024 | 239 | Minute Entry and Order for Status Conference held before Judge Brian M. Cogan on 8/20/2024. Counsel for the Interim Class and defendants appeared via Zoom. First, the Court scheduled Oral Argument on Defendants' Motion to Dismiss Plaintiffs' Bellwether Complaint 212 , to be followed by a status conference, for 9/23/2024 at 12pm. A ZoomGov link will be emailed to counsel of record. Second, the Court will post as "Court's Exhibit 2" the list of plaintiffs' attorneys identified by Interim Class Counsel (attached to this Order). See transcript for details. (Court Reporter: Andronikh Barna.) (PW) (Entered: 08/20/2024) |
| 08/20/2024 | 240 | TRANSCRIPT REQUEST by Johnson & Johnson Consumer Inc. for proceedings held on August 20, 2024 before Judge Brian M. Cogan. (Hamilton, Emilie) (Entered: 08/20/2024) |
| 08/20/2024 | | ORDER re: 240 . Transcript requests should not be filed on the docket. They will not be acted on. Ordered by Judge Brian M. Cogan on 8/20/2024. (PW) (Entered: 08/20/2024) |
| 08/26/2024 | 241 | NOTICE of Appearance by Andrew Kaufman on behalf of Sandra Yousefzadeh (notification declined or already on case) (Kaufman, Andrew) (Entered: 08/26/2024) |

| 09/10/2024 | 242 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number ANYEDC-18264653 by Sandra Yousefzadeh. (Attachments: # 1 Affidavit in Support of Motion to Admit Counsel Pro Hac Vice, # 2 Appendix Certificate of Good Standing (CA)) (Lewis, Faith) (Entered: 09/10/2024) |
|---|---|---|
| 09/11/2024 | | ORDER granting 242 Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, the attorney shall ensure the $200 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 9/11/2024. (PW) (Entered: 09/11/2024) |
| 09/12/2024 | 243 | NOTICE of Appearance by Faith E. A. Lewis on behalf of Sandra Yousefzadeh (notification declined or already on case) (Lewis, Faith) (Entered: 09/12/2024) |
| 09/17/2024 | | ORDER. Members of the public may join the hearing scheduled for September 23, 2024 at 12 noon in a listen-only mode by calling 571-353-2301 and entering Meeting ID: 208955910#. Ordered by Judge Brian M. Cogan on 9/17/2024. (PW) (Entered: 09/17/2024) |
| 09/23/2024 | 244 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number ANYEDC-18310682 by Albertsons Companies, Inc., CVS Pharmacy Inc., Costco Wholesale Corp., Rite Aid Corporation, Target Corporation, Wal-Mart Stores East 1, LP, Walgreen Co, Walmart Inc,. (Attachments: # 1 Exhibit A, # 2 Declaration of Austin A. Evans in Support of Motion for Admission Pro Hac Vice, # 3 Certificate of Service, # 4 Proposed Order for Admission Pro Hac Vice of Austin A. Evans) (Evans, Austin) (Entered: 09/23/2024) |
| 09/24/2024 | | ORDER granting 244 Austin A. Evans' Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, the attorney shall ensure the $200 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Judge Brian M. Cogan on 9/24/2024. (PW) (Entered: 09/24/2024) |
| 09/26/2024 | | Minute Entry and Order for Oral Argument on Defendants' Motion to Dismiss based on Preemption 212 and Status Conference held before Judge Brian M. Cogan on 9/24/2024. Counsel for the Interim Class and defendants appeared via Zoom. The Court heard argument on the motion and reserved decision. The Court deferred setting a further schedule until it issues decision on the pending motion. See transcript for details (Court Reporter: Victoria Torres-Butler). (PW) (Entered: 09/26/2024) |
| 09/27/2024 | 245 | NOTICE by Rite Aid Corporation *of Notice of Permanent Injunction and Discharge* (Attachments: # 1 Exhibit A - Confirmation Order and Plan, # 2 Exhibit B - 2024-09-03 Notice Doc# 4800) (Goldstein, Dale) (Entered: 09/27/2024) |
| 09/30/2024 | 246 | NOTICE of Appearance by Austin Evans on behalf of Albertsons Companies, Inc., CVS Pharmacy Inc., Costco Wholesale Corp., Rite Aid Corporation, Target Corporation, Wal-Mart Stores East 1, LP, Walgreen Co, Walmart Inc, (notification declined or already on case) (Evans, Austin) (Entered: 09/30/2024) |
| 10/02/2024 | 247 | Letter *to Judge Cogan* by Sandra Yousefzadeh (Selbin, Jonathan) (Entered: 10/02/2024) |
| 10/03/2024 | | ORDER STRIKING 247 . This is an ill-advised submission. The Court did not request this commentary, and since it was present at the argument, it heard what everyone said. In addition, counsel is advised that in the future, any letter filed in this action must include in the ECF entry line a brief description of the subject matter of the letter, e.g., "Letter regarding Plaintiffs' RICO claims" not simply "Letter", so that the docket remains intelligible. Do not refile. Ordered by Judge Brian M. Cogan on 10/3/2024. (PW) (Entered: 10/03/2024) |
| 10/07/2024 | | ORDER re: 245 . Rite Aid Corporation has filed a "notice" requesting that this Court "administratively terminate" these cases as to it and certain unnamed affiliates and subsidiaries based on proceedings in the New Jersey Bankruptcy Court. The Court is unsure what Rite Aid means by "administratively terminate," and the Court does not rule on claims based on "notices." Rite Aid has been sued and there are pending claims against it before this Court. If its position is that those claims have been discharged by the New Jersey Bankruptcy Court, as it appears to be, it needs to file a |

| | | |
|---|---|---|
| | | stipulation or motion to dismiss those claims without prejudice to their treatment under the Bankruptcy Court's Orders. Dismissal, not "administrative termination," is the appropriate disposition of claims that have been discharged in bankruptcy. Ordered by Judge Brian M. Cogan on 10/7/2024. (PW) (Entered: 10/07/2024) |
| 10/08/2024 | 248 | Corporate Disclosure Statement by Bayer Healthcare L.L.C. identifying Other Affiliate Bayer Essure Inc., Other Affiliate Bayer Consumer Care Holdings LLC, Other Affiliate Bayer West Coast Corporation, Other Affiliate NippoNex Inc., Other Affiliate Bayer Medical Care Inc., Other Affiliate Bayer Healthcare US Funding LLC for Bayer Healthcare L.L.C.. (Campbell, Christopher) (Entered: 10/08/2024) |
| 10/29/2024 | 249 | MEMORANDUM DECISION AND ORDER dated 10/29/24 re: that defendants' motion to dismiss the streamlined complaint is GRANTED. ( Ordered by Judge Brian M. Cogan on 10/29/2024 ) (RG) (Entered: 10/29/2024) |
| 10/29/2024 | | SCHEDULING ORDER: An in-person Status Conference will be held on 11/21/2024 at 1:00 PM in Courtroom 10A South. Ordered by Judge Brian M. Cogan on 10/29/2024. (PW) (Entered: 10/29/2024) |
| 11/06/2024 | | ORDER. The Court gives the parties the option to appear either in-person in Courtroom 10A South, by audio, or by video at the Status Conference scheduled for 11/21/2024 at 1:00 pm. A ZoomGov link will be emailed to all counsel of record. By 11/20/2024, the parties will email a list of speakers to Tasha_townsend@nyed.uscourts.gov. Ordered by Judge Brian M. Cogan on 11/6/2024. (PW) (Entered: 11/06/2024) |
| 11/06/2024 | 250 | Letter MOTION for Leave to File Document *Letter Motion to Judge Cogan Regarding Entry of Judgment* by Haleon US Holdings LLC. (Attachments: # 1 Proposed Judgment) (Lefkowitz, Jay) (Entered: 11/06/2024) |
| 11/08/2024 | 251 | Letter *(Joint) Regarding Recent FDA Announcement* by Plaintiffs (London, Michael) (Entered: 11/08/2024) |
| 11/12/2024 | | ORDER granting 250 . The Court has considered plaintiffs' subsequent request that the Court hold entry of final judgment "in abeyance" pending further interparty and intraparty discussions and has considered defendants' opposition to delaying entry of judgment. The Court is going to enter judgment now. The Court does not see how, even if the FDA amends the monograph at some unknown point in the future (which it well may not do), it would have any impact on this Court's decision. At all times relevant to the consolidated cases, the FDA's monograph for nasal decongestants remained the same. If the FDA amends the monograph in the future, and defendants' labels at that point have to be changed but are not, perhaps individuals who then buy defendants' products containing phenylephrine will experience harm that creates the basis of a new claim against defendants. But, as the Court explained in its opinion, defendants' labels conform to the current federal regulations, and those regulations preempt plaintiffs' state law claims. The fact that the FDA might change the monograph in the future would not change this analysis. The Court therefore will enter the parties proposed judgment. The status conference scheduled for 11/21/2024 is canceled. So Ordered by Judge Brian M. Cogan on 11/12/2024. (TLH) (Entered: 11/12/2024) |
| 11/12/2024 | 252 | JUDGMENT, All claims in the complaints transferred into the above-captioned master docket are dismissed with prejudice. The Clerk is instructed to enter JUDGMENT dismissing all claims in any complaint in this multidistrict litigation. This is a final, appealable judgment that resolves all of the claims in all of the cases in this multidistrict litigation. The in-person Status Conference currently scheduled for 1:00 p.m. ET on November 21, 2024, is hereby adjourned. So Ordered by Judge Brian M. Cogan on 11/12/2024. Associated Cases: 1:23-md-03089-BMC et al. (TLH) (Entered: 11/12/2024) |

| 11/15/2024 | 253 | MOTION to Alter Judgment *pursuant to Federal Rule of Civil Procedure 60(b), for Partial Relief from the Order Entering Judgment entered by this Court on November 12, 2024, and for Remand of its individual lawsuit to the Federal District Court for the Southern District of Ohio* by Newton's Pharmacy, Inc.. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A - Complaint, # 3 Exhibit B - Conditional Transfer Order) (Beridon, Alyson) (Entered: 11/15/2024) |
| 11/18/2024 | 254 | MOTION to Withdraw as Attorney by Johnson & Johnson Consumer Inc.. (Hamilton, Emilie) (Entered: 11/18/2024) |
| 11/18/2024 | | ORDER granting 254 Motion to Withdraw as Attorney. Attorney Emilie W. Hamilton terminated. Ordered by Judge Brian M. Cogan on 11/18/2024. (PW) (Entered: 11/18/2024) |
| 11/27/2024 | 255 | MEMORANDUM in Opposition re 253 MOTION to Alter Judgment *pursuant to Federal Rule of Civil Procedure 60(b), for Partial Relief from the Order Entering Judgment entered by this Court on November 12, 2024, and for Remand of its individual lawsuit to the Federal District Court for t* filed by The Procter & Gamble Company, Haleon US Holdings LLC, Johnson & Johnson Consumer Inc., RB Health (US) LLC. (Soukup, Andrew) (Entered: 11/27/2024) |
| 12/04/2024 | 256 | REPLY in Support re 253 MOTION to Alter Judgment *pursuant to Federal Rule of Civil Procedure 60(b), for Partial Relief from the Order Entering Judgment entered by this Court on November 12, 2024, and for Remand of its individual lawsuit to the Federal District Court for t* filed by Newton's Pharmacy, Inc.. (Attachments: # 1 Exhibit 1 - April 2, 2024, Hearing Transcript) (Beridon, Alyson) (Entered: 12/04/2024) |
| 12/09/2024 | 257 | NOTICE OF APPEAL as to 252 Judgment,, 249 Order on Motion to Dismiss for Failure to State a Claim by Plaintiffs. Filing fee $ 605, receipt number ANYEDC-18563090. Appeal Record due by 12/23/2024. (Selbin, Jonathan) (Entered: 12/09/2024) |
| 12/09/2024 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 257 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 12/09/2024) |
| 12/11/2024 | 258 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 8/20/2024, for hearing type Status Conference, before Judge Brian M. Cogan. Court Reporter/Transcriber Andronikh Barna, Telephone number 718-613-2178. Email address: ambarna.crr@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 1/2/2025. Redacted Transcript Deadline set for 1/13/2025. Release of Transcript Restriction set for 3/11/2025. (Barna, Andronikh) (Entered: 12/11/2024) |
| 12/16/2024 | 259 | MEMORANDUM DECISION AND ORDER dated 12/13/24 denying 253 Motion to Alter Judgment re: Plaintiff Newton's Pharmacy, Inc., ("NPI") has moved for reconsideration of the Court's dismissal of its Lanham Act claim. Reasoning that the Court's order dismissing the initial streamlined complaint does not apply to federal false-advertising claims, NPI seeks a remand of its claim to the Southern District of Ohio. The Motion is Denied. ( Ordered by Judge Brian M. Cogan on 12/13/2024 ) (RG) (Entered: 12/16/2024) |
| 01/10/2025 | 260 | NOTICE OF APPEAL as to 259 Order on Motion to Alter Judgment,,, Memorandum & Opinion,, 252 Judgment,, by Newton's Pharmacy, Inc.. Filing fee $ 605, receipt number ANYEDC-18654579. (Beridon, Alyson) (Entered: 01/10/2025) |
| 01/13/2025 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 260 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 01/13/2025) |

A-131

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Oral Phenylephrine Marketing and Sales Practices Litigation | Case No. 1:23-md-03089-BMC |
| This document relates to: | Hon. Brian M. Cogan |
| All actions. | |

## [PROPOSED] ORDER GOVERNING PLAINTIFFS' INITIAL STREAMLINED CONSOLIDATED COMPLAINT AND DEFENDANTS' MOTION TO DISMISS IN RESPONSE

1.      By May 3, 2024, Interim Class Counsel will file an Initial Streamlined Consolidated Complaint under New York law alleging representative examples of the conduct and claims they allege to be at issue in this Multidistrict Litigation relating, among other things, to the marketing and labeling of oral phenylephrine products.

2.      By June 3, 2024, all named and served Defendants will file a single joint motion to dismiss raising arguments solely on preemption and/or primary jurisdiction.  Plaintiffs' response will be due July 15, 2024, and Defendants' reply will be due August 5, 2024.  For purposes of this motion only, the parties are excused from complying with the Court's requirement to request a pre-motion conference.

3.      Regardless of when Plaintiffs file their Full Master Consolidated Complaint, Defendants shall not be obligated to answer or otherwise respond to the Full Master Consolidated Complaint until 45 days after the Court rules on Defendants' motion to dismiss the Initial Streamlined Consolidated Complaint.  For the avoidance of doubt, Defendants shall not be obligated to raise any arguments for dismissal of either the Initial Streamlined Complaint or a Full Master Consolidated Complaint with respect to any issues other than preemption and/or primary

1

jurisdiction until their deadline to answer or otherwise respond to the Full Master Consolidated Complaint, a deadline that shall be set by the Court.

4.    The Parties agree that to the extent the Court grants or denies Defendants' motion to dismiss based on preemption and/or primary jurisdiction, the order will apply to all cases in this Multidistrict Litigation or otherwise subject to transfer into this Multidistrict Litigation.

**Parties' Reservation of Rights**

5.    **Plaintiffs.**  In filing the Initial Streamlined Complaint, Plaintiffs will not be prejudiced by failure to (1) allege every single instance of the conduct they allege to be wrongful relating to the marketing and labeling of oral phenylephrine cold medicines, (2) identify all products at issue, (3) file on behalf of every named plaintiff in this litigation, or (4) refer to the laws of any state other than New York.  Plaintiffs hereby commit to filing sufficient representative examples of the conduct and claims that they allege to be wrongful that a motion to dismiss based on preemption and/or primary jurisdiction will, if such arguments prevail, resolve this litigation in its entirety, regardless of additional specific examples of wrongful conduct, additional products named, additional Plaintiff-related allegations, or additional state-law claims that are pled or could be pled in a future Full Master Consolidated Complaint.

6.    **Defendants.**  In moving to dismiss the Initial Streamlined Complaint based only on preemption and/or primary jurisdiction, Defendants will not be prejudiced by failure to raise additional arguments for dismissal under Federal Rule of Procedure 12 unrelated to preemption and/or primary jurisdiction if, in the event the Court denies the motion to dismiss based on preemption and/or primary jurisdiction, a subsequent Full Master Consolidated Complaint is filed. Plaintiffs agree that, in the event the Court denies the motion to dismiss based on preemption and/or primary jurisdiction, Defendants shall be permitted to move to dismiss any subsequent Full

A-133

Master Consolidated Complaint based on any ground under Federal Rule of Civil Procedure 12(b)

other than those issues that shall have already been briefed and addressed by the Court in ruling

on the motion to dismiss the Initial Streamlined Complaint.  Nothing about this stipulation, or the

filing of any motion to dismiss the Initial Streamlined Complaint, waives any Defendants' personal

jurisdiction defense.

<div align="center">

**SO ORDERED.**

</div>

Brooklyn, NY
April 16, 2024

Dated: _____

*Brian M. Cogan*
_____
THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION** | MDL No. 3089<br><br>Case No. 1:23-md-3089<br><br>**INITIAL STREAMLINED CONSOLIDATED NEW YORK BELLWETHER CLASS ACTION COMPLAINT** |
| THIS DOCUMENT APPLIES TO:<br><br>All Cases | |

Plaintiffs[1] Sandra Yousefzadeh, Anntwanette Jones, Daniel Calzado, Eli Erlick, John Sloughter, Keith Mortuiccio, Pedro Urena, Kimberly McNulty, and Tatyana Dekhtyar (collectively, "Plaintiffs"), individually and on behalf of all other similarly situated consumers (the "Class," as more fully defined herein), upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, allege as follows:

## I.   <u>INTRODUCTION</u>

1.     Defendants know—and have long known—that the over-the-counter, orally ingested phenylephrine-containing products ("PE Products"[2]) that they manufactured, marketed, represented, warranted, and sold to consumers for the purpose of relieving nasal and sinus

---

[1] Pursuant to the Court's April 16, 2024 Order, this complaint is a bellwether complaint, filed under New York law, "alleging representative examples of the conduct and claims [Plaintiffs] allege to be at issue in this Multidistrict Litigation relating, among other things, to the marketing and labeling of oral phenylephrine products." ECF 197 at ¶ 1. It has further been ordered that "to the extent the Court grants or denies Defendants' motion to dismiss based on preemption and/or primary jurisdiction, the order will apply to all cases in this Multidistrict Litigation or otherwise subject to transfer into this Multidistrict Litigation." *Id.* at ¶ 4.

[2] To be clear, all references to PE Products refer to products consumed orally and not those administered non-orally, *e.g.*, topical, nasal, or intravenous products. While no PE Products are effective at relieving congestion, a collection of labels of PE Products at issue in this bellwether complaint is contained in Exhibit A, attached hereto. An entirely comprehensive list of all PE products sold during the class period is in the possession, custody, and control of Defendants.

congestion, do not relieve nasal or sinus congestion. Those products include: Sudafed PE (Johnson & Johnson Consumer Inc. ("Johnson & Johnson")); Mucinex Sinus Max (RB Health (USA) LLC ("RB")); Advil Sinus Congestion & Pain (Haleon U.S. Holdings L.L.C. ("Haleon")); NyQuil Severe Cold & Flu (Procter & Gamble Company ("P&G")); up & up Daytime Severe Cold & Flu Softgel (Target Corporation ("Target")); and hundreds of others.

2.      Notwithstanding that knowledge, Defendants made a business decision to lie to consumers and sell PE Products anyway. They affirmatively misrepresented and misbranded their PE Products to consumers as effective decongestants on every box sold and in every marketing representation they made, and never disclosed to consumers on any packaging, label, or in any marketing representation, what they knew to be true:  that their PE Products do not decongest.

3.      The purportedly decongesting ingredient in the PE Products is no more effective at decongesting than a placebo.

4.      By at least 2016, that fact – that the PE Products are no more effective at decongesting than a placebo – was unequivocally confirmed by science.

5.      Even after an FDA advisory committee composed of leading experts in pharmacological science in September 2023 voted *unanimously*, 16-0, that these products have no efficacy, Defendants are still manufacturing, marketing, representing, warranting, and selling the ineffective products to consumers based upon the same false and misleading information, and without ever disclosing the truth.

6.      As the FDA explained in a briefing document authored by FDA scientists for the 2023 meeting of the FDA's Nonprescription Drug Advisory Committee, at least three studies were published, completed, or terminated between 2015 and 2017 that represented "by far the largest and most carefully constructed trials that have ever been performed to evaluate the decongestant

effect of oral PE…and they confirm that orally administered PE is *not effective at any dose* that can be developed and still provide a reasonable margin of safety."[3]

7.      Defendants knew about these studies because this issue was widely followed in the industry. Nevertheless, Defendants sold over a billion dollars' worth of PE products every year, all while knowing that those products are no better than placebo at decongesting and *even though Defendants marketed and sold (and continue to market and sell) them to do exactly that.*

8.      Indeed, since the science solidified by 2016, Defendants actively conspired to mislead American consumers, and conspired together—including, but not limited to, through the industry's national trade association, Consumer Health Products Association ("CHPA")—to mislead consumers regarding phenylephrine's efficacy and the value of their PE Products.

9.      Simply put, for purposes of inducing consumers to purchase their PE Products, Defendants: (a) affirmatively misrepresented the most important and material facts directly to consumers regarding the efficacy of their PE Products; and/or (b) misbranded their PE Products directly to consumers; and/or (c) fraudulently concealed from and/or failed to disclose to consumers material facts regarding the efficacy of their PE Products.

10.     Defendants reaped a huge windfall as a result of their deception: current estimates are approximately $1.8 billion of sales of PE Products in 2022 alone, and at least $12 billion in the aggregate sales throughout the Class Period (defined below).

11.     Defendants' conduct violates New York consumer protection, fraud, and warranty law, and federal law.

---

[3] NCAC Briefing Document: Oral Phenylphrine in the CCABA Monograph, Nonprescription Drug Advisory Committee Meeting, September 11 and 12, 2023 at 32 (emphasis added). As explained below, the "NDAC Briefing Document" is a document prepared by FDA scientists for the Non-Prescription Drug Advisory Committee and contains a comprehensive analysis of studies and available data regarding the efficacy of oral phenylephrine.

12.     Federal law requires Defendants to ensure that their drug labels remain accurate, and when new scientific information renders their labels *in*accurate, federal law requires Defendants to act. Failure to do so renders their products misbranded.

13.     New York law requires the same.  Companies are required to describe accurately what they sell to consumers. Defendants, by manufacturing, marketing, representing, warranting, and selling products as effective decongestants when they know that those products do not actually decongest, violated—and continue to violate—New York law.

14.     In addition, Defendants that are CHPA members associated together and acted in concert through an enterprise, including through CHPA, to conspire over the course of many years to deceive and fraudulently suppress the truth regarding the efficacy of their products. That conduct constituted a scheme to defraud and conspiracy prohibited by the Racketeer Influenced and Corrupt Organizations Act ("RICO").

15.     Plaintiffs are all New York consumers who purchased PE Products during the Class Period and who would not have bought them or would have paid less for them had Defendants disclosed the truth. They filed this litigation on behalf of themselves and all New York consumers who purchased the PE Products to hold Defendants to account for their fraud, to recover as damages the money they spent as a result of that fraud, and to obtain an injunction ordering Defendants to stop falsely marketing the PE Products.

## II.     JURISDICTION & VENUE

16.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, because Plaintiffs' claims arise under RICO, 18 U.S.C. § 1962 (c) and (d). The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims arise out of the same case or controversy as the RICO

claims. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), because: (a) there are at least 100 class members; (b) the matter in controversy exceeds $5 million, exclusive of interest and costs; and (c) at least one plaintiff is a citizen of a different state than at least one defendant.

17.     This Court has personal jurisdiction over Defendants pursuant to 18 U.S.C. § 1965(d) because Defendants maintain minimum contacts with New York State, and intentionally avail themselves of the laws of the United States and New York State by conducting a substantial amount of business in New York State. Defendants continuously and systematically place goods into the stream of commerce for distribution in New York State, sell the PE Products to people in New York State, and engage in wholesale of the PE Products to retailers they know will resell in New York State. Because of Defendants' conduct as alleged in this lawsuit, PE Products were sold to and purchased by individuals in New York State. Alternatively, and for the same reasons, this Court has specific personal jurisdiction over any non-domiciliary Defendants because jurisdiction over such Defendants satisfies the requirements of both New York's long-arm statute (CPLR §302(a)(1)) and of constitutional due process.

18.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. Venue is also proper because the Judicial Panel on Multidistrict Litigation centralized proceedings in the Eastern District of New York.

### III.     PARTIES

19.     Plaintiff Sandra Yousefzadeh ("Yousefzadeh") is a citizen of the State of New York who, within the last three years purchased in New York the PE Product Sudafed PE® Sinus

Pressure + Pain Maximum Strength, manufactured and/or labeled by Defendant Johnson & Johnson.

20.     Plaintiff Anntwanette Jones ("Jones") is a citizen of the State of New York who, within the last three years, purchased the following PE Products in New York: "Vicks® Dayquil™ SEVERE Honey Cold & Flu," manufactured and/or labeled by Defendant P&G; "Equate Children's Multi-Symptom Cold Liquid, Very Berry," manufactured and/or labeled by Defendant Walmart; and "Delsym® Children's Cough+ Cold Nighttime Berry Flavored Liquid," manufactured and/or labeled by Defendant RB Health (US) LLC.

21.     Plaintiff Daniel Calzado ("Calzado") is a citizen of the State of New York who in the last three years purchased in New York the PE Product "Vicks NyQuil™ SEVERE Maximum Strength Cold & Flu Berry Flavored Liquid Medicine," manufactured and/or labeled by Defendant P&G. Within the applicable class period, Calzado also purchased the following PE Products manufactured and/or labeled by CVS Health: "CVS Health Non-Drowsy Nasal Decongestant PE Maximum Strength" and "CVS Health Non-Drowsy Sinus PE Pressure, Pain + Cold." Within the class period, Calzado also purchased the PE Product "Advil Multi-Symptom Cold & Flu" manufactured and/or labeled by Defendant Haleon.

22.     Plaintiff Eli Erlick ("Erlick") is a citizen of the State of New York who, in the last three years, purchased the following PE Products in New York: Acetaminophen Day/Night Time Vapor Ice Cold and Flu Relief Caplets - 24ct - up & up™ manufactured and/or labeled by Target; TYLENOL® Cold + Flu Severe For Day And Night, manufactured and/or labeled by Defendant Johnson & Johnson; and "Vicks NyQuil Severe Cold & Flu, 24 Liquicaps, Maximum Strength," manufactured and/or labeled by Defendant P&G.

