# 24-3296-cv

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

SANDRA YOUSEFZADEH, ET AL., NEWTON'S PHARMACY, INC.,

*Plaintiffs-Appellants,*

*(For Continuation of Caption See Inside Cover)*

On Appeal from the United States District Court
For the Eastern District of New York

## REPLY BRIEF OF PLAINTIFF-APPELLANT NEWTON'S PHARMACY, INC.

Joe P. Leniski, Jr.
HERZFELD, SUETHOLZ,
GASTEL, LENISKI & WALL, PLLC
1920 Adelicia Street, Suite 300
Nashville, Tennessee 37212
(615) 800-6225
joey@hsglawgroup.com

Alyson S. Beridon
HERZFELD, SUETHOLZ,
GASTEL, LENISKI & WALL
PLLC
600 Vine Street, Suite 2720
Cincinnati, Ohio 45202
(513) 381-2224
alyson@hsglawgroup.com

*Attorneys for Plaintiff-Appellant Newton Pharmacy, Inc*

GWEN THOMAS, RHONDA NITTO,

*Plaintiffs,*

— v. —

JOHNSON & JOHNSON CONSUMER INC., RB HEALTH (US) LLC, TARGET CORPORATION, BAYER HEALTHCARE, LLC, a Delaware limited liability corporation, WALMART INC., a Delaware corporation, CVS PHARMACY, INC., a Delaware corporation, WALGREEN CO., an Illinois corporation, THE PROCTER & GAMBLE COMPANY, HALEON US HOLDINGS LLC, PUBLIX SUPER MARKETS, INC., AMAZON.COM, INC., AMAZON.COM SERVICES LLC, KENVUE, INC., GLAXOSMITHKLINE LLC, RITE AID CORPORATION, ALBERTSONS COMPANIES, INC. COSTCO WHOLESALE CORP.,

*Defendants-Appellees,*

DOES 1-200, GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) LLC, RECKITT BENCKISER LLC, MERCK, MCNEIL CONSUMER HEALTHCARE, SANOFI-AVENTIS U.S. LLC, CHURCH & DWIGHT CO. INC., ASSOCIATED WHOLESALE GROCERS INC, VALU MERCHANDISERS CO., PFIZER INC., PERRIGO COMPANY PLC, HELEN OF TROY LIMITED, DIERBERGS MARKETS, INC., RECKITT BENCKISER PHARMACEUTICALS INC., THE KROGER CO., HARRIS TEETER, LLC, HARRIS TEETER SUPERMARKETS, INC., DOLGENCORP, INC., FAMILY DOLLAR, LLC.,

*Defendants.*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ..................................................................ii

I.      Neither the Parties nor the District Court Contemplated or Required that the Unique Lanham Act Claim should be Consolidated in the Streamlined Complaint.....................................................................2

II.     The Strong Policy of this Federal Circuit Favors Resolving Newton's Pharmacies Lanham Act Claim on its Merits. .........................9

III.    Whether or Not Newton's Pharmacy's Lanham Act Claim is Precluded involves Questions of Fact Which Cannot be Resolved on the Pleadings .................................................................................................12

CONCLUSION .........................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apotex Inc. v. Acorda Therapeutics, Inc.*,
  823 F.3d 51 (2d Cir. 2016) (*see* Appellee's Br. ) .................................. 14

*Burgee v. Patrick*,
  No. 91CIV.3023 (MJL), 1996 WL 227819 (S.D.N.Y. May 3,
  1996) ........................................................................................ 11

*Church & Dwight., Inc. v. SPD Swiss Precision Diagnostics,
  GmBH*,
  843 F.3d 48 (2d Cir. 2016) ........................................................ 13, 14

*Circle K Corp. v. United States*,
  No. 12-86 ...................................................................................... 5

*Davis v. Musler*,
  713 F.2d at 916 ........................................................................... 13

*In re Ethylene Propylene Diene Monomer (EPDM) Antitrust
  Litig.*,
  255 F.R.D. 308 (D. Conn. 2009) ................................................... 4

