COVINGTON

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

**David M. Zionts**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5987
dzionts@cov.com

**Via CM/ECF**

February 4, 2026

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**RE: *In re: Oral Phenylephrine Marketing and Sales Practice Litig.*, No 24-3296**
**Defendants-Appellees' Notice of Supplemental Authority**

Dear Ms. Wolfe:

Pursuant to Rule 28(j), Defendants-Appellees call the Court's attention to *Collaza v. Johnson & Johnson Consumer Inc.*, 2025 WL 2233746 (2d Cir. Aug. 6, 2025). Although unpublished, *Collaza*'s persuasive reasoning reinforces Defendants' arguments.

Collaza challenged J&J's labeling and advertising of Tylenol Extra Strength Rapid Release Gelcaps. *Id.* at *1. A 1988 FDA monograph "set the dissolution standards needed for acetaminophen tablets to lawfully be referred to as 'immediate release,'" and the Gelcaps met that standard. *Id.* at *2. Pointing to a 2018 study, however, Collaza alleged the Gelcaps were falsely marketed as "faster acting than other Tylenol® products," when in fact they "are *slower.*" *Id.* at *4.

The Court held these claims preempted by 21 U.S.C. §379r(a). Collaza correctly "acknowledged" that §379r "preempts any state law claim regarding the Gelcaps that would effectively require additional or different information on the federally-approved labels." *Id.* at *3. She tried to evade that problem by challenging non-label "marketing" and "pricing" practices. *Id.* at *4. But "if Collaza were to prevail on her claim that … th[e] 'rapid release' term or similar terms or phrases" is "misleading," J&J could not "market its product using its federally-approved

labeling and would effectively be required to place a disclaimer on the label and in advertising stating that the 'rapid release' Gelcaps are not faster than the non-rapid release products." *Id.* Plaintiffs here seek to do the same—demanding that Defendants not label their medicines as decongestants, and add disclaimers contradicting the FDA-approved label. As in *Collaza*, that "would impose additional labeling requirements beyond those required by the FDA." *Id.*

The panel declined to address Collaza's arguments about "false and misleading advertising statements that go beyond FDA-approved terms," because no such misstatements were adequately alleged. *Id.* at *4 n.2. Plaintiffs here likewise did not adequately allege false statements independent of the FDA-approved terms regarding efficacy. For example, their "Maximum Strength" allegations are based entirely on their theory that phenylephrine is ineffective. Appellees' Br. 37-40. As in *Collaza*, Plaintiffs' approach would "create an end-run around the FDCA's express preemption clause." 2025 WL 2233746, at *4 (internal quotation marks omitted).

Respectfully submitted,

*<u>/s/ David M. Zionts</u>*

David M. Zionts
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

*Counsel for Defendant-Appellee*
*The Procter & Gamble Company*

cc: All counsel of record (via CM/ECF)