Lieff
Cabraser
Heimann&
Bernstein
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
t 212.355.9500
f 212.355.9592

Jonathan D. Selbin
Partner
jselbin@lchb.com

February 10, 2026

Catherine O'Hagan Wolfe, Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**RE: *In Re: Oral Phenylephrine Marketing and Sales Practice Litig.*, No. 24-3296, Plaintiffs-Appellants' Rule 28(j) Letter regarding Defendants-Appellees' Notice of Supplemental Authority (Dkt. 166)**

Dear Ms. O'Hagan Wolfe:

We write in response to Defendants-Appellees' February 4, 2026 Notice of Supplemental Authority (Dkt. 166), *Collaza v. Johnson & Johnson Consumer Inc.*, 2025 WL 2233746 (2d Cir. Aug. 6, 2025). *Collaza* does not support Defendants' position.

*Collaza* found preemption in the narrow circumstance where the plaintiff's requested disclaimer on federally-approved language "would impose additional labeling requirements beyond those required by the FDA." 2025 WL 2233746, at *4. But the panel expressly declined to address whether "allegations of affirmative false and misleading advertising statements that go beyond FDA-approved terms" were preempted. *Id.* at *5, n.2. Accordingly, *Collaza* has no bearing on Plaintiffs' argument here that Section 379r cannot preempt allegations concerning Defendants' multiple affirmative misrepresentations (including but not limited to those regarding "Maximum Strength"), that are outside the scope of the FDA-approved label. Plaintiffs do not seek to add labeling requirements to redress these affirmative misrepresentations; they seek to preclude Defendants from voluntarily making false and misleading statements. *See* Dkt. 152 at 15–17 (citing *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 484–85 (7th Cir. 2020)); *see also Gibson v. Perrigo Co.*, 2025 WL 2807671, at *5–6 (N.D. Ill. Oct. 2, 2025) (rejecting preemption defense where "the plaintiffs complained about aspects of the product's label that the defendants voluntarily added (in other words, aspects that the FDCA did not require) and which rendered the label and packaging misleading as a whole"); *Seper v. NTC Mktg. Inc.*, 2025 WL 2687001, at *2 (S.D. Ill. Sept. 19, 2025) (similar).

Other key differences between *Collaza* and this litigation preclude any meaningful comparison. Plaintiff there *conceded* her label claim. 2025 WL 2233746, at *2. *Collaza* does not address whether federal law requires manufacturers to act when new, undisputed science renders a drug's label obsolete. *Collaza* is silent as to whether the FDCA's express savings clause defeats field preemption. And *Collaza* does not address whether *Loper Bright* compels courts

adjudicating express preemption to make independent determinations of statutory application, rather than deferring to FDA regulations. *See* Dkt. 90 at 17–37.

Respectfully submitted,

Jonathan D. Selbin