COVINGTON

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

**David M. Zionts**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5987
dzionts@cov.com

**Via ACMS**

June 26, 2026

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**RE:** ***In re: Oral Phenylephrine Marketing and Sales Practice Litig.*, No 24-3296**
**Defendants-Appellees' Rule 28(j) Notice of Supplemental Authority**

Dear Ms. Wolfe:

Defendants-Appellees call attention to the Supreme Court's decision in *Monsanto Co. v. Durnell*, 609 U.S. ___ (2026).

*Monsanto* addressed FIFRA's "Uniformity" provision, which expressly preempts state "requirements for labeling or packaging in addition to or different from those required under" that law. Op.9 (citing 7 U.S.C. §136v(b)). Durnell claimed that Missouri law requires warnings that Roundup causes cancer. Op.8. But EPA, which administers FIFRA, "has not required a cancer warning on Roundup's label," so the state-law claim impermissibly "impose[d] a pesticide labeling requirement 'in addition to or different from' the label required by EPA." Op.1-2. Even if EPA allowed manufacturers to "unilaterally add a cancer warning," "EPA has not required such a warning," making it "necessarily 'in addition to' or 'different from' the relevant federal requirements." Op.11 n.5.

*Monsanto* confirms that preemption applies here. The Supreme Court identified the FDCA's over-the-counter "national uniformity" provision, 21 U.S.C. §379r, as a "similar or identical labeling preemption provision[]" to which its analysis applies. Op.13. Like in *Monsanto*, Plaintiffs improperly fault Defendants

for following the FDA-approved label. *See* Defs.' Br. 22-25. Like in *Monsanto*, Plaintiffs "implausibly" argue that agency "labeling determinations do not have preemptive force." Op.15; *see* Pls.' Br. 26 (criticizing "reliance on agency determinations"). Like in *Monsanto*, Plaintiffs' argument that "both state and federal law prohibit false labeling" (Pls.' Br. 28) "operates at far too high a level of generality and disregards the central and comprehensive role that [the agency] performs in making labeling determinations." Op.14; Op.14-15 ("Looking at only FIFRA's general standard for misbranding rather than the specific requirements … would nullify FIFRA's preemption clause and the uniformity that Congress sought…."). Like in *Monsanto*, Plaintiffs' reliance on *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), to discount agency-imposed labeling requirements is "incorrect." Op.15-16. And like in *Monsanto*, claiming that a product "bec[a]me misbranded over time due to new evidence does not deprive [agency] decisions of their preemptive force." Op.20. Plaintiffs' path to raise concerns about an agency's determinations is via "extensive [agency] processes," including third-party petitions followed by administrative law review—not second-guessing those determinations via state-law claims. Op.20-21.

Respectfully submitted,

*<u>/s/ David M. Zionts</u>*
David M. Zionts
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

*Counsel for Defendant-Appellee*
*The Procter & Gamble Company*

cc: All counsel of record (via ACMS)