DICELLO LEVITT

TEN NORTH DEARBORN STREET SIXTH FLOOR CHICAGO, ILLINOIS 60602

ADAM J. LEVITT
ALEVITT@DICELLOLEVITT.COM
312.214.7900

June 29, 2026

**BY .PDF EMAIL**

Catherine O'Hagan Wolfe, Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:** ***In re: Oral Phenylephrine Marketing and Sales Practice Litig.*, No. 24-3296**
**Plaintiffs-Appellants' Rule 28(j) Reply to Notice of Supplemental Authority**

Dear Ms. Wolfe,

This case is about efficacy, not safety: Appellants' central contention is that new science made clear by 2014 that oral phenylephrine is value-less because it is entirely ineffective. *Monsanto Co v. Durnell*, 609 U.S. ____ (2026) says nothing about preemption of such state consumer fraud efficacy claims. It "concerns safety claims" and holds that, under FIFRA, 7 U.S.C. § 136v (b), "when it comes to safety claims" agency approval pre-empts state failure-to-warn claims. Slip. Op. at 12. In so doing, it simply follows *Bates v. Dow Agrosciences LLC*, 544 U.S. 431 (2005), and *Riegel v. Medtronic*, 552 U.S. 312 (2008). As Justice Kavanaugh notes, in *Bates*, "the state failure-to-warn claims at issue targeted…*efficacy* claims" as opposed to the risk-utility trade-offs concerning safety, and so were *not* preempted, while in *Riegel* the "additional or contrary *safety* requirements" *were* pre-empted. Slip op. at 12-13 (emphasis added).

*Monsanto* does not support Appellees for at least two additional reasons.

First, preemption is a matter of statutory construction. Express preemption under FIFRA, at issue in *Monsanto*, lacks the savings clause found in the FDCA at issue here. The FDCA's express preemption provision does not "modify or otherwise affect any action

or the liability of any person under the product liability law of any state." 21 U.S.C. § 379r(e). Appellants' core claim that oral phenylephrine is useless is such a claim. *See* Corpus Juris Secundum, 72A C.J.S. Products Liability § 1.

Second, *Monsanto* did not concern any statements *beyond* those on the approved label. Appellants here allege Appellees made affirmative false statements elsewhere on product packaging (including, *e.g.*, about relative strength) as well as in widespread advertising. None of those statements falls within the monograph and none was submitted to or approved by the FDA.

Respectfully submitted,

Adam J. Levitt

cc: All counsel of record (via ACMS)