COVINGTON

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

**David M. Zionts**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5987
dzionts@cov.com

**Via CM/ECF**

July 15, 2026

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**RE: *In re: Oral Phenylephrine Marketing and Sales Practice Litig.*, No. 24-3296
Defendants-Appellees' Response to Notice of Supplemental Authority**

Dear Ms. O'Hagan Wolfe:

The *Acetaminophen* decision is doubly irrelevant to this appeal. *See Rutledge v. Walgreen Co.*; *Phippen v. Walgreen Co.*, Nos. 24-916(L) & 24-2594 (2d Cir. July 13, 2026).

*First*, *Acetaminophen* did not involve the FDCA's express preemption provision banning state-law requirements for nonprescription drugs "'different from or in addition to' those required by the FDA." Slip Op.62 n.35 (quoting 21 U.S.C. §379r(a)). Rather, it is a personal injury case in which the plaintiffs claim damages from physical injuries allegedly caused by the defendant's failure to warn of the dangers of taking the medicine. Slip Op.2-3. That is a classic product liability claim that falls squarely within the "product liability law" exception to the FDCA's express preemption provision. 21 U.S.C. §379r(e); Slip Op.61-62 & n.35. This case is not a product liability case. *See* Defs.' Br. 34-36. Accordingly, any state-law obligation to supplement the label with information not required by FDA—or to contradict the language FDA requires or permits—is "in addition to" or "different from" the federal requirements. 21 U.S.C. §379r(a)(2); *see Monsanto Co. v. Durnell*, 609 U.S. __ (2026), Op.11 n.5.

*Second*, the implied preemption analysis differs. The *Acetaminophen* panel concluded that FDA regulations "do[] not prohibit manufacturers from adding *supplemental* warnings" of the kind that the plaintiffs alleged were necessary, so compliance with federal and state commands was possible. Slip Op.61. But this is not a case where Plaintiffs allege additional warnings about the safety of phenylephrine are required. Instead, Plaintiffs allege that Defendants violated state law which they say *forbids* Defendants from describing their products as nasal decongestants, when Defendants simply complied with federal regulations that *require* them to describe their products as nasal decongestants. That is a paradigmatic situation "where it is impossible for a party to follow both federal and state law." Slip Op.60. Nor do Plaintiffs seek a mere "supplement": they contend that state law requires Defendants to *contradict* the FDA-required statement that the products are nasal decongestants with a statement that the products are *not* nasal decongestants. Unlike in *Acetaminophen*, the federal/state conflict is stark and unavoidable. *See* Defs.' Br. 42-45.

Respectfully submitted,

*/s/ David M. Zionts*
David M. Zionts
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

*Counsel for Defendant-Appellee*
*The Procter & Gamble Company*

cc: All counsel of record (via CM/ECF)