23.     Plaintiff John Sloughter ("Sloughter") is a citizen of the State of New York who, in the last three years, purchased in New York the PE Product "Vicks DayQuil SEVERE Honey Flavored Maximum Strength Cold & Flu Liquid," manufactured and/or labeled by Defendant P&G.

24.     Plaintiff Keith Mortuiccio ("Mortuiccio") is a citizen of the State of New York who, in the last three years, purchased in New York the following PE Products: "Mucinex Maximum Strength Sinus-Max® Day & Night" manufactured and/or labeled by Defendant RB and its parent Reckitt Benckiser; "TYLENOL® Cold + Flu Severe" manufactured and/or labeled by Defendant Johnson & Johnson; "Mucinex Maximum Strength Fast-Max Severe Congestion & Cough," manufactured and/or labeled by Defendant RB and its parent Reckitt Benckiser; "Vicks DayQuil™ and NyQuil™ VapoCOOL SEVERE Maximum Strength Cold & Flu + Congestion Relief Liquid Co-Pack," manufactured and/or labeled by Defendant P&G; Mucinex Maximum Strength Fast-Max® Day Cold & Flu and Night Cold & Flu," manufactured and/or labeled by Defendant RB and its parent Reckitt Benckiser, Vicks DayQuil™ and NyQuil™ SEVERE Maximum Strength Cough, Cold & Flu Relief LiquiCaps™ Co-Pack manufactured and/or labeled by Defendant P&G.

25.     Plaintiff Pedro Urena ("Urena") is a citizen of the State and City of New York who, in the last three years, purchased the following PE Products in New York: "Alka-Seltzer Plus Severe Cold & Flu" manufactured and/or labeled by Defendant Bayer HealthCare LLC; "Thearaflu Daytime Severe Cold Relief Berry Burst Flavor Hot Liquid Powder" manufactured and/or labeled by Defendant Glaxo SmithKline; and "Vicks DayQuil™ SEVERE Maximum Strength Cold & Flu Daytime Relief LiquiCaps" manufactured and/or labeled by Defendant P&G.

26.     Plaintiff Kimberly McNulty ("McNulty") is a citizen of the State of New York who, in the last three years, purchased the PE Products "up & up Daytime Severe Cold & Flu Softgel"

manufactured and/or labeled by Defendant Target; "Walgreens Multi-Symptom Children's Cold Liquid" manufactured and/or labeled by Defendant Walgreens; "Walgreens Daytime Severe Cold & Flu Maximum Strength," manufactured and/or labeled by Defendant Walgreens; CVS Health Children's Day + Nighttime Cold, Cough + Congestion Relief Liquid manufactured and/or labeled by Defendant CVS; and "CVS Health Non-Drowsy Daytime Multi-Symptom Cold/Flu Relief Softgels," manufactured and/or labeled by Defendant CVS.

27.     Plaintiff Tatyana Dekhtyar ("Dekhtyar") is a citizen of the State of New York who, within the Class Period, purchased the following PE Product in New York: Advil Sinus Congestion & Pain, manufactured and/or labeled by Haleon.

28.     Defendant Bayer HealthCare LLC ("Bayer") is a Delaware limited liability company with its principal place of business in Morristown, New Jersey.  Bayer manufactures and sells PE Products under the Alka-Seltzer Plus brand name.

29.     Defendant CVS Pharmacy Inc. ("CVS") is a Rhode Island corporation with its principal place of business in Woonsocket, Rhode Island.  CVS sells and on information and belief manufactures PE products under the CVS brand name.

30.     Defendant Haleon plc is an English corporation with its principal place of business in Weybridge, England.

31.     Defendant Haleon U.S. Capital LLC (f/k/a GlaxoSmithKline U.S. Capital LLC) is a Delaware limited liability company with its principal place of business in Warren, New Jersey. Haleon US Capital LLC is a subsidiary of Haleon plc.

32.     Defendant Haleon US Holdings LLC ("Haleon") (f/k/a GSK Consumer Healthcare Holdings (US) LLC) is a Texas limited liability company with its principal place of business in

Warren, New Jersey. Haleon manufactures and sells PE Products under the Advil, Robitussin, and Theraflu brand names.

33.     Defendant Johnson & Johnson Consumer Inc. ("Johnson & Johnson") is a New Jersey corporation with its principal place of business in Skillman, New Jersey.  Johnson & Johnson manufactures and sells PE Products under the Sudafed and TYLENOL® brand names.

34.     Defendant Kenvue Inc. ("Kenvue") is a Delaware corporation with its principal place of business in Skillman, New Jersey.  Kenvue, Inc. is the corporate parent of Johnson & Johnson.

35.     Defendant Perrigo Company plc ("Perrigo") is an Irish corporation with its principal place of business in Allegan, Michigan.  Perrigo manufactures and sells PE Products under the "Good Sense" brand name.

36.     Defendant RB Health (US) LLC ("RB") is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.  RB manufactures and sells PE Products under the Delsym and Mucinex brand names.

37.     Defendant Reckitt Benckiser LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.  Reckitt Benckiser LLC is the corporate parent of RB.

38.     Defendant Reckitt Benckiser Pharmaceuticals, Inc. (n/k/a Invidior, Inc.) is a wholly owned subsidiary of Reckitt Benckiser Group plc, with its principal place of business in North Chesterfield, Virginia.

39.     Defendant Target Corporation ("Target") is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.  Target sells and on information and belief manufactures PE Products under the up & up brand name.

40.     Defendant The Procter & Gamble Manufacturing Company ("P&G") is an Ohio corporation with its principal place of business in Cincinnati, Ohio.  P&G manufactures and sells PE products under the Vicks brand name.

41.     Defendant Walgreen Company ("Walgreens") is an Illinois corporation with its principal place of business in Deerfield, Illinois.  Walgreens sells and on information and belief manufactures PE products under the Walgreens brand.

42.     Defendant Walmart, Inc. ("Walmart") is a Delaware corporation with its principal place of business in Bentonville, Arkansas.  Walmart sells and on information and belief manufactures PE products under the Equate brand name.

43.     Defendants Bayer, Haleon, P&G, RB, Johnson & Johnson, Walmart, Target, Walgreens, and CVS shall also be referred to collectively as the "State Law Defendants."

## IV.     FACTUAL ALLEGATIONS

### A.     History Of Oral Phenylephrine's Use And Approval

44.     In 1972, the FDA implemented an administrative process to review over-the-counter drugs through rulemaking divided by therapeutic class. The process, often referred to as "DESI" for Drug Efficacy Study Implementation, involved convening Advisory Panels respecting each therapeutic class. The panel reports would be published in the Federal Register as Advanced Notice(s) of Proposed Rulemaking, and, after FDA review, a Tentative Final Monograph for each therapeutic class would be issued. After the Tentative Final Monograph was issued, the FDA would move forward with a Final Monograph for each class. Drugs included in the Final Monograph are referred to as "Generally Recognized As Safe and Effective," or "GRASE."

45.     One of the advisory panels that met was the "Advisory Review Panel on Over-the-Counter Cold, Cough, Allergy, Bronchodilator, and Antiasthmatic Products" ("the Cold-Cough

Panel"). Among many other drugs, the Cold-Cough Panel reviewed Phenylephrine Hydrochloride ("PE" or "phenylephrine") in 1976. The Cold-Cough Panel reviewed a number of studies submitted in the 1970s, which were based on study dates ranging from the 1940s to the 1970s ("the early studies"). As FDA reviewers would later explain, all but one of the early studies submitted to the 1976 reviewers regarding PE's efficacy "evaluated extremely small sample sizes, none adequately controlled for bias, none adequately controlled for multiplicity, and none performed appropriate sample size calculations."[4]

46.     The Cold-Cough Panel recognized that the data presented to it were "not strongly indicative of efficacy,"[5] but, in the absence of a safety concern at the suggested dose, nevertheless recommended that oral PE be recognized as "safe and effective" at a dose of 10mg.

47.     Following the Cold-Cough Panel's recommendation, PE was included in the Temporary Final Monograph regarding nasal decongestants in 1985 and incorporated into the Final Monograph in 1994. No significant studies of PE's efficacy were published during this interval.

48.     That is unsurprising, because few manufacturers used PE in oral nasal decongestants at this time. Instead, the market was dominated by drugs formulated around two other active ingredients: phenylpropanolamine and pseudoephedrine.

---

[4] NDAC Briefing Document: Efficacy of Oral Phenylephrine as a Nasal Decongestant, Non-Prescription Drug Advisory Committee Meeting, September 11 and 12, 2023; Division of Nonprescription Drugs 1, Office of Nonprescription Drugs, Division of Inflammation and Immune Pharmacology, Office of Clinical Pharmacology, Division of Epidemiology II, Office of Surveillance and Epidemiology, ("NDAC Briefing Document") at 22.
[5] *Id.* at 22.

**B.**     **Phenylpropanolamine Removed From The Market And Pseudoephedrine Placed Behind The Counter**

49.     One of the three compounds in oral nasal decongestants that was evaluated in 1976 and sold over-the-counter was phenylpropanolamine (sometimes called PPA). In 2000, however, a large study from the Yale School of Medicine published in the *New England Journal of Medicine* determined that phenylpropanolamine consumption led to an increased risk in hemorrhagic stroke among certain populations of women.[6] For this reason, over-the-counter decongestants offered for sale in the United States have not contained phenylpropanolamine since at least 2005.

50.     The third compound in oral nasal decongestants evaluated by the Cough-Cold panel was pseudoephedrine, which is highly effective. It became well known, however, that pseudoephedrine could be used in the manufacture of methamphetamine. In March 2006, President Bush signed the Combat Methamphetamine Epidemic Act of 2005 (Public Law 109-177). Among other things, the Combat Methamphetamine Act required that retailers move pseudoephedrine products behind the pharmacy counter, and consumers who wish to purchase pseudoephedrine-containing drugs are now often required to present identification and are limited in the amount that they can purchase.

51.     As a consequence, by 2006, the PE Products became the *only* over-the-counter drug "intended" to treat nasal congestion that was available for purchase without the hassle of going "behind the counter." The manufacturers responded to this "behind-the-counter" requirement for pseudoephedrine by reformulating their oral nasal decongestant products, producing hundreds of different PE Products for sale.

---

[6] Kernan, *et al.*, Phenylpropanolamine and the Risk of Hemorrhagic Stroke 343 N. Engl. J. Med. 25 (Dec. 2000), available at https://www.nejm.org/doi/full/10.1056/NEJM200012213432501

52.     Whereas before 2006 the vast majority of over-the-counter drugs being sold purportedly to treat nasal decongestion were formulated around pseudoephedrine, by 2007, more PE Products were being sold than pseudoephedrine products, a trend that would continue. As of 2022, consumers purchased approximately five times the number of units of PE Products than pseudoephedrine products (which are behind the counter).

53.     Of course, phenylephrine's efficacy had never been scientifically established, and existing data were "not strongly indicative of efficacy."[7]

C.      **In 2007 The FDA Advisory Committee Explains Further Studies Needed Regarding Phenylephrine's Efficacy**

54.     In February 2007, Leslie Hendeles, PharmD, Randy Hatton, PharmD, and Almut Winterstein, PhD submitted a Citizen's Petition to the FDA, recommending that the FDA amend the dosages of phenylephrine to allow an increased maximum dose to 25mg (as opposed to the approved 10mg) for adults and children over 12 years of age, and noting that a meta-analysis that they conducted of the early studies resulted in a different conclusion than the original Cough-Cold Panel: namely, that the orally administered phenylephrine was likely no better than placebo at the monographed doses.

55.     The FDA's Nonprescription Drug Advisory Committee ("NDAC")—the modern equivalent of the first Cough-Cold Panel—met in December 2007 to consider the issues raised in the February 2007 Citizen's Petition, as well as materials submitted to the committee by Merck/Schering-Plough, a PE Product manufacturer, and the Consumer Health Products Association ("CHPA"), an industry organization.

56.     Merck/Schering-Plough presented evidence to the NDAC that the amount of phenylephrine actually left to do "decongesting" after ingestion (the so-called "bioavailability" of

_____

[7] NDAC Briefing Document at 22.

13

the drug) was less than 1%. This differed considerably from the outdated science that had estimated 38% bioavailability. Merck/Schering Plough appeared to have concerns about efficacy of approved dosages, but hoped to manufacture and market drugs with higher dosing.[8]

57. The CHPA, for its part, presented its own meta-analysis (using studies that the FDA would later characterize as deeply flawed) to compete with the meta-analysis presented by the Citizen's Petition.

58. At the meeting, Dr. Stan Lin, a member of the FDA's Division of Biometrics in the FDA Office for Translational Sciences, reviewed the materials submitted and concluded that neither the Citizens' Petition's nor the CHPA's meta-analysis was conclusive, and noted, in summary, that the studies that had been done on phenylephrine were inadequate. As the FDA would later explain: "Dr. Lin noted that the small size, the lack of multicenter presentation, the lack of reproducibility, and the problematic nature of the methodology used by the original studies evaluated by the Panel suggests that the data underlying the original recommendation made by the Cough-Cold Panel are not conclusive."[9]

59. FDA's presentation to the NDAC further explained that previous studies had determined efficacy by analyzing test subjects' "nasal airway resistance" (NAR) following the use of the drug, but that measurement of a patient's "subjective symptom score" would be better.[10] As the FDA's scientists would later explain, the analysis of NAR to determine whether a decongestant drug is effective is "no longer accepted by the Agency because it is highly variable and unreliable as a measure of congestion,"[11] and has not been an accepted metric since the 1990s.[12]

---

[8] *Id*. at 25
[9] *Id*. at 30.
[10] *Id*. at 28-29
[11] *Id*. at 32.
[12] *Id*. at 56.

60.     The NDAC did not recommend any major change in 2007. Instead, nine of the twelve panel members sitting in 2007 found that, "due to the limitations of the data" available, it was recommended that "additional clinical data would be necessary, including new studies that should evaluate the decongestant effect of higher doses of oral PE."[13] The NDAC further recommended that future studies evaluate the effectiveness of oral PE using a different methodology; i.e., the measurement of a patient's "subjective symptom scores" rather than the measurement of NAR. Consistent with this recommendation, the FDA subsequently abandoned NAR as the primary endpoint to evaluate congestion in pivotal trials in favor of total nasal symptoms scores.[14]

**D.     By 2016, Phenylephrine Was Proven Ineffective By New Scientific Evidence**

61.     Following the Panel's 2007 meeting, further studies were conducted, *not one* of which supports the notion that PE works to decongest. They, in fact, proved the opposite: PE is not effective as a nasal decongestant when taken orally, even at higher doses.

62.     Indeed, a number of studies were published following the 2007 meeting (a number published in peer-reviewed journals), all of which showed PE to be ineffective as a decongestant. The studies include at least the following:

- Horak, *et al., A placebo-controlled study of the nasal decongestant effect of phenylephrine and pseudoephedrine in the Vienna Challenge Changer*, 102 Ann. Allerg. Asthma & Immunol. 2 (February 2009), finding that "**Phenylephrine was not significantly different from placebo**" while finding the control group, which was given pseudoephedrine, did experience improved symptoms when compared to placebo.

- Day, *et al., Efficacy of loratadine montelukast on nasal decongestion in patients with season allergic rhinitis in an environmental exposure unit, Ann Allergy Asthma Immunol.* 2009; 102:328, finding that "**[t]here were no statistically significant differences between phenylephrine and placebo for any measures.**"

---

[13] NDAC Briefing Document at 30.
[14] FDA, 2018, Guidance for Industry; Allergic Rhinitis: Developing Drug Products for Treatment. NAR has not been the primary endpoint variable for approval of prescription cough-cold drugs since the 1990s. *See* NDAC Briefing Document at 56.

- Melzer, *et al.*, *Oral Phenylephrine Hcl for Nasal Congestion in Seasonal Allergic Rhinitis: A Randomized, Open-label, Placebo-controlled Study*, J. Allergy Clin Immunol. Pract (Sept-Oct 2015), after studying 507 test subjects, determining that phenylephrine **"at doses of up to 40 mg every 4 hours, is not significantly better than placebo at relieving nasal congestion in adults with [seasonal allergic rhinitis]."**

- Melzer, *et al*, *Phenylephrine hydrochloride modified-release tablets for nasal congestion: a randomized, placebo-controlled trial in allergic rhinitis patients*, 116 J. Ann Allergy Asthma Immunol. 66-71 (Jan 2016), finding that **30mg "modified release" tablets were "not more efficacious than placebo in relieving nasal congestion caused by allergic rhinitis."**

- Johnson and Johnson Phase 2 Study, 2017-2018. In a randomized, double-blind, placebo-controlled, parallel group study of individuals with colds, **"[n]o benefit" was observed from using phenylephrine when compared to placebo.**[15]

    63.    As the FDA's scientists would explain in a 2023 briefing document created for the

NDAC, referring to the 2015 Meltzer study, 2016 Meltzer study, and the 2017-18 Johnson &

Johnson study:

> Data from three large, adequately controlled clinical trials conducted subsequent to the 2007 NDAC meeting are now available….**They demonstrate a lack of efficacy with oral [Immediate Release] doses [of phenylephrine] up to 40 mg as well as [Extended Release] doses of 30 mg.** Merck (formerly Schering Plough) conducted two trials in subjects with allergic rhinitis to evaluate (and presumably potentially market) both higher than monographed doses of [Immediate Release] product and a 30 mg product, and Johnson and Johnson conducted a trial in subjects with colds to evaluate (and presumably potentially market) a 30 mg [Extended Release] oral PE product. All used clinically acceptable designs and nasal congestion symptom scores as primary endpoints. **These three trials represent by far the largest and most carefully constructed trials that have ever been performed to evaluate the decongestant effect of oral PE.**…. Importantly, none of the three demonstrated any significant difference between monographed doses of oral PE, doses of up to 40 mg of oral [Immediate Release Phenylephrine] (four-fold higher than the monographed dose)…or two different 30 mg [Extended

---

[15] The Johnson & Johnson study was not published in a peer-reviewed journal. The study, which was conducted with subjects who had colds, had planned to enroll 450 subjects, but ultimately enrolled 193 subjects, at which point an interim analysis was conducted and the study was terminated. The study protocol makes clear that there was to be a "futility analysis"; i.e., a determination regarding whether enrolling additional subjects was actually necessary, or would be "futile" in changing the result. It is apparent that, following the futility analysis, enrolling additional subjects would not change the clear result: oral phenylephrine is no better than placebo. Johnson & Johnson's study protocol for this study is available here: https://cdn.clinicaltrials.gov/large-docs/26/NCT03339726/Prot_000.pdf

Release] formulations (two trials), compared with placebo. **We believe that these new clinical pharmacology and clinical data are consistent, substantial, and believable, and they confirm that orally administered PE is not effective at any dose that can be developed and still provide a reasonable margin of safety**.[16]

64.　　In other words, phenylephrine's efficacy had finally been studied in a systematic and in-depth manner, and by 2016, with the Melzer studies, the Day study, and the Horak study, the result was clear: PE is no better than a placebo at decongesting. Even a study by one of PE Products' biggest sellers—Defendant Johnson & Johnson—confirmed as much in 2017-2018.

65.　　Defendants, as manufacturers and/or sellers of PE Products, were well aware of all of these published studies (and likely their own internal data). By 2016, there was no doubt that oral phenylephrine is no better than placebo at relieving congestion.

66.　　Moreover, following the FDA's decision to abandon NAR as the primary endpoint to evaluate congestion in pivotal trials in favor of nasal congestion symptom scores, Defendants knew that that the NAR data from the seven original studies that had supported the inclusion of PE in the monograph as "suggestive of efficacy" were no longer supportive of such a claim.

**E.　Despite Knowing Phenylephrine Is No Better Than Placebo, Defendants Continue To Market and Sell Billions Of Dollars' Worth Of PE Products**

67.　　Despite a scientific consensus by 2016 that phenylephrine is, in the words of one industry-sponsored study, "not more efficacious than placebo,"[17] and their knowledge by 2018 that NAR data could no longer be used to support claims of PE's effectiveness, Defendants took no steps to disclose to consumers that fact, and elected to continue to manufacture, market, represent, warrant, and sell PE Products with deceptive and false labeling, and represent to consumers that PE Products are effective in relieving congestion.

---

[16] NDAC Briefing Document at 32 (emphasis added).

[17] Melzer, *et al.*, Phenylephrine hydrochloride modified-release tablets for nasal congestion: a randomized, placebo-controlled trial in allergic rhinitis patients, 116 J. Ann Allergy Asthma Immunol. 66-71 (Jan 2016)

68.    For example, Defendant Johnson & Johnson continues to sell the product Sudafed

PE. It affirmatively indicates that phenylephrine relieves "sinus pressure" and "sinus congestion,"

and goes so far as to call its product "Maximum Strength," despite the product having been proven

by multiple studies—including at least two peer reviewed studies and one study *by Johnson &*

*Johnson itself*—to have no efficacy greater than placebo (much less pseudoephedrine); *i.e.*, no

strength at all.[18]



69.    Sudafed PE remains on the market. And it is not alone. As set forth in Exhibit A,

which contains copies of labels for Defendants' PE Products (including but not limited to the PE

Products purchased by Plaintiffs), each of the Defendants named herein has marketed and sold and

---

[18] To be clear, the Final Monograph for OTC Nasal Decongestant Drug products does not include language that PE Products are "extra strength." As shown in Exhibit A, many defendants employ similar "maximum strength" language.

continues to market and sell PE Products as "decongestants" where the sole purportedly "decongesting" ingredient in the product is phenylephrine—the compound Defendants have each known since at least 2016 is no more effective at decongesting than placebo.

70.     Many of these same Defendants' PE Products *also* include claims that those PE Products are of "maximum strength," despite the products having no efficacy at all.[19]

71.     This is big business. The FDA recently estimated that in 2022 alone, approximately 242 million units of PE Products were sold in the United States, representing approximately $1.8 billion in retail sales in 2022. The FDA further estimates that between 2018-2022, Defendants sold at least 1.05 billion bottles or packages of PE Products.[20] As the FDA has also explained, those sales compensate for the move of pseudoephedrine "behind the counter":



NDAC Briefing Document: Oral Phenylephrine in the CCABA Monograph

Figure 26. National Annual Estimates of Bottles/Packages Sold for Over-the-Counter (OTC) Cough/Cold/Allergy Oral Products Containing Phenylephrine or Pseudoephedrine From U.S. Retail Stores[1] to Consumers, 2018 to 2022

Source: OTC International Market Tracking and Private Label Ingredient Level Report, 2018-2022. Data extracted February 2023.
[1] Retail sales data do not capture sales activity from Costco, convenience stores, specialty stores, Internet sales, promo sales or kiosks

21

---

[19] As detailed below, Plaintiffs Yousoufsadeh, Jones, Calzado, Erlick, Sloughter, Mortuiccio, Urena, and McNulty, each purchased products by Johnson & Johnson, P&G, RB, Walgreens, and CVS that claim to be "maximum strength" or "max strength." Indeed, the claim that phenylephrine-based oral decongestants could be "maximum strength" is particularly absurd and misleading in a world where other non-prescription pseudoephedrine oral decongestants exist—*i.e.*, products that unequivocally work better.
[20] NDAC Briefing Document at 70.
[21] *Id.*

72.     According to a recent analysis of data provided by the Pharmacy Benefit Manager, IQVIA, between 2012 and 2021 there were 732 distinct PE Products for sale, with 21 stand-alone products and 711 so-called "combination products," *i.e.*, products in which phenylephrine is included as the ingredient in the product that purportedly relieves congestion, but other substances, such as acetaminophen, are combined into the same product in order to address other symptoms.

73.     All the while, Defendants did nothing to disclose to consumers that PE Products do not decongest, and continued to make false representations to consumers that phenylephrine could be used to relieve nasal and sinus congestion, despite knowing full well that it does no such thing.

**F.     In September 2023, NDAC States What Defendants Already Knew for Years: Phenylephrine Has No Efficacy**

74.     On July 12, 2023, the FDA announced that it was convening a meeting of the NDAC to discuss new data regarding the effectiveness of oral phenylephrine on September 11-12, 2023.

75.     When FDA scientists analyzed all studies and available data, they drafted a comprehensive briefing document summarizing the science (the "NDAC Briefing Document"), which reached an "initial conclusion that orally administered PE is not effective as a nasal decongestant at the monographed dosage (10mg of PE hydrochloride every four hours), as well as at doses up to 40mg (dosed every four hours)."[22] Representative companies of the CHPA were present to argue the industry's point of view, which was ultimately rejected.[23]

76.     In reaching that conclusion, "the Agency undertook a careful and thorough review of all the available data" and concluded that "[t]he new data appear compelling that the

---

[22] NDAC Briefing Document at 9
[23] The member companies of the CHPA that were present included at least certain defendants and others: Bayer, Perrigo, Kenvue, Sanofi, Lil' Drug Store, Foundation Consumer Healthcare, P&G, Reckitt and Haleon.

monographed dosage of oral PE results in no meaningful systemic exposure or evidence of efficacy."[24]

77.     On September 11 and 12, 2023, the NDAC—a committee comprised of luminaries in the field of pharmacology—met to evaluate the new scientific evidence, as well as the old studies on efficacy.

78.     Armed with the scientific consensus that had solidified by at least 2016 that phenylephrine is no more effective than a placebo, the committee unanimously agreed (16-0) that the scientific data do not support oral phenylephrine as an effective oral decongestant.

**G.     At Least One Defendant Issues A Weak Disclosure**

79.     Since the scientific consensus in 2016 that PE is no better than placebo, and even since the 16-0 vote by the NDAC recognizing that consensus, Defendants continued to produce, market, and sell PE Products without disclosing to consumers that the scientific consensus is (and has long been) that PE Products are ineffective.

80.     ***Johnson & Johnson, however, through its actions, has admitted that it—and the other Defendants—could easily have made such a disclosure, and simply chose not to do so.***

81.     Following the NDAC's advisory committee's findings, on its website for "Sudafed"—the brand through which Johnson & Johnson sells decongestants—Johnson & Johnson voluntarily added the following message next to the pictures of all of its phenylephrine-containing products:

> *In September, 2023, The Nonprescription Drugs Advisory Committee of the Food and Drug Administration reviewed efficacy data available for orally administered phenylephrine (PE) as a nasal decongestant. Read the FDA's statement about this review **here** ⧉.*[25]

---

[24] *Id.* at 14

[25] *See, e.g.*, https://www.sudafed.com/products/sudafed-pe-sinus-congestion?bvstate=pg:2/ct:r

82.     The word "here" contains a hyperlink to a statement put out by the FDA following the September 11-12 NDAC meeting. In that statement, the FDA notes that the NDAC "discussed new data on the effectiveness of oral phenylephrine and concluded that the current scientific data *do not support* that the recommended dosage of orally administered phenylephrine is effective as a nasal decongestant."[26]

83.     However, Johnson & Johnson continues to sell a number of PE Products. Indeed, on the very website where it now has a hyperlink to the FDA's "is not effective" statement, Johnson & Johnson expressly warrants that Sudafed PE provides "effective, non-drowsy symptom relief," even though it knows that Sudafed PE does no such thing.