*Gelboim v. Bank of Am. Corp.*,
  574 U.S. 405, 135 S. Ct. 897, 190 L. Ed. 2d 789 (2015) ..................... 7

*Hall v. Hall*,
  584 U.S. 59, 138 S. Ct. 1118, 200 L. Ed. 2d 399 (2018) ..................... 8

*Home Depot USA, Inc. v. Lafarge N. Am., Inc.*,
  59 F.4th 55 (3d Cir. 2023) ............................................................. 9

*Int'l Code Council, Inc. v. UpCodes Inc.*,
  43 F.4th 46 (2d Cir. 2022) ........................................................... 14

*In re Interest Rate Swaps Antitrust Litig.*,
  351 F. Supp. 3d 698 (S.D.N.Y. 2018) .............................................. 8

*Janssen Scis. Ireland Unlimited Co. v. TLC Xpress Pharmacy Inc.*,
No. 22-CV-1983 (BMC), 2025 WL 974299 (E.D.N.Y. Apr. 1, 2025) (J. Cogan) ................................................................ 13

*POM Wonderful LLC v. Coca–Cola Co.*,
573 U.S. 102, 134 S. Ct. 2228 ............................................. 13

*In re Rumsey Sheet Metal, Inc.*,
95 B.R. 302 (Bankr. W.D.N.Y. 1989) ............................... 10, 11

*Zecotek Imaging Sys. Pte Ltd. v. Saint-Gobain Ceramics & Plastics, Inc.*,
No. 5:12-CV-1533, 2014 WL 1912589 (N.D. Ohio May 13, 2014) ..................................................................................... 12

## Statutes

Lanham Act (15 U.S.C. § 1125(A)) .................................... *passim*

RICO .................................................................................. 3, 4, 6, 7

## Other Authorities

Fed. R. Civ. P. 60(b)(1) ......................................................... 1

Rule 60(b) ........................................................................ 10, 12

Rule 60(b)(1) and (b)(6) ....................................................... 10

Rule 60(b)(6) ......................................................................... 1

Plaintiff-Appellant Newton's Pharmacy, Inc. ("Newton's Pharmacy") bears ultimate responsibility for the prosecution and eventual dismissal of its unique Lanham Act claim in this multi-district litigation ("MDL"). It is an inescapable consequence of the District Court's judgment. But where there is error, there is the truth that the judgment resulted from a fundamental misapprehension of the District Court's bellwether process, the result of which was Newton's Pharmacy's Lanham Act claim being tossed on Defendant-Appellees' ("Drug Companies") motion to dismiss, despite the fact that the District Court never contemplated nor required that the Lanham Act claim be included in the streamlined complaint. This is the precise kind of mistake, inadvertence or excusable neglect that justifies affording Newton's Pharmacy relief from that judgment under Fed. R. Civ. P. 60(b)(1). Dismissing the singular Lanham Act claim under these circumstances, with no consideration of its merits, also deprived Newton's Pharmacy of its day in court and imposes the type of an extreme and undue hardship justifying relief under Rule 60(b)(6).

### I. Neither the Parties nor the District Court Contemplated or Required that the Unique Lanham Act Claim should be Consolidated in the Streamlined Complaint

The crux of the Drug Companies' argument is that Newton's Pharmacy should be faulted for having consented to the District Court's bellwether process set forth in its Streamlined Complaint Order ("Streamlined Complaint Order" or "Order"), and instead should have either "object[ed] to the stipulated order governing the streamlined complaint," or "ensure[d] its claims were represented in the streamlined complaint," or "assert[ed] that it or its claims should be treated differently from other Plaintiffs or their claims." (Appellee Br. at pp. 6; 16-17). Respectfully, these arguments are non-sequiturs.