84.     Indeed, and as detailed below in Part V multiple Plaintiffs purchased those products, based on Johnson & Johnson's, and other Defendants', failure to disclose the true nature of phenylephrine, and their misleading and false representations that phenylephrine actually works as a decongestant when orally ingested.

**H.     Some Defendants Also Engaged in a Coordinated Effort to Defraud Consumers**

85.     The following factual allegations (i.e., Paragraphs 85-130) apply solely to Count 7 and are not alleged as to other counts.

86.     As soon as the efficacy of PE Products was challenged, a core group of manufacturers associated together, including through a national trade association, the CHPA. The group included at least Defendants Bayer Healthcare LLC, Haleon PLC, Haleon U.S. Capital L.L.C., Haleon U.S. Holdings L.L.C., Perrigo Company, Proctor & Gamble Co., RB., Reckitt

---

[26] https://www.fda.gov/drugs/drug-safety-and-availability/fda-clarifies-results-recent-advisory-committee-meeting-oral-phenylephrine#:~:text=The%20committee%20discussed%20new%20data,effective%20as%20a%20nasal%20adecongestant

Benckiser L.L.C., Reckitt Benckiser Pharmaceuticals Inc., Kenvue, Inc., Johnson & Johnson (collectively, the "RICO Defendants").

87.    From late 2006 to present, these manufacturers collectively worked in concert to track developments and share information about PE Products. For more than fifteen years, they worked in concert to aggressively represent to consumers and regulators that PE Products are effective. Each time a challenge was made to phenylephrine's effectiveness, or a new study showed that phenylephrine was not effective, this group responded with baseless and deceptive press releases and submissions designed to mislead consumers and misguide and delay the FDA's review process.

88.    These efforts began in 2007, in response to the first Citizen's Petition, and continue to this day.  Indeed, even after 2023 NDAC's unanimous vote, this group continues to assert in the press and to regulators that PE Products are effective. However, they have not identified a single new study from the past 40 years that demonstrates that PE is effective at decongesting.  Nonetheless, to this day, this group continues to assert in the press and to regulators that PE Products are effective.

**1.    In 2006, The RICO Defendants Infiltrate the CHPA And Use The CHPA Phenylephrine Task Group As An Enterprise To Defraud The Public**

89.    Each RICO Defendant is a member of the CHPA, which was founded in 1881 and is a national trade association representing manufacturers and marketers of consumer healthcare products, including over-the-counter medications, dietary supplements, and medical devices.

90.    By at least December 2006—*i.e.*, shortly following the move of pseudoephedrine "behind the counter"—the CHPA formed a Phenylephrine Task Group (the "Task Group").  On information and belief, each RICO Defendant is a member and/or participant in the Task Group.

91.     Since its formation, the Task Group has continued to function as a unified organization and continuing unit for the common purpose of allowing the manufacturers and marketers of oral phenylephrine products to collaborate and regularly track developments related to phenylephrine's effectiveness. It accordingly has engaged in regular communications and actively monitored all developments related to oral phenylephrine from 2006 to the present day.[27]

92.     In response to the February 2007 Citizen's Petition discussed above that questioned the efficacy of the 10mg dose of phenylephrine, the RICO Defendants—all of whom themselves were, or whose corporate predecessors were, members of CHPA—worked through the Task Group to respond.

93.     Realizing how much revenue they collectively stood to lose if consumers were no longer buying over-the-counter PE Products, the RICO Defendants used the Task Group to represent to the FDA that they had come together to "critically assess all studies reviewed by the 1976 OTC expert advisory review panel and additional data on the efficacy and safety of phenylephrine in adults."[28] Toward this purported end, the Task Group, through CHPA, put together a "meta-analysis" that purported to analyze the early studies of phenylephrine's efficacy.

94.     In truth, however, the RICO Defendants created a deliberately flawed meta-analysis, relying on old studies that the FDA would later characterize as suffering from "significant methodological and statistical issues, as well as potential data integrity issues"[29] to compete with a meta-analysis presented by the Citizens' Petition filed in February 2007. The Task Group did not "critically evaluate" the studies and data.

---

[27] Although many of the specific activities of the CHPA Phenylephrine Task Group are shielded from public view and will not be known until discovery, publicly available information confirms that the group has been acting as a continuing unit for at least 17 years—*i.e.*, from 2006 to the present day.

[28] CHPA Briefing Book Submitted to NDAC, December 2007 [Docket No. 2007P-0047], at p. 2.

[29] NDAC Briefing Document at 54

95.    For example, the Task Group did not evaluate the source of the studies or disclose that six of the seven studies purportedly supporting phenylephrine's efficacy came from the same sponsor (Sterling-Winthrop Research Institute on behalf of Winthrop Labs, the manufacturer of the phenylephrine product Neo-Synephrine) or that five of the studies were performed at a single laboratory, Elizabeth Biochemical.  Years later, when FDA scientists and the NDAC critically evaluated all of the studies and data, as CHPA's Task Group claimed to have done in 2007, it found that these studies were deeply flawed. Indeed, and as explained in more detail below, a "critical analysis" of the Elizabeth Biochemical data would reveal that the data were likely infected by fraud—*i.e.*, doctored to support a finding of phenylephrine's effectiveness.

96.    CHPA also stated in 2007:  "The oral bioavailability of phenylephrine in adults is about 38% . . . ." [30]  When the FDA and the advisory committee reviewed the early studies that supposedly supported this assertion, as well as new studies, FDA scientists determined that the old studies had serious design flaws and the new studies showed that the actual oral bioavailability of phenylephrine in adults is less than 1%.

97.    In short, the RICO Defendants and the Task Group did not "critically assess" the studies or data that existed in 2007, but, instead, identified the studies that supported their position and then created a meta-analysis of only that data and those studies, without critically assessing the studies' design or reliability.

98.    Based on the conflicting submissions, the NDAC did not recommend any major change in 2007. Instead, nine of the twelve panel members sitting in 2007 (the panel would later expand to 16 voting members in 2023) found that "due to the limitations of the data" available, it

---

[30] CHPA Briefing Book to NDCA, December 2007, at p. 3.

was recommended that "additional clinical data would be necessary, including new studies that should evaluate the decongestant effect of higher doses of oral PE."[31]

### 2. In Response To New Science, the RICO Defendants' CHPA Phenylephrine Task Group Misleads The Public

99.     As discussed in detail above, certain manufacturers and several researchers performed and/or published multiple studies in the wake of the 2007 Citizen's Petition designed to assess phenylephrine's effectiveness.

100.    All of the studies confirmed that oral phenylephrine is no better than placebo.

101.    Between 2007 and 2015, the RICO Defendants used the Task Group to engage in a regular course of conduct as a continuing unit by monitoring new developments regarding the effectiveness of oral phenylephrine, maintaining communications as a group about any new publicly available information, and delegating tasks to different members related to the working group.

102.    They knew in 2015 that new scientific evidence—including but not limited to the Horak, Day, and 2015 Melzer study described above—had emerged confirming that oral phenylephrine was not effective as a decongestant.

103.    In 2015, a second Citizen's Petition was filed by Leslie Hendeles, PharmD, and Randy Hatton, PharmD, this time requesting that the FDA remove phenylephrine from the monograph for oral nasal decongestant products.[32]

104.    The Task Group responded by attempting to mislead. They made their own submission to the FDA to compete with the Citizen's Petition. Instead of designing new studies of phenylephrine's efficacy, the RICO Defendants used the Task Group to coordinate and make

---

[31] NDAC Briefing Document at 30.
[32] Hendeles L, Hatton RA. Citizen Petition – Phenylephrine. Docket ID: FDA-2015-P-4131, available at: https://www.regulations.gov/docket/FDA-2015-P-4131.

baseless, misleading, and false assertions in a submission in 2016, to support the conclusion that "the Citizen's Petition does not provide sufficient scientific evidence to refute the established efficacy of phenylephrine at the 10 mg dose."[33]

105.    For example, instead of objectively evaluating the science, in their own 2016 submission, the Task Group cherry-picked statements from the NDAC's 2007 meeting to assert falsely that the FDA's NDAC members concluded that the fourteen clinical studies assessed in 1976 "documented the effectiveness of phenylephrine hydrochloride as an oral nasal decongestant."[34]   Of course, the NDAC in 2007 did no such thing, and had instead made clear that  "additional clinical data would be necessary, including new studies that should evaluate the decongestant effect of higher doses of oral PE," using "subjective symptom scores rather than use objective measurement of NAR as the primary endpoint."[35]   In other words, CHPA and the Task Group advanced the false narrative that the existing early studies already documented the effectiveness of oral phenylephrine.

106.    Then, the Task Group raised what it called "significant concerns with design aspects and the interpretation of results in the [new] studies that were cited [in the 2015 Citizen's Petition]."[36]   According to Task Group, "[n]one of the studies cited in the Citizen Petition is adequately designed to provide data that would reverse the previous determination regarding the efficacy of phenylephrine."[37]

107.    Tellingly, even though the FDA's NDAC in 2007 had provided clear feedback that more clinical data was needed to make a final decision about the effectiveness of oral PE, the

---

[33] CHPA Submission to FDA [Docket FDA-2015-P-4131], April 21, 2016 at p. 1 ("CHPA 2016 FDA Submission")
[34] *Id.* at 3
[35] NDAC Briefing Document at 30.
[36] CHPA 2016 FDA Submission at 3.
[37] *Id.*

RICO Defendants and the Task Group did not identify any new studies initiated by CHPA or any of its members in the nine years since the NDAC meeting in 2007.

108.    Trying to undermine the credibility of the new studies, the Task Group again represented that "Members of the CHPA Phenylephrine Task Group have critically evaluated the particular studies cited in the Citizen Petition relative to their merit in supporting the request that phenylephrine 10 mg be removed from the Final Monograph for OTC nasal decongestant products."[38]  This representation implied that members of the Task Group were devoting resources and time to have scientists objectively evaluate these new studies and the studies' conclusions in an endeavor to find the truth.

109.    The CHPA then pointed to what it called "serious study design issues" and identified statements by the authors in the new studies that were supposedly inaccurate or misleading.

110.    For example, the Task Group accused the authors of the 2015 Meltzer study of implying that the study was done specifically at the request of the FDA.[39] The authors implied no such thing. The Task Group also falsely stated the study had "specific design elements" that "confound a generalized conclusion regarding the efficacy of phenylephrine."[40] However, no issue in the Meltzer study reasonably confounded the result.

111.    The criticisms were baseless, in bad faith, and designed to imply that the authors were not being honest and the studies were fundamentally flawed.  The Task Group made other baseless criticisms of the other studies cited in the Citizen's Petition, and ignored entirely other new studies—such as, *e.g.*, the Johnson & Johnson study described above—by the industry that

---

[38] *Id*.
[39] *Id*. at p. 4.
[40] Id. at p. 5.

concurred with the new studies in the Citizen's Petition and showed that oral phenylephrine is not effective.[41]

112.    Through CHPA's baseless and deceptive assertions, instead of scientific consensus that should have existed by at least 2016, the American public and FDA were both again presented with conflicting presentations and mixed assertions about the efficacy of oral phenylephrine as a nasal decongestant.

113.    The Task Group also issued press releases ignoring the new scientific evidence about phenylephrine's lack of effectiveness. For example, on May 4, 2017, CHPA's Task Group issued a press release about a study that had been undertaken regarding the safety of cough and cold medications for children—essentially, an analysis indicating that over-the-counter drugs like PE Products did not cause serious adverse events. The press release then announced:

> When OTC medicines are used as directed and labeled, **they provide the efficacy and safety that consumers demand,**" said Barbara Kochanowski, PhD, senior vice president for regulatory and scientific affairs at CHPA, the trade group that funded the study. "**This study should be reassuring to healthcare professionals who recommend OTC medicines, parents who use them, and retailers who sell them**. They each play a vital role in keeping children safe and healthy.[42]

114.    Of course, by this time in 2017, new scientific evidence had established that oral phenylephrine over-the-counter nasal decongestants do not work for adults or children, and the study described by the press release had nothing to do with efficacy at all. Rather, the study collected evidence regarding serious adverse events associated with pediatric exposure to the OTC medication in response to a different Citizen's Petition.  So, while the Task Group did not fund any studies that were published showing the efficacy of these PE Products in children or adults,

---

[41] Id. at p. 6-11.
[42] https://www.chpa.org/news/2017/05/study-shows-safety-cough-and-cold-medicines-children (emphasis added).

CHPA continued to tout the efficacy of phenylephrine and other OTC medications even though by 2016, the science was clear that the PE Products *have no efficacy.*

### 3.    When the FDA Convenes the NDAC, the RICO Defendants Again Use the CHPA to Engage in Fraud

115.    When the FDA announced that it was convening a meeting of the NDAC to discuss new data regarding the effectiveness of oral phenylephrine, the industry pushed for more time to respond.  The FDA agreed.  On March 21, 2023, the CHPA released a statement to the public[43]:

> CHPA is pleased to see today's news that FDA has postponed the recently announced Advisory Committee meeting," said Senior Vice President of Regulatory & Scientific Affairs, Barbara A. Kochanowski, Ph.D. "Given the critical importance of this meeting on behalf of the millions of consumers who rely on this ingredient, a reasonable amount of time is needed for regulated Industry to provide a complete picture of the previously reviewed data demonstrating phenylephrine as generally recognized as safe and effective (GRASE). It is imperative that the advisory committee has access to all the data in order to provide FDA the best possible advice as the Agency undertakes this evaluation.

116.    Once again, the Task Group attempted to influence public opinion with misleading data. CHPA, on information and belief due to the influence of the RICO Defendants associating through the Task Group, conducted a consumer survey on phenylephrine between July 24-28, 2023.  On August 3, 2023, CHPA developed what it called the "key findings" of the survey, which it published on its website.[44]  According to CHPA, 83% of respondents stated that medicines with phenylephrine help relieve their nasal congestion, and 66% of the respondents stated that phenylephrine helps them get through their day because it relieves their nasal congestion.  CHPA's findings summary concluded: "American adults repeatedly rely on oral PE because they recognize its efficacy as a nasal decongestant, they see the physical and personal benefits of oral PE when

---

[43] CHPA Press Release, March 21, 2023, available at:  https://chpa.org/news/2023/03/chpa-statement-fda-postponing-april-12-ndac-meeting

[44] https://www.chpa.org/sites/default/files/media/docs/2023-08/PE%20Survey%20Results%20With%20Toplines%20FINAL%20%28web%29.pdf?_ga=2.142796469.1621163183.1714307947-754075134.1714307947

they use it, and they—and the overall healthcare system—would be significantly burdened if oral PE were not available OTC."  On August 23, 2023, CHPA issued a press release touting the results of this consumer survey.[45]

117.    Of course, consumers have insufficient scientific knowledge or access to clinical data to know whether phenylephrine products actually work. Moreover, many cold and allergy medicines sold by Defendants contain phenylephrine in combination with other active ingredients that actually do provide relief from other cold and allergy symptoms, just not nasal congestion. Instead of investing in robust clinical studies with scientific evidence, CHPA chose to spend its resources on a consumer survey showing, at best, that they had successfully duped the public in convincing them that the PE Products were effective decongestants.  CHPA nevertheless spun the results of the consumer survey as though the consumer survey represented a scientific result regarding phenylephrine's effectiveness.

118.    Armed with its new consumer survey, CHPA's Task Group, whose statements still purported to "reflect the collective views" of its member companies,[46] made a submission from the industry to the NDAC, asserting that the Task Group disagreed with the Citizen's Petition's claims that new data demonstrated PE is not an effective nasal decongestant. According to CHPA, the "efficacy and safety of PE has undergone multiple rigorous reviews undertaken by expert

---

[45] https://chpa.org/news/2023/08/study-consumers-use-trust-and-depend-otc-phenylephrine-pe-self-care-decongestion
[46] CHPA Briefing Book Submission to NDCA [Docket No. FDA-2023-N-2653], Sept. 11-12, 2023, at p. 7 fn.18 of 66 ("The information provided in this document reflects the collective views of the following CHPA member companies that currently market products containing phenylephrine: Bayer Consumer Health, Foundation Consumer Healthcare, LLC; Haleon (formerly GlaxoSmithKline Consumer Healthcare); Kenvue (formerly Johnson & Johnson Consumer, Inc.); Lil' Drug Store Products, Inc; Perrigo Company; Reckitt; Sanofi Consumer Healthcare; and the Procter & Gamble Company").

scientific bodies and FDA."[47]  However, despite the NDAC's clear statement in 2007 that more clinical data regarding efficacy were needed, the RICO Defendants and the Task Group did not submit any new studies supporting its position, instead again doing no more than trying to undermine the new studies and defend antiquated studies from the 1950s, 1960s, and 1970s. CHPA's claim that phenylephrine's "efficacy and safety…has undergone multiple rigorous reviews"—and the implication that those reviews led to a conclusion that PE was efficacious—was a baseless statement made in bad faith.

119.    As discussed above, when the FDA reviewed the new studies conducted since 2007, its scientists reached an "initial conclusion that orally administered PE is not effective as a nasal decongestant at the monographed dosage (10mg of PE hydrochloride every 4 hours) as well as at doses up to 40 mg (dosed every four hours)."[48]  In reaching that conclusion, "the Agency undertook a careful and thorough review of all the available data" and concluded that "[t]he new data appear compelling that the monographed dosage of oral PE results in no meaningful systemic exposure or evidence of efficacy."[49]

120.    As also discussed above, on September 11-12, 2023, the NDAC convened and reviewed all of the scientific information, including the new studies that the Task Group had tried to undermine in 2016 and beyond.  The panel of experts voted unanimously (16-0) that phenylephrine is not effective.  The FDA and the advisory committee relied on clinical data and studies that were all completed and published by 2018, paying particular attention to the Meltzer studies, both of which were published by January 2016.

---

[47] CHPA Briefing Book Submission to NDCA [Docket No. FDA-2023-N-2653], Sept. 11-12, 2023, at p. 5 of 66; *See also* CHPA PPT Presentation to NDCA, Sept. 11-12, 2023, available at: https://www.fda.gov/media/171972/download.
[48] NDAC 2023 Briefing Document at 9
[49] *Id.* at 14.

121.    The RICO Defendants and CHPA did not identify a single clinical study conducted by CHPA or any of its members after 2007 that supported the efficacy of oral phenylephrine as a nasal decongestant.

122.    On September 7, 2023, shortly before the NDAC convened, the CHPA, on information and belief due to the influence of the RICO Defendants/Task Group, issued a press release.[50]  This press release contained numerous misleading statements attempting to convince the American public and NDAC that oral phenylephrine was effective, despite CHPA's and Defendants' knowledge since 2016 that the scientific evidence had proven oral phenylephrine is no better than placebo.  The misleading nature of the statements in the press release are described herein:

| CHPA Phenylephrine Task Group Statement | Why Misleading[51] |
| --- | --- |
| "Oral phenylephrine (PE) has been relied upon as a beneficial nasal decongestant by American families for decades, and FDA has repeatedly concluded the ingredient is safe and effective. This determination, established by multiple double-blind, placebo-controlled trials and supported by two previous FDA advisory panels, has also been validated by a meta-analysis of relevant clinical studies." | All of these trials were conducted over 40 years ago, and the FDA advisory panel requested more clinical data in 2007, specifically finding that the old data did not sufficiently support efficacy of PE. CHPA's Task Group did not submit or rely on any new clinical data since 2007, despite the NDAC request for more clinical data. The old studies from the 1950s, 1960s and 1970s had obvious design flaws and were highly questionable, as explained below, which would have been evident had CHPA's Task Group critically assessed these studies, as it claimed to have done in 2007. |
| "When it comes to consumers' needs, a recent national survey revealed that American | The Task Group's consumer studies show not that the products work but that |

---

[50] https://www.chpa.org/news/2023/09/statement-sept-11-12-2023-meeting-fda-ndac-evaluate-efficacy-oral-pe

[51] The press release relies on this series of half-truths—deceptive statements that include some element of truth but conceals important material information from the reader.

| | |
|---|---|
| adults repeatedly rely on oral PE because they recognize its benefits when they use it. In fact, 83% of consumers who used a product containing PE in the past year agreed the medicines helped relieve their nasal or sinus congestion. Respondents also reported PE further relieves their symptoms and overall ability to sleep, work, and get through their day." | these products are a placebo and American consumers were misled into buying products that do not work because they believed they did work. No rational consumer would buy a product that science shows does not work. |
| "As scientific techniques and methodologies progress, it is important to integrate new data within the broader framework of existing evidence rather than viewing it as a complete substitute for the previous body of evidence, particularly when assessing a well-established and globally used ingredient like PE for its safety and efficacy." | CHPA's Task Group did not provide any new data, the old data were not a body of evidence, and it was never well-established that oral phenylephrine was effective. In spite of the statement about integration of new data into existing scientific knowledge, the Task Group attempted at every turn to deny and discredit more recent and rigorous studies. |

123.    After the NDAC voted unanimously that phenylephrine is not effective, CHPA's

Phenylephrine Task Group issued another press release to the public on September 12, 2023.[52]

This press release also contains numerous misleading statements attempting to convince the

American public to keep buying and taking oral phenylephrine as a nasal decongestant.

| **CHPA Phenylephrine Task Group Statement** | **Why Misleading[53]** |
|---|---|
| "The regulations for phenylephrine (PE) remain unchanged, and there is no change in the availability of products containing PE on store shelves. The NDAC vote was a non-binding suggestion for the FDA to consider. Consumers can maintain their confidence in the fact that these medicines continue to be recognized as safe and effective by FDA." | This statement implies that consumers should continue to buy oral phenylephrine products because they work. However, the FDA scientists tasked with briefing the NDAC reached an initial conclusion that oral phenylephrine is not effective. |

---

[52] https://www.chpa.org/news/2023/09/statement-following-september-2023-meeting-nonprescription-drugs-advisory-committee

[53] The press release relies on this series of half-truths—deceptive statements that include some element of truth but conceals important material information from the reader.

| "We are disappointed by the outcome of today's FDA Advisory Committee meeting because its non-binding recommendation is at odds with the numerous clinical trials and previous regulatory determinations affirming oral PE as a safe and effective decongestant at its labeled dose," said CHPA President and CEO Scott Melville. | This statement implies that there are numerous clinical trials showing that phenylephrine is effective, but the FDA had already established that these trials had serious design flaws and this clinical data should not be relied upon. |
|---|---|
| "While we respect the scientific and public process that allows new science to influence health policy and regulations, we are concerned about previous clinical evidence being inappropriately dismissed and discounted." | All of the previous evidence is over 40 years old and, as the FDA scientists who analyzed phenylephrine's efficacy to brief the NDAC concluded, highly flawed. |

124.    What CHPA also did not mention in these press releases is that the "clinical trials" that all were submitted over 40 years ago (conducted at various times in the 1950s, 1960s, and 1970s) relied on science that has since been widely understood to be suspect. As the NDAC briefing document explains regarding those studies:

> When considering the studies through a modern drug review lens, all of the studies (both positive and negative) were highly problematic in both design and methodology. All used a highly variable endpoint (NAR) to study a drug in the setting of a highly variable disease state (the common cold) that is no longer used as a primary endpoint to evaluate congestion in pivotal trials. Further, all the positive studies (and most of the negative studies) were unpublished and therefore never peer reviewed. Six of the seven positive studies came from a single study center (funded by the manufacturer of Neo-Synephrine), were very small in size, and (except in one instance) the results could not be duplicated at two other study centers (also funded by the same manufacturer) that used a similar study design and methodology.

> Additionally, the positive oral PE results do not match what was demonstrated in multiple studies reviewed by the Panel that the dose of orally administered PE that is required to result in clinically relevant systemic (pharmacodynamic) effect is far higher than the monographed dose. Nor do they match what is now known about the bioavailability and PK of orally administered PE. As a result, and in retrospect, we believe that newer data and improvement in study methodologies suggest that the findings of the Panel should be revisited.

> And, in fact, we believe that the multiple methodological and statistical issues inherent in the studies reviewed by the Panel make the original studies evaluated

for efficacy unacceptable as continued support for the efficacy of monographed doses of oral PE.[54]

125.    Further, the NDAC Briefing document, prepared by FDA scientists, explains that the lab used in five of the seven early studies that purportedly supported phenylephrine's efficacy may have engaged in fraud. These studies took place in Elizabeth Biochemical Labs. As the FDA reviewers explained, the data produced by the Elizabeth Biochemical Labs were "textbook perfect results that could not be duplicated in other similarly designed studies that used the same methodology but were conducted at two other centers by the same sponsor."[55] They explained:

> Given the small sample size and the variability of the methodology and subject population, as well as the results of studies that have been reported since that time…the…results at the Elizabeth site can only be interpreted in one of two ways. Either the results reflect excellent study management that could not be duplicated at the other two sites, which does not make scientific sense based on the [pharmacokinetic] and [pharmacodynamic] data and the known variability in the methodology, or they reflect data that are simply too good to be real. As a result, the issue of bias and possible data integrity issues at the Elizabeth site must be seriously entertained.[56]

126.    The CHPA did not mention any of this in its statement. It did not acknowledge that, since the suspect early studies, not a single study has found that oral phenylephrine is effective. It did not acknowledge that the new studies had, in fact, all proven the opposite, including decisive studies sponsored by industry members themselves, including the 2015 Meltzer study, the 2016 Meltzer study, and the 2017-18 Johnson & Johnson study.

127.    Instead, the CHPA emphasized that "there is no change in the availability of products containing PE on store shelves."

128.    As explained above, the RICO Defendants continued to sell their PE Products, and persisted in doing so even since 2016, when the science was crystal clear that oral phenylephrine

---

[54] NDAC Briefing Document at 54-55
[55] NDAC Briefing Document at 32.
[56] *Id*. at 62

is no more effective than placebo at decongesting. Each package and label of oral phenylephrine products sold by the RICO Defendants contains false and misleading statements, as explained above, and materially omitted the truth about phenylephrine's efficacy.

129.   The RICO Defendants were only able to continue selling these products to American consumers because they used the CHPA Phenylephrine Task Group as a vehicle to further and conceal their scheme to defraud American consumers, undermine new scientific evidence showing oral phenylephrine is not effective, and substantially delay the FDA's review process.

130.   In short, the RICO Defendants came together through CHPA to conduct the affairs of an Enterprise; they conducted the Enterprise's affairs through a pattern of racketeering activity, including by using the Enterprise to perpetrate a fraud and conceal the true nature of their PE Products; and Plaintiffs and the other Class members suffered economic injury "by reason of" the pattern of racketeering activity.