The facts demonstrate that Newton's Pharmacy did not have reason to object to the bellwether proposal or to lobby for its Lanham Act claim to be treated differently, because the District Court never contemplated nor required that this solitary federal claim would be expressed in the bellwether complaint or challenged by the motion to dismiss. This is because the District Court and the parties focused the proceedings entirely on applying Drug Companies' preemption and lack of primary jurisdiction defenses against the consumers' common state law claims,

and later, the Drug Companies' defense to the same consumers' nationwide RICO class claim.

First, the District Court's Order strictly limited the proceedings to resolving a motion to dismiss against New York state law claims and a RICO nationwide class claim. Second, the "Reservation of Rights" incorporated in the District Court's order omits federal law claims (like Newton's Pharmacy's Lanham Act claim) from the specifically enumerated categories of plaintiffs' allegations that Interim Class Counsel stipulated would be dismissed upon a successful motion by Drug Companies. The parties and the District Court identified several claims that were pled or could be pled in the future that would be impacted by the dismissal ruling, and could have included federal claims, but chose not to. *See* Appellant Br. at p. 28 (the principle of *expressio unius est exclusio alterius* suggests that Newton's Pharmacy's Lanham Act claim was not intended to be included in the stipulation).

Drug Companies argue the Streamlined Complaint Order can only be read as requiring that Newton's Pharmacy include its Lanham Act in the Streamlined Complaint to avoid possible dismissal. *See* Appellee Br.

at pp. 19-20; 23. But this argument flies in the face of the plain language of the Order.

The Streamlined Complaint Order is a stipulated agreement between the parties, which must be interpreted "as its plain language dictates." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 320 (D. Conn. 2009) (*citing Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir.2000)) (internal alteration and quotation omitted). The Streamlined Complaint Order directed Interim the District Court ordered the court-appointed Interim Class Counsel to file a streamlined consolidated complaint alleging representative examples of parties' common conduct and claims under New York law. SPA-10. The Order permitted Drug Companies to file a motion to dismiss limited to preemption and/or primary jurisdiction on the state law claims, and later was amended to include arguments concerning dismissal of the federal RICO claim. SPA-10, 14. Thus, by its own terms, the District Court's Order expressly limited the scope of claims to be included in the Streamlined Complaint, which did not include the Lanham Act claim. Whether this is what the parties or the District Court intended is beside the point, as it is well settled that "a court speaks through its orders."

*Circle K Corp. v. United States*, No. 12-86 T, 1996 WL 904545, at *1 (Fed.

Cl. Nov. 15, 1996).  Newton's Pharmacy did not seek to include its federal

Lanham Act claim in the Streamlined Complaint because that is not

what the District Court ordered should be done.

This reading of the Streamlined Complaint Order is consistent with

the District Court's earlier stated goal of front-loading dispositive

arguments that were common across all plaintiffs.  The District Court

made it clear from the parties' first status conference that the first order

of business would be resolving the question of whether the plaintiffs'

common claims could withstand a preemption challenge by the Drug

Companies.  Immediately upon centralization, the District Court

established a blueprint for the litigation, the first stage of which

consisted entirely of filing a "skinny" or "bellwether complaint" setting

forth "the core claims for a single state." (A-1149, Tr. pp. 6-7).  As stated

by the District Court, the intent of such a "skinny-down complaint" was

to express "central issues" spanning "all 50 states that you could probably

cover in one."  (A-1149, Tr. p. 11; *see* also SPA-37 (the claims selected for

inclusion in the Streamlined Complaint "turned on threshold issues

common to the entire action.").  Drug Companies would then file a motion

to dismiss based on their belief in a "strong preemption defense," which would have the effect of "getting the threshold of cross-cutting issues resolved early." (A-1149, Tr. p. 6-7, 10-12).