## V.   DEFENDANTS MISLED PLAINTIFFS

### Sandra Yousefzadeh

131.   Plaintiff Sandra Yousefzadeh ("Yousefzadeh") is a citizen of the State of New York who resides in the incorporated village of Kings Point.

132.   Yousefzadeh suffers from seasonal allergies and post-nasal drip. These conditions cause her to experience frequent symptoms such as nasal and/or sinus congestion, coughing, and headaches. On numerous occasions she has taken over-the-counter oral decongestants in order to obtain relief from these symptoms.

133.    On August 23, 2023, Yousefzadeh purchased two packages of 24 tablets of Sudafed PE® Sinus Pressure + Pain Maximum Strength, a product manufactured and/or labeled by Johnson & Johnson, from Amazon.com Services LLC ("Amazon"), for $6.97 per package.

134.    Yousefzadeh made this purchase because she wanted medication that contained an active ingredient that would be effective in treating her nasal and/or sinus congestion.

135.    Yousefzadeh purchased the "Maximum Strength" version of the decongestant because she wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating her nasal and/or sinus congestion.

136.    In making her purchase, Yousefzadeh relied upon the product packaging and the "Sudafed" brand name to make her purchasing decision—she read on the photos of the packaging on the Amazon website that the product was "Maximum Strength" and promised to relieve "Sinus Pressure + Congestion" and "Sinus Headache." In addition, Yousefzadeh knew from seeing years of advertising that "Sudafed" was a brand name for over-the-counter drugs effective at relieving congestion. She trusted that any product named "Sudafed" would be an effective decongestant.

137.    In making her purchase, Yousefzadeh was also misled by Johnson & Johnson's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Yousafzadeh would not have purchased this PE Product had Johnson & Johnson informed her of its lack of efficacy in relieving congestion or she would have paid significantly less than she paid insofar as this PE Product was only effective in treating her other symptoms and was not effective in treating sinus pressure and congestion.

138.    Upon learning from an acquaintance that an FDA Advisory Panel had determined that the active ingredient in Sudafed PE was ineffective as an oral decongestant, Yousefzadeh retained counsel to protect her rights.

139.    On September 14, 2023, Yousefzadeh caused a Notice of Breach to be sent via FedEx Corporation to Johnson & Johnson, advising that they had breached the express and implied warranties they had made to her when she purchased Sudafed PE® Sinus Pressure + Pain Maximum Strength because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

***Anntwanette Jones***

140.    Plaintiff Anntwanette Jones ("Jones") is a citizen of the State of New York who resides in the City of Buffalo.

141.    From time to time, Jones catches the common cold or seasonal flu. When she catches a cold or flu, she experiences symptoms such as nasal and/or sinus congestion. She takes multiple over-the-counter oral decongestants for relief from these symptoms that she has purchased from Walmart and Target in Buffalo.

     **(a)**    **Jones Purchased Vicks® Dayquil™ SEVERE Honey Cold & Flu**

142.    Within the last three years, Jones has purchased in New York at least one package of "Vicks® Dayquil™ SEVERE Honey Cold & Flu", a product manufactured and/or labeled by P&G.

143.    Jones made this purchase because she wanted medication that contained an active ingredient that would be effective in treating her nasal and/or sinus congestion.

144.    Jones purchased the "Severe" version of the decongestant because she thought her symptoms were or would be "severe," and she wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating her nasal and/or sinus congestion.

145.    In making her purchase, Jones relied upon the product packaging and the "Vicks," and "DayQuil" brand names to make her purchasing decision—she read on the package that the product was for "Severe Cold & Flue," and that it promised to relieve "Nasal Congestion" and "Sinus Pressure." Further, Jones knew from seeing years of advertising that "Vicks" and "DayQuil" were brand-names for over-the-counter decongestants. She trusted that any product bearing the "Vicks," and "DayQuil" brand names would be an effective decongestant.

146.    In making her purchase, Jones was also misled by P&G's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Jones would not have purchased this PE Product had P&G informed her of its lack of efficacy in relieving congestion or she would have paid significantly less than she paid insofar as this PE Product was only effective in treating her other symptoms and was not effective in treating sinus pressure and congestion.

147.    Upon learning from her attorneys in prior litigation that an FDA Advisory Panel had determined that an that an active ingredient in Vicks® Dayquil™ SEVERE Honey Cold & Flu was ineffective as an oral decongestant, Jones retained counsel to protect her rights.

148.    On April 25, 2024, Jones caused a Notice of Breach to be sent via U.S. Mail to P&G, advising that they had breached the express and implied warranties they had made to her when she purchased Vicks® Dayquil™ SEVERE Honey Cold & Flu because "the active nasal

decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(b)     Jones Purchased Equate Children's Multi-Symptom Cold Liquid, Very Berry**

149.     Jones is the mother of a daughter who is currently ten years old.

150.     From time to time, Jones's daughter catches the common cold or seasonal flu. When Jones's daughter catches a cold or flu, she experiences symptoms such as nasal and/or sinus congestion. Jones gives her daughter over-the-counter oral decongestants for children for relief from these symptoms that Jones has purchased from Walmart and Target in Buffalo.

151.     Within the last three years, Jones has purchased in New York at least one package of "Equate Children's Multi-Symptom Cold Liquid, Very Berry, 4 fl oz," a product manufactured and/or labeled by Walmart.

152.     Jones made this purchase because she wanted medication that contained an active ingredient that would be effective in treating her daughter's nasal and/or sinus congestion.

153.     In making her purchase, Jones relied upon the product packaging and the "equate" brand name to make her purchasing decision—she read on the package that the product promised to relieve "stuffy nose." She trusted that any product bearing Walmart's "equate" brand name would be an effective decongestant.

154.     In making her purchase, Jones was also misled by Walmart's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Jones would not have purchased this PE Product had Walmart informed her of its lack of efficacy in relieving congestion or she would have

paid significantly less than she paid insofar as this PE Product was only effective in treating her daughter's other symptoms and was not effective in treating sinus pressure and congestion.

155.    Upon learning from her attorneys in prior litigation that an FDA Advisory Panel had determined that an active ingredient in Equate Children's Multi-Symptom Cold Liquid, Very Berry was ineffective as an oral decongestant, Jones retained counsel to protect her rights.

156.    On April 25, 2024, Jones caused a Notice of Breach to be sent via U.S. Mail to Walmart advising that they had breached the express and implied warranties they had made to her when she purchased Equate Children's Multi-Symptom Cold Liquid, Very Berry because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(c)    Jones Purchased Delsym® Children's Cough+ Cold Nighttime Berry Flavored Liquid**

157.    Within the last three years, Jones has purchased in New York at least one package of "Delsym® Children's Cough+ Cold Nighttime Berry Flavored Liquid," a product manufactured and/or labeled by RB.

158.    Jones made this purchase because she wanted medication that contained an active ingredient that would be effective in treating her daughter's nasal and/or sinus congestion.

159.    In making her purchase, Jones relied upon the product packaging and the "Delsym" brand name to make her purchasing decision—she read on the package that the product promised to relieve "stuffy nose." She trusted that any product bearing the "Delsym" brand name would be an effective decongestant.

160.    In making her purchase, Jones was also misled by RB's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at

decongesting than placebo when taken orally. Jones would not have purchased this PE Product had RB informed her of its lack of efficacy in relieving congestion or she would have paid significantly less than she paid insofar as this PE Product was only effective in treating her daughter's other symptoms and was not effective in treating sinus pressure and congestion.

161.    Upon learning from her attorneys in prior litigation that an FDA Advisory Panel had determined that an active ingredient in Delsym® Children's Cough+ Cold Nighttime Berry Flavored Liquid was ineffective as an oral decongestant, Jones retained counsel to protect her rights.

162.    On April 25, 2024, Jones caused a Notice of Breach to be sent via U.S. Mail to RB Health (US) LLC advising that they had breached the express and implied warranties they had made to her when she purchased Delsym® Children's Cough+ Cold Nighttime Berry Flavored Liquid because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

***Daniel Calzado***

163.    Plaintiff Daniel Calzado ("Calzado") is a citizen of the State of New York who resides in the City of Rochester.

164.    From time to time, Calzado catches the common cold or seasonal flu. When he catches a cold or flu, he experiences symptoms such as nasal and/or sinus congestion. He takes over-the-counter oral decongestants for relief from these symptoms.

**(a)    Calzado Purchased Vicks NyQuil™ SEVERE Maximum Strength Cold & Flu Berry Flavored Liquid Medicine**

165.    On or about November 2023, Calzado purchased one package of 12 fluid ounces of "Vicks NyQuil™ SEVERE Maximum Strength Cold & Flu Berry Flavored Liquid Medicine," a

product manufactured and/or labeled by P&G, from CVS Pharmacy, 525 Spencerport Road Shopping Plaza, Rochester, New York.

166.    Calzado made this purchase because he wanted medication that contained an active ingredient that would be effective in treating his nasal and/or sinus congestion.

167.    Calzado purchased the "Maximum Strength" version of the decongestant because he wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

168.    In making his purchase, Calzado relied upon the product packaging and the "NyQuil" brand name to make his purchasing decision—he read on the package that the product was "Maximum Strength" and that it promised to relieve "Nasal Congestion, Sinus Pressure." Further, Calzado knew from seeing years of advertising that "NyQuil" was a brand-name for over-the-counter decongestants. He trusted that any product named "NyQuil" would be an effective decongestant.

169.    In making his purchase, Calzado was also misled by P&G's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally Calzado would not have purchased this PE Product had P&G informed him of its actual lack of efficacy in relieving congestion or he would have paid significantly less than he paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

170.    Upon learning from his attorneys in prior litigation that an FDA Advisory Panel had determined that the active ingredient in Vicks NyQuil was ineffective as an oral decongestant, Calzado retained counsel to protect his rights.

171.    On April 25, 2024, Calzado caused a Notice of Breach to be sent via U.S. Mail to P&G, advising that they had breached the express and implied warranties they had made to him when he purchased Vicks NyQuil™ SEVERE Maximum Strength Cold & Flu Berry Flavored Liquid Medicine because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(b)     Calzado Purchased CVS Health Non-Drowsy Nasal Decongestant PE Maximum Strength**

172.    Within the applicable class period, Calzado purchased at least one package of "CVS Health Non-Drowsy Nasal Decongestant PE Maximum Strength" from a CVS in Rochester, NY.

173.    Calzado made this purchase because he wanted medication that contained an active ingredient that would be effective in treating his nasal and/or sinus congestion.

174.     Calzado purchased the "Maximum Strength" version of the product because he wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

175.    In making his purchase, Calzado relied upon the product packaging and the "CVS Health" brand name to make his purchasing decision—he read on the package that the product was "Maximum Strength" and that it promised to relieve "Nasal Congestion, Sinus Pressure." In addition, Calzado knew from seeing years of advertising that "CVS Health" was a brand-name for over-the-counter decongestants. He trusted that any decongestant product named "CVS Health" would be an effective decongestant. In making his purchase, Calzado was also misled by CVS's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product,

phenylephrine, is no more effective at decongesting than placebo when taken orally. Calzado would not have purchased this PE Product had CVS informed him of its lack of efficacy in relieving congestion or he would have paid significantly less than he paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

176.    Upon learning from his attorneys in prior litigation that an FDA Advisory Panel had determined that the active ingredient in CVS Health Non-Drowsy Nasal Decongestant PE Maximum Strength was ineffective as an oral decongestant, Calzado retained counsel to protect his rights.

177.    On May 3, 2024, Calzado caused a Notice of Breach to be sent via U.S. Mail to CVS Corporation advising that they had breached the express and implied warranties they had made to him when he purchased CVS Health Non-Drowsy Nasal Decongestant PE Maximum Strength because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(c)    Calzado Purchased CVS Health Non-Drowsy Sinus PE Pressure, Pain + Cold**

178.    Within the applicable class period, Calzado purchased at least one package of "CVS Health Non-Drowsy Sinus PE Pressure, Pain + Cold" from a CVS in Rochester, NY.

179.    Calzado made this purchase because he wanted medication that contained an active ingredient that would be effective in treating his nasal and/or sinus congestion.

180.    Calzado purchased this CVS Health Non-Drowsy Sinus PE Pressure, Pain + Cold decongestant product because he wanted to take a product with an active ingredient that would be effective in treating his nasal and/or sinus congestion.

181.   In making his purchase, Calzado relied upon the product packaging and the "CVS Health" brand name to make his purchasing decision—he read on the package that the product promised to relieve "Nasal Congestion" and "Sinus congestion & Pressure." In addition, Calzado knew from seeing years of advertising that "CVS Health" was a brand-name for over-the-counter decongestants. He trusted that any decongestant product named "CVS Health" would be an effective decongestant. In making his purchase, Calzado was also misled by CVS's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Calzado would not have purchased this PE Product had CVS informed him of its lack of efficacy in relieving congestion or he would have paid significantly less than he paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

182.   Upon learning from his attorneys in prior litigation that an FDA Advisory Panel had determined that the active ingredient in CVS Health Non-Drowsy Sinus PE Pressure, Pain + Cold was ineffective as an oral decongestant, Calzado retained counsel to protect his rights.

183.   On May 3, 2024, Calzado caused a Notice of Breach to be sent via U.S. Mail to CVS Corporation advising that they had breached the express and implied warranties they had made to him when he purchased CVS Health Non-Drowsy Sinus PE Pressure, Pain + Cold because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(d)      Calzado Purchased Advil Multi-Symptom Cold & Flu**

184.    Within the applicable class period, Calzado purchased at least one package of "Advil Multi-Symptom Cold & Flu" from CVS in Rochester, NY.

185.    Calzado made this purchase because he wanted medication that contained an active ingredient that would be effective in treating his nasal and/or sinus congestion.

186.    Calzado purchased this Advil Multi-Symptom Cold & Flu decongestant product because he wanted to take a product with an active ingredient that would be effective in treating his nasal and/or sinus congestion.

187.    In making his purchase, Calzado relied upon the product packaging and the "Advil" brand name to make his purchasing decision—he read on the package that the product promised to relieve "Nasal Congestion" and "Sinus Pressure." In addition, Calzado knew from seeing years of advertising that "Advil" was a brand-name for over-the-counter decongestants. He trusted that any decongestant product named "Advil"" would be an effective decongestant. In making his purchase, Calzado was also misled by the Haleon's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Calzado would not have purchased this PE Product had Haleon informed him of its lack of efficacy in relieving congestion or he would have paid significantly less than he paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

188.    Upon learning from his attorneys in prior litigation that an FDA Advisory Panel had determined that the active ingredient in Advil Multi-Symptom Cold & Flu was ineffective as an oral decongestant, Calzado retained counsel to protect his rights.

189.    On May 3, 2024, Calzado caused a Notice of Breach to be sent via U.S. Mail to CVS Corporation advising that they had breached the express and implied warranties they had made to him when he purchased Advil Multi-Symptom Cold & Flu because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**Eli Erlick**

190.    Plaintiff Eli Erlick ("Erlick") is a citizen of the State, City, and County of New York.

191.    Erlick has contracted COVID-19 multiple times and also occasionally contracts the common cold and/or seasonal flu. These conditions cause her to experience symptoms including nasal and/or sinus congestion. She takes over-the-counter oral decongestants in order to seek relief from these symptoms and has been doing so for decades.

    **(a)    Erlick Purchased Acetaminophen Day/Night Time Vapor Ice Cold and Flu Relief Caplets - 24ct - up & up™**

192.    On March 22, 2203, Erlick purchased Acetaminophen Day/Night Time Vapor Ice Cold and Flu Relief Caplets - 24ct - up & up™ medicine from Target in the state of New York.

193.    Erlick made this purchase because she wanted medication that contained an active ingredient that would be effective in treating her nasal and/or sinus congestion.

194.    Erlick purchased the "MAX Strength" version of the decongestant because she wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating her nasal and/or sinus congestion.

195.    In making her purchase, Erlick relied upon the product to make her purchasing decision—she read on the packaging that the product was "MAX Strength" and that it promised

to relieve "nasal congestion and sinus pressure." She trusted that the product would be an effective decongestant.

196.    In making her purchase, Erlick was also misled by Target's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Erlick would not have purchased this PE Product had Target informed her of its lack of efficacy in relieving congestion or she would have paid significantly less than she paid insofar as this PE Product was only effective in treating her other symptoms and was not effective in treating sinus pressure and congestion.

197.    Upon learning that an FDA Advisory Panel had determined that the active ingredient in Acetaminophen Day/Night Time Vapor Ice Cold and Flu Relief Caplets - 24ct - up & up was ineffective as an oral decongestant, Erlick retained counsel to protect her rights.

198.    On May 2, 2024 Erlick caused a Notice of Breach to be sent via U.S. Mail to Target Brands, Inc., advising that they had breached the express and implied warranties they had made to her when she purchased Acetaminophen Day/Night Time Vapor Ice Cold and Flu Relief Caplets - 24ct - up & up medicine because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(b)    Erlick Purchased TYLENOL® Cold + Flu Severe For Day And Night**

199.    On March 22, 2023, Erlick purchased TYLENOL® Cold + Flu Severe For Day and Night caplets medicine, a product manufactured and/or labeled by Johnson & Johnson, from Amazon.com in the State of New York.

200. Erlick made this purchase because she wanted medication that contained an active ingredient that would be effective in treating her nasal and/or sinus congestion.

201. Erlick purchased the "Severe" version of the decongestant because she thought her symptoms were or would be "severe," and she wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating her nasal and/or sinus congestion.

202. In making her purchase, Erlick relied upon the photographs of the product packaging on the Amazon website to make her purchasing decision—she read on the packaging that the product was for "Severe Cold + Flu" and that it promised to relieve "Nasal Congestion." She trusted that the product would be an effective decongestant Further, Erlick knew from seeing years of advertising that "TYLENOL® Cold + Flu" was a brand name for over-the-counter decongestants. She trusted that any product bearing the "TYLENOL® Cold + Flu" brand name would be an effective decongestant.

203. In making her purchase, Erlick was also misled by Johnson & Johnson's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Erlick would not have purchased this PE Product had Johnson & Johnson informed her of its lack of efficacy in relieving congestion or she would have paid significantly less than she paid insofar as this PE Product was only effective in treating her other symptoms and was not effective in treating sinus pressure and congestion.

204. Upon learning that an FDA Advisory Panel had determined that the active ingredient in TYLENOL® Cold + Flu Severe For Day and Night that purported to decongest was ineffective as an oral decongestant, Erlick retained counsel to protect her rights.

205.    On May 2, 2024, Erlick caused a Notice of Breach to be sent via U.S. Mail to Johnson & Johnson., advising that they had breached the express and implied warranties they had made to her when she purchased TYLENOL® Cold + Flu Severe For Day and Night medicine because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(c)    Erlick Purchased Vicks NyQuil Severe Cold & Flu, 24 Liquicaps, Maximum Strength**

206.    On November 17, 2021, Erlick purchased Vicks NyQuil Severe Cold & Flu, 24 Liquicaps, Maximum Strength medicine, a product manufactured and/or labeled by P&G, from Amazon.com in the State of New York.

207.    Erlick made this purchase because she wanted medication that contained an active ingredient that would be effective in treating her nasal and/or sinus congestion.

208.    Erlick purchased the "SEVERE" version of the decongestant because she thought her symptoms were or would be "severe," and she wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating her nasal and/or sinus congestion.

209.    Erlick purchased the "Maximum Strength" version of the decongestant because she wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

210.    In making her purchase, Erlick relied upon the photographs of the product packaging on the Amazon website to make her purchasing decision—she read on the packaging that the product was for "SEVERE" "Cold & Flu" and was "MAX Strength" and that it promised to relieve "Nasal Congestion" and "Sinus Pressure" She trusted that the product would be an effective decongestant. Further, Erlick knew from seeing years of advertising that "Vicks" and

NyQuil" were brand-names for over-the-counter decongestants. She trusted that any product bearing the "Vicks," "DayQuil," and "NyQuil" brand names would be an effective decongestant.

211.    In making her purchase, Erlick was also misled by P&G's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Erlick would not have purchased this PE Product had P&G informed her of its lack of efficacy in relieving congestion or she would have paid significantly less than she paid insofar as this PE Product was only effective in treating her other symptoms and was not effective in treating sinus pressure and congestion.

212.    Upon learning that an FDA Advisory Panel had determined that the active ingredient in Vicks NyQuil Severe Cold & Flu, 24 Liquicaps, Maximum Strength was ineffective as an oral decongestant, Erlick retained counsel to protect her rights.

213.    On May 2, 2024, Erlick caused a Notice of Breach to be sent via U.S. Mail to P&G, advising that they had breached the express and implied warranties they had made to her when she purchased Vicks NyQuil Severe Cold & Flu, 24 Liquicaps, Maximum Strength medicine because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

***John Sloughter***

214.    Plaintiff John Sloughter ("Sloughter") is a citizen of the State of New York who resides in the Town of Richford.

215.    Sloughter occasionally contracts the common cold and/or seasonal flu and suffers from seasonal allergies. These conditions cause him to experience symptoms such as nasal and/or

sinus congestion. He takes over-the-counter oral decongestants for relief from these symptoms and has been doing so for decades.

216.    In the last three years, Sloughter purchased Vicks DayQuil SEVERE Honey Flavored Maximum Strength Cold & Flu Liquid medicine, a product manufactured and/or labeled by P&G, in Ithaca, New York.

217.    Sloughter made this purchase because he wanted medication that contained an active ingredient that would be effective in treating his nasal and/or sinus congestion.

218.    Sloughter purchased the "Maximum Strength" version of the decongestant because he wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

219.    In making his purchase, Sloughter relied upon the product packaging and the "Vicks" and "DayQuil brand names to make his purchasing decision—he read on the packaging that the product was "Maximum Strength" and that it promised to relieve "Nasal Congestion, Sinus Pressure." Further, Sloughter knew from seeing years of advertising that "Vicks" and "DayQuil" were brand names for over-the-counter decongestants. He trusted that any product branded "Vicks" or "DayQuil" would be an effective decongestant.

220.    In making his purchase, Sloughter was also misled by P&G's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Sloughter would not have purchased this PE Product had P&G informed him of its lack of efficacy in relieving congestion or he would have paid significantly less than he paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

221.    Upon learning that an FDA Advisory Panel had determined that the active ingredient in Sudafed PE was ineffective as an oral decongestant, Sloughter retained counsel to protect his rights.

222.    On April 22, 2024, Sloughter caused a Notice of Breach to be sent via U.S. Mail to P&G, advising that they had breached the express and implied warranties they had made to him when he purchased Vicks DayQuil SEVERE Honey Flavored Maximum Strength Cold & Flu Liquid medicine because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

### Keith Mortuiccio

223.    Plaintiff Keith Mortuiccio ("Mortuiccio") is a citizen of the State of New York who resides in the City of Batavia.

224.    Mortuiccio is a former member of the United States Armed Forces, who has been diagnosed by the Veterans Health Administration as suffering from respiratory conditions related to Burn Pit Exposure. As a result of these conditions, he suffers from, among other symptoms, nasal and/or sinus congestion. He has purchased multiple over-the-counter oral decongestants in order to seek relief from these symptoms from Walmart, Tops, Wegmans, and Walgreens near Batavia.

**(a)    Mortuiccio Purchased Mucinex Maximum Strength Sinus-Max® Day & Night**

225.    In the last three years, Mortuiccio has purchased in New York at least one package of 24 tablets of "Mucinex Maximum Strength Sinus-Max® Day & Night" liquid gels, a product manufactured and/or labeled by RB.

226.    Mortuiccio made this purchase because he wanted medication that contained an active ingredient that would be effective in treating his nasal and/or sinus congestion.

227.    Mortuiccio purchased the "Maximum Strength" version of the decongestant because he wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

228.    In making his purchase, Mortuiccio relied upon the product packaging and the "Mucinex" brand name to make his purchasing decision—he read on the package that the product was "Maximum Strength" and that it promised to relieve "Sinus Pressure, Headache & Congestion," as well as "Nasal Congestion, Sinus Pressure & Pain." In addition, Mortuiccio knew from seeing years of advertising that "Mucinex" was a brand-name for over-the-counter decongestants. He trusted that any product branded "Mucinex" would be an effective decongestant.

229.    In making his purchase, Mortuiccio was also misled by RB's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Mortuiccio would not have purchased this PE Product had RB informed him of its lack of efficacy in relieving congestion or he would have paid significantly less than he paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

230.    Upon learning from his attorneys in prior litigation that an FDA Advisory Panel had determined that an active ingredient in Mucinex Sinus-Max was ineffective as an oral decongestant, Mortuiccio retained counsel to protect her rights.

231.    On April 25, 2024, Mortuiccio caused a Notice of Breach to be sent via U.S. Mail to RB, advising that they had breached the express and implied warranties they had made to him when he purchased Mucinex Maximum Strength Sinus-Max® Day & Night because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(b)     Mortuiccio Purchased TYLENOL® Cold + Flu Severe**

232.    In the last three years, Mortuiccio has purchased at least one package in New York of 24 caplets of TYLENOL® Cold + Flu Severe," a product manufactured and/or labeled by Johnson & Johnson.

233.    Mortuiccio made this purchase because he wanted medication that contained an active ingredient that would be effective in treating his nasal and/or sinus congestion.

234.    Mortuiccio purchased the "Severe" version of the decongestant because he thought his symptoms were or would be "severe," and he wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

235.    In making his purchase, Mortuiccio relied upon the product packaging and the "TYLENOL®" brand name to make his purchasing decision—he read on the package that the product was for "Severe" "Cold + Flu" and that it promised to relieve "Nasal Congestion." Further, Mortuiccio knew from seeing years of advertising that "TYLENOL®" was a brand-name for over-the-counter medications. He trusted that any product bearing the "TYLENOL®" brand name would be an effective decongestant.

236.    In making his purchase, Mortuiccio was also misled by Johnson & Johnson's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product,

phenylephrine, is no more effective at decongesting than placebo when taken orally. Mortuiccio would not have purchased this PE Product had Johnson & Johnson informed him of its lack of efficacy in relieving congestion  or he would have paid significantly less than he paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

237.    Upon learning from his attorneys in prior litigation that an FDA Advisory Panel had determined that an active ingredient in TYLENOL® Cold + Flu Severe was ineffective as an oral decongestant, Mortuiccio retained counsel to protect his rights.

238.    On April 25, 2024, Mortuiccio caused a Notice of Breach to be sent via U.S. Mail to Johnson & Johnson., advising that they had breached the express and implied warranties they had made to him when he purchased TYLENOL® Cold + Flu Severe because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(c)    Mortuiccio Purchased Mucinex Maximum Strength Fast-Max Severe Congestion & Cough**

239.    In the last three years, Mortuiccio has purchased in New York at least one package containing 6 fluid ounces of Mucinex Maximum Strength Fast-Max Severe Congestion & Cough, a product manufactured and/or labeled by RB.