Because the singular federal Lanham Act claim was neither a "cross-cutting issue" across the state law claim, nor vulnerable to a preemption challenge, why would Newton's Pharmacy have had an "obligation" to insure Interim Lead Counsel included it in a "skinny" complaint in the first stage of litigation? *See* Appellee Br. at p. 17. Unlike the cross-cutting state law and RICO class claims, Newton's Pharmacy's federal Lanham Act claim was a singular, unique claim among all the litigants in the MDL. The Lanham Act claim was not common with any other plaintiff, even on a class-wide basis, which is why it non-sensical for Drug Companies to liken it to the RICO class claim which was included in the Streamlined Complaint. *See* Appellee Br. at p. 24. It also was not subject to any defense based on preemption or lack of primary jurisdiction. Excluding the Lanham Act claim from the bellwether process was entirely consistent with the District Court's attempt to resolve Drug Companies' procedural challenges across all common claims in one fell swoop. Neither the process described by the parties and the

District Court at the April 2, 2024 hearing or the language of the Streamlined Complaint Orders gave Newton's Pharmacy cause to believe its federal Lanham Act claim should have been included.

Despite these facts, Drug Companies argue that because the Order states that a successful motion to dismiss the Streamlined Complaint would "resolve this litigation in its entirety," this put Newton's Pharmacy on notice that it would also extinguish its Lanham Act claim. Appellee Br. at p. 22. However, cases consolidated for MDL pretrial proceedings ordinarily retain their separate identities, unless they are consolidated in a master complaint. *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413, 135 S. Ct. 897, 904, 190 L. Ed. 2d 789 (2015). The record is clear that Newton's Pharmacy's Lanham Act claim was not consolidated in the Streamlined Complaint, and this federal claim was not among the enumerated claims the parties acknowledged would be impacted by dismissal, so by default this claim retains its distinct identity within the MDL. For this reason, it was manifestly a mistake for the parties and the District Court to construe a final judgment as disposing of the Lanham Act claim, even though a final, appealable order has been entered dismissing all other state law or RICO class claims. *Gelboim*,

574 U.S. at 413, 135 S. Ct. at 904, 190 L. Ed. 2d 789 (A pretrial order disposing of one of the discrete cases or a consolidated matter in the MDL qualifies as an appealable final decision, even if others remain pending); *see also Hall v. Hall*, 584 U.S. 59, 61–62, 138 S. Ct. 1118, 1122, 200 L. Ed. 2d 399 (2018) (same); *In re Interest Rate Swaps Antitrust Litig.*, 351 F. Supp. 3d 698, 703 (S.D.N.Y. 2018) ("Although [plaintiff's] complaint has been consolidated with these earlier cases for pretrial supervision in this MDL, it is formally a separate case.")

Drug Companies cast much of the blame for dismissal of the Lanham Act claim on Newton's Pharmacy's decision to become a "willing participant" in the MDL (Appellee's Br. at p. 1), for consenting to the appointment of Interim Lead Counsel with the authority to speak on its behalf (Appellee Br. at p. 7), but these are more non-sequiturs.[1]   By

---

[1] For example, Drug Companies point out that the District Court admonished Interim Lead Counsel to "commit to" the bellwether process by conceding that all claims in the Streamlined Complaint would be subject to a ruling on the defense of preemption, but the District Court was merely warning that it would not allow a subsequent amended complaint seeking to "get around preemption." (A-1149, Tr. p. 12). Despite Drug Companies characterization of these comments in the transcript, there is nothing to suggest that the District Court was speaking about claims which would not be subject to preemption.

joining the MDL against Drug Companies, Newton's Pharmacy did not relinquish control over the fate of its Lanham Act claim. The MDL process "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 62 (3d Cir. 2023) (internal citations omitted). Nor can MDL centralization or any other procedural device "impose the heavy toll of a diminution of any party's rights." *Id.* (internal citations omitted). Newton's Pharmacy consented to transfer to the MDL for the sake of judicial efficiency and conservation of resources, because its Lanham Act and the consumer class actions claims all result from the same false and misleading marketing by Drug Companies concerning the efficacy of their oral phenylephrine products. But as explained above, the Lanham Act claim was never consolidated and was never identified as a claim at risk for possible dismissal.