240.    Mortuiccio made this purchase because he wanted medication that contained an active ingredient that would be effective in treating his nasal and/or sinus congestion.

241.    Mortuiccio purchased the "Maximum Strength" version of the decongestant because he wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

242.    In making his purchase, Mortuiccio relied upon the product packaging and the "Mucinex" brand name to make his purchasing decision—he read on the package that the product was for "Severe" "Congestion & Cough" and that it promised to relieve "Nasal & Chest Congestion." Further, Mortuiccio knew from seeing years of advertising that "Mucinex" was a brand-name for over-the-counter decongestants. He trusted that any product bearing the "Mucinex" brand name would be an effective decongestant.

243.    In making his purchase, Mortuiccio was also misled by RB's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Mortuiccio would not have purchased this PE Product had RB informed him of its lack of efficacy in relieving congestion or he would have paid significantly less than he paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

244.    Upon learning from his attorneys in prior litigation that an FDA Advisory Panel had determined that an active ingredient in Mucinex Maximum Strength Fast-Max Severe Congestion & Cough was ineffective as an oral decongestant, Mortuiccio retained counsel to protect her rights.

245.    On April 25, 2024, Mortuiccio caused a Notice of Breach to be sent via U.S. Mail to RB, advising that they had breached the express and implied warranties they had made to him when he purchased Mucinex Maximum Strength Fast-Max Severe Congestion & Cough because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(d)  Mortuiccio Purchased Vicks DayQuil™ and NyQuil™ VapoCOOL SEVERE Maximum Strength Cold & Flu + Congestion Relief Liquid Co-Pack**

246.     In the last three years, Mortuiccio has purchased in New York at least one package consisting of two 12 fluid ounce bottles of "Vicks DayQuil™ and NyQuil™ VapoCOOL SEVERE Maximum Strength Cold & Flu + Congestion Relief Liquid Co-Pack," a product manufactured and/or labeled by P&G.

247.     Mortuiccio made this purchase because he wanted medication that contained an active ingredient that would be effective in treating his nasal and/or sinus congestion.

248.     Mortuiccio purchased the "Severe" version of the decongestant because he thought his symptoms were or would be "severe," and he wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

249.     In making his purchase, Mortuiccio relied upon the product packaging and the "Vicks," "DayQuil" and NyQuil" brand names to make his purchasing decision—he read on the package that the product was for "Severe Cold & Flu + Congestion," and that it promised to relieve "Nasal Congestion" and "Sinus Pressure." Further, Mortuiccio knew from seeing years of advertising that "Vicks" and "DayQuil" and NyQuil" were brand names for over-the-counter decongestants. He trusted that any product bearing the "Vicks," "DayQuil" and NyQuil" brand names would be an effective decongestant.

250.     In making his purchase, Mortuiccio was also misled by P&G's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Mortuiccio would not have purchased this PE Product had P&G informed him of its lack of efficacy in relieving congestion or he would

have paid significantly less than he paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

251.    Upon learning from his attorneys in prior litigation that an FDA Advisory Panel had determined that an active ingredient in "Vicks DayQuil™ and NyQuil™ VapoCOOL SEVERE Maximum Strength Cold & Flu + Congestion Relief Liquid Co-Pack was ineffective as an oral decongestant, Mortuiccio retained counsel to protect his rights.

252.    On April 25, 2024 Mortuiccio caused a Notice of Breach to be sent via U.S. Mail to P&G, advising that they had breached the express and implied warranties they had made to him when he purchased Vicks DayQuil™ and NyQuil™ VapoCOOL SEVERE Maximum Strength Cold & Flu + Congestion Relief Liquid Co-Pack because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(e)    Mortuiccio Purchased Mucinex Maximum Strength Fast-Max® Day Cold & Flu and Night Cold & Flu**

253.    In the last three years, Mortuiccio in New York has purchased at least one package consisting of 24 liquid gels of "Mucinex Maximum Strength Fast-Max® Day Cold & Flu and Night Cold & Flu," a product manufactured and/or labeled by RB.

254.    Mortuiccio made this purchase because he wanted medication that contained an active ingredient that would be effective in treating his nasal and/or sinus congestion.

255.    Mortuiccio purchased the "Maximum Strength" version of the decongestant because he wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

256.    In making his purchase, Mortuiccio relied upon the product packaging and the "Mucinex" brand name to make his purchasing decision—he read on the package that the product

was for "Nasal Congestion," and that it promised to relieve "Sinus Congestion" and "Sinus Pressure." Further, Mortuiccio knew from seeing years of advertising that "Mucinex" was a brand name for over-the-counter decongestants. He trusted that any product bearing the "Mucinex" brand name would be an effective decongestant.

257.    In making his purchase, Mortuiccio was also misled by RB's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Mortuiccio would not have purchased this PE Product had RB informed him of its lack of efficacy in relieving congestion or he would have paid significantly less than he paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

258.    Upon learning from his attorneys in prior litigation that an FDA Advisory Panel had determined that the active ingredient in Mucinex Maximum Strength Fast-Max® Day Cold & Flu and Night Cold & Flu was ineffective as an oral decongestant, Mortuiccio retained counsel to protect his rights.

259.    On April 25, 2024 Mortuiccio caused a Notice of Breach to be sent via U.S. Mail to RB, advising that they had breached the express and implied warranties they had made to him when he purchased Mucinex Maximum Strength Fast-Max® Day Cold & Flu and Night Cold & Flu because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

   **(f)    Mortuiccio Purchased Vicks DayQuil™ and NyQuil™ SEVERE Maximum Strength Cough, Cold & Flu Relief LiquiCaps™ Co-Pack**

260.    In the last three years, Mortuiccio in New York has purchased at least one package consisting of twelve liquid capsules of "Vicks DayQuil™ and NyQuil™ SEVERE Maximum

Strength Cough, Cold & Flu Relief LiquiCaps™ Co-Pack," a product manufactured and/or labeled by P&G.

261.     Mortuiccio made this purchase because he wanted medication that contained an active ingredient that would be effective in treating his nasal and/or sinus congestion.

262.     Mortuiccio purchased the "Maximum Strength" version of the decongestant because he wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

263.     Mortuiccio purchased the "Severe" version of the decongestant because he thought his symptoms were or would be "severe," and he wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

264.     In making his purchase, Mortuiccio relied upon the product packaging and the "Vicks," "DayQuil" and NyQuil" brand names to make his purchasing decision—he read on the package that the product was for "Severe Cold & Flu," and that it promised to relieve "Nasal Congestion" and "Sinus Pressure." Further, Mortuiccio knew from seeing years of advertising that "Vicks" and "DayQuil" and NyQuil" were brand names for over-the-counter decongestants. He trusted that any product bearing the "Vicks," "DayQuil," and NyQuil" brand names would be an effective decongestant.

265.     In making his purchase, Mortuiccio was also misled by P&G's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Mortuiccio would not have purchased this PE Product had P&G informed him of its lack of efficacy in relieving congestion or he would

have paid significantly less than he paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

266.    Upon learning from his attorneys in prior litigation that an FDA Advisory Panel had determined that an active ingredient in Vicks DayQuil™ and NyQuil™ SEVERE Maximum Strength Cough, Cold & Flu Relief LiquiCaps™ Co-Pack was ineffective as an oral decongestant, Mortuiccio retained counsel to protect his rights.

267.    On April 25, 2024, Mortuiccio caused a Notice of Breach to be sent via U.S. Mail to P&G, advising that they had breached the express and implied warranties they had made to him when he purchased Vicks DayQuil™ and NyQuil™ SEVERE Maximum Strength Cough, Cold & Flu Relief LiquiCaps™ Co-Pack because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

***Pedro Urena***

268.    Plaintiff Pedro Urena ("Urena") is a citizen of the State and City of New York who resides in the County and Borough of the Bronx.

269.    Urena occasionally contracts the common cold and/or seasonal flu. These conditions cause him to experience symptoms such as nasal and/or sinus congestion. He takes multiple over-the-counter oral decongestants for relief from these symptoms that he has purchased from Walgreen's, CVS, and Target as well as a local pharmacy called Cuidamed Pharmacy in the Bronx.

(a)     **Urena Purchased Alka-Seltzer Plus Severe Cold & Flu**

270.    Within the last three years, Urena has purchased in New York at least one package of "Alka-Seltzer Plus Severe Cold & Flu" effervescent tablets, a product manufactured and/or labeled by Bayer.

271.    Urena made this purchase because he wanted medication that contained an active ingredient that would be effective in treating his nasal and/or sinus congestion.

272.    Urena purchased the "Severe" version of the decongestant because he thought his symptoms were or would be "severe," and he wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

273.    In making his purchase, Urena relied upon the product packaging and the "Alka-Seltzer" brand name to make his purchasing decision—he read on the label that the product was for "Severe Cold & Flu" and that it promised to relieve "Nasal Congestion." Further, Urena knew from seeing years of advertising that "Alka-Seltzer" was a brand name for over-the-counter decongestants. He trusted that any product branded "Alka-Seltzer" would be an effective decongestant.

274.    In making his purchase, Urena was also misled by Bayer's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Urena would not have purchased this PE Product had Bayer informed him of its lack of efficacy in relieving congestion or he would have paid significantly less than he paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

275.    Upon learning from his attorneys in prior litigation that an FDA Advisory Panel had determined that an active ingredient in Alka-Seltzer Plus Severe Cold & Flu was ineffective as an oral decongestant, Urena retained counsel to protect his rights.

276.    On April 25, 2024, Urena caused a Notice of Breach to be sent via U.S. Mail to Bayer, advising that they had breached the express and implied warranties they had made to him when he purchased Alka-Seltzer Plus Severe Cold & Flu because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(b)     Urena Purchased Thearaflu Daytime Severe Cold Relief Berry Burst Flavor Hot Liquid Powder**

277.    In the last three years, Urena has purchased in New York at least one package of six packets of Theraflu Daytime Severe Cold Relief Berry Burst Flavor Hot Liquid Powder, a product manufactured and/or labeled by Haleon.

278.    Urena made this purchase because he wanted medication that contained an active ingredient that would be effective in treating his nasal and/or sinus congestion.

279.    Urena purchased the "Severe" version of the decongestant because he thought his symptoms were or would be "severe," and he wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

280.    In making his purchase, Urena relied upon the product packaging and the "Theraflu" brand name to make his purchasing decision—he read on the package that the product was for "Severe Cold Relief" and that it promised to relieve "Nasal and sinus congestion." Further, Urena knew from seeing years of advertising that "Theraflu" was a brand name for over-the-counter medications. He trusted that any product bearing the "Theraflu" brand name would be an effective decongestant.

281.    In making his purchase, Urena was also misled by Haleon's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Urena would not have purchased this PE Product had Haleon informed him of its lack of efficacy in relieving congestion or he would have paid significantly less than he paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

282.    Upon learning from his attorneys in prior litigation that an FDA Advisory Panel had determined that an active ingredient in Thearaflu Daytime Severe Cold Relief Berry Burst Flavor Hot Liquid Powder was ineffective as an oral decongestant, Urena retained counsel to protect his rights.

283.    On April 25, 2024, Urena caused a Notice of Breach to be sent via U.S. Mail to Haleon, advising that they had breached the express and implied warranties they had made to him when he purchased Thearaflu Daytime Severe Cold Relief Berry Burst Flavor Hot Liquid Powder because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(c)     Urena Purchased Vicks DayQuil™ SEVERE Maximum Strength, Cold & Flu Daytime Relief LiquiCaps**

284.    In the last three years, Urena has purchased in New York at least one package consisting of sixteen liquid capsules of "Vicks DayQuil™ SEVERE Maximum Strength Cold & Flu Daytime Relief LiquiCaps," a product manufactured and/or labeled by P&G.

285.    Urena made this purchase because he wanted medication that contained an active ingredient that would be effective in treating his nasal and/or sinus congestion.

286.    Urena purchased the "Maximum Strength" version of the decongestant because he wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

287.    Urena purchased the "Severe" version of the decongestant because he thought his symptoms were or would be "severe," and he wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating his nasal and/or sinus congestion.

288.    In making his purchase, Urena relied upon the product packaging and the "Vicks," and "DayQuil" brand names to make his purchasing decision—he read on the package that the product was for "Severe Cold & Flu," and that it promised to relieve "Nasal Congestion" and "Sinus Pressure." Further, Urena knew from seeing years of advertising that "Vicks" and "DayQuil" were brand names for over-the-counter decongestants. He trusted that any product bearing the "Vicks," and "DayQuil" brand names would be an effective decongestant. Urena was also misled by P&G's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Urena would not have purchased this PE Product had P&G informed him of its lack of efficacy in relieving congestion or he would have paid significantly less than he paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

289.    Upon learning from his attorneys in prior litigation that an FDA Advisory Panel had determined that an active ingredient in "Vicks DayQuil™ SEVERE Maximum Strength Cold & Flu Daytime Relief LiquiCaps was ineffective as an oral decongestant, Urena retained counsel to protect her rights.

290.    On April 25, 2024, Urena caused a Notice of Breach to be sent via U.S. Mail to P&G, advising that they had breached the express and implied warranties they had made to him when he purchased Vicks DayQuil™ SEVERE Maximum Strength Cold & Flu Daytime Relief LiquiCaps because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**Kimberly McNulty**

291.    Plaintiff Kimberly McNulty ("McNulty") is a citizen of the State and City of New York, County and Borough of Bronx.

292.    From time to time, McNulty or her eleven-year-old son catch the common cold and/or seasonal flu. These conditions cause them to experience symptoms including nasal and/or sinus congestion. For relief from these symptoms, Plaintiff personally takes and/or administers to her son over-the-counter oral decongestants.

(a)      **McNulty Purchased up & up Daytime Severe Cold & Flu**

293.    In the last three years, McNulty purchased Target's up & up Daytime Severe Cold & Flu Softgel medicine from Target in the Bronx, New York, and product manufactured and/or labeled by Target.

294.    McNulty made this purchase because she wanted medication that contained an active ingredient that would be effective in treating her nasal and/or sinus congestion.

295.    McNulty purchased the "Severe" version of the decongestant because she thought her symptoms were or would be "severe," and she wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating her nasal and/or sinus congestion.

296.    In making her purchase, McNulty relied upon the product packaging and the Target "up & up" brand name to make her purchasing decision—she read on the packaging that the

69

product was intended for "Nasal Congestion and Sinus Pressure." She trusted that any product branded "up & up" would be an effective decongestant.

297.   In making her purchase, McNulty was also misled by Target's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. McNulty would not have purchased this PE Product had Target informed her of its lack of efficacy in relieving congestion or she would have paid significantly less than she paid insofar as this PE Product was only effective in treating her other symptoms and was not effective in treating sinus pressure and congestion.

298.   Upon learning that an FDA Advisory Panel had determined that the active ingredient in up & up Daytime Severe Cold & Flu Softgel was ineffective as an oral decongestant, McNulty retained counsel to protect her rights.

299.   On April 25, 2024, McNulty caused a Notice of Breach to be sent via U.S. Mail to Target Corporation advising that they had breached the express and implied warranties they had made to her when she purchased Target's up & up Daytime Severe Cold & Flu Softgel medicine because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(b)   McNulty Purchased Walgreens Multi-Symptom Children's Cold Liquid**

300.   In the last three years, McNulty purchased Walgreens Multi-Symptom Children's Cold Liquid medicine from Walgreens in the Bronx, New York, a product manufactured and/or labeled by Walgreens.

301.   McNulty made this purchase because she wanted medication that contained an active ingredient that would be effective in treating her son's nasal and/or sinus congestion.

302.    In making her purchase, McNulty relied upon the product packaging and the "Walgreens" brand name to make her purchasing decision—she read on the packaging that the product was intended for "Stuffy Nose." She trusted that any product branded "Walgreens" would be an effective decongestant.

303.    In making her purchase, McNulty was also misled by Walgreens' failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. McNulty would not have purchased this PE Product had Walgreens informed her of its lack of efficacy in relieving congestion or she would have paid significantly less than she paid insofar as this PE Product was only effective in treating her other symptoms and was not effective in treating sinus pressure and congestion.

304.    Upon learning that an FDA Advisory Panel had determined that the active ingredient in Walgreens Multi-Symptom Children's Cold Liquid was ineffective as an oral decongestant, McNulty retained counsel to protect her rights.

305.    On April 25, 2024, McNulty caused a Notice of Breach to be sent via U.S. Mail to Walgreens Co. advising that they had breached the express and implied warranties they had made to her when she purchased Walgreens Multi-Symptom Children's Cold Liquid medicine because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(c)** **McNulty Purchased Walgreens Daytime Severe Cold & Flu Maximum Strength**

306.    In the last three years, McNulty purchased Walgreens Daytime Severe Cold & Flu Maximum Strength medicine from Walgreens in the Bronx, New York, a product manufactured and/or labeled by Walgreens.

307.    McNulty made this purchase because she wanted medication that contained an active ingredient that would be effective in treating her nasal and/or sinus congestion.

308.    McNulty purchased the "Severe" version of the decongestant because she thought her symptoms were or would be "severe," and she wanted to take the highest possible safe dosage of an active ingredient that would be effective in treating her nasal and/or sinus congestion.

309.    In making her purchase, McNulty relied upon the product packaging and the "Walgreens" brand name to make her purchasing decision—she read on the packaging that the product was intended for "Nasal Congestion and Sinus Pressure." She trusted that any product branded "Walgreens" would be an effective decongestant.

310.    In making her purchase, McNulty was also misled by Walgreens' failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. McNulty would not have purchased this PE Product had Walgreens informed her of its lack of efficacy in relieving congestion or she would have paid significantly less than she paid insofar as this PE Product was only effective in treating his other symptoms and was not effective in treating sinus pressure and congestion.

311.    Upon learning that an FDA Advisory Panel had determined that the active ingredient in Walgreens Daytime Severe Cold & Flu Maximum Strength was ineffective as an oral decongestant, McNulty retained counsel to protect her rights.

312.    On April 25, 2024, McNulty caused a Notice of Breach to be sent via U.S. Mail to Walgreens advising that they had breached the express and implied warranties they had made to her when she purchased Walgreens Daytime Severe Cold & Flu Maximum Strength medicine because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

(d)    **McNulty Purchased CVS Health Children's Day + Nighttime Cold, Cough + Congestion Relief Liquid**

313.    In the last three years, McNulty purchased CVS Health Children's Day + Nighttime Cold, Cough + Congestion Relief Liquid medicine from CVS in the Bronx, New York, a product manufactured and/or labeled by CVS.

314.    McNulty made this purchase because she wanted medication that contained an active ingredient that would be effective in treating her nasal and/or sinus congestion.

315.    In making her purchase, McNulty relied upon the product packaging and the "CVS" brand name to make her purchasing decision—she read on the packaging that the product was intended relieving congestion.

316.    In making her purchase, McNulty was also misled by CVS's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. McNulty would not have purchased this PE Product had CVS informed her of its lack of efficacy in relieving congestion or she would have

paid significantly less than he paid insofar as this PE Product was only effective in treating her other symptoms and was not effective in treating sinus pressure and congestion.

317.    Upon learning that an FDA Advisory Panel had determined that the active ingredient in the PE Product was ineffective as an oral decongestant, McNulty retained counsel to protect her rights.

318.    On May 3, 2024, McNulty caused a Notice of Breach to be sent via U.S. Mail to CVS advising that they had breached the express and implied warranties they had made to her when she purchased CVS Health Children's Day + Nighttime Cold, Cough + Congestion Relief Liquid medicine because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

**(e)    McNulty Purchased CVS Health Non-Drowsy Daytime Multi-Symptom Cold/Flu Relief Softgels**

319.    In the last three years, McNulty purchased CVS Health Children's Day + Nighttime Cold, Cough, + Congestion Relief Liquid Combo Pack from CVS in the Bronx, New York, a product manufactured and/or labeled by CVS.

320.    McNulty made this purchase because she wanted medication that contained an active ingredient that would be effective in treating nasal and/or sinus congestion.

321.    In making her purchase, McNulty relied upon the product packaging and the "CVS" brand name to make her purchasing decision—she read on the packaging that the product was intended relieving congestion.

322.    In making her purchase, McNulty was also misled by CVS's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more

effective at decongesting than placebo when taken orally. McNulty would not have purchased this PE Product had CVS informed her of its lack of efficacy in relieving congestion or she would have paid significantly less than he paid insofar as this PE Product was only effective in treating her other symptoms and was not effective in treating sinus pressure and congestion.

323.    Upon learning that an FDA Advisory Panel had determined that the active ingredient in the PE Product was ineffective as an oral decongestant, McNulty retained counsel to protect her rights.

324.    On May 3, 2024, McNulty caused a Notice of Breach to be sent via U.S. Mail to CVS advising that they had breached the express and implied warranties they had made to her when she purchased CVS Health Children's Day + Nighttime Cold, Cough, + Congestion Relief Liquid because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

***Tatyana Dekhtyar***

325.    Plaintiff Tatyana Dekhtyar ("Dekhtyar") is a citizen of the State of New York who resides in Brooklyn, New York.

326.    From time to time, Dekhtyar catches the common cold or seasonal flu. When she catches a cold or flu, she experiences symptoms such as nasal and/or sinus congestion. She takes over-the-counter oral decongestants for relief from these symptoms.

327.    Within the Class Period, Dekhtyar purchased "Advil Sinus Congestion & Pain," a product manufactured and/or labeled by Haleon, from Target, CVS and Walgreens, in Brooklyn New York.  Dekhtyar paid for such purchases out-of-pocket.

328.    Dekhtyar made these purchases because she wanted medication that contained an active ingredient that would be effective in treating her nasal and/or sinus congestion.

329.    In making her purchases, Dekhtyar relied upon the product packaging and the "Advil" brand name to make her purchasing decision—she read on the packaging that the product promised to relieve "Nasal Congestion", "Nasal Swelling" and "Sinus Pressure." In addition, Dekhtyar knew from seeing years of advertising that "Advil" was a brand name for over-the-counter drugs effective at relieving congestion. She trusted that any product named "Advil" would be an effective decongestant.

330.    In making her purchases, Dekhtyar was also misled by Haleon's failure anywhere to disclose its superior knowledge that this PE Product is not, in fact, effective at relieving congestion because the ingredient that purportedly "decongests" in the product, phenylephrine, is no more effective at decongesting than placebo when taken orally. Dekhtyar would not have purchased this PE Product had Haleon informed her of its lack of efficacy in relieving congestion or she would have paid significantly less than she paid insofar as this PE Product was only effective in treating her other symptoms and was not effective in treating sinus pressure and congestion.

331.    Upon learning from USA Today Article published in September of 2023 that an FDA Advisory Panel had determined that the active ingredient in Sudafed PE was ineffective as an oral decongestant, Dekhtyar retained counsel to protect her rights.

332.    On September 26, 2023, September 27, 2023 and May 3, 2024, Dekhtyar caused a notices of breach and violation of consumer protection statutes to be sent to Haleon, advising that it had breached the express and implied warranties it had made to her when she purchased Advil Sinus Congestion & Pain because "the active nasal decongestant ingredient in this product is phenylephrine, which a Food and Drug Administration advisory panel has concluded is ineffective."

## VI.   TOLLING OF ALL APPLICABLE STATUTES OF LIMITATION

***Discovery Rule Tolling***

333.    Plaintiffs and the other Class members had no way of knowing about Defendants' deception concerning their PE Products. As consumers, they reasonably believed that the phenylephrine contained within the PE Products that Defendants offered for sale could act as a decongestant.

334.    Within the time period of any applicable statutes of limitation, Plaintiffs and the other Class members could not have discovered through the exercise of reasonable diligence that Defendants' PE Products were ineffective as advertised.

335.    Plaintiffs and the other Class members did not discover and did not know facts that would have caused a reasonable person to suspect that Defendants did not report information within their knowledge about the ineffectiveness of their PE Products.

336.    For these reasons, all applicable statutes of limitation have been tolled through the discovery rule for the asserted claims.

***Fraudulent Concealment Tolling***

337.    All applicable statutes of limitation have also been tolled by Defendants' knowing and active fraudulent concealment and denial of the facts alleged herein throughout the time period relevant to this action.

338.    Despite their knowledge that Oral PE is not efficacious as a decongestant, Defendants intentionally withheld and never disclosed to consumers that information in any form, other than Johnson & Johnson's belated partial disclosure, discussed above.

339.    Rather than disclose the truth about their PE products, Defendants falsely represented these PE Products as ones that would relieve congestion.

340.    Absent discovery, Plaintiffs were unaware of, and unable through reasonable investigation to obtain, the true names and identities of those individuals at Defendants' companies responsible for disseminating false and misleading statements to consumers regarding the ineffectiveness of their PE Products. Defendants necessarily are in possession of this information.

341.    Plaintiffs' claims arise out of Defendants' fraudulent concealment of the true effectiveness of PE Products and Defendants' representations to consumers regarding this effectiveness.

342.    To the extent that Plaintiffs' claims arise from Defendants' fraudulent concealment, there is no one document or communication, and no one interaction, upon which Plaintiffs base their claims. Plaintiffs allege that at all relevant times, including specifically prior to and at the time they purchased their PE Products: Defendants knew, or were reckless in not knowing, of the lack of effectiveness of PE and PE Products; Defendants were under a duty to truthfully disclose the lack of effectiveness based upon a) their exclusive and/or superior knowledge of the lack of effectiveness of PE and PE Products; b) their partial representations about the effectiveness of PE and PE Products, and c) their active concealment of the lack of effectiveness of PE and PE Products. Defendants never disclosed the lack of effectiveness to Plaintiffs or consumers at any time or place or in any manner.