## II. The Strong Policy of this Federal Circuit Favors Resolving Newton's Pharmacies Lanham Act Claim on its Merits.

By dismissing the Lanham Act claim without scrutinizing the merits of Drug Companies' defenses to this claim or allowing motion practice on

the same, the District Court effectively granted a default judgment against Newton's Pharmacy, which this federal circuit has called an "extreme sanction" which should only be imposed "'upon a serious showing of a willful default.'" *Bicicletas Windsor*, 783 F. Supp. 781, 787 (2d Cir. 1992) (*quoting Davis v. Musler,* 713 F.2d at 916 (citations omitted)).

The District Court's refusal to relieve Newton's Pharmacy from judgment under Rule 60(b) under these circumstances conflicts with this federal circuit's strong judicial interest in deciding disputes on the merits. *In re Rumsey Sheet Metal, Inc.*, 95 B.R. 302 (Bankr. W.D.N.Y. 1989) is instructive on this point. There, the trustee in a bankruptcy proceeding received default judgment against a defendant debtor which, despite answering and participating in the litigation, failed to appear for trial. The defendant moved to set the judgment aside under Rule 60(b)(1) and (b)(6). Citing the "strong judicial interest in deciding disputes on the merits," the court granted defendant's Rule 60(b) motion for relief from the judgment given the existence of bona fide dispute between otherwise active litigants and the lack of undue prejudice to the trustee. *Id*. at 303-304 (citing *v. Musler*, 713 F.2d at 915). Importantly, the court set aside the judgment under 60(b)(1) despite finding that the default was not due

to mistake or misunderstanding, but a deliberate decision by that defendant to disregard the court's scheduling order. *Id.*

Like the defendant in *Rumsey*, Newton's Pharmacy received an adverse judgment on an otherwise meritorious claim which was not resolved on its merits due to its own failure to properly construe a court order. *Rumsey* counsels that relief from judgment should be granted in such a case so long as the movant has a facially-meritorious claim and there is no undue prejudice to the non-movant—even if the judgment resulted from the movant's own negligence. Newton's Pharmacy's case for relief from judgment is even stronger than the defendant in *Rumsey*, because it did not ignore or disregard any order, but to the contrary followed the District Court's mandates to its detriment. *See* Appellant Br. at pp. 9-10. Nor would there be any undue prejudice to Drug Companies here if Newton's Pharmacy's Lanham Act claim were reinstated, as they would merely be required to defend against this claim on its merits, which is the ordinary burden carried by all civil defendants. *See, e.g., Burgee v. Patrick*, No. 91CIV.3023 (MJL), 1996 WL 227819, at *4 (S.D.N.Y. May 3, 1996) (requiring a defendant to investigate and defend against some additional details or circumstances does not rise to the level of undue

prejudice); *Zecotek Imaging Sys. Pte Ltd. v. Saint-Gobain Ceramics & Plastics, Inc.*, No. 5:12-CV-1533, 2014 WL 1912589, at *9 (N.D. Ohio May 13, 2014) (being forced to defend against additional claims does not constitute undue prejudice).

Newton Pharmacy's adherence to the District Court's bellwether process was not an "unfortunate tactic," (Appellee Br. p. 1), but rather an endorsement of the District Court's stated goals and compliance with the letter of the District Court's orders. Ironically, Newton's Pharmacy's fealty to this process caused the demise of its Lanham Act claim by default without it being heard on its merits, a highly prejudicial and inequitable result. This is more than ample reason to afford Newton's Pharmacy relief from final judgment under Rule 60(b).

### III. Whether or Not Newton's Pharmacy's Lanham Act Claim is Precluded involves Questions of Fact Which Cannot be Resolved on the Pleadings

Drug Companies want this Court to rule on the merits of a hypothetical challenge to Newton's Pharmacy's Lanham Act claim based on preclusion as additional grounds to deny relief under Rule 60(b). Appellee Br. at p. 31. In evaluating whether a Rule 60(b) movant has a meritorious claim in the first instance, courts must resolve "all

doubts…in favor of those seeking relief." *Musler*, 713 F.2d at 915. Drug Companies implore this Court to rule, as a matter of law, that the Lanham Act claim is precluded by FDA regulations and therefore not meritorious. Respectfully, there is no proper legal or factual basis for this Court to reach this conclusion.