343.    Plaintiffs make the following specific fraud allegations with as much specificity as possible absent access to the information necessarily available only to Defendants:

a.    **Who:** Defendants actively concealed the true effectiveness of PE from Plaintiffs and the other Class Members, while simultaneously falsely touting the efficacy of their PE Products. Plaintiffs are unaware of, and therefore unable to identify, the names and identities of those specific individuals at Defendants' companies responsible for such decision;

b.     **What:** Defendants knew, or were reckless or negligent in not knowing, that PE is an ineffective decongestant starting no later than January 1, 2016;

c.     **When**: Defendants concealed material information regarding PE and PE Products, and made representations about PE and PE Products' effectiveness starting no later than January 1, 2016, continuing through the time of sale, and on an ongoing basis, and continuing to this day. Defendants still have not disclosed the full truth about the lack of effectiveness of PE to anyone outside of Defendants' companies. Defendants never took any action to adequately inform consumers about the true nature of the effectiveness of PE, aside from a small disclosure by Johnson & Johnson on its website following the NDAC's September 2023 announcement that PE is ineffective. Defendants continue to deny any knowledge of or responsibility for the ineffectiveness of PE Products;

d.     **Where:** Defendants concealed material information regarding the true effectiveness of PE on its products and in online and in physical advertisements. Plaintiffs are aware of no document, communication, or other place or thing, in which Defendants disclosed the truth about the true effectiveness of PE to anyone outside of Defendants' companies. Such information is not adequately disclosed in any sales documents, displays, advertisements, warranties, or disclaimers on Defendants' websites or in Defendants' stores;

e.     **How:** Defendants concealed the lack of effectiveness from Plaintiffs and the other Class Members and made misrepresentations about the effectiveness of PE. Defendants promised in their marketing materials and on their products that their PE Products have qualities that they do not have. Defendants actively concealed the truth about the lack of effectiveness of PE from Plaintiffs and the other Class Members, even though Defendants knew about PE's lack

of effectiveness and knew that information about the lack of effectiveness would be important to a reasonable consumer;

        f.    **Why**: Defendants actively concealed material information and made material misrepresentations about the effectiveness of PE for the purpose of inducing Plaintiffs and the other Class Members to purchase PE Products, and/or pay more for them than they otherwise would. Had Defendants disclosed the truth, for example on their products, in their advertisements or other materials or communications, Plaintiffs and the other Class Members (all reasonable consumers) would have been aware of it and would not have bought PE Products or would have paid less for them.

*Estoppel*

344.    Defendants were under a continuous duty to disclose to Plaintiffs and the other Class members the true character, quality, and nature of their PE Products.

345.    Defendants knowingly, affirmatively, and actively concealed the true nature, quality, and character of their PE Products.

346.    Based on the foregoing, Defendants are estopped from relying on any statutes of limitations in defense of this action.

## VII.    CLASS ACTION ALLEGATIONS

347.    Plaintiffs bring this action pursuant to Rules 23(a), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated.

348.    Plaintiffs seek to represent the following Classes:

### a.  The Nationwide RICO Class

All natural persons who, from 2016 to the present, purchased an oral nasal decongestant containing phenylephrine, other than for resale, manufactured by Defendants (the "Nationwide RICO Class");

A-214

**b.   The Johnson & Johnson New York Class**

All natural persons who, from 2016 to the present, purchased in the State of New York, other than for resale, an oral nasal decongestant containing phenylephrine manufactured by Defendant Johnson & Johnson (the "Johnson & Johnson New York Class");

**c.   The RB New York Class**

All natural persons who, from 2016 to the present, purchased in the State of New York, other than for resale, an oral nasal decongestant containing phenylephrine manufactured by Defendant RB (the "Reckitt Benckiser New York Class");

**d.   The Bayer New York Class**

All natural persons who, from 2016 to the present, purchased in the State of New York, other than for resale, an oral nasal decongestant containing phenylephrine manufactured by Defendant Bayer (the "Bayer New York Class");

**e.   The CVS New York Class**

All natural persons who, from 2016 to the present, purchased in the State of New York, other than for resale, an oral nasal decongestant containing phenylephrine manufactured by Defendant CVS (the "CVS New York Class");

**f.   The Target New York Class**

All natural persons who, from 2016 to the present, purchased in the State of New York, other than for resale, an oral nasal decongestant containing phenylephrine manufactured by Defendant Target (the "Target New York Class");

**g.   The Walgreens New York Class**

All natural persons who, from 2016 to the present, purchased in the State of New York, other than for resale, an oral nasal decongestant containing phenylephrine manufactured by Defendant Walgreens (the "Walgreens New York Class");

**h.   The P&G New York Class**

All natural persons who, from 2016 to the present, purchased in the State of New York, other than for resale, an oral nasal decongestant containing

phenylephrine manufactured by Defendant P&G (the "P&G New York Class");

**i.   The Haleon New York Class**

All natural persons who, from 2016 to the present, purchased in the State of New York, other than for resale, an oral nasal decongestant containing phenylephrine manufactured by Defendant Haleon (the "Haleon New York Class"); and

**j.   The Walmart New York Class**

All natural persons who, from 2016 to the present, purchased in the State of New York, other than for resale, an oral nasal decongestant containing phenylephrine manufactured by Walmart. (the "Walmart New York Class").

349.   Excluded from the Classes are: any claims for personal injury or wrongful death; Defendants, and any of Defendants' members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; the Judges assigned to this case and their immediate family members; and Court staff assigned to this case.

350.   This action has been brought and may properly be maintained on behalf of the Classes proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

351.   Plaintiffs reserve the right before the Court to determine whether certification of other classes or subclasses are appropriate.

352.   Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

353.   This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

354.   **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Classes are so numerous and geographically dispersed that individual joinder of all Class Members is impracticable. Plaintiffs are informed and believe that there are millions of members of the Classes based on the size of the market for decongestant products and Defendants' share of that market.  Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

355.   **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact which predominate over any questions affecting individual Class members, including, without limitation:

   a.   whether Defendants engaged in the conduct alleged herein;

   b.   whether Defendants' alleged conduct violates applicable law;

   c.   whether and when Defendants knew that phenylephrine was ineffective as a decongestant;

   d.   whether Defendants sold PE Products as though they were effective;

   e.   what measures Defendants took to conceal the truth about their PE Products;

   f.   Defendants' duty to disclose the truth about their PE Products;

   g.   whether Plaintiffs and the other Class members overpaid for Defendants' PE Products;

   h.   whether Plaintiffs and the other Class members are entitled to damages, restitution, restitutionary disgorgement, equitable relief, statutory damages, exemplary damages, and/or other relief;

    i.   whether Plaintiffs and the class are entitled to injunctive relief and the nature of such relief; and

    j.   the amount and nature of relief to be awarded to Plaintiffs and the other Class members.

356.   **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiffs' claims are typical of the other Class Members' claims because, among other things, all Class members were comparably injured through Defendants' wrongful conduct as described above. Plaintiffs and all Class members suffered monetary damages as a direct proximate result of the same wrongful practices in which Defendants engaged. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the other Class members.

357.   **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other members of the Classes they seek to represent; Plaintiffs have retained counsel competent and experienced in complex class action litigation; and Plaintiffs intend to prosecute this action vigorously. The Classes' interests will be fairly and adequately protected by Plaintiffs and their counsel.

358.   **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Classes, thereby making declaratory and injunctive relief appropriate, with respect to each Class as a whole.

359.   **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in managing this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the

burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for the members of the Classes to seek redress for Defendants' wrongful conduct individually. Even if Class members could afford individual litigation, such litigation creates a potential for inconsistent or contradictory judgments. It increases the delay and expense to all parties and the court system. By contrast, a class action is suited and intended to manage such difficulties and provide the benefits of uniform and common adjudication, economy of scale, and comprehensive supervision.

360.    **Issue Certification – Federal Rule of Civil Procedure 23(c)(4)**. As an alternative to Rule 23(b)(2) and/or 23(b)(3), Plaintiffs seek issue certification under Rule 23(c)(4) of liability issues common to all Class members.

## VIII.   CLAIMS FOR RELIEF

361.    As a matter of state and federal law, Defendants' PE Products are misbranded.

362.    The PE Products meet the Federal Food, Drug, and Cosmetic Act (21 U.S.C. ch. 9) ("FDCA's") definition of "drug." *See* 21 U.S.C § 321(g)(1).[57]

363.    Federal law, including the FDCA and the FDA's implementing rules and regulations, prohibits Defendants from including false or misleading information in their Products' drug labeling.

364.    For example, 21 U.S.C. § 352(a)(1) provides, in pertinent part, that:

> A drug or device shall be deemed to be misbranded—
> (a) False or Misleading Label
> (1) If its labeling is false or misleading in any particular [sic]

---

[57] "The term 'drug' means . . . (B) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; and (C) articles (other than food) intended to affect the structure or any function of the body of man or other animals."

365.    Consistent with 21 U.S.C. § 352(a)(1), the FDA's rules and regulations implementing the FDCA prohibit false or misleading information in drug labeling.

366.    Consistent with 21 U.S.C. § 352(a)(1), the FDA's rules and regulations implementing the FDCA do not and cannot permit, authorize, or require false or misleading information to be included in drug labeling.

367.    Federal law also prohibits the introduction into interstate commerce of any misbranded drug. For example, 21 U.S.C. § 331(a) provides, in pertinent part, that defendant may not "[deliver] for introduction into interstate commerce of any food, drug, device, tobacco product, or cosmetic that is adulterated or misbranded."

368.    Federal law, including the FDCA and the FDA's implementing rules and regulations, requires Defendants not to include false or misleading information in their Products' drug labeling.

369.    Further, Federal law, including the FDCA and the FDA's implementing rules and regulations, prohibits Defendants from omitting materials facts from their Products' drug labeling. For example, 21 U.S.C. § 321(n) provides, in pertinent part:

> (n) If an article is alleged to be misbranded because the labeling or advertising is misleading, then in determining whether the labeling or advertising is misleading there shall be taken into account (among other things) not only representations made or suggested by statement, word, design, device, or any combination thereof, but also the extent to which the labeling or advertising fails to reveal facts material in the light of such representations or material with respect to consequences which may result from the use of the article to which the labeling or advertising relates under the conditions of use prescribed in the labeling or advertising thereof or under such conditions of use as are customary or usual.

370.    Consistent with 21 U.S.C. § 321(n), the FDA's rules and regulations implementing the FDCA prohibit omission of material facts from drug labeling which renders that labeling false or misleading.

371.    Federal law, including the FDCA and the FDA's implementing rules and regulations, requires Defendants not to omit materially relevant facts from their PE Products' drug labeling.

372.    Defendants' conduct in including false and misleading information in their PE Products' drug labeling regarding the efficacy of oral phenylephrine, violated federal law, including the FDCA and the FDA's implementing rules and regulations.

373.    Defendants' conduct in omitting material facts in their PE Products' drug labeling regarding the efficacy of oral phenylephrine, which rendered the labels false and misleading, violated federal law, including the FDCA and the FDA's implementing rules and regulations.

374.    Defendants' conduct in introducing into interstate commerce misbranded PE Products with drug labeling that includes false and misleading information about oral phenylephrine, violated federal law, including the FDCA and the FDA's implementing rules and regulations.

375.    By virtue of their conduct taken in violation of federal law, Defendants also violated New York law, as set forth below in Counts 1-6.

376.    The requirements imposed upon Defendants under New York law, set forth below in Counts 1-6, are fully consistent with the requirements imposed upon Defendants under federal law.

377.    Both New York law and federal law require Defendants to not include false or misleading information in their PE Products' drug labeling.

378.    Both New York law and federal law require Defendants not to omit material facts from their PE Products' drug labeling.

379.     At all times, Defendants had the obligation to update their PE Products' drug labeling to not contain false or misleading information regarding the efficacy of oral phenylephrine.

380.     At all times, Defendants had the obligation to update their PE Products' drug labeling to not omit material facts about the efficacy of oral phenylephrine.

381.     At all times, Defendants had the obligation not to introduce into interstate commerce PE Products that are misbranded.

382.     Had Defendants at any time attempted to make such labeling changes, the FDA would not have rejected them.

**COUNT 1**
**Violation of the New York Deceptive Acts and Practices Act**
**(N.Y. Gen. Bus. Law §349)**

383.     Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1-84 and 131-382 as if fully set forth herein.

384.     This Count is brought on behalf of the New York Classes (for the purpose of this Count, "Class" or "Plaintiffs") against the State Law Defendants (for the purpose of this section, "Defendants").

385.     Plaintiffs and the other Class members are "person[s] . . . injured by reason of any violation" within the meaning of N.Y. Gen. Bus. Law § 349(h). Defendants are each a "person, firm, corporation or association" within the meaning of N.Y. Gen. Bus. Law §349(b).

386.     N.Y. Gen. Bus. Law § 349 ("GBL § 349") prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce." GBL §349(a).

387.     In the course of their business Defendants, through their agents, employees, and/or subsidiaries, violated the GBL § 349 by knowingly and intentionally misrepresenting, omitting,

concealing, and failing to disclose material facts regarding the PE Products, including that such drugs inherently lacked efficacy, were no more effective than placebo, and were (and are) not fit to be used for their intended purpose, as detailed above.

388.    Defendants had superior access to material facts concerning the nature of their PE Products and knew that consumers and users such as Plaintiffs could not have reasonably discovered that the PE Products lacked efficacy for treatment of nasal and sinus congestion.

389.    Defendants had a duty truthfully to disclose PE Products' lack of efficacy because they had superior knowledge of the material fact that phenylephrine was not efficacious for the treatment of nasal and sinus congestion. Nevertheless, Defendants made representations that PE Products were fit to be used for the treatment of nasal and sinus congestion. Each defendant has repeatedly represented—including but not limited to on its product labeling—that PE Products act as nasal decongestants.

390.    Specifically, by knowingly and intentionally misrepresenting, omitting, concealing, and failing to disclose material facts regarding PE Products, including that such products lacked efficacy and are not fit to be used for their intended purpose, as detailed above, Defendants engaged in one or more unfair or deceptive business practices prohibited by GBL § 349, including but not limited to:

  (a) representing that the PE Products have characteristics, uses, benefits, and qualities which they do not have;

  (b) representing that the PE Products are of a particular standard, quality, and grade when they are not;

  (c) advertising the PE Products with the intent not to sell them as advertised; and

(d) engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce.

391.    Defendants' unfair or deceptive acts or practices, including their misrepresentations, concealments, omissions, and suppressions of material facts, as alleged herein, had a tendency or capacity to mislead and create a false impression in consumers' minds and were likely to and, in fact, did deceive reasonable consumers, including Plaintiffs and other Class members, about the inherently non-efficacious nature of the PE Products.

392.    These express affirmations of fact and promises include incomplete instructions that purport, but fail, to include the critical information inside the product label or external to the product label regarding PE Products and the lack of efficacy of phenylephrine. Under New York Law, a "drug…shall be deemed misbranded [i]f its labeling is false or misleading in any particular." N.Y. Educ. Law § 6815(2)(a). Defendants' labeling of the PE Products was false and misleading.

393.    It is a violation of GBL § 349 and an unfair trade practice to sell a misbranded product.

394.    The facts regarding PE Products that Defendants knowingly and intentionally misrepresented, omitted, concealed, and/or failed to disclose would be considered material by a reasonable consumer, and they were, in fact, material to Plaintiffs and other Class members, who consider such facts to be important to their purchase decisions with respect to PE Products.

395.    Defendants had an ongoing duty to Plaintiffs and other Class members to refrain from unfair and deceptive practices under the GBL § 349 in the course of their business. Specifically, Defendants owed Plaintiffs and other Class members a duty to disclose all the material facts regarding PE Products, including that such products lacked efficacy and were (and

are) not fit to be used for their intended purpose, as detailed above, because Defendants possessed superior knowledge, intentionally concealed the facts regarding PE Products, and/or they made misrepresentations that were rendered misleading because they were contradicted by withheld facts, including that such products lacked efficacy and were (and are) not fit to be used for their intended purpose.

396.    Had Defendants not engaged in the deceptive acts and practices alleged herein, Plaintiffs and other Class members would not have purchased the PE Products, or would have paid less for them, and, thus, they did not receive the benefit of the bargain and/or suffered out-of-pocket loss.

397.    Defendants' violations present a continuing harm to Plaintiffs and other Class members, as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

398.    Pursuant to GBL § 349(h), Plaintiffs and the other Class Members seek actual damages or $50 per purchase, whichever is greater, in addition to discretionary three times actual damages up to $1,000 for Defendants' willful and knowing violation of GBL § 349, and an additional civil penalty of $10,000 per elderly person 65 years of age or older because Defendants' conduct was in willful disregard of the rights of elderly persons. GBL § 349-C(2)(b). Plaintiff and Class Members also seek attorneys' fees, an order enjoining the Defendants' deceptive conduct, and any other just and proper relief available under the New York GBL.

**COUNT 2**
**Violation of the New York False Advertising Act**
**(N.Y. Gen. Bus. Law §350)**

399.    Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1-84 and 131-382 as if fully set forth herein.

400.     This Count is brought on behalf of a New York Classes (for the purpose of this Count, "Class" or "Plaintiffs") against the State Law Defendants (for the purpose of this section, "Defendants").

401.     Defendants were and are engaged in "conduct of business, trade or commerce" within the meaning of N.Y. Gen. Bus. Law §350.

402.     The New York False Advertising Act ("New York FAA") prohibits "[f]alse advertising in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law §350. False advertising includes "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in the light of . . . representations [made] with respect to the commodity." N.Y. Gen. Bus. Law §350-a(1).

403.     Defendants had a duty to disclose the PE products' lack of efficacy because they had superior—indeed exclusive—knowledge of the material fact that phenylephrine was not efficacious for the treatment of nasal and sinus congestion. Nevertheless, Defendants made representations that PE products were fit to be used for the treatment of nasal and sinus congestion.

404.     Defendants caused to be made or disseminated through New York and the United States, through advertising, marketing, and/or other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendants, to be untrue and misleading to consumers, including Plaintiffs and other Class members.

405.     In the course of their business, Defendants, directly or through their agents, employees, and/or subsidiaries, violated the New York FAA by knowingly and intentionally misrepresenting, omitting, concealing, and/or failing to disclose material facts regarding PE

Products, including that such products inherently lacked efficacy and were (and are) not fit to be used for their intended purpose, as detailed above.

406.    Defendants' PE Products are not fit for their intended use because phenylephrine is wholly ineffective when used as intended.

407.    Specifically, by knowingly and intentionally misrepresenting, omitting, concealing, and failing to disclose material facts regarding PE Products, including that such drugs inherently lacked efficacy and were (and are) not fit to be used for their intended purpose, as detailed above, Defendants engaged in one or more unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the New York FAA.

408.    Defendants' unfair or deceptive acts or practices, including their misrepresentations, concealments, omissions, and/or suppressions of material facts, as alleged herein, had a tendency or capacity to mislead and create a false impression in consumers' minds and were likely to and, in fact, did deceive reasonable consumers, including Plaintiffs and other Class members, about PE Products that inherently lacked efficacy and were (and are) not fit to be used for their intended purpose, as detailed above.

409.    The facts regarding PE Products that Defendants knowingly and intentionally misrepresented, omitted, concealed, and failed to disclose would be considered material by a reasonable consumer, and they were, in fact, material to Plaintiffs and other Class members, who consider such facts to be important to their purchasing decisions with respect to PE Products.

410.    Plaintiffs and the other Class members had no way of reasonably discerning that Defendants' representations were false and misleading or otherwise learning the facts that Defendants had concealed or failed to disclose.

411. Defendants had an ongoing duty to Plaintiffs and other Class members to refrain from false advertising under N.Y. Gen. Bus. Law § 350 in the conduct of their business. Specifically, under N.Y. Gen. Bus. Law § 350-a Defendants were prohibited from failing to disclose all the material facts regarding PE Products in their "advertising, including labeling" so as not to render such advertising "misleading in a material respect" including that such products inherently lacked efficacy and were (and are) not fit to be used for their intended purpose, as detailed above, intentionally concealed the facts regarding PE Products, and/or they made misrepresentations that were rendered misleading because they were contradicted by withheld facts, including that such products inherently lacked efficacy and were (and are) not fit to be used for their intended purpose.

412. Plaintiffs and other Class members were aggrieved by Defendants' violations of the New York FAA because they suffered ascertainable loss and actual damages as a direct and proximate result of Defendant's knowing and intentional misrepresentations, omissions, concealments, and failures to disclose material facts regarding PE Products, including that such products were inherently defective and not fit to be used for their intended purpose. Specifically, Plaintiffs and other Class members purchased PE Products in reliance on Defendants' misrepresentations, omissions, concealments, and/or failures to disclose material facts regarding PE Products. Had Defendants not engaged in the deceptive acts and practices alleged herein, Plaintiffs and Class members would not have purchased the PE Products, and, thus, they did not receive the benefit of the bargain and/or suffered out-of-pocket loss.

413. Defendants' violations present a continuing risk to Plaintiffs and other Class members, as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

414.     As a result of Defendants' violations of the New York FAA, as alleged herein, Plaintiffs and other Class members seek to recover their actual damages or $500, whichever is greater. Because each Defendant acted willfully or knowingly, Plaintiffs and other Class Members are entitled to recover three times actual damages, up to $10,000. Plaintiffs and other Class Members seek an additional civil penalty of $10,000 per elderly person sixty-five years of age or older because Defendants' conduct was in willful disregard of the rights of elderly persons. N.Y. Gen. Bus. Law § 349-C(2)(b).  Plaintiffs and other Class Members also seek an order enjoining Defendants' false advertising, attorneys' fees, and other relief that this Court deems just and appropriate.

## COUNT 3
## Breach of Express Warranty
## (N.Y. U.C.C. Law §2-313)

415.     Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1-84 and 131-382 as if fully set forth herein. This cause of action is brought on behalf of a New York Classes (for the purpose of this Count, "Class" or "Plaintiffs") against the State Law Defendants (for the purpose of this section, "Defendants").

416.     Defendants are, and at all relevant times were, "merchants" with respect to the PE Products within the meaning of N.Y. U.C.C. Law §2-104(1) and "sellers" of such products within the meaning of N.Y. U.C.C. Law §2-313.

417.     Plaintiffs and the other Class members are, and at all relevant times were, "buyers" within the meaning of N.Y. U.C.C. Law §2-313.

418.     In connection with their sale of PE Products, by and through statements in labels, publications, package inserts, and other written materials intended for consumers and the general public, Defendants made certain express affirmations of fact and promises relating to the PE

products to Plaintiffs and the other Class members, including that such PE products were (and are) efficacious for the treatment of nasal and sinus congestion. For example, each product expressly warranted that it could be used to relieve sinus congestion and/or pressure.

419.    Defendants marketed, represented, warranted, and sold PE products with these express affirmations of fact and promises in such a way as to induce their purchase or use by Plaintiffs and other Class members, thereby making an express warranty that PE products would conform to Defendants' representations.

420.    Defendants' affirmations of fact and promises about PE products, as set forth herein, constituted affirmations of fact or promises made by the seller to the buyer, which related to the goods and became part of the basis of the bargain, thus creating an express warranty that the goods would conform to the representations.

421.    Each Plaintiff relied on one or more of the Defendants' representations that phenylephrine is efficacious for treatment of congestion.

422.    Despite the express warranties Defendants created with respect to PE Products, Defendants delivered PE Products to Plaintiffs and the other Class members that did not conform to Defendants' express warranties that such products were efficacious for the treatment of nasal and/or sinus congestion.   Specifically, Defendants breached the express warranties when Defendants represented through their labeling, advertising, and marketing materials that PE Products were efficacious for the treatment of nasal and sinus congestion, and where Defendants omitted in their labeling, advertising, and marketing materials relevant and material facts, which they could have voluntarily included, regarding the scientific consensus that phenylephrine is ineffective as a nasal decongestant.

423.    As a direct and proximate result of Defendants' breaches of express warranties, as alleged herein, Plaintiffs and other Class members sustained an economic loss in an amount to be determined at trial.

424.    Plaintiffs and other Class members seek to vindicate a public right to change pharmaceutical industry-wide standards violated by the Defendants when defendant-entries sold PE Products to Plaintiffs and other Class members that Defendants falsely warranted are efficacious for the treatment of nasal and sinus congestion.

425.    As a result of Defendants' breaches of express warranties, as alleged herein, Plaintiffs and other Class members seek an order awarding compensatory and punitive damages, costs, attorneys' fees, and any other just and proper relief available under the law.

## COUNT 4
### Breach of Implied Warranty of Merchantability
### (N.Y. U.C.C. Law §2-314)

426.    Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1-84 and 131-382 as if fully set forth herein.

427.    This cause of action is brought on behalf of the Plaintiffs Erlick, Jones, Mortuiccio, McNulty, and Calzado (for the purpose of this Count, "Class" or "Plaintiffs") against Defendants Target, Walmart, CVS, and Walgreens (for the purpose of this section, "Defendants"). At all relevant times, Defendants were merchants with respect to Phenylephrine-Containing Products that were sold to Plaintiffs and members of the Class and were in the business of selling such products.

428.    Plaintiff Erlick of the Class had direct dealings with Defendant Target when she purchased the store-brand PE Product Acetaminophen Day/Night Time Vapor Ice Cold and Flu Relief Caplets – 24ct – up & up™ directly from Target to establish privity of contract between Defendant Target on the one hand, and Plaintiff Erlick on the other hand.

429.    Plaintiff Jones of the Class had direct dealings with Defendant Walmart when she purchased the store-brand PE Product Equate Children's Multi-Symptom Cold Liquid, Very Berry, 4 fl oz directly from Walmart to establish privity of contract between Defendant Walmart on the one hand, and Plaintiff Jones on the other.

430.    Plaintiff McNulty of the Class had direct dealings with Defendant Target when she purchased the store-brand PE Product up & up daytime Severe Cold & Flu Softgel directly from Target to establish privity of contract between Defendant Target on the one hand, and Plaintiff McNulty on the other hand.

431.    Plaintiff McNulty of the Class had direct dealings with Defendant Walgreens when she purchased the PE Products store-brand Walgreens Multi-Symptom Children's Cold Liquid and Walgreens Daytime Severe Cold & Flu Maximum Strength directly from Walgreens to establish privity of contract between Defendant Walgreens on the one hand, and Plaintiff McNulty on the other hand.

432.    Plaintiff Calzado of the Class had direct dealings with Defendant CVS when he purchased the PE Products store-brand CVS Health Non-Drowsy Nasal Decongestant PE Maximum Strength and CVS Health Non-Drowsy Sinus PE Pressure, Pain + Cold, directly from CVS to establish privity of contract between Defendant CVS on the one hand, and Plaintiff Calzado on the other hand.

433.    Each PE Product sold by Defendants comes with an implied warranty that it will be merchantable and fit for the ordinary purpose for which it would be used. N.Y. U.C.C. Law §2-314(1) and (2)(c).

434.    Defendants breached their implied warranty of merchantability because their PE Products were not in merchantable condition when sold because they were not fit for the ordinary

purposes for which such goods are used in that because phenylephrine is wholly ineffective as a nasal decongestant when taken orally.

435. Further, Plaintiffs and each of the other Class members were the intended beneficiaries of the implied warranties made by Defendants to purchasers of their PE Products.

436. Plaintiffs and the other Class members were damaged by Defendants' breaches of implied warranties of merchantability because they did not receive the benefit of the bargain because they purchased the PE Products to relieve their nasal congestion and the PE products were ineffective to relief their nasal congestion.

437. As a result of Defendants' breaches of implied warranties of merchantability, as alleged herein, Plaintiffs, individually and on behalf of the other Class members, seek an order awarding compensatory and punitive damages, costs, nominal damages, attorneys' fees, and any other just and proper relief available under the law.

**COUNT 5**
**NY Common Law Unjust Enrichment**
**(In the alternative to Count 3 Express Warranty Claim)**

438. Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1-84 and 131-382 as if fully set forth herein.