Contrary to Drug Companies' contention that it is "clear" that Newton's Pharmacy's Lanham Act claim is precluded under governing case law, it remains the case that "no Supreme Court or Second Circuit case has addressed exactly when the FDA does preclude a Lanham Act claim." *Janssen Scis. Ireland Unlimited Co. v. TLC Xpress Pharmacy Inc.*, No. 22-CV-1983 (BMC), 2025 WL 974299, at *6 (E.D.N.Y. Apr. 1, 2025) (J. Cogan). But the Supreme Court has expressly rejected the argument that Lanham Act claims are precluded in situations when the FDA, through its regulations, has "specifically require[d] or authorize[d]" a challenged aspect of a label. *POM Wonderful LLC v. Coca–Cola Co.*, 573 U.S. 102, 134 S. Ct. 2228, 2232; 2238-2240, 189 L.Ed.2d 141 (2014); *Church & Dwight., Inc. v. SPD Swiss Precision Diagnostics, GmBH*, 843 F.3d 48, 63 (2d Cir. 2016). Moreover, this circuit has held that FDA approval of the accuracy of a marketing message "does not create a ceiling

that bars still better protections against the capacity of the representations to mislead." *Id.* For this reason, even if Drug Companies are correct that a determination of the "truth or falsity of an FDA-approved factual assertion" about oral phenylephrine is unassailable under *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 63 (2d Cir. 2016) (*see* Appellee's Br. at p. 32), *Apotex* itself acknowledges that a Lanham Act plaintiff like Newton's Pharmacy retains the ability to prove that Drug Companies' marketing of oral phenylephrine "is nevertheless likely to mislead or confuse consumers." *Id.* at 63.

Deciding the issue of preclusion here requires the trier of fact to decide whether the Drug Companies' marketing messages for oral phenylephrine are "commensurate" or "in line" with information in the FDA label, or they "exceeded the boundaries imposed by the FDA label." *Apotex Inc.,* 823 F.3d at 63-64. Whether such an advertisement violates the Lanham Act is a fact intensive question which typically should not be resolved on the pleadings. *See Int'l Code Council, Inc. v. UpCodes Inc.,* 43 F.4th 46, 60 (2d Cir. 2022). Here, there are no grounds in the record to conclude that Newton's Pharmacy's claim is not meritorious. The District Court never adjudged the procedural sufficiency or the merits of

the Lanham Act claim. Moreover, the parties never briefed this issue, and the only mention of preclusion in the context of the Lanham Act claim appears in dicta from the District Court. This Court should therefore decline to hold as a matter of law that Newton's Pharmacy's Lanham Act claim is not meritorious as a matter of law, and should refrain from affirming the District Court's decision on this ground.

## CONCLUSION

For these reasons and those set forth in Newton's Pharmacy's opening brief, the Court should: (1) reverse the District Court's order denying Newton's Pharmacy's motion for relief from judgment; and (2) order that the case be remanded to the Federal District Court for the Southern District of Ohio for further proceedings on the merits of Newton's Pharmacy's Lanham Act claim.

Dated: June 30, 2025   Respectfully submitted,

*/s/ Joe P. Leniski, Jr.*
Joe P. Leniski, Jr.
HERZFELD, SUETHOLZ, GASTEL,
LENISKI AND WALL, PLLC
1920 Adelicia Street, Suite 300
Nashville, Tennessee 37212
(615) 800-6225
joey@hsglawgroup.com

*Attorney for Plaintiff/Appellant*

15

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B), the word limit of Local Rule 32.1(a)(4)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 3023 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font Century Schoolbook.

*/s/ Joe P. Leniski, Jr.*
Joe P. Leniski, Jr.