439. This cause of action is brought on behalf of the New York Classes (for the purpose of this Count, "Class" or "Plaintiffs") against the State Law Defendants (for the purpose of this section, "Defendants").

440. Defendants have been unjustly enriched by the Plaintiffs through Plaintiffs' purchasing PE Products from Defendants. Plaintiffs would not have purchased PE Products but for Defendants' concealment of the inefficacy of the PE Products.

441.     Plaintiffs unknowingly and unjustly conferred a benefit on Defendants, of which Defendants had superior knowledge since Defendants were aware of the non-efficacious nature of PE Products. Defendants failed to disclose this knowledge and misled Plaintiffs regarding the non-efficacious nature of the PE Products while profiting from this deception.

442.     The circumstances are such that it would be inequitable, unconscionable, and unjust to permit Defendants to retain the benefit of revenue that it unfairly obtained from Plaintiffs through the sale of non-efficacious PE Products.   This revenue includes the premium price Plaintiffs paid for the PE Products.

443.     Plaintiffs, having been damaged by Defendants' conduct and lacking an adequate remedy at law, are entitled to recover or recoup damages as a result of the unjust enrichment of Defendants to their detriment.

## COUNT 6
### Common Law Fraudulent Concealment

444.     Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1-84 and 131-382 as if fully set forth herein.

445.     This cause of action is brought on behalf of the New York Classes (for the purpose of this Count, "Class" or "Plaintiffs") against the State Law Defendants (for the purpose of this section, "Defendants").

446.     Defendants are liable for both fraudulent concealment and omission.

447.     Defendants concealed and suppressed material facts concerning the effectiveness of PE and PE Products. Defendants knew that Plaintiffs and the other Class Members would not be able to inspect or otherwise detect the lack of effectiveness in PE Products prior to purchasing the products.

448.    Defendants also made numerous voluntary false and misleading statements, described in detail above, to boost confidence in their PE Products, falsely assure purchasers that PE Products were effective at nasal decongesting, and/or falsely state that their products had properties such as "maximum strength" that their products did not have.

449.    Defendants concealed the information about PE's effectiveness and made voluntary false statements about PE's effectiveness to prevent harm to Defendants' and their products' reputations in the marketplace, to induce consumers to purchase their PE Products, and to prevent consumers from learning of the ineffective nature of PE Products prior to their purchase. These false representations and omissions were material to consumers, both because they concerned the effectiveness of PE Products and because the representations and omissions played a significant role in consumers' decision to purchase PE Products.

450.    As Defendants intended, Plaintiffs and the other Class Members saw Defendants' false statements—made on the products themselves, and in advertisements and promotional materials viewed prior to purchasing PE Products both directly and indirectly. Defendants' misleading voluntary statements about PE Products' effectiveness, as well as Defendants' omissions regarding the truth about the ineffective nature of PE, influenced Plaintiffs and the other Class Members' decisions to purchase PE Products, exactly as Defendants intended.

451.    If Defendants disclosed the truth about PE, Plaintiffs and the other Class Members would have seen those disclosures. Indeed, Plaintiffs and the other Class Members would have had multiple opportunities to receive information about PE Products if Defendants chose to disclose the information, including on the product packaging, at pharmacies, in stores, on Defendants' websites, in radio, television, or other online advertisements, brochures, press releases or in other promotional materials, as well as in consumer forums and reviews.

452.    Defendants had a duty to disclose the ineffective nature of PE Products because Defendants had superior knowledge and access to the fact that the PE Products were ineffective and Defendants knew the facts were not known to, and were not reasonably discoverable, by Plaintiffs and the other Class Members, since typical members of the public would not have access to or knowledge of scientific information regarding the efficacy of phenylephrine. Defendants knew that, when Plaintiffs and other Class Members purchased PE Products, they were acting on the basis of mistaken knowledge resulting from Defendants' conduct. Defendants' superior knowledge of essential facts rendered all purchases by Plaintiffs and other Class Members without disclosure that phenylephrine is not efficacious at relieving congestion and/or sinus pressure when taken orally inherently unfair.

453.    Defendants also had a duty to disclose because they made many general affirmative representations about the effectiveness of PE Products as set forth above, which were misleading, deceptive, and incomplete without disclosure of the additional facts set forth above regarding PE Products' actual effectiveness as nasal decongesting products.

454.    The omitted and concealed facts were material because they directly impact the overall effectiveness, value, appeal, and usability of PE Products purchased by Plaintiffs and the other Class Members. Whether a manufacturer's product is of a quality stated by the manufacturer and usable for the purpose it was purchased, are material concerns to a consumer.

455.    Defendants actively concealed and suppressed these material facts, in whole or in part, to protect their reputation, sustain their marketing strategy, and avoid expensive recalls that would hurt their brands' image, and did so at the expense of Plaintiffs and the other Class Members.

456.    Defendants have still not made full and adequate disclosures. Defendant Johnson & Johnson has shown that Defendants have the authority to voluntarily add appropriate truthful disclosures to their products. Johnson & Johnson put a truthful statement on its website linking to the NDAC's 16-0 vote recommending that the FDA declare phenylephrine ineffective. There is nothing that would have prevented any Defendant from disclosing on its website, in stores, or on product packaging, the scientific consensus that phenylephrine is ineffective.

457.    Plaintiffs and the other Class Members were unaware of these omitted material facts and the nature of Defendants affirmative misstatements, and they would not have acted as they did had they known the truth; *i.e.*, they would not have purchased PE Products, or would have paid less for them, had they known that phenylephrine is no more effective than a placebo. Plaintiffs' and Class Members' reasonably relied on Defendants' affirmative misstatements and omissions, and were not positioned to know that PE Products were, in fact, not effective as Defendants claimed them to be.

458.    Because of the concealment and misrepresentations, Plaintiffs and the other Class Members sustained damage: they paid value for PE Products that did not reflect the ineffectiveness of PE as a nasal decongestant, and often paid out-of-pocket to purchase alternative nasal decongestants to replace PE Products. Had they been aware of the concealed PE ineffectiveness that existed in PE Products, Plaintiffs would have paid less for their products or would not have purchased them at all.

459.    As a direct and proximate result of Defendants' voluntary actions and omissions, Plaintiffs and the Class have suffered and will suffer economic losses and expenses associated with ongoing sales of Phenylephrine-Containing Products.

460.     As a direct and proximate result of Defendants' voluntary actions and omissions, Plaintiffs and the other Class Members received goods that have substantially impaired value, and they have suffered incidental, consequential, and other damages, including unreimbursed out-of-pocket costs, an inability to use PE Products for their ordinary and intended purpose and overpayment at the point of sale, in an amount to be determined at trial.

461.     Defendants' voluntary acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs and the other Class Members' rights and well-being, to enrich Defendants.

462.     Plaintiffs and the other Class Members seek an order enjoining Defendants' unfair, unlawful, and deceptive practices, as well as declaratory relief. In addition, Plaintiffs and the other Class Members are entitled to recover actual damages, together with appropriate penalties, including but not limited to attorneys' fees, costs of suit, nominal damages, punitive damages, and any other just and proper relief available under the law.

## COUNT 7
### Violations of the Racketeer Influenced and Corrupt Organizations Act
### (18 U.S.C. § 1962(c)-(d))

463.     Plaintiffs incorporate the preceding allegations in paragraphs 1-382 as though fully set forth herein.

464.     This cause of action is brought on behalf of the Nationwide Class (for the purpose of this Count, "Class" or "Plaintiffs") against the RICO Defendants.

465.     Plaintiffs and each of the other Class members are "persons" within the meaning of 18 U.S.C. §1961(3), and each is a "person injured in his [or her] business or property" by reason of the RICO Defendants' violations of RICO within the meaning of 18 U.S.C. §1964(c).

466.   At all relevant times, each RICO Defendant has been a "person" within the meaning of 18 U.S.C. §1961(3) because each was capable of holding "a legal or beneficial interest in property."

467.   Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. §1962(c).

468.   Section 1962(d) makes it unlawful for "any person to conspire to violate" Section 1962(c), among other provisions. See 18 U.S.C. §1962(d).

469.   Each RICO Defendant engaged in numerous acts of mail and wire fraud in furtherance of the scheme to defraud. *See* 18 U.S.C. §1341 (mail fraud) and §1343 (wire fraud).

470.   Each RICO Defendant is a participant in the multi-billion-dollar pharmaceutical drug industry and has been a manufacturer and marketer of OTC oral nasal decongestant products. Each RICO Defendant knew that American consumers would not purchase their oral phenylephrine products if these products were worthless as nasal decongestants.

471.   Each RICO Defendant also knew that American consumers would not be able to purchase their oral phenylephrine products if the FDA removed phenylephrine from its status as a safe and effective active ingredient in OTC oral nasal decongestant products.

472.   As described above, when challenges to oral phenylephrine's effectiveness at a 10mg dose were raised by consumers and a Citizen Petition was submitted to FDA in February 2007, the RICO Defendants understood that their industry collectively stood to lose more than a billion dollars of revenue *each year* if U.S. consumers were no longer buying their OTC PE Products.

473.    In or about late 2006, the RICO Defendants banded together, and through an enterprise facilitated by the CHPA, began recklessly to conspire to keep PE Products on the shelves, even in the face of clear red flags and mounting scientific evidence that such products were no better than placebo.

474.    By at least 2016, the RICO Defendants knew that any representation that PE Products were effective at decongesting was baseless and false. By that time, new scientific evidence had established that PE Products do not work as oral nasal decongestants, as described above.

475.    But rather than tell the truth, the RICO Defendants used their association through CHPA to defraud the American public by falsely and deceptively maintaining that oral phenylephrine works as a nasal decongestant. The CHPA became a front for the RICO Defendants to provide the patina of legitimacy and industry-wide scientific effort.

476.    As part of their scheme, the RICO Defendants caused the CHPA to inundate the FDA with numerous baseless and deceptive statements in submissions asserting oral phenylephrine is effective. At the same time, the CHPA issued misleading press releases aimed directly at consumers.

477.    This two-pronged-approach: misleading submissions to regulators and false statements to the public, was designed to: (a) delay an FDA review that would, given the science, result in the ultimate removal of PE Products from the market; and (b) mislead the public into buying as many of these products as possible, irrespective of the fact that the PE Products do not work.

478.    The RICO claims are for compensatory damages on behalf of American consumers who purchased PE Products from the RICO Defendants because of the RICO Defendants'

interstate, nationwide scheme to defraud.  The PE Products they sold were worthless as nasal decongestants. Nevertheless, to this day, the RICO Defendants continue marketing and selling them.

479.    But for the scheme to defraud, American consumers would not have purchased PE Products from the RICO Defendants.  Consumers and purchasers are not knowledgeable about scientific evidence or the efficacy of OTC drug products, and the typical consumer lacks any ability to uncover the fraud that is occurring.  Knowing this, the RICO Defendants exploited and continue to exploit the public's trust, profiting massively, while at the same time delaying and misguiding the FDA's review process to extend the scheme to defraud for years.

480.    The RICO Defendants were only able to continue selling these products to American consumers because they associated together as an enterprise through CHPA using this association as a vehicle to further and conceal their scheme to defraud American consumers, undermine new scientific evidence showing oral phenylephrine is not effective, and substantially delay the FDA's review process.

481.    The elements of RICO are met here: the RICO defendants came together to conduct the affairs of an Enterprise; they conducted the Enterprise's affairs through a pattern of racketeering activity; and Plaintiffs and the other Class members suffered economic injury "by reason of" the pattern of racketeering activity.

**1.      The Enterprise**

482.    At all relevant times, the RICO Defendants used the CHPA as an enterprise, or, in the alternative, formed an association-in-fact enterprise through the CHPA Phenylephrine Task Group and/or with the other RICO Defendants (referred to herein as the "Phenylephrine Enterprise").

483.    At all relevant times, the Phenylephrine Enterprise constituted a single "enterprise" within the meaning of 18 U.S.C. §1961(4), as legal entities, as well as individuals and legal entities associated-in-fact for the common purpose of engaging in the RICO Defendants' unlawful profit-making scheme. CHPA also meets the definition of an "enterprise" as defined in Section 1961(4).[58]

484.    At all relevant times, the Phenylephrine Enterprise: (a) had an existence separate and distinct from each RICO Defendant; (b) was separate and distinct from the pattern of racketeering in which the RICO Defendants engaged; and (c) was an ongoing and continuing organization consisting of legal entities, including the RICO Defendants, all of whom associated for the common purposes set forth above to derive revenues and profits therefrom.

485.    Each member of the Phenylephrine Enterprise shared in the bounty generated by the enterprise, *i.e.*, by sharing the benefit derived from substantial sales revenue for PE Products generated by the scheme to defraud Class members nationwide, while concealing the lack of efficacy that threatened sales of all the RICO Defendants' oral phenylephrine products.  If any member of the Phenylephrine Enterprise had publicly revealed the truth that there was no reliable scientific evidence that oral phenylephrine was effective, that the Task Group was a sham because it had done no new efficacy studies or critical analysis of the older efficacy studies, and that the Task Group existed solely to deceive the public and delay FDA decision-making, all would lose their revenues and profits from the continued sale of OTC oral PE nasal decongestant products.

486.    The Phenylephrine Enterprise coordinated and functioned through the Task Group because the Task Group provided a cover that made the enterprise appear legitimate, purportedly working together to address scientific issues about PE Products.  However, the RICO Defendants, through their illegal enterprise, in truth engaged in a pattern of racketeering activity, which

---

[58] Section 1961 (4) defines "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

involved a fraudulent scheme to increase revenues for the RICO Defendants and the other entities and individuals associated-in-fact with the enterprise's activities through their fraudulent scheme.

487.    The Phenylephrine Enterprise engaged in, and its activities affected, interstate and foreign commerce because it involved commercial activities across both state and national boundaries, such as the marketing, promotion, advertisement, distribution, and sale of PE Products throughout the country and beyond, and the receipt of monies from the sale of the same, as well as public statements and submissions by the Task Group.

488.    Within the Phenylephrine Enterprise, there was a common communication network by which co-conspirators shared information on a regular basis via both the Task Group and through other avenues (that involved private communications between the defendants that are not accessible before discovery). The Phenylephrine Enterprise used this common communication network for the purpose of coordinating efforts to undermine attempts to challenge the effectiveness of oral phenylephrine nasal decongestant products.

489.    Each participant in the Phenylephrine Enterprise had a systematic linkage to others through CHPA membership, financial ties, and continuing coordination and funding of activities, including through CHPA.    Through the Phenylephrine Enterprise, the RICO Defendants functioned as a continuing unit with the purpose of furthering the illegal scheme and their common purposes of increasing their profits and revenues.

490.    The RICO Defendants participated in the operation and management of the Phenylephrine Enterprise by directing its affairs. While the RICO Defendants participated in, and are members of, the enterprise, they have a separate existence from the enterprise, including distinct legal statuses, different offices and roles, bank accounts, officers, directors, employees, individual personhood, reporting requirements, and financial statements.

491.    Each RICO Defendant exerted substantial control over the Phenylephrine Enterprise, and participated in, operated and/or directed the enterprise, by:

      a.     Membership in CHPA and participating in the Task Group's activities and/or accessing its information about phenylephrine;

      b.     manufacturing, promoting, and selling misbranded oral phenylephrine products with false and misleading labels;

      c.     concealing the lack of the PE Products' efficacy from the public in promotional materials, advertisements, and other documents;

      d.     making baseless, deceptive and misleading statements about the efficacy of oral PE in communications with regulators, thereby depriving the public of the truth;

      e.     collecting revenues and profits in connection with the sale of PE Products; and

      f.     ensuring that the other RICO Defendants complied with the scheme and common course of fraudulent conduct.

492.    The RICO Defendants directed and controlled the ongoing organization necessary to implement their RICO conspiracy at meetings about which the RICO Defendants have unique knowledge and through communications in the unique possession of the RICO Defendants.

493.    Similarly, because the CHPA does not publicly disclose all of the members who are associated with the Task Group and the RICO Defendants do not publicly disclose when they communicate, the RICO Plaintiffs cannot fully know the full extent of each individual corporate entity's involvement in the wrongdoing prior to having access to sufficient discovery on this point.

**2.      The Pattern of Racketeering:  Mail and Wire Fraud**

494.    To carry out their schemes to defraud, the RICO Defendants, each of which is a person associated-in-fact with the Phenylephrine Enterprise (and is a member of CHPA and, on information and belief, the Task Group), did knowingly conduct or participate, directly or indirectly, in the conduct of the affairs of the Phenylephrine OTC Nasal Decongestant Enterprise

through a pattern of racketeering activity within the meaning of 18 U.S.C. §§1961(1), 1961(5) and

1962(c), and which employed the use of the mail and wire facilities, in violation of 18 U.S.C.

§1341 (mail fraud) and §1343 (wire fraud).

495.    From 2007 to the present, each RICO Defendant has worked to execute a scheme

to defraud by infiltrating and using CHPA as a vessel for fraud, including by associating to use the

Task Group as an enterprise that has operated as a continuing unit through a fraudulent course of

conduct, by:

       a.    coordinating the suppression of information about oral phenylephrine
           products' lack of efficacy;

       b.    falsely representing that old clinical trials were scientifically established
           and sound;

       c.    falsely representing that new clinical trials were flawed and poorly
           designed;

       d.    sharing information on how to assert that phenylephrine is effective in order
           to carry out a fraud scheme on American consumers;

       e.    concealing, camouflaging, and prolonging their ongoing scheme to defraud
           by making representations about their active involvement in the CHPA Task
           Group as proof of an industry-wide commitment to critically assess and
           objectively evaluate the science behind oral phenylephrine products (when
           in fact the opposite is true); and

       f.    making baseless, deceptive assertions to the FDA designed to conceal the
           truth and delay the FDA's review of phenylephrine's effectiveness.

496.    As alleged herein, the RICO Defendants have committed, conspired to commit,

and/or aided and abetted in the commission of, at least two predicate acts of racketeering activity

(i.e., violations of 18 U.S.C. §§1341 and 1343). The multiple acts of racketeering activity that the

RICO Defendants committed, or aided or abetted in the commission of, were related to each other,

posed a threat of continued racketeering activity, and therefore constitute a "pattern of racketeering

activity." The racketeering activity was made possible by the RICO Defendants' regular use of the

CHPA and other avenues of interstate communication and coordination to conceal phenylephrine's efficacy. The RICO Defendants participated in the scheme to defraud by using e-mail, mail, telephone, facsimile, TV, radio, and/or the internet to transmit mailings and wires in interstate or foreign commerce in furtherance of the scheme.

497.   The RICO Defendants used, directed the use of, and/or caused to be used, thousands of interstate mail and wire communications in service of their scheme through identical concealments, false statements, and material omissions of the lack of efficacy for years.

498.   In devising and executing the illegal scheme, the RICO Defendants devised and knowingly carried out a material scheme and/or artifice to defraud the Plaintiffs and the Class or to obtain money from them by means of materially false or fraudulent pretenses, half-truths, and omissions of material facts. For the purpose of executing the illegal scheme, the RICO Defendants committed these racketeering acts, which number in the thousands, intentionally and knowingly with the specific intent to advance the illegal scheme.

499.   The RICO Defendants' predicate acts of racketeering (18 U.S.C. §1961(1)) include, but are not limited to:

(1)   Mail Fraud: The RICO Defendants violated 18 U.S.C. §1341 by sending or receiving, or by causing to be sent and/or received, materials via U.S. mail or commercial interstate carriers for the purpose of executing their unlawful scheme to manufacture, market, and sell PE Products by misleading consumers and concealing the lack of efficacy, as well as making deceptive statements to regulators.

(2)   Wire Fraud: The RICO Defendants violated 18 U.S.C. §1343 by transmitting and/or receiving, or by causing to be transmitted and/or received, materials by wire for the purpose of executing their unlawful scheme to manufacture, market, and sell PE Products by misleading consumers and concealing the lack of efficacy, as well as making deceptive statements to regulators.

500.    The RICO Defendants (or their agents), for the purpose of executing the illegal scheme, sent and/or received (or caused to be sent and/or received) by mail or by private or interstate carrier, shipments of oral phenylephrine drugs, and related documents by mail or a private carrier affecting interstate commerce to wholesalers and retailers nationwide.  The RICO Defendants' use of the mails and wires include, but are not limited to, the transmission, delivery, or shipment of the following, which were foreseeably caused to be sent as a result of the RICO Defendants' illegal scheme:

(1)    false and misleading labeling and packaging on all oral phenylephrine products sold by the RICO Defendants since at least 2016;

(2)    false or misleading sales and marketing materials, including websites, ads, and other materials that omitted oral phenylephrine's lack of efficacy;

(3)    documents and communications that facilitated the scheme, including but not limited to, invoices, shipping records, reports, and correspondence; and/or

(4)    other documents to be identified in discovery.

501.    The RICO Defendants also used the Task Group to make false and misleading statements that were transmitted through mail and wire transmissions.  Specifically, the RICO Defendants used the mail and wires while associating through the Task Group to make sham and fraudulent submissions and misleading public statements to the American public and FDA. Those representations were designed to undermine new studies on phenylephrine's efficacy while bolstering old studies that had obvious design flaws, with the ultimate intent and effect of prolonging sales of PE Products by many years even though there was scientific consensus that these PE Products did not decongest.  The CHPA submissions and press releases since 2007 are part of a larger reckless and fraudulent course of conduct by the RICO Defendants, and contain numerous false statements, half-truths, and rendered deceptive due to the omission of material

information. Each and every communication between the RICO Defendants and CHPA to coordinate and plan these press releases and submissions to regulators is a separate act of mail or wire fraud.

502. The mail and wire transmissions described herein were made in furtherance of the RICO Defendants' scheme and common course of fraudulent conduct to sell oral phenylephrine products that were worthless as decongestants, which the RICO Defendants knew were false and/or misleading because at least since 2016 they knew the oral phenylephrine products were not effective. Acts in furtherance of such sales were themselves instances of mail and/or wire fraud.

503. Many of the precise dates of the fraudulent uses of the U.S. mail and interstate wire facilities have been deliberately hidden and cannot be alleged without access to RICO Defendants' books and records. Since the RICO Defendants have not undertaken the conduct described herein in isolation, but as part of a common scheme and conspiracy, they have also committed violations of 18 U.S.C. §1962(d), by conspiring to violate 18 U.S.C. §1962(c). Various other persons, firms, and corporations may have participated as co-conspirators with the RICO Defendants in these offenses and have performed acts in furtherance of the conspiracy for the RICO Defendants and their unnamed co-conspirators throughout the illegal scheme and common course of conduct.

504. The RICO Defendants had knowledge of the fraud and in addition to directly contributing to and conducting the affairs of the enterprise, they also aided and abetted others in the violations of the above laws, thereby rendering them indictable as principals in the 18 U.S.C. §§ 1341 and 1343 offenses.

505. For the conspiracy to succeed for so many years, each RICO Defendant and their coconspirators had to agree to implement and use similar devices and fraudulent tactics—specifically, concealing PE's lack of efficacy as a decongestant.

### 3.     Causation and Damages

506.    Plaintiffs and the other Class members were the intended victims of the RICO Defendants' fraud scheme.  Through this scheme to defraud the RICO Defendants were able to charge more for their products. The RICO Defendants' advertising, marketing and labeling were all created for American consumers to mislead them into continuing to purchase oral phenylephrine products.  The RICO Defendants knew and intended that the Plaintiffs and the rest of the Class would incur costs as a result of the fraudulent course of conduct. The RICO Defendants knew and intended that American consumers like Plaintiffs would rely on their misleading and deceptive statements and material omissions.

507.    In fact, Plaintiffs, along with the consuming public and others across the United States, relied upon the drug label information and the concealment of material facts. Plaintiffs' and the other Class members' reliance can be inferred and is made obvious by the fact that no reasonable consumer would purchase or pay extra for a PE Product that is worthless at decongesting.

508.    The RICO Defendants also knew that they could only continue selling PE Products to American consumers if the FDA kept phenylephrine as an approved active ingredient and the FDA acted on each Citizen Petition challenging oral phenylephrine's efficacy.  The RICO Defendants, through the CHPA Task Group, made multiple submissions to FDA with baseless, sham, and deceptive statements, half-truths and concealed information intending to mislead and delay the FDA's review process.  The FDA's review was delayed and prolonged for years as a result of an industry-wide fraudulent effort to promote the efficacy of oral phenylephrine.

509.    Unbeknownst to the Plaintiffs, the Class, and the FDA, the RICO Defendants engaged in a pattern of related and continuous predicate acts for years. The predicate acts

constituted a variety of unlawful activities, each conducted with the common purpose of obtaining significant monies and revenues from the RICO Plaintiffs and the other Class members based on the concealment of the truth, as well as misrepresentations and half-truths, while selling PE Products that were worthless as decongestants. The predicate acts also had the same or similar results, participants, victims, and methods of commission. The predicate acts were related and not isolated events.

510.    The predicate acts all had the purpose of generating significant revenue and profits for the RICO Defendants at the expense of the RICO Plaintiffs and the other Class members. The predicate acts were committed or caused to be committed by the RICO Defendants through their participation in the Phenylephrine Enterprise and in furtherance of the scheme.  The predicate acts were interrelated in that they involved obtaining the Plaintiffs' and the other Class members' money and avoiding the loss of revenues associated with, *e.g.*, reformulating, not selling, or including accurate disclosures regarding the PE Products that are worthless as decongestants.

511.    During the formulation, manufacture, marketing, distribution, and sale of the PE Products, the RICO Defendants came across and/or shared information about the material efficacy concerns of phenylephrine, including through CHPA's Task Group. Nevertheless, the RICO Defendants concealed the lack of efficacy in information it provided to the public about oral phenylephrine products.

512.    By reason of, and as a result of, the conduct of the RICO Defendants, and in particular as a result of their pattern of racketeering activity, the RICO Plaintiffs and Class members have been injured in their business and/or property in multiple ways, including, but not limited to the purchase price of oral PE Products; overpayment for oral PE Products; and/or other out-of-pocket expenses.

513.    The RICO Defendants' violations of 18 U.S.C. §1962(c) and (d) have directly and proximately caused injuries and damages to the RICO Plaintiffs and Class members. The RICO Plaintiffs and the other Class members are entitled to bring this action for three times their actual damages, as well as injunctive/equitable relief, costs, and reasonable attorneys' fees pursuant to 18 U.S.C. §1964(c).

514.    As alleged herein, the RICO Defendants knew by at least 2016 that the PE Products were not effective as a nasal decongestant and, without their fraudulent course of conduct, they would have had no ability to continue selling these products to consumers.

515.    As a direct and proximate result of the RICO Defendants' false and misleading statements, including those directed at both the general public and the FDA, as well as their concealment, omission, and failure to disclose material facts concerning the lack of efficacy about PE, the RICO Plaintiffs and the Class members suffered damages through their purchases of PE Products, which are ineffective for their stated purpose and therefore worthless as decongestants.

516.    But for the RICO Defendants' scheme to defraud and fraudulent course of conduct, the RICO Plaintiffs would not have purchased or have had to pay a premium for PE Products since at least 2016, because no consumer would pay for a product that did not work or pay extra for nothing of value in return.

517.    At the time they purchased the RICO Defendants' oral phenylephrine products, the Plaintiffs and the other Class members did not know, and could not have discovered through reasonable diligence, the material facts regarding the lack of efficacy of these products that the RICO Defendants concealed and/or failed to disclose in statements to consumers and the public.

518.    The Plaintiffs and other Class members were the ultimate intended targets of the fraud scheme, as the RICO Defendants marketed these products to consumers and included

packaging and labeling information designed to mislead and cause consumers to purchase these products. Had the RICO Defendants disclosed the true facts regarding the lack of efficacy of oral phenylephrine products, the RICO Defendants would not have been able to sell these products or would have been unable to charge the same price since they were worthless as a decongestant.

519.    Thus, as a direct and proximate result of the RICO Defendants' unlawful conduct, the RICO Plaintiffs and the other Class members have suffered damages and out-of-pocket losses, paid for a worthless product, and/or did not receive the benefit of their bargain in that they paid to purchase deceptively marketed products they otherwise would not have purchased. The RICO Plaintiffs' injuries were directly and thus proximately caused by the RICO Defendants' racketeering activities because they were the targets of the scheme to defraud, and the fraud scheme was the logical, substantial, and foreseeable cause of the RICO Plaintiffs' injuries. But for the RICO Defendants' false and misleading statements, as well as the omission of material fact in statements to consumers and the public, the RICO Plaintiffs would not have lost money or property.

520.    The RICO Plaintiffs and the other Class members have suffered a concrete and particularized harm that is actual and/or imminent, and that is fairly traceable to the RICO Defendants' unlawful conduct. A favorable decision by this Court is likely to redress the injuries suffered by the RICO Plaintiffs and the other Class members.

521.    The RICO Plaintiffs are the only harmed individuals or entities, and there are no other plaintiffs better suited or able to seek a remedy for the economic harms at issue here. Indeed, wholesalers and retailers who purchased oral phenylephrine products made their purchases for resell at a profit, and thus these entities have suffered no concrete harm and have no standing to bring RICO claims against any of the RICO Defendants. By contrast, the Plaintiffs and the other

Class members are the end purchasers for use who were the targets of the scheme to defraud, and they all paid money to buy a product for use that did not work. Thus, they are the only victims of the scheme to defraud and conspiracy with standing to bring viable RICO claims.

## IX.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the other Class members, respectfully request that the Court enter judgment in their favor and against Defendants, as follows:

A.    Declaring that this action is a proper class action, certifying the Classes as requested herein, designating Plaintiffs as Class Representatives, and appointing Plaintiffs' Interim Class Counsel as Class Counsel;

B.    Awarding Plaintiffs' and the other Class members' damages, including but not limited to nominal damages, punitive damages, statutory damages, treble damages, and costs in an amount to be determined at trial;

C.    Granting injunctive relief, including, but not limited to:

    1.    Requiring Defendants to fully disclose their knowledge of the efficacy (or lack thereof) of their Decongestant Products;

    2.    Requiring Defendants to disgorge their profits from the sales of their Decongestant Products;

    3.    Requiring Defendants to pay restitution;

D.    Ordering Defendants to pay pre- and post-judgment interest on all amounts awarded;

E.    Ordering Defendants to pay attorneys' fees and costs of suit;

F.    Ordering such other further relief as may be just and proper.

## X.    JURY DEMAND

Plaintiffs demand a trial by jury for all claims so triable.

**Dated:**   May 3, 2024
        Brooklyn, New York

A-253

Respectfully submitted,

Bryan F. Aylstock
**AYLSTOCK WITKIN KREIS
OVERHOLTZ PLLC**
17 East Main Street, Suite 200
Pensacola, Florida 32502
Tel: 850-202-1010
baylstock@awkolaw.com

/s/ Michael A. London
Michael A. London (ML-7510)
**DOUGLAS & LONDON P.C.**
59 Maiden Lane – 6th Floor
New York, New York 10038
Tel: 212-566-7500
mlondon@douglasandlondon.com

Kiley L. Grombacher
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Tel: 866-881-0403
kgrombacher@bradleygrombacher.com

James E. Cecchi
**CARELLA BYRNE CECCHI BRODY &
AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: 973-994-1700
jcecchi@carellabyrne.com

Adam J. Levitt
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: 312-214-7900
alevitt@dicellolevitt.com

Elizabeth A. Fegan
**FEGAN SCOTT LLC**
150 South Wacker Drive, 24th Floor
Chicago, Illinois 60606
Tel: 630-273-2625
beth@feganscott.com

Jonathan D. Selbin
**LIEFF CABRASER HEIMANN &
BERNSTEIN LLP**
250 Hudson Street, 8th Floor
New York, New York 10013
Tel: 212-355-9500
jselbin@lchb.com

Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, New Jersey 07660
Tel: 888-546-8799
cseeger@seegerweiss.com

Jason P. Sultzer
**THE SULTZER LAW GROUP P.C.**
85 Civic Center Plaza Ste. 200
Poughkeepsie, New York 12601
Tel: 845-244-5595
sultzerj@thesultzerlawgroup.com

Lindsey N. Scarcello
**WAGSTAFF & CARTMELL**
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Tel: 816-701-1102
lscarcello@wcllp.com

*Plaintijfs' Interim Class Counsel and Executive Committee*

Sarah N. Wescot
**BURSOR & FISHER, P.A.**
701 Brickell, Suite 1420
Miami, Florida 33131
Tel: 305-330-5512
swescot@bursor.com

Shireen M. Clarkson
**CLARKSON LAW FIRM P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: 213-788-4050
sclarkson@clarksonlawfirm.com

Kelsey L. Stokes
**FLEMING, NOLAN, and JEZ P.C.**
2800 Post Oak Blvd.
Suite 6000
Houston, Texas 77056
Tel: 713-621-7944
kstokes@fleming-law.com

Cari C. Laufenback
**KELLER ROHRBACK, LLP**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Tel: (206) 623-1900
claufenberg@kellerrohrback.com

Laura S. Dunning
**LEVIN PAPANTONIO RAFFERTY
PROCTOR BUCHANAN O'BRIAN
BARR MOUGEY, P.A.**
316 South Baylen Street
Pensacola, Florida 32502
Tel: 850-435-7000
ldunning@levinlaw.com

Michael A. Sacchet
**CIRESI CONLIN LLP**
225 South 6th Street, #4600
Minneapolis, MN 55402
Tel: 612-361-8200
MAS@CiresiConlin.com

Alexander E. Barnett
**COTCHETT, PITRE, & MCCARTHY,
LLP**
40 Worth Street, Suite 602
New York, New York 10013
Tel: 212-201-6820
abarnett@cpmlegal.com

Darren T. Kaplan
**KAPLAN GORE LLP**
346 Westbury Ave., Ste. 200
Carle Place, New York 11514
Tel:404-537-3300
dkaplan@kaplangore.com

Jordan E. Jacobson
**KESSLER, TOPAZ, MELTZER &
CHECK LLP**
280 King of Prussia Road
Radnor, Pennsylvania 19087
Tel: 484-270-1488
jjacobson@ktmc.com

Frederick S. Longer
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Tel: 215-592-1500
flonger@lfsblaw.com

A-255

Marlene J. Goldenberg
**NIGH, GOLDENBERG, RASO & VAUGHN PLLC**
14 Ridge Square NW Third Floor
Washington D.C. 20016
Tel: (202) 792-7927
mgoldenberg@nighgoldenberg.com

Melanie H. Muhlstock
**PARKER WAICHMAN LLP**
6 Harbor Park Drive
Port Washington, New York 11050
Tel: 516-466-6500
mmuhlstock@yourlawyer.com

Stuart A. Davidson
**ROBINS GELLER RUDMAN & DOWD LLP**
225 Mizner Boulevard, Suite 720
Boca Raton, Florida 33432
Tel: 561-750-3000
SDavidson@rgrdlaw.com

*Plaintiffs' Steering Committee*

A-256

# PE Productscollection of labels as Purchased by Plaintiffs

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 2 of 70 PageID #: 2443

# Sandra Yousefzadeh

## - PE Products-

# Sudafed PE® Sinus Pressure + Pain Maximum Strength

## –Johnson & Johnson Consumer Inc.

The makers of the SUDAFED® family of products are dedicated to helping you and your family reduce head congestion and sinus pressure.
PREVIOUSLY SUDAFED PE® PRESSURE + PAIN
NDC 50580-435-01
SUDAFED PE®
SINUS
PRESSURE + PAIN
Acetaminophen, Phenylephrine HCl
Pain Reliever/Fever Reducer, Nasal Decongestant
actual size
MAXIMUM STRENGTH
• SINUS PRESSURE + CONGESTION
• SINUS HEADACHE
24 TABLETS
NON-DROWSY
Does Not Contain Pseudoephedrine
Open from other side
30042477/ 1201483

A-260

# Anntwanette Jones

## -PE Products-

A-261

# Equate Children's Multi-Symptom Cold Liquid, Very Berry -liquid

## - Walmart, Inc.

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 7 of 70 PageID #: 2448



A-263

# Delsym® Children's Cough+ Cold Nighttime Berry Flavored

## -liquid

## - RB Health (US) LLC

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 9 of 70 PageID #: 2450



# Vicks® Dayquil™ SEVERE Honey Cold & Flu

## -Liquid Medicine

## -Procter & Gamble Company

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 11 of 70 PageID #: 2452









Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 12 of 70 PageID #: 2453

# Daniel Calzado

## -PE Products-

A-268

# CVS Health Non-Drowsy Nasal Decongestant PE Maximum Strength

## -tablets

## - CVS Pharmacy Inc.

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 14 of 70 PageID #: 2455



**CVSHealth.**

Non-Drowsy
**Nasal Decongestant PE**
PHENYLEPHRINE HCl TABLETS - Nasal decongestant
MAXIMUM STRENGTH

**CVSHealth.**

Compare to the active ingredient
in Sudafed PE® Sinus Congestion*

Non-Drowsy
# Nasal Decongestant PE
**PHENYLEPHRINE HCl TABLETS**
Nasal decongestant
MAXIMUM STRENGTH

**Relieves:**
• Sinus pressure
• Nasal congestion

**72** TABLETS 10 mg EACH

Actual Size

# CVS Health Non-Drowsy Sinus PE Pressure, Pain + Cold

## – CVS Pharmacy Inc.

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 16 of 70 PageID #: 2457



**Drug Facts (continued)**

**Inactive ingredients:** corn starch, croscarmellose sodium, crospovidone, D&C yellow #6 aluminum lake, magnesium stearate, microcrystalline cellulose, povidone, silicon dioxide, stearic acid

**Questions or comments?** 1-800-426-9391

**Drug Facts (continued)**

**Other information** ■ **TAMPER EVIDENT: DO NOT USE IF OUTER PACKAGE IS OPENED OR IF BLISTER IS TORN OR BROKEN** ■ store at 25°C (77°F); excursions permitted between 15-30°C (59-86°F) ■ see end flap for expiration date and lot number

**Directions**
■ do not take more than directed
■ adults and children 12 years and over
■ take 2 caplets every 4 hours
■ do not take more than 10 caplets in 24 hours
■ children under 12 years: ask a doctor

**Drug Facts (continued)**

**When using this product do not exceed recommended dosage.**

**Stop use and ask a doctor if**
■ nervousness, dizziness, or sleeplessness occur
■ pain or nasal congestion gets worse or lasts more than 7 days
■ fever gets worse or lasts more than 3 days
■ redness or swelling is present
■ new symptoms occur
These could be signs of a serious condition.

**Keep out of reach of children.** In case of accidental overdose, get medical help or contact a Poison Control Center right away. Prompt medical attention is critical for adults as well as for children even if you do not notice any signs or symptoms.

**Ask a doctor before use if you have**
■ heart disease ■ high blood pressure ■ thyroid disease ■ diabetes
■ difficulty in urination due to enlargement of the prostate gland ■ liver disease

**Ask a doctor or pharmacist before use if you are** taking the blood thinning drug warfarin.

**When using this product** do not exceed recommended dosage.

This product is not manufactured or distributed by Johnson & Johnson Consumer Inc., owner of the registered trademark SUDAFED PE® SINUS PRESSURE + PAIN.

**Distributed by:** CVS Pharmacy, Inc.
One CVS Drive, Woonsocket, RI 02895
© 2021 CVS/pharmacy
1-800-SHOP CVS
CVS.com®
V-19849

**Warnings**

**Liver warning:** This product contains acetaminophen. Severe liver damage may occur if you take
■ more than 4,000 mg of acetaminophen in 24 hours
■ with other drugs containing acetaminophen
■ 3 or more alcoholic drinks every day while using this product

**Allergy alert:** Acetaminophen may cause severe skin reactions. Symptoms may include: ■ skin reddening ■ blisters ■ rash
If a skin reaction occurs, stop use and seek medical help right away.

**Do not use** ■ if you are now taking a prescription monoamine oxidase inhibitor (MAOI) (certain drugs for depression, psychiatric or emotional conditions, or Parkinson's disease), or for 2 weeks after stopping the MAOI drug. If you do not know if your prescription drug contains an MAOI, ask a doctor or pharmacist before taking this product.
■ if you have ever had an allergic reaction to this product or any of its ingredients

**Uses** ■ temporarily relieves these symptoms associated with hay fever or other upper respiratory allergies, and the common cold:
■ nasal congestion ■ headache ■ minor aches and pains
■ sinus congestion and pressure ■ temporarily reduces fever
■ temporarily reduces sinus pain ■ temporarily reduces minor sinus headache

**Drug Facts**

| Active ingredients (in each caplet) | Purpose |
| --- | --- |
| Acetaminophen 325 mg | Pain reliever/Fever reducer |
| Phenylephrine HCl 5 mg | Nasal decongestant |

**KEEP OUTER PACKAGE FOR COMPLETE PRODUCT INFORMATION**

♥CVSHealth.

B-0291-SOL-80-M
REV08/05/2028

**Non-Drowsy**

# Sinus PE Pressure + Pain

♥CVSHealth.

Compare to the active ingredients in
SUDAFED PE® SINUS PRESSURE + PAIN†

**Non-Drowsy**

# Sinus PE Pressure + Pain

**ACETAMINOPHEN** - Pain reliever, Fever reducer
**PHENYLEPHRINE HYDROCHLORIDE** - Nasal decongestant

## MAXIMUM STRENGTH

**Relieves:**
• Sinus pain & headache
• Sinus pressure
• Nasal & sinus congestion

**24 CAPLETS UNCOATED**

Actual Size

**CVS Quality**
Money Back Guarantee

TAMPER EVIDENT: DO NOT USE IF PACKAGE IS OPENED OR IF BLISTER UNITS TORN, BROKEN OR SHOWS ANY SIGNS OF TAMPERING

Lot/Exp: area at minimum size
1.25" x .5"

# Vicks NyQuil™ SEVERE Maximum Strength Cold & Flu Berry Flavored -Liquid Medicine

# -Procter & Gamble Company

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 18 of 70 PageID #: 2459



**VICKS**

**NyQuil**

**SEVERE**

**COLD & FLU**

Acetaminophen, Phenylephrine HCl, Doxylamine Succinate, Dextromethorphan HBr

Headache, Fever, Sore Throat, Minor Aches & Pains

Nasal Congestion, Sinus Pressure

Sneezing, Runny Nose

Cough

12 FL OZ (354 mL)    Nighttime Relief



**Drug Facts**

| Active ingredients (in each 30 mL) | Purpose |
|---|---|
| Acetaminophen 650 mg | Pain reliever/fever reducer |
| Dextromethorphan HBr 20 mg | Cough suppressant |
| Doxylamine succinate 12.5 mg | Antihistamine |
| Phenylephrine HCl 10 mg | Nasal decongestant |

**Uses** temporarily relieves common cold/flu symptoms:
• nasal congestion • sinus congestion & pressure
• cough due to minor throat & bronchial irritation
• cough to help you sleep • minor aches & pains
• headache • fever • sore throat
• runny nose & sneezing
• reduces swelling of nasal passages
• temporarily restores free breathing through the nose
• promotes nasal and/or sinus drainage



**Drug Facts** (continued)

**Warnings**

**Liver warning:** This product contains acetaminophen. Severe liver damage may occur if you take
• more than 4 doses in 24 hours, which is the maximum daily amount for this product
• with other drugs containing acetaminophen
• 3 or more alcoholic drinks every day while using this product

**Allergy Alert:** Acetaminophen may cause severe skin reactions. Symptoms may include: • skin reddening • blisters • rash If a skin reaction occurs, stop use and seek medical help right away.

**Sore throat warning:** If sore throat is severe, persists for more than 2 days, is accompanied or followed by fever, headache, rash, nausea, or vomiting, consult a doctor promptly.

**Do not use**
• with any other drug containing acetaminophen (prescription or nonprescription). If you are not sure whether a drug contains acetaminophen, ask a doctor or pharmacist.
• if you are now taking a prescription monoamine oxidase inhibitor (MAOI) (certain drugs for depression, psychiatric or emotional conditions, or Parkinson's disease), or for 2 weeks after stopping the MAOI drug. If you do not know if your prescription drug contains an MAOI, ask a doctor or pharmacist before taking this product

**Ask a doctor before use if you have**
• liver disease • heart disease • high blood pressure
• thyroid disease • diabetes • glaucoma
• cough that occurs with too much phlegm (mucus)
• a breathing problem or chronic cough that lasts or as occurs with smoking, asthma, chronic bronchitis, or emphysema
• trouble urinating due to enlarged prostate gland
• a sodium-restricted diet

**Ask a doctor or pharmacist before use if you are**
• taking sedatives or tranquilizers
• taking the blood thinning drug warfarin

**When using this product**
• do not use more than directed
• excitability may occur, especially in children

**Drug Facts** (continued)
• marked drowsiness may occur
• avoid alcoholic drinks
• be careful when driving a motor vehicle or operating machinery
• alcohol, sedatives, and tranquilizers may increase drowsiness

**Stop use and ask a doctor if**
• you get nervous, dizzy or sleepless
• pain, nasal congestion, or cough gets worse or lasts more than 7 days
• fever gets worse or lasts more than 5 days
• redness or swelling is present • new symptoms occur
• cough comes back or occurs with rash or headache that lasts.
These could be signs of a serious condition.

If pregnant or breast-feeding, ask a health professional before use. Keep out of reach of children. In case of overdose, get medical help or contact a Poison Control Center right away. Quick medical attention is critical for adults as well as for children even if you do not notice any signs or symptoms.

**Directions**
• take only as directed
• only use the dose cup provided
• do not exceed 4 doses per 24 hrs

| adults & children 12 yrs & over | 30 mL every 4 hrs |
| children 4 to under 12 yrs | ask a doctor |
| children under 4 yrs | do not use |

**Other information**
• each 30 mL contains: sodium 92 mg
• store at room temperature between 25°C and do not refrigerate

**Inactive ingredients** citric acid, FD&C Blue No. 1, FD&C Red No. 40, flavor, glycerin, propylene glycol, purified water, saccharin sodium, sodium benzoate, sodium chloride, sodium citrate, sorbitol, sucralose, xanthan gum

**Questions?** 1-800-362-1683

DIST. BY PROCTER & GAMBLE, CINCINNATI OH 45202
Parents: www.pg.com/patents
www.vicks.com

**P&G**
www.pg.com

**PARENTS:**

0062301

25000353

PLASTIC BOTTLE

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 19 of 70 PageID #: 2460

# Advil Multi-Symptom Cold & Flu -tablets

## -Haleon U.S. Holdings L.L.C.
### (f/k/a GSK Consumer Healthcare Holdings (US) LLC)

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 20 of 70 PageID #: 2461



A-276

# Eli Erlick

# -PE Products-

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 22 of 70 PageID #: 2463

**Acetaminophen Day/Night Time Vapor Ice Cold and Flu Relief Caplets - 24ct - up & up™**

**-tablets**

**-Target Brands Inc.**

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 23 of 70 PageID #: 2464



A-279

# TYLENOL® Cold + Flu Severe For Day And Night Time

-__

-Johnson & Johnson Consumer

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 25 of 70 PageID #: 2466



NDC 50580-414-04

# TYLENOL®
## FOR ADULTS
## COLD + FLU
## SEVERE

**Acetaminophen,**
Dextromethorphan HBr,
Phenylephrine HCl, Guaifenesin
Pain Reliever–Fever Reducer, Cough Suppressant,
Nasal Decongestant, Expectorant

**Acetaminophen,**
Chlorpheniramine Maleate,
Dextromethorphan HBr, Phenylephrine HCl
Pain Reliever–Fever Reducer, Antihistamine,
Cough Suppressant, Nasal Decongestant

### DAY
- HEAD + BODY ACHES
- FEVER + SORE THROAT
- COUGH
- NASAL CONGESTION
- MUCUS + CHEST CONGESTION

### NIGHT
- HEAD + BODY ACHES
- FEVER + SORE THROAT
- COUGH
- NASAL CONGESTION
- RUNNY NOSE

Actual Size

Actual Size

**16 CAPLETS**

**8 CAPLETS**

**TOTAL 24 CAPLETS**

PARENTS:
Learn about teen medicine abuse
www.StopMedicineAbuse.org

TYLENOL® FOR ADULTS COLD + FLU SEVERE
DO NOT USE IF BLISTER UNIT IS TORN OR BROKEN

123665



How can we help?
**☎ 1-877-895-3665**

TYLENOL PLEASURE OF CARE

**Questions or comments?** call 1-877...

**Other information**

**Inactive ingredients**

**Directions**

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 26 of 70 PageID #: 2467

**TYLENOL COLD + FLU SEVERE DAY**



Distributed by JOHNSON & JOHNSON CONSUMER INC.
McNeil Consumer Healthcare Division
Fort Washington, PA 19034 USA

©J&JCI 2020

3  00450 55024  8

---

**Important: Read all product information before using. Keep this box for important information.**
Do not take the day and night caplets at the same time. Do not take more than a total of 10 caplets in a 24-hour period. Take only as directed.

## TYLENOL COLD + FLU SEVERE NIGHT

### Drug Facts

| Active ingredients (in each caplet) | Purpose |
| --- | --- |
| Acetaminophen 325 mg | Pain reliever/fever reducer |
| Chlorpheniramine maleate 2 mg | Antihistamine |
| Dextromethorphan HBr 10 mg | Cough suppressant |
| Phenylephrine HCl 5 mg | Nasal decongestant |

**Uses** ■ for the temporary relief of the following cold/flu symptoms:
■ minor aches and pains  ■ headache  ■ sore throat  ■ nasal congestion
■ cough  ■ sinus congestion and pressure  ■ sneezing and runny nose
■ helps clear nasal passages  ■ relieves cough to help you sleep
■ temporarily reduces fever

**Warnings**
**Liver warning:** This product contains acetaminophen. The maximum daily dose of this product is 10 caplets (3,250 mg acetaminophen) in 24 hours. Severe liver damage may occur if you take ■ more than 4,000 mg of acetaminophen in 24 hours ■ with other drugs containing acetaminophen ■ 3 or more alcoholic drinks every day while using this product
**Allergy alert:** acetaminophen may cause severe skin reactions. Symptoms may include: ■ skin reddening  ■ blisters  ■ rash
If a skin reaction occurs, stop use and seek medical help right away.

## TYLENOL® COLD + FLU SEVERE DAY

### Drug Facts

| Active ingredients (in each caplet) | Purpose |
| --- | --- |
| Acetaminophen 325 mg | Pain reliever/fever reducer |
| Dextromethorphan HBr 10 mg | Cough suppressant |
| Guaifenesin 200 mg | Expectorant |
| Phenylephrine HCl 5 mg | Nasal decongestant |

**Uses** ■ for the temporary relief of the following cold/flu symptoms:
■ minor aches and pains  ■ headache  ■ sore throat
■ nasal congestion  ■ cough
■ helps loosen phlegm (mucus) and thin bronchial secretions to make coughs more productive  ■ temporarily reduces fever

**Warnings**
**Liver warning:** This product contains acetaminophen. The maximum daily dose of this product is 10 caplets (3,250 mg acetaminophen) in 24 hours. Severe liver damage may occur if you take ■ more than 4,000 mg of acetaminophen in 24 hours ■ with other drugs containing acetaminophen ■ 3 or more alcoholic drinks every day while using this product
**Allergy alert:** acetaminophen may cause severe skin reactions. Symptoms may include: ■ skin reddening  ■ blisters  ■ rash
If a skin reaction occurs, stop use and seek medical help right away.

**LIFT HERE**

A-282

# Vicks NyQuil™ Severe Cold & Flu, Maximum Strength

- Liquicaps

- Procter & Gamble Company

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 28 of 70 PageID #: 2469



Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 29 of 70 PageID #: 2470

# Vicks DayQuil™ and NyQuil™ VapoCOOL SEVERE Maximum Strength Cold & Flu

## - Caplets

## - Procter & Gamble Company

A-285

Drug Facts
DayQuil
SEVERE+
Vicks VapoCOOL
COLD & FLU
Acetaminophen, Phenylephrine HCl, Dextromethorphan HBr, Guaifenesin
• Minor Aches & Pains, Fever
• Nasal Congestion & Sinus Pressure
• Cough
• Chest Congestion
Non-Drowsy
16 DAYQUIL COATED CAPLETS
NyQuil
SEVERE+
Vicks VapoCOOL
COLD & FLU
Acetaminophen, Phenylephrine HCl, Doxylamine Succinate, Dextromethorphan HBr
• Minor Aches & Pains, Fever
• Nasal Congestion & Sinus Pressure
• Sneezing, Runny Nose
• Cough
Nighttime Relief
8 NYQUIL COATED CAPLETS;
24 TOTAL COATED CAPLETS
PARENTS:
DIST. BY PROCTER & GAMBLE, CINCINNATI OH 45202

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 31 of 70 PageID #: 2472



Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 32 of 70 PageID #: 2473

# John Sloughter


# -PE Products-

# Vicks DayQuil™ SEVERE Honey Flavored Maximum Strength Cold & Flu -liquid

## - Procter & Gamble Company

A-289









Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 35 of 70 PageID #: 2476

# Keith Mortuiccio

## -PE Products-

Case 1:23-md-03089-BMC   Document 200-1   Filed 05/03/24   Page 36 of 70 PageID #: 2477

# TYLENOL® Cold + Flu Severe

## -caplets

## -Johnson & Johnson Consumer Inc.